

**ORDERED in the Southern District of Florida on September 10, 2019.**

_____
**Mindy A. Mora, Judge**
**United States Bankruptcy Court**
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 18-16248-BKC-MAM |
| | Chapter 7 |
| CHANCE & ANTHEM, LLC, | |
|     Debtor. | |
| _____/ | |
| ROBERT C. FURR not individually but as Chapter 7 Trustee of the estate of the Debtor, Chance & Anthem, LLC, | ADV. NO. 19-01298-BKC-MAM-A |
|     Plaintiff, | |
| v. | |
| JEFFREY M. SISKIND, individually and d/b/a SISKIND LEGAL SERVICES, TANYA SISKIND, individually and as Trustee of the, SECOND SISKIND FAMILY TRUST, FRANK ZOKAITES, individually, | |

CANNAMED PHARMACEUTICALS, LLC,
a Maryland Limited Liability Company,
OB Real Estate 1732, LLC, a
Florida Limited Liability Company,
SISKIND LEGAL SERVICES, LLC,
a Florida Limited Liability Company,
SOVEREIGN GAMING & ENTERTAINMENT, LLC,
a Florida Limited Liability Company
FLORIDA'S ASSOCIATION OF COMMUNITY
BANKS AND CREDIT UNIONS, INC. a Florida Corporation,
SYMPATICO EQUINE RESCUE, INC, a Florida Corporation,
WELLINGTON 3445, LP, a Florida Limited Partnership,
ZOKAITES PROPERTIES, LP, a Pennsylvania Limited Partnership,
and ROBERT GIBSON, individually.,

      Defendants.
_____/

**AGREED ORDER GRANTING IN PART
CHAPTER 7 TRUSTEE ROBERT C. FURR'S EXPEDITED
MOTION FOR PRELIMINARY INJUNCTION AND OTHER
RELIEF AND SCHEDULING STATUS CONFERENCE ON
OCTOBER 16, 2019 AT 2:30 P.M.**

THIS MATTER came before the Court on August 9, 2019 at 10:30 a.m. (the "Hearing") upon the Expedited Motion for Preliminary Injunction and Other Relief (the "Motion") filed by Plaintiff Robert C. Furr (the "Trustee") in his capacity as chapter 7 Trustee of estate of the Debtor, Chance & Anthem, LLC (the "Debtor" or "C&A"). The Court, having (A) heard the argument and Trustee's proffer of evidence; (B) noted the agreement of (i) Jeffrey Siskind ("Siskind"); (ii) Tanya Siskind ("T. Siskind"); (iii) Second Siskind Family Trust ("Family Trust"); (iii) CannaMED Pharmaceuticals, LLC ("CannaMED"); (iv) Siskind Legal Services, LLC ("Siskind Legal"), (v) Sympatico Equine Rescue, Inc. ("Sympatico"); (vi) Florida's Association of Community Banks & Credit Unions, Inc. ("FLACC"); (vii) and Robert Gibson, and (C) further noted the agreement between the Trustee and (i) Frank Zokaites, (ii) Zokaites Properties, LP, OB Real Estate 1732, LLC and (iii) Wellington 3445, LP (the "Zokaites Parties"), and being otherwise duly advised in the premises, hereby finds good cause for the relief sought for the reasons stated on the record.

2

Accordingly, the Court, FINDS as follows:

A.  In the Motion, the Trustee sought the entry of a preliminary injunction with notice to the Defendants.[1]

B.  Prior to the Hearing, the Trustee and the Zokaites Parties reached an agreement on the Court's entry of a preliminary injunction consistent with the terms of this Order, which agreement was announced on the record and is incorporated in Paragraph 2 of this Order.

C.  On August 8, 2019, Defendant Siskind filed his *Response to the Trustee's Motion for Preliminary Injunction* [ECF No. 9] (the "Response") wherein Defendant Siskind "join[ed] in the Trustee's request for preliminary injunction" as to SLS, Sympatico, FLACC, the Family Trust, and CannaMED. Furthermore, at the Hearing, the Court, without objection, noted the agreement among the parties that a preliminary injunction would issue with respect to SLS, Sympatico, FLACC, the Family Trust, and Cannamed.

D.  At the Hearing, Defendant Siskind stipulated that he is not in possession of any of the Protected Transfers (defined in Paragraph 3(b) of this Order), or the proceeds, products, or replacements of such Protected Transfers.[2] Defendant Siskind also stipulated and agreed to the entry of a preliminary injunction with respect to the Protected Transfers, and the proceeds, products, or replacements of such Protected Transfers as of the date of the Hearing.[3]

E.  In light of the agreements of the Zokaites Parties, SLS, Sympatico, FLACC, the Family Trust, CannaMED and Siskind, the Court notes that the parties have agreed that a preliminary injunction which would serve to maintain the *status quo* in order to preserve this

---

[1] Defendant SOVEREIGN GAMING & ENTERTAINMENT, LLC ("Sovereign") did not appear at the Hearing and the Trustee advised the Court that service may not have been perfected upon Sovereign. Accordingly, the Trustee abated his request as to Sovereign at the Hearing. Siskind, T. Siskind, Family Trust, Cannamed, Sympatico and FLACC shall be referred to as the ("Consenting Defendants").

[2] *See* Transcript of August 9, 2019 Hearing, ECF No. 11, 42:2 – 43:8.

[3] *Id.*

3

Court's ability to award legal equitable relief and provide for distribution to the Debtor's creditors.

Accordingly, the Court ORDERS as follows:

1.  The Motion is granted in part as set forth herein, on and effective as of the 9th day of August, 2019, at 10:30 a.m. The Court will hold a status conference regarding this Order on **October 16, 2019 at 2:30 p.m.**

2.  Pending further Order of the Court and except as otherwise provided herein, and in accordance with the agreement by and among the Trustee and the Zokaites Parties, the Zokaites Parties are enjoined from selling, transferring, further hypothecating, collateralizing, or encumbering the mortgage on the Talavera House[4]. Subject to and without limiting the foregoing injunctive relief, the Trustee will withdraw all other requests for injunctive relief sought in the Motion by the Trustee against the Zokaites Parties.

3.  Pending further order of the Court and except as otherwise provided herein, and in accordance with the agreements and/or stipulations noted in Paragraphs D and E of this Order, a preliminary injunction shall be and is hereby entered against the Consenting Defendants, and each of their third party counterparties or creditors, attorneys, agents, employees and all persons and entities having actual knowledge of the preliminary injunction as follows:

    a.  The Consenting Defendants, their third party counterparties or creditors, attorneys, agents, employees and all persons and entities having actual knowledge of the preliminary injunction upon having been served with notice of this Order, are enjoined from (i) directly or indirectly, transferring, selling, assigning, pledging, hypothecating, encumbering, or disposing of any proceeds, products, or replacements of the Protected Transfers, in any manner; (ii) causing the Protected Transfers, or the proceeds, products,

---

[4] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion.

4

or replacements of the Protected Transfers, to be transferred, sold, assigned, pledged, hypothecated, encumbered, disposed of in any manner; or (iii) taking, or causing to be taken, any action that would have the effect of depreciating, damaging, or in any way diminishing the value of the Protected Transfers, or the proceeds, products, or replacements of the Protected Transfers, except as provided herein.

    b.    The Protected Transfers are defined as the following transfers of cash as well as their products, proceeds and replacements:

    1.    Transfers between 02/13/14 and 6/23/14 from Sovereign in the total amount of $1.15 million to FLACC, of which (i) $25,000 was transferred to Siskind Legal on 02/27/14 and $25,000 was transferred to Siskind on 3/31/14.

    2.    Transfer of $35,000 from Debtor to FLACC on 10/7/15 and thereafter to Siskind on 10/9/15. Transfer of $59,500 from Debtor on 10/9/15 to purchase Mercedes titled in the name of Family Trust, however this order shall not restrict the use of the subject vehicle. Transfer of $750,000 from the Debtor to FLACC on 10/21/15.

    3.    Transfers of $230,000 from Debtor to FLACC between 11/13/14 and 5/11/15, of which (i) $188,000 was transferred to Siskind between 11/14/14 and 5/12/15; and (ii) $15,000 to Siskind Legal on 11/14/14. Transfers of $101,500 from Debtor to Siskind between 11/12/14 and 11/9/15. Transfers totaling $100,000 from Debtor to Siskind's IOTA between 11/25/14 and 06/19/15.

    4.    Two transfers totaling $29,000 to Siskind Legal from refinance of Talavera House on 05/13/16 and 05/26/16, and the transfer of $15,000 to FLACC from the Debtor on 05/16/16. The interests of the Consenting Defendants in the Talavera House, including Zokaites Properties, LLC by consent in the Talavera

House.

5. Transfers of $107,500 from Debtor to Siskind from 11/9/15 to 12/15/15. Thirteen cash withdrawals from Debtor totaling $82,000 from 11/9/15 to 01/04/16. Two Transfers totaling $60,000 from Debtor to Siskind's IOTA. Four transfers totaling $30,000 from Debtor to Sovereign between 11/10/15 and 12/28/15. Six transfers totaling from Debtor $48,625 to FLACC between 03/24/16 and 03/28/16. $10,000 transferred from the Debtor on 03/26/16 to Siskind Legal.

6. Transfers of $100,000 to FLACC in part from refinance of Office Space owned by OB Real Estate on 12/4/14 & 12/17/14. Two transfers of $35,000 to Jeffrey Siskind on 4/2/15 and 4/21/15 from six deposits totaling $110,000 from OB Real Estate and FLACC.

7. The transfers to Jeffery and Tanya Siskind from the Debtor identified in Exhibit A and B of the Complaint, which are further attached to this order.

c. All counterparties, creditors or claimants of the Consenting Defendants, or any person acting on their behalf, that have received notice of this Order are enjoined from taking any action to interfere with the control, possession, or management of the Protected Transfers, except as provided herein.

d. Notwithstanding anything herein to the contrary, all lawful defenses as may be raised by counterparties, creditors or claimants of the Consenting Defendants shall be unimpaired by this Order.

4. The Trustee's request for expedited discovery is withdrawn without prejudice and therefore moot.

5. The Court reserves jurisdiction to enforce, effectuate or modify the terms of this Order as may be lawful and just.

# # #

Submitted by:
Jesus M. Suarez, Esq.
GENOVESE JOBLOVE & BATTISTA, P.A.
100 Southeast Second Street, Suite 4400
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310
Email: jsuarez@gjb-law.com

Copy furnished to:
Jesus M. Suarez, Esq., who shall serve a copy of this Order
upon the Defendants, and to the extent applicable, their counsel)