### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION
### www.flsb.uscourts.gov

In re:                                                          Case No. 18-16248-BKC-MAM

                                                                Chapter 7

CHANCE & ANTHEM, LLC,

      Debtor.

_____/

ROBERT C. FURR not individually but                             ADV. NO.  19-01298-MAM
as Chapter 7 Trustee of the estate of the
Debtor, Chance & Anthem, LLC,

      Plaintiff,

v.

JEFFREY M. SISKIND, individually and
d/b/a SISKIND LEGAL SERVICES,
TANYA SISKIND, individually and as Trustee of the,
SECOND SISKIND FAMILY TRUST,
FRANK ZOKAITES, individually,
CANNAMED PHARMACEUTICALS, LLC,
a Maryland Limited Liability Company,
OB Real Estate 1732, LLC, a
Florida Limited Liability Company,
SISKIND LEGAL SERVICES, LLC,
a Florida Limited Liability Company,
SOVEREIGN GAMING & ENTERTAINMENT, LLC,
a Florida Limited Liability Company
FLORIDA'S ASSOCIATION OF COMMUNITY
BANKS AND CREDIT UNIONS, INC. a Florida Corporation,
SYMPATICO EQUINE RESCUE, INC, a Florida Corporation,
WELLINGTON 3445, LP, a Florida Limited Partnership,
ZOKAITES PROPERTIES, LP, a Pennsylvania Limited Partnership,
and ROBERT GIBSON, individually,

      Defendants.

_____/

### AMENDED MOTION BY PLAINTIFF, ROBERT C. FURR, AS CHAPTER 7 TRUSTEE, TO DISQUALIFY JEFFREY SISKIND AS COUNSEL TO ADVERSARY DEFENDANTS

        Plaintiff, Robert C. Furr ("Plaintiff" or the "Trustee"), as Chapter 7 Trustee for the

Debtor, Chance and Anthem, LLC, by and through counsel, files this Amended Motion by

Plaintiff, Robert C. Furr, As Chapter 7 Trustee, to Disqualify Jeffrey Siskind as Counsel to Adversary Defendants (the "Amended Motion"), seeking an Order from the Bankruptcy Court disqualifying the Defendant, Jeffrey Siskind (the "Defendant") from representing certain Adversary Defendants consisting of (i) Tanya Siskind, ("T. Siskind"), (ii) CannaMED Pharmaceuticals, LLC ("CannaMED"), (iii) Siskind Legal Services, LLC ("Siskind Legal"), (iv) Second Siskind Family Trust ("Siskind Trust"), (v) Florida's Association of Community Banks and Credit Unions ("Florida's Association"); (vi) Sympatico Equine Rescue, Inc. ("Sympatico"); and (vii) Sovereign Gaming and Entertainment, LLC ("Sovereign")(hereinafter, the "Adversary Defendants") and in support of the Motion states, as follows:

## I.    PROCEDURAL HISTORY.

1.    On January 29, 2019 (the "Petition Date") the Debtor, Chance and Anthem, LLC ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Petition") in the United States Bankruptcy Court for the District of Maryland (the "Maryland Bankruptcy Court"), in the matter styled *In re Chance & Anthem, LLC*, Case No. 18-11168-TJC (the "Bankruptcy Case").

2.    On May 24, 2018, the Bankruptcy Court for the District of Maryland entered its Memorandum and Order Transferring Venue To The Bankruptcy Court For the Southern District of Florida (the "Transfer Order")[ECF No. 73], transferring the Bankruptcy Case to this Court.

3.    On May 25, 2018, the Plaintiff, Robert C. Furr, was duly appointed and is acting Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate")[ECF No. 76].

4.    A meeting of creditors pursuant to section 341 of the Bankruptcy Code is scheduled for July 9, 2018 at 8:30 a.m. (the "Meeting of Creditors") [ECF No. 78].

5.    On August 6, 2019, the Plaintiff, Robert C. Furr, as Chapter 7 Trustee of the Estate of Chance & Anthem, LLC (the "Plaintiff" or "Trustee"), filed an Adversary Complaint

To Avoid And To Recover Fraudulent Transfers, For Turnover, For An Accounting, Alter-Ego, Substantive Consolidation, Injunctive Relief And For Other Relief (the "Adversary Complaint") [Adv. EFC No. 1] in the above adversary proceeding (the "Adversary Case"). The Trustee also filed Chapter 7 Trustee Robert C. Furr's Expedited Motion for Preliminary Injunction and Other Relief (the "Injunction Motion")[Adv. EFC No. 2].

6.      In the Adversary Complaint, the Trustee asserted numerous Counts (1-139) against all Defendants to, among other things, avoid and to recover fraudulent transfers pursuant to Sections 105, 542, 544, 548, and 550 of the Bankruptcy Code, Chapter 726, Florida Statutes, for turnover of property, accounting, alter-ego liability and substantive consolidation, together with injunctive relief and other state and federal common law claims (collectively, the "Claims"). Notably, the Trustee seeks a determination that Adversary Defendants, CannaMED, Siskind Legal, Florida's Association and Sympatico, are alter-ego's of the Debtor and should be substantively consolidated with the Estate.

7.      On September 6, 2019, Defendant, Jeffrey Marc Siskind ("Attorney Siskind"), filed a Notice of Appearance As Counsel and Motion For Enlargement of Time of Time To Respond To Complaint (the "Motion for Extension") [Adv. EFC No. 21]. The Motion for Extension, which was filed by Attorney Siskind on behalf of the Adversary Defendants, requested "an enlargement of time to respond to Plaintiff's complaint until thirty (30) days after Plaintiff has determined that it has completed its investigation and filed what amounts to its final operative complaint in this matter."

8.      Besides presenting insufficient grounds for the requested extension, the Motion for Extension raises concerns by Plaintiff as to the appropriateness of Attorney Siskind appearing for and acting as counsel for the Adversary Defendants in this Adversary Case.

9.      On September 19, 2019, the Trustee filed the Motion by Plaintiff, Robert C. Furr,

As Chapter 7 Trustee, To Disqualify Jeffrey Siskind As Counsel To Adversary Defendants (the "Motion to Disqualify") [ECF. No. 33]. For the reasons stated herein, this Amended Motion shall related back to the Motion to Disqualify.

10.      Shortly thereafter, on September 21, 2019, Attorney Siskind filed a Notice of Appearance of Counsel and Motion for Sixty (60) Day Enlargement of Time (the "Sovereign Appearance") [ECF No. 36].  The Sovereign Appearance suffers from the same infirmities as the Motion for Extension, but additionally calls into question Attorney Siskind's authority to act on behalf of Sovereign since its sole alleged member and control person is deceased.

11.      Moreover, Siskind has been previously disqualified as counsel to Sovereign (or any other party in that matter) in *Zokaites Properties, L.P. v. Sovereign Gaming & Entertainment, LLC et al*, Case No. 50-2016-CA-021892-AE-MB pending in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.  A copy of the order is annexed hereto as **Exhibit "A"**.

### Attorney Siskind's Conflicting Roles With The Debtor

12.      Significantly, at all times material, Attorney Siskind purports to be the sole member and managing member of the Debtor and also served as counsel to the Debtor in various pre-petition matters.  Moreover, Attorney Siskind signed the Petition as bankruptcy counsel for the Debtor before the Maryland Bankruptcy Court, and prepared and executed the Debtor's Schedules and Statements of Financial Affairs, also filed in the Bankruptcy Case [ECF No. 11].

13.      Furthermore, Attorney Siskind testified at the Meeting of Creditors, and in his capacity as the Managing Member and corporate representative with the most knowledge of the business and financial affairs of Debtor at a later Rule 2004 Examination of the Debtor conducted by the Trustee on September 5, 2018 (the "Examination")[ECF No. 108].

14.     On December 19, 2018, Attorney Siskind testified at his continued Rule 2004 Examination conducted by the Trustee during the Bankruptcy Case (the "Siskind Examination") concerning transactions between the Debtor and the very same adversary defendants he now purports to represent in this adversary proceeding. Additionally, the transactions at issue between the Debtor and the Adversary Defendants were authorized and/or effectuated by Attorney Siskind in his capacity as a control person of the Debtor, or with his counsel as the Debtor's pre-petition attorney.

15.     On the Petition Date, the Trustee became the party with standing to control the Debtor's attorney-client privilege. *See Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 353 (1985) (holding that the trustee controls and can waive the privilege for a corporation as to any pre-petition communication in a bankruptcy case). As noted above, the Claims are based on avoidance and recovery by the Trustee from the Debtor to the Adversary Defendants, which were authorized by Attorney Siskind or are adverse to the Debtor's interest in this Adversary Case.

16.     Importantly, Attorney Siskind never sought or obtained a waiver from the Trustee to represent a party in a matter adverse to the Debtor, and even if such a conflict were waivable, the Trustee would not have consented given the substantial pre and post-petition involvement of Attorney Siskind relating to the financial affairs and condition of the Debtor, as well as, the Trustee's administration of the Bankruptcy Case and the Claims asserted in the Adversary Case. For this reason, Attorney Siskind must be disqualified as counsel to the Adversary Defendant.

### Attorney Siskind's Lack of Authority Concerning Sovereign

17.     On August 9, 2019, the Court heard the Injunction Motion.  At that time, Attorney Siskind argued to the Court that Sovereign had not been properly served because an estate had not been opened to administer his late father's assets.

"MR. SISKIND: Well, my understanding is that they would have to open a probate proceeding and work with Sovereign as an asset for my deceased father."

8/9/19 Hr'g Trans. at p. 15, ln 15-17.

18.     Further, Mr. Siskind advised the Court that he had consented for those entities which he had a right to consent to the Injunction Motion, but could not bind Sovereign. *Id*. at p. 16, ln 3-7.  The Trustee is unaware of a probate estate having been opened to administer the assets of Attorney Siskind's deceased father.  Accordingly, it is unknown how Mr. Siskind could have obtained authority to represent Sovereign in these proceedings and simultaneously represent to the Court that he lacks the authority to bind Sovereign.

## II.     APPLICABLE LEGAL STANDARD & REQUEST FOR RELIEF

### A.     General Standards

The Florida Rules of Professional Conduct provide the standard for determining whether counsel should be disqualified. *Young v. Achenbauch*, 136 So. 3d 575, 580 (Fla. 2014); State Farm Mut. Auto. Ins. Co. v. K.A.W., 575 So. 2d 630, 633 (Fla. 1991); *Estright v. Bay Point Improvement Ass'n Inc.*, 921 So. 2d 810, 811 (Fla. 1st DCA 2006). This Court's Local Rules require compliance with the Florida Rules of Professional Conduct. *See* S.D. Fla. Bankr. L.R. 2090-1(A)(2); S.D. Fla. Bankr. L.R. 2090-2(D); *In re New River Dry Dock, Inc.*, 06-13274-BKC-JKO, 2011 WL 4382023, at *4 (Bankr. S.D. Fla. Sept. 20, 2011), *aff'd sub nom. In re Gleason*, 11-62406-CIV, 2012 WL 463924 (S.D. Fla. Feb. 13, 2012), *aff'd*, 492 Fed. Appx. 86 (11th Cir. 2012) (noting applicable standard of conduct by attorneys practicing before the Court); *Deauville Hotel Prop., LLC v. Hartford Steam Boiler Inspection & Ins. Co.*, No. 13-20983-CIV, 2013 WL 11316968, at *2 (S.D. Fla. Sept. 6, 2013) (noting Southern District of Florida's adherence to the Florida Rules of Professional Conduct).

The Court has broad discretion in deciding motions for disqualification, and any doubt

must be resolved in favor of disqualification. *Rentclub, Inc. v. Transam. Rental Finance Corp.*, 811 F. Supp. 651, 654 (M.D. Fla. 1992), *aff'd*, 43 F.3d 1439 (11th Cir. 1995). Here, a cursory review of the procedural history of the Bankruptcy Case and events leading up to the filing of the Petition, demands disqualification of Attorney Siskind as counsel for the Adversary Defendants in the Adversary Case.

**B.      Attorney Siskind Should Be Disqualified Under Rule 4-1.7 of the Florida Rules of Professional Conduct.**

Clearly, Attorney Siskind's representation of the Adversary Defendants in this Adversary Case, despite his filing of the Petition, Schedules and Statement of Financial Affairs of the Debtor, including his dual roles as bankruptcy counsel and Corporate Representative of the Debtor, both prior to and after the Petition Date, constitute serious conflicts of interest that warrants disqualification of Attorney Siskind.

Rule 4-1.7(a)(1) of the Florida Bar Rules of Professional Conduct provides that a lawyer "shall not represent a client if the representation will be directly adverse to another client." Under this Rule, the Attorney Siskind is precluded from concurrently representing two clients with directly adverse interest, such as the Adversary Defendants and the Debtor.  *Broin v. Phillip Morris Cos., Inc.*, 84 So.3d 1107, 1110 (Fla. 3d DCA 2012) (noting that a "lawyer ordinarily may not act as advocate against a person the lawyer represents in some matter, even if it is wholly unrelated") (*quoting* Official Comment to Rule 4-1.7 and *Fla. Bar v. Dunagan*, 731 So.2d 1237, 1240 n.3 (Fla. 1999)).

Similarly, Rule 4-1.7(a)(2) prohibits any representation involving "a substantial risk that the representation of 1 or more clients will be materially limited by the lawyer's responsibilities to another client" or a former client. This rule addresses situations where "a lawyer cannot consider, recommend, or carry out an appropriate course of action for the client because of the

lawyer's other responsibilities or interests." Official Comment to Rule 4-1.7.  By continuing to represent the Adversary Defendants in the Adversary Case, Attorney Siskind would, in furtherance of the litigation, have a duty to disclose and share confidential information with the Adversary Defendants about the Debtor's business and pre-petition operations, as well as, advising the Adversary Defendants regarding matters directly adverse to the Debtor and Estate.

Indeed, Attorney Siskind's independent responsibilities to the Debtor as its counsel in respect of the filing of the Petition and activities as bankruptcy counsel in the Bankruptcy Case, and the various pre-petition matters in which he represented the Debtor poses a textbook example of divided loyalties that will materially limit a lawyer's representation of a client. As a result, if Attorney Siskind is permitted to continue the representation of the Adversary Defendants, then Attorney Siskind will necessarily be in a position where he will be forced to further the interests of the Adversary Defendants against the interests of the Debtor and Estate.

Obviously, Attorney Siskind is prohibited from disclosing such material confidences and violating his continuing professional and ethical duties owed to the Debtor as its legal counsel who *actually prepared and filed its bankruptcy petition*. This situation presents a material limitation that also requires disqualification. *See, e.g., Lee v. Fla. Dept. of Ins. & Treasurer*, 586 So.2d 1185, 1190 (Fla. 1st DCA 1991) (if lawyer's continuing duty of confidentiality to a former client prohibits lawyer from using or disclosing information relevant to a subsequent representation of another client, the latter representation is materially limited within the meaning of the rule). Moreover, the nature and scope of confidential information obtained by Attorney Siskind from the Debtor precludes Attorney Siskind from representing the Adversary Defendants in this matter. *See, e.g., Frye v. Ironstone Bank*, 69 So.3d 1046, 1050 (Fla. 2d DCA 20110) (law firm that had access to "detailed knowledge of [first client's] financial circumstances" was precluded from representing plaintiff adverse to first client in guaranty action); *Adelman v.*

*Adelman*, 561 So.2d 671, 672 (Fla. 3d DCA 1990) (opposing counsel's access to confidential information was sufficient to require disqualification even in the absence of an attorney-client relationship). Thus, Attorney Siskind's continued representation of the Adversary Defendants will necessarily implicate and abrogate Attorney Siskind's ethical responsibility under Rule 4-1.6 not to use client confidences to the disadvantage of the Debtor and the bankruptcy Estate.

### C.    Attorney Siskind Should Be Disqualified Under Rule 4-1.9 of the Florida Rules of Professional Conduct.

Rule 4-1.9 of the Florida Rules of Professional Conduct prohibits a lawyer from, among other things, (a) representing a person in a matter "substantially related" to the lawyer's representation of a former client, and (b) using information relating to the representation to the disadvantage of the former client. Rule 4-1.9(a)[1] reads:

> A lawyer who has formerly represented a client in a matter must not afterwards: represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent.

The comments to Rule 4-1.9 provide that matters are "substantially related" if they involve "the same transaction or legal dispute, or if the current matter would involve the lawyer attacking work the lawyer performed for the former client." As the District Court for the Middle District of Florida has noted: "To be 'substantially related' the matters need only be akin to the present action in a way reasonable persons would understand as important to the issues involved." *McPartland v. ISI Inv. Servs., Inc.*, 890 F.Supp. 1029, 1031 (M.D. Fla. 1995) (*quoting In re*

---

[1] Rule 4-1.9(b) and (c) further state that a lawyer who formerly represented a client in a matter must not afterwards:

(b) use information relating to the representation to the disadvantage of the former client except as these rules would permit or require with respect to a client or when the information has become generally known; or

(c) reveal information relating to the representation except as these rules would permit or require with respect to a client.

*Corrugated Container Antitrust Lit.,* 659 F.2d 1341 (5th Cir.1981)). Recently, the Third District Court of Appeal held that a lawyer must be disqualified from representing party in an underlying lawsuit that is substantially related to that lawyers' prior legal work for the adverse party. *See Blamey v. Menadier*, No. 3D19-849, 2019 WL 4180044 (Fla. 3d DCA Sept. 4, 2019).

For the same reasons, Attorney Siskind should be disqualified here. **First**, Attorney Siskind previously served as counsel to the Debtor in various pre-petition matters and, concomitantly, purports to be the Debtor's sole member and managing member. In other words, Attorney Siskind has discrete knowledge of, and purports to have had prior to the Petition Date complete control of, the Debtor's affairs, both business and legal. **Second**, and further to the point, the transfers at issue in the instant Adversary Case were *authorized by Attorney Siskind*, which is clear from his testimony in the Siskind Examination. **Third**, because of this direct nexus between and among Attorney Siskind, his representation of the Debtor, and the Adversary Defendants, Attorney Siskind must necessarily advocate and advance defenses and positions in this instant fraudulent transfer litigation concerning a transaction that he himself authorized that would be directly adverse to the positions of the Estate. In other words, Attorney Siskind's continued representation of the Adversary Defendants will encompass issues that are central, and substantially related to, the advice he gave to the Debtor pre-petition as to the specific Claims at issue and to the generally in anticipation of the Debtor's bankruptcy filing.

Under these facts, that Attorney Siskind's representation of the Adversary Defendants would be materially and directly adverse to the interests of the Debtor and its bankruptcy Estate could not be any clearer. *See Chessler v. All Am. Semiconductor,* 225 So. 3d 849, 852 (Fla. 3d DCA 2016) (denying certiorari review of order disqualifying opposing counsel, and noting that, in respect of cases involving the former representation of a client, "[t]o disqualify opposing counsel the movant must demonstrate that (1) 'an attorney-client relationship existed,' which

'giv[es] rise to an irrefutable presumption' that confidential information was disclosed during the relationship; and (2) 'the matter in which the law firm subsequently represented the interest adverse to the former client was the same or substantially related to the matter in which it represented the former client.'"). Therefore, Trustee respectfully requests that the Court disqualify Attorney Siskind from acting as counsel of record for the Adversary Defendants in this Adversary Case.

**WHEREFORE**, the Plaintiff, Robert C. Furr, as Chapter 7 Trustee, respectfully requests that the Court enter an Order: (i) granting the Motion; (ii) disqualify Attorney Siskind from representing and acting as counsel to the Adversary Defendants in the Adversary Case; and (iii) granting such additional relief as the Court may deem just and proper.

**Respectfully submitted this  30th  day of September, 2019.**

GENOVESE JOBLOVE & BATTISTA, P.A.
Counsel to the Chapter 7 Trustee
100 S.E. 2nd Street, Suite 4400
Miami, FL  33131
Tel.: (305) 349-2300
Fax: (305) 349-2310

By:/s/  Jesus M. Suarez
         John H. Genovese, Esq.
         Florida Bar No. 280852
         jgenovese@gjb-law.com
         Jesus M. Suarez, Esq.
         Fla. Bar No. 60086
         jsuarez@gjb-law.com
         Barry P. Gruher, Esq.
         Fla. Bar No. 960993
         bgruher@gjb-law.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via CM/ECF Notification upon all interested parties registered to receive electronic notices on this matter and/or via U.S. Mail as indicated on the Service List below on this __30th__ day of September, 2019.

By:/s/  Jesus M. Suarez_____
Jesus M. Suarez, Esq.

## SERVICE LIST

### _Served Via CM/ECF Notification upon:_

Julie Feigeles on behalf of Defendant OB Real Estate Holdings 1732, LLC
jf@womenatlawfl.com

Julie Feigeles on behalf of Defendant Wellington 3445, LP
jf@womenatlawfl.com

Julie Feigeles on behalf of Defendant Zokaites Properties, LP
jf@womenatlawfl.com

Barry P Gruher on behalf of Plaintiff Robert C Furr
bgruher@gjb-law.com, vlambdin@gjb-law.com;gjbecf@gjb-law.com;cesser@gjb-law.com;gjbecf@ecf.courtdrive.com;chopkins@gjb-law.com

Samantha T Haimo on behalf of Defendant OB Real Estate Holdings 1732, LLC
sth@womenatlawfl.com, way@swlawyers.law

Samantha T Haimo on behalf of Defendant Wellington 3445, LP
sth@womenatlawfl.com, way@swlawyers.law

Samantha T Haimo on behalf of Defendant Zokaites Properties, LP
sth@womenatlawfl.com, way@swlawyers.law

Jeffrey M Siskind on behalf of Defendant CannaMed Pharmaceuticals, LLC
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Defendant Florida's Association of Community Banks and Credit Unions, Incorporated
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Defendant Second Siskind Family Trust
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Defendant Siskind Legal Services
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Defendant Sovereign Gaming and Entertainment, LLC
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Defendant Sympatico Equine Rescue, Inc.
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Defendant Jeffrey M Siskind
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Defendant Tanya Siskind
jeffsiskind@msn.com, jmsesq500@gmail.com

Jesus M Suarez on behalf of Plaintiff Robert C Furr
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com


**_Notice will be served via U.S. mail upon:_**

Robert Gibson
1709 22 Ave N
Lake Worth, FL 33460

Frank R. Zokaites
375 Golfside Dr
Wexford, PA 15090

# EXHIBIT "A"

Filing # 86122992 E-Filed 03/08/2019 04:09:39 PM

**IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY
FLORIDA**

Case No. 502016CA012892  AE  MB

ZOKAITES PROPERTIES, LP,
     Plaintiff,

v

SOVEREIGN GAMING & ENTERTAIN-
MENT LLC, GEORGE MALER; JERI
MALER, 3485 LAGO DE TALAVERA
TRUST, THE UNKNOWN PARTIES IN
POSSESSION OF 3485 LAGO DE
TALAVERA WELLINGTON, FL 33467,
DAVID FIORE, DIANNA GEORGE,CARL
STONE, CHRISTOPHER GEORGE, and
ROBERT GIBSON

     Defendants

_____

**O~~~~R~~~~ ~~ISQUALIFYING
LAWYER JE~~~~ ~E~~~ MARC SISKIND IN THIS MATTER**

    **THIS CAUSE** car~ be~ ~his Court for an evidentiary hearing on Motions for

Disqualification of A~ ~ney ~ffrey M. Siskind, filed on February 1, 2019 by defendants David

Fiore, Dianna Geo~ ~ristopher George, the 3485 Lago Talavera Trust, and intervenor Robert

Gibson. ~~ ~u ~aving reviewed the motions, reviewed Attorney Siskind's responses thereto, heard

witness test~ ~ny and argument of counsel, and being otherwise advised in the matter, the Court finds

and rules.

    The Court relies largely upon these four cases: *State Farm Mut. Auto. Ins. Co. v. K.A.W.,* 575

So. 2d 630, (Fla. 1991); *Campbell v. American Pioneer Sav. Bank,* 565 So. 2d 417 (Fla. 4th DCA

1995); *Health Care and Retirement Corp. of America, Inc. v. Bradley*, 944 So. 2d 508 (Fla. 4th

DCA 2006); and, *Phillip Morris USA Inc. v. Caro*, 207 So. 3d 944 (Fla. 4th DCA 2016). These cases instruct that before a client's former lawyer can be disqualified to represent adverse interests, it must be shown that the matters presently involved are substantially related to the matters in which prior counsel represented the former client.

The Court finds that in this case, the matters presently involved are substantially re'⌐ ⌐ to the matters in which lawyer Siskind previously represented these former clients. ﹍⌐s﹍ ﹍the testimony of Robert Gibson, Dianna George, Michael Haggerty, and John G﹍ ﹍e﹍ ﹍e Court finds that Jeffrey M. Siskind represented several individuals and enti﹍ ﹍ ﹍ ﹍r matters involving this property at 3485 Lago De Talavera in Wellington﹍﹍or. Although the Court allowed Christopher George to testify via telephone from ﹍n﹍ ﹍﹍ ﹍e Court does not consider Christopher George's testimony for purposes of dete﹍ ﹍ti﹍ of the motions for disqualification. See Fla. R. Civ. P. 1.451(d) a﹍ ﹍﹍ ﹍ Jud. Admin. 2.530(d)(d)(3).

Rule 4-1.9 of the Florida Rules of Pro﹍ ﹍a﹍Conduct is an important rule intended on one hand, to foster a strength and an ap﹍﹍ ﹍e of propriety in the justice system in this State; and on the other hand to eliminate﹍ ﹍﹍on by the lawyers that would subvert the justice system in the public's perception

The Court fin﹍﹍ ﹍wyer Siskind's previous representation of some of the defendants in this matter r﹍ga﹍ ﹍he property which is the subject of this foreclosure action gives him an unfair ﹍ ﹍ta﹍e that threatens the very foundation of our legal system, warranting the granting of the ﹍﹍tic remedy of disqualification for the sake of the appearance of justice, if not justice itself, and the public's interest in the integrity of the judicial system in the State of Florida. It is therefore

**ORDERED AND ADJUDGED** that the motions are **GRANTED**.  Jeffrey M. Siskind is disqualified from representing Sovereign Gaming & Entertainment, LLC or any other party in this action from this point forward.

Lawyer Williams shall serve this order on any and all unrepresented parties.

**DONE AND ORDERED,** at West Palm Beach, Palm Beach County, Florida, ʰ¹ 8th day of March, 2019.

JUDGE JEFFREY GILLEN
CIRCUIT COURT JUDGE

Furnished via email to all registered addresses