UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 18-16248-BKC-MAM |
| | Chapter 7 |
| CHANCE & ANTHEM, LLC, | |
| Debtor. _____/ | |
| ROBERT C. FURR not individually but as Chapter 7 Trustee of the estate of the Debtor, Chance & Anthem, LLC, | ADV. NO. 19-01298-MAM |
| Plaintiff, | |
| v. | |
| JEFFREY M. SISKIND, et al., | |
| Defendants. _____/ | |

i

**RESPONSE TO DEBTOR'S EMERGENCY MOTION TO DISQUALIFY**
(Re ECF No. 52)

    Defendants Second Siskind Family Trust, Siskind Legal Services, LLC, Florida's association of Community Banks & Credit Unions, Inc. Sympatico Equine Rescue, Inc., Sovereign Gaming & Entertainment, LLC, CannaMED Pharmaceuticals, LLC and Tanya Siskind hereby file their Response to the Chapter 7 Trustee's Amended Motion to Disqualify Jeffrey Siskind as counsel to said adversary defendants. For the reasons set forth herein, the Emergency Motion should be denied.

**INTRODUCTION**

    The Chapter 7 Trustee filed its Amended Motion to Disqualify Jeffrey Siskind as Counsel to Adversary Defendants on September 30, 2019, within which the Trustee cited Siskind's prior

role as the Debtor's managing member and potential claims against Siskind as being a conflict. The Trustee also seeks disqualification of Siskind based upon potential adversity between the various Adversary Defendants.

Debtor seeks to disqualify undersigned counsel and his firm due to *"conflicts of interest which cannot be waived."* Noticeably absent, however, is any allegation that any party has been or will be prejudiced by the purported conflicts. Such as allegation would be difficult at best to make when the Trustee has alleged in its adversary complaint that the Adversary Defendants are Siskind's alter egos.

The Trustee fails to explain why these purported apparent conflicts are not waivable. Instead, the Trustee seeks to interfere with the various Adversary Defendants' rights to choose their own counsel. For such an extraordinary request, the Trustee is required to meet a "very high" standard to prove a violation of at least one Florida Rule of Professional Conduct which is "severe" enough to impose upon the Court a "plain duty" to disqualify.

In other words, where a violation of a Rule is not severe disqualification is not required. General and vague claims, such as those made by the Trustee, are not close to sufficient to meet this very high standard of proof. As to Rule 4-1.7 which relates to conflicts relating to current clients, as explained below, to the extent there is conflict here, it is *de minimis* and therefore waivable with informed consent pursuant to the plain language of Rule 4-1.7 (and the comments thereto).

Motions to disqualify by opposing counsel based on a purported conflict must be viewed with caution because they are often filed to harass and/or for tactical reasons. Even a cursory review of the Trustee's motion shows that it is a half-hearted attempt to sever the attorney-client relationship which is legally and factual baseless, and that it was filed it simply for tactical

reasons and to harass undersigned counsel and his clients. Therefore, the Trustee's motion should be denied.

## ARGUMENT

A litigant is presumptively entitled to counsel of its choosing. *See Keane v. Jacksonville Police Fire & Pension Fund Bd. of Trs.*, 2017 U.S. Dist. LEXIS 149973 at *16 (S.D. Fla., Sept. 1, 2017) *("Keane")*. Therefore, only a compelling reason will justify disqualification. *Id.* Because disqualification is a harsh sanction, it should be resorted to sparingly. *Id.* And because a disqualification motion may be used to harass or for tactical advantage, it should be viewed with caution. *Id.* Indeed, disqualification is not mandatory even if a court finds a violation a conflict-of-interest rule. *Id.*

Here, the Trustee has failed to provide a legitimate reason - let alone a compelling reason as required - to deprive the Adversary Defendants of their fundamental right to choose their counsel. Indeed, the Trustee does not even address the threshold question: whether he has standing to disqualify Siskind. As shown below, he does not have standing. Therefore, the Trustee's motion should be dismissed for this reason alone.

**I.     The Trustee Does Not Have Standing to Seek to Deprive the Clients of their Fundamental Right to Choose their Own Counsel.**

The general rule is that opposing counsel does not have standing to seek disqualification of his adversary. *See Keane* at *19. There is, however, a single "narrow" exception to this general rule. *Id.* at *19-20. This sole narrow exception is where there is a conflict "such as *clearly* to call in question the fair or efficient administration of justice …." *Id.* at *18-19 *quoting* Rule 4-1.7 (Comment: "Conflict Charged By Opposing Party") (emphasis added); *see also Houston Specialty Ins. Co. v. Titleworks of Southwest Fla., Inc.*, 2016 U.S. Dist. LEXIS 173164 at *6-7 (M.D. Fla.,