UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 18-16248-BKC-MAM |
| | Chapter 7 |
| CHANCE & ANTHEM, LLC, | |
| Debtor. | |
| _____/ | |
| ROBERT C. FURR not individually but as Chapter 7 Trustee of the estate of the Debtor, Chance & Anthem, LLC, | ADV. NO. 19-01298-MAM |
| Plaintiff, | |
| v. | |
| JEFFREY M. SISKIND, et al., | |
| Defendants. | |
| _____/ | |

i

**RESPONSE TO DEBTOR'S EMERGENCY MOTION TO DISQUALIFY**
(Re ECF No. 52)

Defendants Second Siskind Family Trust, Siskind Legal Services, LLC, Florida's association of Community Banks & Credit Unions, Inc. Sympatico Equine Rescue, Inc., Sovereign Gaming & Entertainment, LLC, CannaMED Pharmaceuticals, LLC and Tanya Siskind hereby file their Response to the Chapter 7 Trustee's Amended Motion to Disqualify Jeffrey Siskind as counsel to said adversary defendants. For the reasons set forth herein, the Emergency Motion should be denied.

**INTRODUCTION**

The Chapter 7 Trustee filed its Amended Motion to Disqualify Jeffrey Siskind as Counsel to Adversary Defendants on September 30, 2019, within which the Trustee cited Siskind's prior

role as the Debtor's managing member and potential claims against Siskind as being a conflict. The Trustee also seeks disqualification of Siskind based upon potential adversity between the various Adversary Defendants.

Debtor seeks to disqualify undersigned counsel and his firm due to *"conflicts of interest which cannot be waived."* Noticeably absent, however, is any allegation that any party has been or will be prejudiced by the purported conflicts. Such as allegation would be difficult at best to make when the Trustee has alleged in its adversary complaint that the Adversary Defendants are Siskind's alter egos.

The Trustee fails to explain why these purported apparent conflicts are not waivable. Instead, the Trustee seeks to interfere with the various Adversary Defendants' rights to choose their own counsel. For such an extraordinary request, the Trustee is required to meet a "very high" standard to prove a violation of at least one Florida Rule of Professional Conduct which is "severe" enough to impose upon the Court a "plain duty" to disqualify.

In other words, where a violation of a Rule is not severe disqualification is not required. General and vague claims, such as those made by the Trustee, are not close to sufficient to meet this very high standard of proof. As to Rule 4-1.7 which relates to conflicts relating to current clients, as explained below, to the extent there is conflict here, it is *de minimis* and therefore waivable with informed consent pursuant to the plain language of Rule 4-1.7 (and the comments thereto).

Motions to disqualify by opposing counsel based on a purported conflict must be viewed with caution because they are often filed to harass and/or for tactical reasons. Even a cursory review of the Trustee's motion shows that it is a half-hearted attempt to sever the attorney-client relationship which is legally and factual baseless, and that it was filed it simply for tactical reasons and to harass undersigned counsel and his clients. Therefore, the Trustee's motion

should be denied.

## ARGUMENT

A litigant is presumptively entitled to counsel of its choosing. *See Keane v. Jacksonville Police Fire & Pension Fund Bd. of Trs.*, 2017 U.S. Dist. LEXIS 149973 at *16 (S.D. Fla., Sept. 1, 2017) *("Keane")*. Therefore, only a compelling reason will justify disqualification. *Id.* Because disqualification is a harsh sanction, it should be resorted to sparingly. *Id.* And because a disqualification motion may be used to harass or for tactical advantage, it should be viewed with caution. *Id.* Indeed, disqualification is not mandatory even if a court finds a violation a conflict-of-interest rule. *Id.*

Here, the Trustee has failed to provide a legitimate reason - let alone a compelling reason as required - to deprive the Adversary Defendants of their fundamental right to choose their counsel. Indeed, the Trustee does not even address the threshold question: whether he has standing to disqualify Siskind. As shown below, he does not have standing. Therefore, the Trustee's motion should be dismissed for this reason alone.

**I.    The Trustee Does Not Have Standing to Seek to Deprive the Clients of their Fundamental Right to Choose their Own Counsel.**

The general rule is that opposing counsel does not have standing to seek disqualification of his adversary. *See Keane* at *19. There is, however, a single "narrow" exception to this general rule. *Id.* at *19-20. This sole narrow exception is where there is a conflict "such as *clearly* to call in question the fair or efficient administration of justice …." *Id.* at *18-19 *quoting* Rule 4-1.7 (Comment: "Conflict Charged By Opposing Party") (emphasis added); *see also Houston Specialty Ins. Co. v. Titleworks of Southwest Fla., Inc.*, 2016 U.S. Dist. LEXIS 173164 at *6-7 (M.D. Fla., Apr. 12, 2016) ("*Houston*"). A conflict must be "severe" in order to clearly call into the fair or efficient administration of justice. *See Keane* at *19-20. Put another way, opposing counsel does

not have standing unless a conflict is "manifest and glaring" such that such that a court has "a plain duty to act." *Id.* Where the request to disqualify is by someone who is not an aggrieved current or former client and who has a strategic interest in the disqualification it should be viewed with caution. *Id.* The moving party has the burden to prove he has standing to deprive persons of their fundamental right to choose their own counsel. *See Houston* at *6-7. This is a "very high" burden because opposing counsel must prove a severe and glaring conflict. *Id.* at *7-8. Vague and general claims are not sufficient to satisfy the "very high standard" to prove that a conflict of interest is "glaring" and "severe." *Id.*; *Keane* at *19-20.

The Trustee fails to even address whether he has standing, let alone attempt to meet his "very high" burden to prove a "glaring" and "severe" conflict in violation of a Rule. The Trustee's vague and general allegations regarding the purported conflict upon which his motion is based fall woefully short of meeting his heavy burden to prove he has standing. The Trustee has failed to even address whether the purported conflict affects the fair or efficient administration of justice, let alone whether it "clearly" calls it into question. Thus, the motion should be denied because the Debtor lacks standing to seek to deprive the Adversary Defendants of their fundamental right to choose their own counsel.

**II.    The Applicable Florida Rule of Professional Conduct Does Not Provide a Basis for Disqualification.**

Because the Trustee lacks standing there is no need to address whether there is a basis to disqualify. Out of an abundance of caution, however, it will be shown that the Trustee cannot prevail in any event because there is no such basis.

The Eleventh Circuit has held that where there is an allegation that an attorney has engaged in an ethical violation, the court must identify the applicable Florida Rule of Professional Conduct and determine whether the charged attorney violated that rule. *See Keane* at *15 *citing Schlumberger Tech. Inc. v. Wiley*, 113 F.3d 1553, 1561 (11th Cir. 1997) (stating that a Federal court "may not simply rely on a general inherent power to admit and suspend attorneys" to decide a disqualification motion).[1]

Rule 4-1.7 prohibits a lawyer from representing a client if the representation of one client will be directly adverse to another client or if there is a substantial risk the representation of a client will be materially limited by the lawyer's responsibilities to another client *unless the lawyer obtains informed consent*. *See* Rule 4-1.7(a)(b) (emphasis added). Whether concurrent representation in litigation is appropriate depends on the nature of the litigation. *See* Rule 4-1.7 (Comment: "Conflicts in Litigation"). "[C]ommon representation of persons having similar interests *is proper* if the risk of adverse effect is minimal." *Id.* (emphasis added). Clients can waive minimal conflicts if they provide informed consent after their lawyer explains the implications of the common representation and the advantages and risks involved." *Id.* A conflict must be "substantial" to not be waivable. *Id.*

Here, the interests of undersigned's clients are substantially aligned inasmuch as the Trustee has alleged that all of them are the undersigned's alter egos. Any alleged conflict between undersigned clients is waivable (notwithstanding the Trustee's unsupported and conclusory

---

[1] Attorneys in the Southern District of Florida are governed in their professional conduct by the Rules Regulating the Florida Bar. *See* S.D. Fla. Local Rule 11.1(c).

allegations to the contrary) with informed consent after receiving an explanation of the implications of the common representation and the advantages and risks involved.

Put another way, because the potential adverse effect of the common representation is minimal, waiver of the putative conflict is permitted. Undersigned clients have provided such informed consent after receiving an explanation of the implications of the common representation and the advantages and risks involved. Thus, even if Debtor has standing to seek to deprive the Clients of their fundamental right to choose their own counsel, which he does not, there is no basis to disqualify Siskind.[2]

## **CONCLUSION**

For the reasons set forth herein, the Trustee's motion to disqualify Jeffrey Siskind as counsel to Defendants Second Siskind Family Trust, Siskind Legal Services, LLC, Florida's association of Community Banks & Credit Unions, Inc., Sympatico Equine Rescue, Inc., Sovereign Gaming & Entertainment, LLC, CannaMED Pharmaceuticals, LLC and Tanya Siskind should be denied.

**WHEREFORE**, Defendants Second Siskind Family Trust, Siskind Legal Services, LLC, Florida's association of Community Banks & Credit Unions, Inc., Sympatico Equine Rescue, Inc., Sovereign Gaming & Entertainment, LLC, CannaMED Pharmaceuticals, LLC and Tanya Siskind Interested parties and Creditors respectfully request this Court deny the Trustee's Motion to Disqualify and for such other relief as this Court deems appropriate.

**Dated: October 4, 2019**

Respectfully submitted,

**S I S K I N D   L E G A L**

   _/s/ Jeffrey M. Siskind_
Jeffrey M. Siskind, Esquire
FBN 138746
3465 Santa Barbara Drive
Wellington, FL  33414
TEL    (561) 791-9565
FAX    (561) 791-9581
Email: jeffsiskind@msn.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing has been furnished this 9th day of April 2018, via CM/ECF to all persons authorized to receive notices, electronically, as set forth on the attached Service List and by U.S. Mail, postage prepaid, to all parties listed on the attached Service List who are not authorized to receive notices, electronically, through the Court's CM/ECF system.

   _/s/ Jeffrey M. Siskind_
Jeffrey M. Siskind, Esquire
FBN 138746

**SERVICE LIST**

Notice will be served via U.S. Mail and/or E-mail upon:

John H. Genovese, Esq. Florida Bar No. 280852 Jesus M. Suarez, Esq. Fla. Bar No. 60086 GENOVESE JOBLOVE & BATTISTA, P.A. 100 S.E. 2nd Street, Suite 4400 Miami, FL 33131 Tel.: (305) 349-2300 Fax.: (305) 349-2310 Via email to _jgenovese@gjb-law.com_ and _jsuarez@gjb-law.com_ (Counsel to the Chapter 7 Trustee)

Samantha Tesser Haimo, Esq. com Florida Bar No. 148016 7900 Peters Road, Suite B-200 Fort Lauderdale, FL  33324 (954) 376–5956 - Telephone (954) 206-0188 – Facsimile  Via email to _sth@womenatlawfl._ (Counsel for Defendants OB Real Estate 1732, LLC, Wellington 3445, LP and Zokaites Properties, LP)

Jeffrey M. Siskind, individually 3465 Santa Barbara Drive Wellington, FL 33414 Via e-mail to <u>jeffsiskind@msn.com</u>

Siskind Legal Services c/o Jeffrey M. Siskind, Managing Member 3465 Santa Barbara Drive Wellington, FL 33414 Via e-mail to *jeffsiskind@msn.com*

Tanya Siskind, individually 3465 Santa Barbara Drive Wellington, FL 33414 Via e-mail to *jeffsiskind@msn.com*

Second Siskind Family Trust c/o Tanya Siskind, Trustee 3465 Santa Barbara Drive Wellington, FL 33414 Via e-mail to *jeffsiskind@msn.com*

CannaMed Pharmaceuticals, LLC c/o Jeffrey M. Siskind, Managing Member 3465 Santa Barbara Drive Wellington, FL 33414 Via e-mail to *jeffsiskind@msn.com*

Sovereign Gaming and Entertainment, LLC c/o Jeffrey M. Siskind, on behalf of William Siskind, deceased 3465 Santa Barbara Drive Wellington, FL 33414 Via e-mail to *jeffsiskind@msn.com*

Florida's Association of Community Banks and Credit Unions, Incorporated c/o Jeffrey M. Siskind, President 3465 Santa Barbara Drive Wellington, FL 33414 Via e-mail to *jeffsiskind@msn.com*

Sympatico Equine Rescue, Inc. c/o Jeffrey M. Siskind, President 3465 Santa Barbara Drive Wellington, FL 33414 Via e-mail to *jeffsiskind@msn.com*

Robert Gibson 1709 22nd Avenue North Lake Worth, Florida 33460 Via e-mail to *intelexigent@gmail.com*

Robert Gibson 7369 Palmdale Drive Boynton Beach, Florida 33436 Via e-mail to *intelexigent@gmail.com*