UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

CHANCE & ANTHEM, LLC,                              CASE NO. 18-16248-BKC-MAM

                Debtor.                              Chapter 7
_____/

ROBERT FURR,

                Plaintiff,
v.                                                 ADV. NO. 19-01298-MAM

ROBERT GIBSON, et al.,

                Defendants.
_____/

**MOTION TO COMPEL THE CHAPTER 7 TRUSTEE TO PROVIDE
SUFFICIENT REPONSES TO INTERROGATORIES AND FOR SANCTIONS**

      COMES NOW Jeffrey M. Siskind, by and through undersigned counsel, and files this Motion to Compel the Chapter 7 Trustee to Provide Sufficient Responses to Interrogatories [propounded by Defendant] and for Sanctions, and states:

      1.      On September 17, 2019, Defendant served twenty-five (25) interrogatories upon the Chapter 7 Trustee, Robert Furr (hereinafter "Creditor's Representative").

      2.      On October 17, 2019 (the deadline date for responses), the Creditor's Representative requested a two-week extension of time to file responses, which Movant approved, and the Creditors' Representative uploaded an "agreed motion" that same day.

      3.      On November 1, 2019, the Creditor's Representative provided its responses _after_ the two-week agreed deadline expired.  See attached "Exhibit A."  Said responses, consisting mostly of impertinent objections, are wholly insufficient and were provided purely for purposes of delay.

4.      All but the following two responses were blanket objections; (1) the Creditors' Representative withdrew its fraudulent claim that Tanya Siskind served as trustee of the Second Siskind Family Trust, and (2) corrected its claim as to its purported ownership of nonvoting units of CannaMED Pharmaceuticals, LLC.[1]  The Creditors Representative's false claim as to Tanya was without any basis in fact and was made and fed to local media solely to attempt to embarrass her.

5.      The Creditors' Representative's withdrawn claim as to Tanya, although necessary and appropriate, is particularly disturbing because its immediate withdrawal demonstrates that it was of whole cloth to begin with and was alleged without sufficient basis.  The undersigned submits that the Creditors' Representative's  false claim against Tanya was also nothing other than a 'bullying' tactic which is routinely used by this particular Creditors' Representative and its counsel in other cases to intimidate stakeholders and to attempt to obtain more favorable settlements used chiefly to pay the Creditors' Representative's own fees, and that current and future defendants in this case should be alerted to the likelihood that the Creditors' Representative will continue to make similar unfounded and bad faith assertions for said purposes.

6.      The failure to respond substantively to each of the other interrogatories demonstrates that the Creditors' Representative is either unable or unwilling to provide a factual basis for its false allegations concerning any alleged "alter ego" and/or "scheme" orchestrated by the Debtor, and that these two phrases were only utilized by the Creditors' Representative in an effort to discredit and attack the credibility and integrity of Defendants.

7.      While its failure to sufficiently respond to the undersigned's interrogatories, each of which was designed to 'flesh out' whatever support that the Creditors' Representative believes it has

_____

[1] The bankruptcy estate's interest in CannaMED Pharmaceuticals, LLC ("CannaMED") was forfeited as a result of the Creditors' Representative's violation of disparagement protections contained within CannaMED's governing documents. The forfeiture was for zero consideration as a result of the Creditors' Representative's own published valuation but may have actually caused substantial losses to creditors.

to defend its false and outrageous allegations, the Creditor's Representative has already employed other similar tactics obviously meant to wrongfully influence the factfinder, other defendants and the media; to wit, its attempt to circumvent evidentiary proof by seeking the use of 'summaries' to obtain preliminary injunctive relief and its continuing "discovery is still ongoing" disclosure (that in essence means that its newest amended complaint is disingenuous, because it may yet need to file another one) are two such transparent measures.  For these reasons, current and future defendants in this and any related case(s) must always regard this Creditors' Representative's statements and claims as suspect.

8.      As to the Creditors' Representative's willful failure to respond substantively to the undersigned's interrogatories, Defendants are unable to defend against its allegations unless the interrogatories are answered in good faith, and are thus entitled to full and complete responses.

9.      Defendants reached out to the Creditors' Representative's counsel in an effort to obtain compliance in meeting condition(s) precedent to filing this motion, but were unsuccessful absent meeting to confer which Defendant is willing to do if the Creditors' Representative will do so in good faith, but Defendant doubts that any meaningful resolution will be forthcoming therefrom.

10.      It should be noted that this behavior on the part of the Creditors' Representative is in addition to the questionable manner in which it became involved in the Debtor's bankruptcy case.

11.      The Creditors' Representative's late objections should be disallowed, not only because they are disingenuous, but also as a sanction because they were not timely provided.

WHEREFORE, Defendant requests that the Court furnish an order compelling the Creditors' Representative to respond fully to its interrogatories and for imposition of sanctions disallowing the Creditors' Representative's objections, and for such other and further relief as appropriate.

Dated this 4th day of November, 2019

**S I S K I N D   L E G A L , P L L C**

_____/s/ Jeffrey M. Siskind_____
Jeffrey M. Siskind, Esq.   FBN 138746

- Offices -
113 N. Monroe Street, 1st Floor
Tallassee, Florida  32301
- And -
3465 Santa Barbara Drive
Wellington, Florida  33414

TELEPHONE  (561) 791-9565
FACSIMILE   (561) 791-9581
Email:  jeffsiskind@msn.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on November 4, 2019 upon all creditors and parties in interest registered to receive electronic notification on this case via the Court's Case Management/Electronic Case Filing System and/or U.S. Mail or Personal Service of Process as reflected on the Service List below.

_____/s/ Jeffrey M. Siskind_____
Jeffrey M. Siskind, Esq.   FBN 138746

SERVICE LIST:

19-01298-MAM Notice will be electronically mailed to:

Samantha T Haimo on behalf of Defendant Wellington 3445, LP
sth@womenatlawfl.com, way@swlawyers.law

Jeffrey M Siskind on behalf of Defendant CannaMed Pharmaceuticals, LLC
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Defendant Florida's Association of Community Banks and Credit
Unions, Incorporated
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Defendant OB Real Estate Holdings 1732, LLC
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Defendant Siskind Legal Services
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Defendant Sympatico Equine Rescue, Inc.
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Defendant Jeffrey M Siskind
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Defendant Tanya Siskind
jeffsiskind@msn.com, jmsesq500@gmail.com

Jesus M Suarez on behalf of Plaintiff Robert C Furr
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-
law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com

Nancy Coleman on behalf of Robert Gibson
ncoleman@bartizcolman.com

Robert Gibson, intelexigent@gmail.com

19-01298-MAM Notice was sent by U.S. Mail to:

Robert Gibson
1709 22nd Avenue North
Lake Worth, FL  33460

EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No. 18-16248-BKC-MAM
                                                          Chapter 7

CHANCE & ANTHEM, LLC,

  Debtor.

_____/

ROBERT C. FURR not individually but              ADV. NO.  19-01298-MAM
as Chapter 7 Trustee of the estate of the
Debtor, Chance & Anthem, LLC,

  Plaintiff,

v.

JEFFREY M. SISKIND, individually and
d/b/a SISKIND LEGAL SERVICES,
TANYA SISKIND, individually and as Trustee of the,
SECOND SISKIND FAMILY TRUST,
FRANK ZOKAITES, individually,
CANNAMED PHARMACEUTICALS, LLC,
a Maryland Limited Liability Company,
OB Real Estate 1732, LLC, a
Florida Limited Liability Company,
SISKIND LEGAL SERVICES, LLC,
a Florida Limited Liability Company,
SOVEREIGN GAMING & ENTERTAINMENT, LLC,
a Florida Limited Liability Company
FLORIDA'S ASSOCIATION OF COMMUNITY
BANKS AND CREDIT UNIONS, INC. a Florida Corporation,
SYMPATICO EQUINE RESCUE, INC, a Florida Corporation,
WELLINGTON 3445, LP, a Florida Limited Partnership,
ZOKAITES PROPERTIES, LP, a Pennsylvania Limited Partnership,
and ROBERT GIBSON, individually,

  Defendants.

_____/

**PLAINTIFF, ROBERT C. FURR, CHAPTER 7 TRUSTEE'S, RESPONSES
AND OBJECTIONS TO JEFFREY M. SISKIND'S FIRST SET OF
<u>INTERROGATORIES TO THE TRUSTEE</u>**

The Plaintiff, Robert C. Furr ("Plaintiff" or "Trustee"), as Chapter 7 Trustee of the estate of the Debtor, Chance & Anthem, LLC (the "Debtor" or "C&A"), by and through counsel, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, as incorporated by Rule 7033 of the Federal Rules of Bankruptcy Procedure, hereby serves the Responses and Objections (the "Responses") to Jeffrey M. Siskind's First Set of Interrogatories to the Trustee (the "Interrogatories"), propounded by Defendant, Jeffrey M. Siskind (the "Defendant" or "Siskind") and states, as follows:

## GENERAL OBJECTIONS

1.      The Plaintiff objects to the Interrogatories to the extent the Defendant seeks information which is irrelevant or disproportional proportional to the needs of the case.

2.      The Plaintiff objects to the Interrogatories to the extent the Defendant seeks information which is not subject to discovery due to the attorney-client privilege, work product doctrine, or any other judicially recognized privilege protecting information from disclosure.

3.      The Plaintiff objects to the Interrogatories to the extent that the Interrogatories are vague, unclear, and ambiguous such that the Plaintiff cannot formulate a cogent response.

4.      The Plaintiff objects to the Interrogatories to the extent the Defendant seeks information that is beyond the scope of the Federal Rules of Civil Procedure.

5.      The Plaintiff objects to the Interrogatories' Definitions and Instructions to the extent that they do not comply with the Federal Rules of Civil Procedure and the Plaintiff is not bound by any such non-conforming definitions or instructions.

6.      The Plaintiff objects to the Interrogatories to the extent that the Interrogatories request confirmation of information of which the Plaintiff or its professionals have no personal information.

2

## GENERAL RESPONSES

1.        By serving these objections and responses to the Interrogatories, the Plaintiff does not waive any objections available to it regarding this, or any other discovery served on the Plaintiff by Defendant.

2.        Discovery remains ongoing. To the extent additional information responsive to any of the Interrogatories becomes available, the Plaintiff reserves the right to amend and/or supplement its responses. In addition, these answers represent the Plaintiff's current good-faith knowledge of the matters addressed in the Interrogatories. Since discovery and the Plaintiff's investigation continue, these responses may be subject to future amendment.

3.        Each specific response and answer incorporates the general objections and responses set forth herein.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

**Interrogatory No. 1:** Specify the basis for your statement the Debtor owns 75% of CannaMED Pharmaceuticals, LLC.

    **RESPONSE:**

    Objection.  The statement has been amended in the Amended Complaint.  The Debtor owns 70% of CannaMed Pharmaceuticals, LLC as described in the Debtor's Schedules.

3

**Interrogatory No. 2:** For each and every transfer which you contend was not made for legitimate business purposes, specify the date that the transfer was made, the amount of the transfer, the method of payment, by whom and to whom the transfer was made, and the basis for your contention that it was not made for legitimate business purposes.

> **RESPONSE: Objection.** The Trustee objects to this interrogatory because the information requested by Plaintiff is already available to him from the Complaint, as amended. The Trustee objects to this interrogatory because it requires him to compile information that is in Defendant's custody or control. Additionally, the Trustee objects to this interrogatory to the extent it requests his counsel to reveal their mental impressions or work product. In response to this Interrogatory, the Trustee refers Defendant to the schedules and backup produced to Defendant on August 9, 2019 at the Hearing on the Plaintiff's Motion for Preliminary Injunction.

**Interrogatory No. 3:** State the total amount of funds used to renovate the Wellington, Florida property, and specify each payment which you included, together with the amount of said payment, the date that the payment was made, the method of payment, and by whom and to whom the payment was made.

> **RESPONSE: Objection.** The Trustee objects to this interrogatory because the information requested by Plaintiff is already available to him from the Complaint, as amended. The Trustee objects to this interrogatory because it requires him to compile information that is in Defendant's custody or control. Additionally, the Trustee objects to this interrogatory to the extent it requests his counsel to reveal their mental impressions or work product. In response to this Interrogatory, the Trustee refers Defendant to the schedules and backup produced to Defendant on August 9, 2019 at the Hearing on the Plaintiff's Motion for Preliminary Injunction.

**Interrogatory No. 4:** State the total amount of funds used on behalf of CannaMED Pharmaceuticals, LLC and to acquire an interest in, maintain and improve the Maryland property, and specify each payment which you included, together with the amount of said payment, the date that the payment was made, the method of payment, and by whom and to whom the payment was made.

> **RESPONSE: Objection.** The Trustee objects to this interrogatory because the

4

information requested by Plaintiff is already available to him from the Complaint, as amended. The Trustee objects to this interrogatory because it requires him to compile information that is in Defendant's custody or control. Additionally, the Trustee objects to this interrogatory to the extent it requests his counsel to reveal their mental impressions or work product. In response to this Interrogatory, the Trustee refers Defendant to the schedules and backup produced to Defendant on August 9, 2019 at the Hearing on the Plaintiff's Motion for Preliminary Injunction.

**Interrogatory No. 5:** For each individual or entity which you contend made any payment responsive to Interrogatory Nos. 3 and 4, state the total amount of funds which were received by that individual or entity, and specify each receipt which you included in your total, together with the amount of same, the date of the receipt, the method of receiving payment, and from whom the said funds were received.

> **RESPONSE:** The Trustee re-incorporates his objections to Interrogatory No. 3 and 4.

**Interrogatory No. 6:** Explain fully your contention that Jeffrey Siskind failed to properly disclose his interest in any transactions.

> **RESPONSE: Objection.** The Trustee objects to this interrogatory because the information requested by Plaintiff is already available to him from the Complaint, as amended. The Trustee objects to this interrogatory because it requires him to compile information that is in Defendant's custody or control. Additionally, the Trustee objects to this interrogatory to the extent it requests his counsel to reveal their mental impressions or work product. In response to this Interrogatory, the Trustee refers Defendant to the schedules and backup produced to Defendant on August 9, 2019 at the Hearing on the Plaintiff's Motion for Preliminary Injunction.

**Interrogatory No. 8:** Explain fully your use of the term "indiscriminately" when referring to Jeffrey Siskind's transfers of funds, and the basis for your contention that "transfers of over $800,000 to himself,"…"payments in excess of $175,000 for his boats and airplanes"…and "cash withdrawals in excess of $119,000 were indiscriminate transfers.

> **RESPONSE: Objection.** The Trustee objects to this interrogatory because the information requested by Plaintiff is already available to him from the Complaint, as amended. The Trustee objects to this interrogatory because it requires him to compile information that is in Defendant's custody or control. Additionally, the Trustee objects to this interrogatory to the extent it requests his counsel to reveal their mental impressions or work product. In response to this Interrogatory, the Trustee refers Defendant to the schedules and backup produced to Defendant on August 9, 2019 at the Hearing on the Plaintiff's Motion for Preliminary Injunction. Additionally, the Trustee objects to this interrogatory to the extent it requests his counsel to reveal their mental impressions or work product.

**Interrogatory No. 9:** Explain fully your contention that Jeffrey Siskind "place[d] millions of dollars of real estate purchased with investor funds in the hand of his associates and nominees."

> **RESPONSE: Objection.** The Trustee objects to this interrogatory because the information requested by Plaintiff is already available to him from the Complaint, as amended. The Trustee objects to this interrogatory because it requires him to compile information that is in Defendant's custody or control. Additionally, the Trustee objects to this interrogatory to the extent it requests his counsel to reveal their mental impressions or work product. In response to this Interrogatory, the Trustee refers Defendant to the schedules and backup produced to Defendant on August 9, 2019 at the Hearing on the Plaintiff's Motion for Preliminary Injunction. Additionally, the Trustee objects to this interrogatory to the extent it requests his counsel to reveal their mental impressions or work product.

**Interrogatory No. 10:** Identify each transfer which you contend constituted a "fraudulent transfer" and explain fully the basis for each such contention.

> **RESPONSE: Objection.** This interrogatory calls for a legal conclusion. The Trustee objects to this interrogatory because the information requested by Plaintiff is already available to him from the Complaint, as amended. The Trustee objects to this interrogatory because it requires him to compile information that is in Defendant's custody or control. Additionally, the Trustee objects to this interrogatory to the extent it requests his counsel to reveal their mental impressions or work product. In response to this Interrogatory, the Trustee refers

Defendant to the schedules and backup produced to Defendant on August 9, 2019 at the Hearing on the Plaintiff's Motion for Preliminary Injunction. Additionally, the Trustee objects to this interrogatory to the extent it requests his counsel to reveal their mental impressions or work product.

**Interrogatory No. 11:** Identify each entity which you contend is an alter-ego of the Debtor and explain fully the basis of each contention.

> **RESPONSE: Objection.** This interrogatory calls for a legal conclusion. The Trustee objects to this interrogatory because the information requested by Plaintiff is already available to him from the Complaint, as amended. The Trustee objects to this interrogatory because it requires him to compile information that is in Defendant's custody or control. Additionally, the Trustee objects to this interrogatory to the extent it requests his counsel to reveal their mental impressions or work product. In response to this Interrogatory, the Trustee refers Defendant to the schedules and backup produced to Defendant on August 9, 2019 at the Hearing on the Plaintiff's Motion for Preliminary Injunction. Additionally, the Trustee objects to this interrogatory to the extent it requests his counsel to reveal their mental impressions or work product.

**Interrogatory No. 11:** Identify each creditor of any entity which you contend is an alter-ego that has asserted claims against the Debtor on the basis of alter-ego liability.

> **RESPONSE: Objection**. This interrogatory calls for a legal conclusion. This interrogatory additionally calls for the Trustee's counsel to reveal his mental impressions as to how certain evidence will be adduced at trial. The Trustee further objects to this interrogatory because the information requested by Defendant Siskind is already available to him from the Complaint, as amended, as well as the schedules and backup produced to Defendant on August 9, 2019 at the Hearing on the Plaintiff's Motion for Preliminary Injunction. Additionally, the Trustee objects to this interrogatory as it exceeds the number of interrogatories, including subparts, permitted by Rule 33 of the Federal Rules of Civil Procedure as made applicable to these proceedings by Rule 7033 of the Federal Rules of Bankruptcy Proceeding. Additionally, the Trustee refers the Defendant to the Claim Register in the bankruptcy case.

**Interrogatory No. 12:** Explain in detail the basis for your contention that CannaMED, OB Real Estate, Siskind Legal, Sovereign, FLACC and Sympatico were used to "perpetuate [a] scheme."

> **RESPONSE: Objection**. This interrogatory calls for a legal conclusion. This interrogatory additionally calls for the Trustee's counsel to reveal his mental impressions as to how certain evidence will be adduced at trial. The Trustee further objects to this interrogatory because the information requested by Defendant Siskind is already available to him from the Complaint, as amended, as

well as the schedules and backup produced to Defendant on August 9, 2019 at the Hearing on the Plaintiff's Motion for Preliminary Injunction. Additionally, the Trustee objects to this interrogatory as it exceeds the number of interrogatories, including subparts, permitted by Rule 33 of the Federal Rules of Civil Procedure as made applicable to these proceedings by Rule 7033 of the Federal Rules of Bankruptcy Proceeding.

**Interrogatory No. 13:** Explain fully exactly what you seek to substantively consolidate and the basis therefore in detail.

> **RESPONSE: Objection.** This interrogatory calls for a legal conclusion. This interrogatory additionally calls for the Trustee's counsel to reveal his mental impressions as to how certain evidence will be adduced at trial. The Trustee further objects to this interrogatory because the information requested by Defendant Siskind is already available to him from the Complaint, as amended, as well as the schedules and backup produced to Defendant on August 9, 2019 at the Hearing on the Plaintiff's Motion for Preliminary Injunction. Additionally, the Trustee objects to this interrogatory as it exceeds the number of interrogatories, including subparts, permitted by Rule 33 of the Federal Rules of Civil Procedure as made applicable to these proceedings by Rule 7033 of the Federal Rules of Bankruptcy Proceeding.

**Interrogatory No. 14:** Identify assets which you are seeking to "prevent Siskind and his associates from dissipating, encumbering and/or absconding with."

> **RESPONSE:** The Trustee objects to this interrogatory as it exceeds the number of interrogatories, including subparts, permitted by Rule 33 of the Federal Rules of Civil Procedure as made applicable to these proceedings by Rule 7033 of the Federal Rules of Bankruptcy Proceeding. The trustee seeks to enjoin the Santa Barbara House and the Talavera House, as detailed in the Complaint, as amended, as well as the fraudulent transfers identified in the Complaint (as amended) and their unknown products, proceeds and replacements.

**Interrogatory No. 15:** State whether your investigation concluded that one or more entities which you identified as a potential alter-ego entirely expended funds which you contend were provided by Jeffrey Siskind's clients or investors, and the dates on which each of said entities no longer had funds at their disposal.

8

> **RESPONSE: Objection.** This interrogatory is unintelligible and the Trustee cannot formulate a meaningful answer. This interrogatory calls for a legal conclusion. This interrogatory additionally calls for the Trustee's counsel to reveal his mental impressions as to how certain evidence will be adduced at trial. The Trustee further objects to this interrogatory because the information requested by Defendant Siskind is already available to him from the Complaint, as amended, as well as the schedules and backup produced to Defendant on August 9, 2019 at the Hearing on the Plaintiff's Motion for Preliminary Injunction. Additionally, the Trustee objects to this interrogatory as it exceeds the number of interrogatories, including subparts, permitted by Rule 33 of the Federal Rules of Civil Procedure as made applicable to these proceedings by Rule 7033 of the Federal Rules of Bankruptcy Proceeding.

**Interrogatory No. 16:** Explain fully the basis for your contention that Jeffrey Siskind is the control person for each of the entities which you identified as "Corporate Defendants."

> **RESPONSE:** This interrogatory calls for a legal conclusion. This interrogatory additionally calls for the Trustee's counsel to reveal his mental impressions as to how certain evidence will be adduced at trial. The Trustee further objects to this interrogatory because the information requested by Defendant Siskind is already available to him from the Complaint, as amended, as well as the schedules and backup produced to Defendant on August 9, 2019 at the Hearing on the Plaintiff's Motion for Preliminary Injunction. Additionally, the Trustee objects to this interrogatory as it exceeds the number of interrogatories, including subparts, permitted by Rule 33 of the Federal Rules of Civil Procedure as made applicable to these proceedings by Rule 7033 of the Federal Rules of Bankruptcy Proceeding.

**Interrogatory No. 17:** Explain fully the basis for your contention that Tanya Siskind fraudulently received from the Debtor.

> **RESPONSE: Objection.** This interrogatory calls for a legal conclusion. This interrogatory additionally calls for the Trustee's counsel to reveal his mental impressions as to how certain evidence will be adduced at trial. The Trustee further objects to this interrogatory because the information requested by Defendant Siskind is already available to him from the Complaint, as amended, as well as the schedules and backup produced to Defendant on August 9, 2019 at the Hearing on the Plaintiff's Motion for Preliminary Injunction. Additionally, the Trustee objects to this interrogatory as it exceeds the number of interrogatories, including subparts, permitted by Rule 33 of the Federal Rules of Civil Procedure as made applicable to these proceedings by Rule 7033 of the Federal Rules of Bankruptcy Proceeding.

9

**Interrogatory No. 18:** Explain fully the basis for your contention that funds used to purchase a

Mercedes Benz were fraudulently transferred from the Debtor.

> **RESPONSE: Objection.** This interrogatory calls for a legal conclusion. This
> interrogatory additionally calls for the Trustee's counsel to reveal his mental
> impressions as to how certain evidence will be adduced at trial. The Trustee
> further objects to this interrogatory because the information requested by
> Defendant Siskind is already available to him from the Complaint, as amended, as
> well as the schedules and backup produced to Defendant on August 9, 2019 at the
> Hearing on the Plaintiff's Motion for Preliminary Injunction. Additionally, the
> Trustee objects to this interrogatory as it exceeds the number of interrogatories,
> including subparts, permitted by Rule 33 of the Federal Rules of Civil Procedure
> as made applicable to these proceedings by Rule 7033 of the Federal Rules of
> Bankruptcy Proceeding.

**Interrogatory No. 19:** Explain fully your contention that Tanya Siskind is the trustee of the

Second Siskind Family Trust.

> **RESPONSE:** The Trustee has withdrawn this allegation in the Amended
> Complaint.

**Interrogatory No. 20:** Explain fully your contention that Jeffrey Siskind controlled Sovereign as

a nominee of William Siskind.

> **RESPONSE: Objection.** This interrogatory calls for a legal conclusion. This
> interrogatory additionally calls for the Trustee's counsel to reveal his mental
> impressions as to how certain evidence will be adduced at trial. The Trustee
> further objects to this interrogatory because the information requested by
> Defendant Siskind is already available to him from the Complaint, as amended, as
> well as the schedules and backup produced to Defendant on August 9, 2019 at the
> Hearing on the Plaintiff's Motion for Preliminary Injunction. Additionally, the
> Trustee objects to this interrogatory as it exceeds the number of interrogatories,
> including subparts, permitted by Rule 33 of the Federal Rules of Civil Procedure
> as made applicable to these proceedings by Rule 7033 of the Federal Rules of
> Bankruptcy Proceeding.

**Interrogatory No. 21:** Explain fully your contention that FLACC has no legitimate operations.

> **RESPONSE: Objection.** This interrogatory calls for a legal conclusion. This
> interrogatory additionally calls for the Trustee's counsel to reveal his mental
> impressions as to how certain evidence will be adduced at trial. The Trustee
> further objects to this interrogatory because the information requested by

Defendant Siskind is already available to him from the Complaint, as amended, as well as the schedules and backup produced to Defendant on August 9, 2019 at the Hearing on the Plaintiff's Motion for Preliminary Injunction. Additionally, the Trustee objects to this interrogatory as it exceeds the number of interrogatories, including subparts, permitted by Rule 33 of the Federal Rules of Civil Procedure as made applicable to these proceedings by Rule 7033 of the Federal Rules of Bankruptcy Proceeding.

**Interrogatory No. 22:** Explain fully your contention that FLACC and Sympatico are "mere instrumentalit[ies] created by Siskind."

> **RESPONSE: Objection.** This interrogatory calls for a legal conclusion. This interrogatory additionally calls for the Trustee's counsel to reveal his mental impressions as to how certain evidence will be adduced at trial. The Trustee further objects to this interrogatory because the information requested by Defendant Siskind is already available to him from the Complaint, as amended, as well as the schedules and backup produced to Defendant on August 9, 2019 at the Hearing on the Plaintiff's Motion for Preliminary Injunction. Additionally, the Trustee objects to this interrogatory as it exceeds the number of interrogatories, including subparts, permitted by Rule 33 of the Federal Rules of Civil Procedure as made applicable to these proceedings by Rule 7033 of the Federal Rules of Bankruptcy Proceeding.

**Interrogatory No. 23:** Explain fully the "scheme" which you contend was facilitated by Jeffrey Siskind and required the creation of FLACC and Sympatico.

> **RESPONSE: Objection.** This interrogatory calls for a legal conclusion. This interrogatory additionally calls for the Trustee's counsel to reveal his mental impressions as to how certain evidence will be adduced at trial. The Trustee further objects to this interrogatory because the information requested by Defendant Siskind is already available to him from the Complaint, as amended, as well as the schedules and backup produced to Defendant on August 9, 2019 at the Hearing on the Plaintiff's Motion for Preliminary Injunction. Additionally, the Trustee objects to this interrogatory as it exceeds the number of interrogatories, including subparts, permitted by Rule 33 of the Federal Rules of Civil Procedure as made applicable to these proceedings by Rule 7033 of the Federal Rules of Bankruptcy Proceeding.

**Interrogatory No. 24:**  Explain the basis for your contention that Robert Gibson holds title to "certain property at issue."

> **RESPONSE:  Objection**.  The Trustee objects to this interrogatory as it exceeds the number of interrogatories, including subparts, permitted by Rule 33 of the Federal Rules of Civil Procedure as made applicable to these proceedings by Rule 7033 of the Federal Rules of Bankruptcy Proceeding.  Notwithstanding, the Trustee states that Mr. Gibson has recorded a deed in the Public Records concerning his claim of interest in the Talavera House (as described in the Complaint).

**Interrogatory No. 25:**  Explain in detail the manner in which you became the Chapter 7 Trustee in this matter, and any involvement by Steven Newburgh pertaining to this matter prior to or during your tenure as Chapter 7 Trustee in this matter.

> **RESPONSE:  Objection**.  The Trustee objects to this interrogatory as it exceeds the number of interrogatories, including subparts, permitted by Rule 33 of the Federal Rules of Civil Procedure as made applicable to these proceedings by Rule 7033 of the Federal Rules of Bankruptcy Proceeding.  Notwithstanding, the Trustee states that he became Chapter 7 Trustee of the Debtor upon appointment by the Office of the United States Trustee.  The Trustee is further aware that Mr. Newburgh has represented parties in connection with the Debtor's bankruptcy case, as reflected by the relevant docket activity in the case.

## VERIFICATION

The foregoing answers are true and correct to the best of my understanding. .

By: _____

**ROBERT C. FURR, not individually but as Chapter 7 Trustee of the estate of Chance & Anthem, LLC**

STATE OF FLORIDA            )
                            )ss:
COUNTY OF PALM BEACH        )

12

BEFORE ME, the undersigned, a notary public in and for said county and state, personally appeared ROBERT C. FURR, to me <u>well known</u>, or who has produced _____ as identification, and who executed the foregoing Answers to Interrogatories and having sworn before me that he has read same and that the contents thereof are true and correct.

SWORN TO AND SUBSCRIBED before me, this ____ day of _____ 2019.


_____
Notary Public, State of Florida at Large
My Commission expires:

COLEEN C. WORKINGER
MY COMMISSION # GG 019194
EXPIRES: August 26, 2020
Bonded Thru Budget Notary Services

13

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via E-mail and/or via U.S. Mail as indicated on the Service List below on this 1st day of November, 2019.

By: _/s/  Jesus M. Suarez_____

Jesus M. Suarez, Esq.

## SERVICE LIST

***Notice was served via E-Mail upon:***

Jeffrey M Siskind jeffsiskind@msn.com, jmsesq500@gmail.com

Nancy B Colman on behalf of Defendant Robert Gibson
ncolman@baritzcolman.com, mizzo@baritzcolman.com

Julie Feigeles on behalf of Defendant OB Real Estate Holdings 1732, LLC
jf@womenatlawfl.com, way@womenatlawfl.com

Julie Feigeles on behalf of Defendant Wellington 3445, LP
jf@womenatlawfl.com, way@womenatlawfl.com

Julie Feigeles on behalf of Defendant Zokaites Properties, LP
jf@womenatlawfl.com, way@womenatlawfl.com

Samantha T Haimo on behalf of Defendant OB Real Estate Holdings 1732, LLC
sth@womenatlawfl.com, way@swlawyers.law

Samantha T Haimo on behalf of Defendant Wellington 3445, LP
sth@womenatlawfl.com, way@swlawyers.law

Samantha T Haimo on behalf of Defendant Zokaites Properties, LP
sth@womenatlawfl.com, way@swlawyers.law

***Notice will be served via U.S. Mail upon:***

Jeffrey M. Siskind
3465 Santa Barbara Drive
Wellington, Florida 33414

CannaMed Pharmaceuticals, LLC
c/o Siskind Legal
3465 Santa Barbara Dr
Wellington, FL 33414

Florida's Association of Community Banks and Credit Unions, Incorporated
c/o Jeffrey M Siskind, President
3465 Santa Barbara Dr
Wellington, FL 33414

Second Siskind Family Trust
c/o Jeffrey Siskind, Trustee
3465 Santa Barbara Dr
Wellington, FL 33414

Tanya Siskind
3465 Santa Barbara Dr
Wellington, FL 33414

Siskind Legal Services
c/o Jeffrey M Siskind, Managing Member
3465 Santa Barbara Dr
Wellington, FL 33414

Sovereign Gaming and Entertainment, LLC
c/o Jeffrey M Siskind
3465 Santa Barbara Dr
Wellington, FL 33414

Sovereign Gaming and Entertainment, LLC
c/o Secretary of State
500 S. Bronough Street
Tallahassee, Florida 32399

Sovereign Gaming and Entertainment, LLC
c/o Secretary of State
2661 Executive Center Circle
Tallahassee, Florida 32301

Sympatico Equine Rescue, Inc.
c/o Jeffrey M Siskind, President
3465 Santa Barbara Dr
Wellington, FL 33414