## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

**Case No.: 18-16248-BKC-MAM**

**IN RE:**                                                    **Chapter 7 Proceeding**

**CHANCE & ANTHEM, LLC,**

**Debtor.**

_____/

**ROBERT C. FURR, not individually but**
**as Chapter 7 Trustee of the estate of the**
**Debtor, Chance & Anthem, LLC,**

     **Plaintiff.**

**v.**                                                    **Adv. Proc. No.: 19-01298-BKC-MAM-A**


**JEFFREY SISKIND, individually and**
**d/b/a SISKIND LEGAL SERVICES,**
**TANYA SISKIND, individually and as Trustee**
**of the SISKIND FAMILY TRUST,**
**FRANK ZOKAITES, individually,**
**CANNAMED PHARMACEUTICALS, LLC, a**
**Maryland Limited Liability Company,**
**OB Real Estate 1732, LLC, a Florida Limited**
**Liability Company, SISKIND LEGAL SERVICES, LLC,**
**a Florida Limited Liability Company,**
**SOVEREIGN GAMING & ENTERTAINMENT, LLC, a**
**Florida Limited Liability Company, FLORIDA'S**
**ASSOCIATION OF COMMUNITY BANKS AND**
**CREDIT UNIONS, INC., a Florida corporation,**
**SYMPATICO EQUINE RESCUE, INC., a Florida corporation,**
**WELLINGTON 3445, LP, a Florida Limited Partnership,**
**ZOKAITES PROPERTIES, LP, a Pennsylvania Limited Partnership,**
**and ROBERT GIBSON, individually,**

     **Defendant.**

_____/

## DEFENDANTS', CANNAMED PHARMACEUTICALS, LLC, TANYA SISKIND, SISKIND FAMILY TRUST, SISKIND LEGAL SERVICES, LLC, SOVEREIGN

<u>**GAMING & ENTERTAINMENT, LLC, FLORIDA'S ASSOCIATION OF COMMUNITY BANKS AND CREDIT UNIONS, INC., AND SYMPATICO EQUINE RESCUE, INC., ANSWER AND AFFIRMATIVE DEFENSES**</u>

Defendants, **CannaMed Pharmaceuticals, LLC, Tanya Siskind, Siskind Family Trust, Siskind Legal Services, LLC, Sovereign Gaming & Entertainment, LLC, Florida's Association of Community Banks and Credit Unions, Inc., and Sympatico Equine Rescue, Inc.** (hereinafter collectively referred to as "Defendant" or "Defendants") (hereinafter referred to as "Defendant") hereby files this its Answer and Affirmative Defenses to the Complaint filed by ROBERT C. FURR, not individually but as Chapter 7 Trustee of the estate of the Debtor, Chance & Anthem, LLC (hereinafter referred to as "Plaintiff" or "Trustee"), and in support thereof states:

1. Without knowledge.

2. Denied.

3. Denied.

4. Denied.

5. Admitted as to the Trustee is seeking substantive consolidation in this matter; deny the Trustee is entitled to such relief.

6. Admitted as to the relief sought by the Trustee; deny the Trustee is entitled to such relief.

7. Admitted.

8. Admitted.

9. Without knowledge, as the documents speak for themselves.

10. Admitted an Order transferring the case was entered and the matter was transferred; deny the appropriate relief was to transfer this matter.

11.     Admitted.

12.     Denied.

13.     Denied.

14.     Without knowledge.

15.     Admitted that CannaMed is a limited liability company existing under the laws of the State of Maryland; deny the remaining allegations.

16.     Without knowledge.

17.     Admitted that Siskind Legal is a limited liability company existing under the laws of the State of Florida; deny the remaining allegations.

18.     Admitted that Sovereign is a limited liability company existing under the laws of the State of Florida; deny the remaining allegations.

19.     Admitted that FLACC is a corporation existing under the laws of the State of Florida; deny the remaining allegations.

20.     Admitted that Sympatico is a corporation existing under the laws of the State of Florida; deny the remaining allegations.

21.     Without knowledge.

22.     Without knowledge.

23.     Without knowledge.

24.     Without knowledge.

25.     Admitted.

26.     Admitted.

27.     Admitted.

## FACTS SUPPORTING THE CLAIMS

**A.**     **The Siskind Bankruptcy Case**

     28.    Without knowledge.

     29.    Without knowledge.

     30.    Without knowledge.

     31.    Without knowledge, as the Statutes speak for themselves.

     32.    Without knowledge.

*Chance & Anthem Transactions*

     33.    Without knowledge.

*Sympatico and FLACC Transactions*

     34.    Denied.

     35.    Denied.

*Christopher George and Sovereign*

     36.    Without knowledge.

     37.    Denied.

**B.**     **Chance & Anthem and CannaMed Pharmaceuticals, LLC**

     38.    Without knowledge, as the documents speak for themselves.

     39.    Without knowledge, as the documents speak for themselves.

     40.    Denied.

     41.    Without knowledge.

**C.**     **Christopher George**

42.     Without knowledge.

43.     Without knowledge.

44.     Without knowledge.

45.     Without knowledge.

46.     Without knowledge.

47.     Without knowledge.

48.     Without knowledge.

**D.**     **Carl Stone and Richard Neff**

49.     Without knowledge.

50.     Without knowledge.

51.     Without knowledge.

52.     Without knowledge.

53.     Without knowledge, as the documents speak for themselves.

54.     Without knowledge.

55.     Without knowledge.

**E.**     **Fredrick Volkwein**

56.     Without knowledge, as the documents speak for themselves.

57.     Without knowledge.

58.     Without knowledge.

59.     Without knowledge.

F.    <u>**The Real Estate Transactions**</u>

60.    Without knowledge.

*3485 Lago de Talavera*

61.    Without knowledge.

62.    Without knowledge.

63.    Without knowledge.

64.    Without knowledge.

65.    Without knowledge.

66.    Without knowledge.

67.    Without knowledge.

68.    Without knowledge.

69.    Without knowledge.

70.    Without knowledge.

71.    Without knowledge.

72.    Without knowledge.

73.    Without knowledge.

*The Santa Barbara House*

74.    Without knowledge.

75.    Without knowledge.

76.    Without knowledge.

77.    Without knowledge.

78.    Without knowledge.

79.    Without knowledge.

80.    Without knowledge.

81.    Without knowledge.

82.    Without knowledge.

83.    Without knowledge.

84.    Without knowledge.

### *The Trump Office Suite/OB Real Estate Holdings 1732, LLC*

85.    Without knowledge.

86.    Without knowledge.

87.    Without knowledge.

88.    Without knowledge.

89.    Without knowledge.

90.    Without knowledge.

91.    Without knowledge.

92.    Without knowledge.

93.    Without knowledge.

94.    Without knowledge.

95.    Without knowledge.

96.    Without knowledge.

97.    Without knowledge.

98.    Without knowledge.

99.    Denied.

***The Cross Creek Condominium***

100.    Without knowledge.

101.    Without knowledge.

102.    Without knowledge.

103.    Denied.

G.    **The Transfers at Issue**

104.    Without knowledge.

105.    Denied.

106.    Without knowledge.

107.    Without knowledge.

108.    Denied.

109.    Denied.

H.    **<u>Conditions Precedent</u>**

110.    Without knowledge.

I.    **<u>The Causes of Action</u>**

**COUNTS 1-6**
**ACTION FOR SUBSTANTIVE CONSOLIDATION OF DEFENDANTS**
**CANNAMED, SISKIND LEGAL, SOVEREIGN, FLAC, SYMPATICO, AND**
**<u>WELLINGTON WITH THE DEBTOR'S BANKRUPTCY ESTATE</u>**

111.    The Defendants reassert and reallege each response as if alleged herein.

112.    Without knowledge as the Statute speaks for itself.

113.    Without knowledge as the Statute speaks for itself.

114.    Denied.

115.    Denied.

## COUNTS 7 – 22
## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTIONS 548(a))(1)(A), 550(a)(1) and 550(a)(2) OF THE BANKRUPTCY CODE

116.    The Defendants reassert and reallege each response as if alleged herein.

117.    Without knowledge as the Statute speaks for itself.

118.    Without knowledge as the Statute speaks for itself.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

## COUNTS 23-38
## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 548(a)(1)(B) OF THE BANKRUPTCY CODE

124.    The Defendants reassert and reallege each response as if alleged herein.

125.    Without knowledge as the Statute speaks for itself.

126.    Without knowledge as the Statute speaks for itself.

127.    Denied.

128.    Denied.

129.    Denied.

130.   Denied.

131.   Denied.

**COUNTS 39-55**
**AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS**
**PURSUANT TO SECTION 544 OF THE BANKRUPTCY CODE**
**AND SECTION 726.105(1)(A) OF THE FLORIDA STATUTES**

132.   The Defendants reassert and reallege each response as if alleged herein.

133.   Without knowledge as the Statute speaks for itself.

134.   Without knowledge as the Statute speaks for itself.

135.   Without knowledge as the Statute speaks for itself.

136.   Denied.

137.   Denied.

138.   Denied.

139.   Denied.

140.   Denied.

141.   Denied.

142.   Denied.

143.   Without knowledge as the Statute speaks for itself.

**COUNTS 56--72**
**AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS**
**PURSUANT TO SECTION 544 OF THE BANKRUPTCY CODE**
**AND SECTION 726.105(1)(B) OF THE FLORIDA STATUTES**

144.   The Defendants reassert and reallege each response as if alleged herein.

145.   Without knowledge as the Statute speaks for itself.

146.    Without knowledge as the Statute speaks for itself.

147.    Without knowledge as the Statute speaks for itself.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Without knowledge as the Statute speaks for itself.

**COUNTS 73--89**
**AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS**
**PURSUANT TO SECTION 544 OF THE BANKRUPTCY CODE**
**AND SECTION 726.106(1) OF THE FLORIDA STATUTES**

156.    The Defendants reassert and reallege each response as if alleged herein.

157.    Without knowledge as the Statute speaks for itself.

158.    Without knowledge as the Statute speaks for itself.

159.    Denied.

160.    Denied.

161.    Denied.

162.    Denied.

163.    Denied.

164.    Denied.

165.    Denied.

166.    Without knowledge as the Statute speaks for itself.

## COUNTS 90-92
## ACTION FOR CONSTRUCTIVE TRUST

167.    The Defendants reassert and reallege each response as if alleged herein.

168.    Denied.

169.    Denied.

170.    Denied.

171.    Denied.

## COUNT 93-95
## ACTION FOR EQUITABLE LIEN

172.    The Defendants reassert and reallege each response as if alleged herein.

173.    Denied.

174.    Denied.

175.    Denied.

176.    Denied.

## COUNT 96
## AVOIDANCE OF POST-PETITION TRANSFERS UNDER 11 U.S.C. §549

177.    The Defendants reassert and reallege each response as if alleged herein.

178.    Without knowledge as the documents speak for themselves.

179.    Without knowledge as the Statute speaks for itself.

180.    Denied.

181.   Denied.

**COUNT 97**
**ACTION SEEKING A PERMANENT**
**INJUNCTION AGAINST ALL DEFENDANTS**

182.   The Defendants reassert and reallege each response as if alleged herein.

183.   Without knowledge as the documents speak for themselves.

184.   Denied.

185.   Without knowledge.

**AFFIRMATIVE DEFNSES**

**AS AND FOR** the Defendants' First Affirmative Defense, the Defendants assert the Trustee/Plaintiff has failed to state a cause of action.

**AS AND FOR** the Defendants' Second Affirmative Defense, the Defendants assert the Debtor was solvent at the time of the transfers as described in the Trustee/Plaintiff's Complaint, which the Trustee is seeking to avoid and recover, or did not become insolvent as a result of the transfers.

**AS AND FOR** the Defendants' Third Affirmative Defense, the Defendants assert, upon information and belief, that at the time of the transfers described within the Trustee's/Plaintiff's Complaint, the Debtor was not engaged or about to engage in business or a transaction for which the remaining assets of the Debtor or its respective Related Defendant were unreasonably small in relation to the business or transactions in which the Debtor or its respective Related Defendant were engaged.

**AS AND FOR** the Defendants' Fourth Affirmative Defense, the Defendants assert,

upon information and belief, that at the time of the transfers described within the Trustee's/Plaintiff's Complaint, the Debtor had not incurred debts beyond its ability to pay as they became due.

**AS AND FOR** the Defendants' Fifth Affirmative Defense, the Defendants assert, upon information and belief, in exchange for the transfers as described within the Trustee's/Plaintiff's Complaint, which the Trustee/Plaintiff is seeking to avoid and recover, the Debtor received reasonably equivalent value for said transfers.

**AS AND FOR** the Defendants' Sixth Affirmative Defense, the Defendants assert substantive consolidation is not the appropriate remedy by the Trustee/Plaintiff in this matter, as each entity was a separate and distinct entity from the Debtor. Moreover, the prejudice suffered by each Defendant from the remedy of substantive consolidation far outweighs the benefits gained by the Trustee/Plaintiff in obtaining substantive consolidation. Finally, if the Trustee/Plaintiff successfully avoids and recovers each of the transfers, which he has sought to avoid and recover in the remaining Counts of this Adversary, the same result would be reached without any of the potential prejudice that would stem from substantive consolidation. Based upon the availability of a remedy without the potential prejudice of substantive consolidation, the Court should deny the Trustee/Plaintiff's request of substantive consolidation.

**WHEREFORE** the Defendants, **CannaMed Pharmaceuticals, LLC, Tanya Siskind, Siskind Family Trust, Siskind Legal Services, LLC, Sovereign Gaming & Entertainment, LLC, Florida's Association of Community Banks and Credit Unions,**

**Inc., and Sympatico Equine Rescue, Inc.**, respectfully requests the Court enter a Final Judgment in its favor determining the Trustee/Plaintiff is not entitled to the extraordinary remedy of substantive consolidation, not entitled to avoid and recover anything from the Defendants, the Trustee/Plaintiff is not entitled to a constructive trust, not entitled to an equitable lien, and the Trustee/Plaintiff is not entitled to a permanent injunction, plus grants such other and further relief as the Court deems just and proper.

The Defendants reserve the right to amend this Answer and Affirmative Defenses in the future if the facts and/or need arises.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by the Court's CM/ECF system on the 31st day of January 2020 to:

**Jesus M. Suarez, Esq.**
jsuarez@gjb-law.com, gjbecf@gjb-law.com

> **PHILIP B. HARRIS, P.A.**
> 685 Royal Palm Beach Boulevard
> Suite 205
> Royal Palm Beach, FL 33411
> Tel: 561-543-7963
> Fax: 561-793-1020
>
>
> By: /s/ Philip B. Harris
>       Philip B. Harris, Esq.
>       FL Bar ID: 19781