UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:  Case No. 18-16248-BKC-MAM

CHANCE & ANTHEM, LLC,  Chapter 7

    Debtor.
_____/

ROBERT C. FURR, CHAPTER 7 TRUSTEE,  Adv. No. 19-01298-MAM

    Plaintiff,

v.

JEFFREY M. SISKIND, et al.,

    Defendants.
_____/

**LIMITED OBJECTION TO CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SETTLEMENT AND COMPROMISE WITH ADVERSARY DEFENDANTS WELLINGTON 3445, LP; ZOKAITES PROPERTIES, LP; OB REAL ESTATE 1732, LLC; AND NON-PARTY FRANK ZOKAITES**

    COMES NOW Jeffrey M. Siskind ("Movant") and files this Limited Objection to Chapter 7 Trustee's Motion to Approve Settlement And Compromise With Adversary Defendants Wellington 3445, LP; Zokaites Properties, LP; OB Real Estate 1732, LLC; and Non-Party Frank Zokaites (the "Motion"), and states:

    1.    On January 22, 2020, Movant received a copy of the Chapter 7 Trustee's Motion, and hereby timely objects in part within the 21-day negative notice period.

    2.    First and foremost, Movant objects to the statement in paragraph no. 3 which alleges that Robert C. Furr ("Furr") was "duly appointed" when in fact this was not the case.

    3.    Instead, Furr somehow became involved with this case in a deceptive manner by avoiding the customary random assignment process.

    4.    Furr's filed a complaint in this adversary case which resulted in the proposed

settlement(s) for which Furr seeks Court approval, which was incredibly deceptive and dishonest.

5. In its complaint, Furr alleged that undersigned counsel manipulated the Debtor for his own benefit. Despite receiving evidence of each and every related financial record without objection, Furr incredibly maintained that financial transactions were concealed. Furr also made numerous scandalous allegations which he knew to be untrue but which were a useful means to intimidate the adversary defendants.

6. Although the proposed settlement(s) appear to be the result of these adversary defendants weighing the likely cost of continued litigation against the value of closure, Furr's scandalous but baseless allegations no doubt affected their calculus.

7. The terms of the proposed settlement(s) also reveal the breadth of the Trustee's disingenuous (and as a result, largely unsuccessful) efforts; upon information and belief, an initial $600,000 demand was settled within hours for $21,000, or a mere 3.5%.

8. A seasoned bankruptcy attorney once informed me that some Chapter 7 Trustees are adept at the art of "legalized extortion," referring to Chapter 7 Trustees who knowingly bring unwinnable adversary complaints (unwinnable if they were actually litigated).

9. Although there can by definition no such thing, that comment addresses the ability of a dishonest trustee to advance claims known to be unwinnable but which might be settled because of (1) costs attendant to mounting a defense, and (2) the assumption that a Chapter 7 Trustee is cloaked with some significant level of authority.

10. Unsophisticated defending parties are intimidated by a Chapter 7 Trustee's title, inasmuch as the term "Trustee" infers enforcement powers akin to those possessed by the Office of the U.S. Trustee. However, as the Honorable Paul Hyman once reminded me, a Chapter 7

Trustee is nothing other than an attorney entrusted with representation of various creditors.

11. However, the term "Trustee" as applied to a Chapter 7 Trustee does have special significance because of the duties imposed upon a Chapter 7 Trustee; <u>duties</u> as opposed to powers.

12. The term "fraudulent transfer" is equally non-representative because its meaning is routinely misinterpreted. While fraud is understood to be wrongful intended actions, many Debtor transfers labelled 'fraudulent' are transfers which have fraud terminology imputed, as when a company expends money which results in its inability to continue to transact business.

13. In this bankruptcy, although Furr has alleged that numerous fraudulent transfers were made by the Debtor, the Debtor always had available funds when transfers which Furr alleged were fraudulent were made, thus defeating Furr's claims and revealing the disingenuous and corrupt nature of those claims.

14. Stated otherwise, Furr filed numerous adversary complaints although he knew that the claims on which they were based were frivolous. Unknown is just what Furr or his counsel said to various adversary defendants to entice them to settle said frivolous claims. It may have been a statement as blunt as that which Jesus Suarez made to me after my deposition; "Just give us money and we will go away." It is likely that more adept misrepresentations may have been intentionally employed, as when Suarez falsely alleged that counsel admitted to misusing trust account funds during the Debtor's Rule 341 Meeting of Creditors – something disproved by the transcript of the proceedings – or many initial but subsequently eliminated scandalous accusations made with corrupt intent in another adversary complaint.

15. Settlement funds first pay trustee fees and administrative creditors (usually consisting of professionals hired by the trustee). In non-asset cases, although creditors are forced

to depend upon a Chapter 7 Trustee which they believe is working I their best interests, very little if any proceeds will find their way to creditors.  A dishonest and corrupt Chapter 7 Trustee may assess a bankruptcy case as merely an opportunity to obtain fees instead of fulfilling its mission of actually working on behalf of creditors, and ignoring its ethical obligations.

16. This unethical approach disserves the basic social purpose of business bankruptcy which is to provide a backstop for entrepreneurs whose efforts are unsuccessful, apportioning losses across society in order to foster entrepreneurism essential to our Nation's economic advancement.

17. A dishonest and corrupt Chapter 7 Trustee improperly substitutes its own ends when it is able to wrongfully derive settlements from adversary defendants by advancing frivolous unwinnable claims.  Moreover, an 'externality' is introduced which unfairly imposes the financial burdens meant to be apportioned more generally to those unsuspecting adversary defendants specifically targeted by the Chapter 7 Trustee.

18. For these reasons adversary defendants should be apprised that the term "Trustee" is appropriate because a trustee is <u>entrusted</u> to resist the temptation to abuse the system for his or her own pecuniary advantage, and that this duty is breached when a Chapter 7 Trustee attempts to line its pockets by bringing frivolous unwinnable adversary complaints to obtain settlements from defendants who desire to ward off litigation expenses.

19. The dishonest and corrupt Chapter 7 Trustee presents an interesting conundrum because bankruptcy courts must rely upon them to help facilitate the forward movement of significant caseloads while constrained by limited resources.  A Chapter 7 Trustee's role is therefore crucial to efficient and fair judicial process.  Correspondingly, dishonesty as evidenced by a Chapter 7 trustee's filing of frivolous unwinnable adversary complaints must be addressed.

20.     In this case and its related adversary complaints, Furr breached his ethical duties by (1) wrongfully acquiring the case, (2) advancing numerous scandalous, false and misleading allegations and (3) bringing several frivolous unwinnable adversary actions.

21.      As a consequence, Furr should be required to disgorge all compensation which he would otherwise derive from his adversary actions, which funds should either be refunded to the various adversary defendants or distributed in full among the creditors.

Dated this 6th day of February, 2020.

**S I S K I N D   L E G A L, P L L C**

*/s/ Jeffrey M. Siskind*
Jeffrey M. Siskind, Esq.   FBN 138746

1629 K Street, Ste. 300, NW   Washington, DC  20006
113 N. Monroe Street, 1st Floor   Tallassee, Florida  32301
3465 Santa Barbara Drive   Wellington, Florida  33414

TELEPHONE  (561) 791-9565
FACSIMILE   (561) 791-9581
Email:  jeffsiskind@msn.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on February 6, 2020 upon all creditors and parties in interest registered to receive electronic notification on this case via the Court's Case Management/Electronic Case Filing System and/or email as reflected on the Service List below.

*/s/ Jeffrey M. Siskind*
Jeffrey M. Siskind, Esq.   FBN 138746


SERVICE LIST:

- Julie Feigeles    jf@womenatlawfl.com, way@womenatlawfl.com
- Robert C Furr    danderson@furrcohen.com, rcf@trustesolutions.net
- John H Genovese    jgenovese@gjb-law.com, hburke@gjb-law.com;gjbecf@gjb-law.com;gjbecf@ecf.courtdrive.com;jzamora@gjb-law.com
- Barry P Gruher    bgruher@gjb-law.com, vlambdin@gjb-law.com;gjbecf@gjb-law.com;cesser@gjb-law.com;gjbecf@ecf.courtdrive.com;chopkins@gjb-law.com
- Samantha T Haimo    sth@womenatlawfl.com, way@swlawyers.law
- Philip B Harris    philip@philipbharris.com
- Steven S Newburgh    snewburgh@mclaughlinstern.com, ssn@newburghlaw.net;mgarcia@mclaughlinstern.com;lbrunet@mclaughlinstern.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- David A Ray    dray@draypa.com, draycmecf@gmail.com;sramirez.dar@gmail.com
- Jeffrey M Siskind    jeffsiskind@msn.com, jmsesq500@gmail.com
- Jesus M Suarez    jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com
- Stuart A Young     syoung@ybplaw.com

Alan Barbee
GlassRatner Advisory & Capital Group
1400 Centrepark Blvd #860
West Palm Beach, FL 33401

Robert Grossbart
Grossbart, Portney & Rosenberg
One N. Charles Street.
Suite 1214
Baltimore, MD 21201

Richard P. Zaretsky
1615 Forum Pl #3-A
West Palm Beach, FL 33401

Frank R. Zokaites
375 Golfside Drive
Wexford, PA 15090