UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | CASE NO. 18-16248-MAM |
| CHANCE & ANTHEM, LLC, | CHAPTER 7 |
| Debtor. | |
| _____/ | |
| ROBERT FURR, Chapter 7 Trustee, | |
| Plaintiff, | |
| v. | ADV. NO. 19-01298-MAM |
| ROBERT GIBSON, et al., | |
| Defendants. | |
| _____/ | |

### JEFFREY M. SISKIND'S RESPONSE TO CHAPTER 7 TRUSTEE'S MOTION FOR PROTECTIVE ORDER AND SANCTIONS

JEFFREY M. SISKIND ("Respondent") responds to the Chapter 7 Trustee's Motion for Protective Order and Sanctions ("Motion") filed by Robert C. Furr, not individually, but as Chapter 7 Trustee of the bankruptcy estate of Debtor Chance & Anthem, LLC ("Debtor") on February 14, 2010, and states:

1. The Trustee's Motion is yet another disingenuous attempt by the Trustee to deny Respondent the right to obtain discovery. Notably, prior to the Trustee's filing of its Motion, the undersigned emailed counsel for the Trustee to inquire as to availability of the remaining reserved deposition dates, the latest of which was supposed to be February 25, 2020.

2. Respondent cancelled the scheduled deposition because of an illness in Movant's family which arose late the night before the scheduled deposition and required Respondent to take his son to an emergency clinic on the day of the deposition. Moreover, the setting of the Trustee's deposition on very short notice on February 11, 2020 was in fact an accommodation by

Respondent for the Trustee.

3. Respondent timely filed a notice of cancellation and also emailed the Trustee's counsel in time to prevent any unnecessary travel expense and inconvenience.

4. Time spent by the Trustee in preparation for his deposition was not in vain because the deposition should be able to be rescheduled if the Court directs the Trustee to cooperate.

5. The Trustee's allegation that Respondent does not need to depose the Trustee is without merit, especially since the Court has protected the Trustee against responding fully to Respondent's interrogatories, that Respondent has so far thus been denied its right to obtain discovery, and also in consideration of the Trustee's scandalous and false allegations.

6. The Trustee's allegation that Respondent's purpose in deposing the Trustee is to harass is readily refuted by Respondent's interrogatories, and the fact that Respondent informed the Trustee's counsel these would serve as a blueprint for questions to be asked at the Trustee's deposition.

7. Respondent agrees with the need for cooperation and candor expressed in paragraph no. 8 of the Trustee's Motion, and submits that the Trustee (not the Respondent) is violating these duties, despite the Trustee wanting to make it appear otherwise, as evidenced by Respondent's numerous emails sent to the Trustee's counsel to try to schedule the Trustee's deposition.

8. Respondent's need to cancel the Trustee's deposition does not arise to abuse, and Respondent should not therefore by precluded from deposing the Trustee. No party to a lawsuit should be prejudiced because of a last-minute need to take a family member to a doctor.

9. Nor should sanctions be imposed because Respondent notified the Trustee's

counsel as soon as Movant knew that he needed to take his son to see a doctor (just after 12:20 a.m.).

10. Contrary to the manner in which the Trustee seeks to improperly characterize Respondent's actions, Respondent has at all times comported himself honestly and forthrightly. The Trustee's attempt to exact sanctions is without merit, and the Trustee should be admonished for filing its Motion without first contacting Respondent to inquire as to why the deposition was cancelled.

11. The Trustee's instant attempt to deny discovery, and to exact unnecessary financial pain upon Respondent, is contrary to Respondent's right to obtain discovery and to defend against outrageous allegations brought against it in litigation brought by the Trustee.

WHEREFORE, Respondent requests that this Court deny the Trustee's Motion, and instruct the Trustee to cooperate fully in coordinating a new deposition date.

### SISKIND LEGAL, PLLC

_____/s/ Jeffrey M. Siskind_____
Jeffrey M. Siskind, Esq.   FBN 138746

1629 K Street, Ste. 300, NW  Washington, DC  20006
--------------------------
113 N. Monroe Street, 1st Floor  Tallassee, Florida  32301
-----------------------------
3465 Santa Barbara Drive  Wellington, Florida  33414

TELEPHONE (561) 791-9565  FACSIMILE  (561) 791-9581
Emails:   jeffsiskind@msn.com & jeffsiskind@gmail.com

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the above was furnished electronically on February 18, 2020 via CM/ECF to all persons registered thereon to receive notices as set forth on the attached Service List and by email or U.S. postal mail to parties listed on the attached Service List who are not authorized to receive notices electronically through the Court's CM/ECF system for which the Service List designates the manner of service.

                           */s/ Jeffrey M. Siskind*
                    Jeffrey M. Siskind, Esq.   FBN 138746

**SERVICE LIST**

John H. Genovese, Esq. Florida Bar No. 280852 Jesus M. Suarez, Esq. Fla. Bar No. 60086 GENOVESE JOBLOVE & BATTISTA, P.A. 100 S.E. 2nd Street, Suite 4400 Miami, FL 33131 Tel.: (305) 349-2300 Fax.: (305) 349-2310 Via email to *jgenovese@gjb-law.com* and *jsuarez@gjb-law.com* (Counsel to the Chapter 7 Trustee)

Samantha Tesser Haimo, Esq. com Florida Bar No. 148016 7900 Peters Road, Suite B-200 Fort Lauderdale, FL  33324 (954) 376–5956 - Telephone (954) 206-0188 – Facsimile  Via email to *sth@womenatlawfl.* (Counsel for Defendants OB Real Estate 1732, LLC, Wellington 3445, LP and Zokaites Properties, LP)

Jeffrey M. Siskind, individually 3465 Santa Barbara Drive Wellington, FL 33414 Via e-mail to jeffsiskind@msn.com

Siskind Legal Services c/o Jeffrey M. Siskind, Managing Member 3465 Santa Barbara Drive Wellington, FL 33414 Via e-mail to *jeffsiskind@msn.com*

Tanya Siskind, individually 3465 Santa Barbara Drive Wellington, FL 33414 Via e-mail to *philip@philipharris.com*

Second Siskind Family Trust c/o Tanya Siskind, Trustee 3465 Santa Barbara Drive Wellington, FL 33414 Via e-mail to *philip@philipharris.com*

CannaMed Pharmaceuticals, LLC c/o Jeffrey M. Siskind, Managing Member 3465 Santa Barbara Drive Wellington, FL 33414 Via e-mail to *philip@philipharris.com*

Sovereign Gaming and Entertainment, LLC c/o Jeffrey M. Siskind, on behalf of William Siskind, deceased 3465 Santa Barbara Drive Wellington, FL 33414 Via e-mail to *philip@philipharris.com*

Florida's Association of Community Banks and Credit Unions, Incorporated c/o Jeffrey M. Siskind, President 3465 Santa Barbara Drive Wellington, FL 33414 Via e-mail to *philip@philipharris.com*

Sympatico Equine Rescue, Inc. c/o Jeffrey M. Siskind, President 3465 Santa Barbara Drive Wellington, FL 33414 Via e-mail to *philip@philipharris.com*

Frank Zokaites, 375 Golfside Road, Wexford, PA 15090,  Via e-mail to *frank@zokaites.com*