

**ORDERED in the Southern District of Florida on February 21, 2020.**

_____

**Mindy A. Mora, Judge**
**United States Bankruptcy Court**

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | Case No.: 18-16248-MAM |
| Chance & Anthem, LLC,<br>    Debtor.<br>_____/ | Chapter 7 |
| Robert C. Furr,<br>    Plaintiff. | Adv. Proc. No. 19-1298-MAM |
| v. | |
| Jeffrey M. Siskind; Siskind Legal Services;<br>Tanya Siskind; Second Siskind Family<br>Trust; Frank R. Zokaites; CannaMed<br>Pharmaceuticals, LLC; OB Real Estate<br>Holdings 1732, LLC; Sovereign Gaming and<br>Entertainment, LLC; Florida's Association of<br>Community Banks and Credit Unions, Inc.;<br>Sympatico Equine Rescue, Inc.; Wellington<br>3445, LP; Zokaites Properties, LP; and<br>Robert Gibson,<br>    Defendants.<br>_____/ | |

## ORDER DENYING MOTION FOR RECONSIDERATION (ECF NO. 199)

**THIS MATTER** came before the Court upon the *Verified Motion to Reconsider Order Dismissing Bankruptcy Appeal* (ECF No. 199) (the "Second Reconsideration Motion") filed by Jeffrey Siskind ("Mr. Siskind") on behalf of defendants Tanya Siskind, the Second Siskind Family Trust, CannaMED Pharmaceuticals, LLC, Siskind Legal Services, LLC, Sovereign Gaming & Entertainment, LLC, Florida's Association of Community Banks and Credit Unions, Inc., and Sympatico Equine Rescue, Inc. ("Related Defendants").

## BACKGROUND

On September 30, 2019, Plaintiff Robert C. Furr ("Plaintiff") filed an amended motion (ECF No. 52) (the "Disqualification Motion") seeking to disqualify Mr. Siskind as counsel to the Related Defendants. In the Disqualification Motion, Plaintiff alleged that Mr. Siskind's representation of the Related Defendants would be adverse to the interests of Chance & Anthem, LLC, the debtor in the underlying bankruptcy case. After extensive briefing and argument from all interested parties, the Court entered an order granting the Disqualification Motion (ECF No. 92) (the "Disqualification Order").

On November 5, 2019, Mr. Siskind filed a motion to reconsider the Disqualification Order. *See* ECF No. 102 (the "First Reconsideration Motion"). Although the Disqualification Order prohibited Mr. Siskind from representing the Related Defendants, he nonetheless purportedly filed the First Reconsideration

Motion on behalf of each of the Related Defendants.[1]

On November 22, 2019, the Court entered a reasoned order denying reconsideration of the Disqualification Motion. *See* ECF No. 141 (the "First Reconsideration Order").

Eighteen days later, on December 10, 2019, Mr. Siskind filed a notice of appeal (ECF No. 175) (the "Notice") of the First Reconsideration Order. Because Mr. Siskind failed to file the Notice within the time period provided by Rule 8002 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 8002-1(A), the Court dismissed the appeal on December 11, 2019. *See* ECF No. 185 (the "Dismissal Order").

Five days later, Mr. Siskind filed the Second Reconsideration Motion to seek reconsideration of the Dismissal Order. In the Second Reconsideration Motion, Mr. Siskind asserts that 1) the deadline to file a notice of appeal occurred at midnight on December 9, 2019,[2] 2) he began working on the notice of appeal early in the evening of that date, and 3) he inadvertently fell asleep and missed the deadline to appeal.

Although the Second Reconsideration Motion does not cogently set forth the legal basis upon which Mr. Siskind seeks reconsideration, the essence of Mr. Siskind's request for relief is that the Court should view Mr. Siskind's slumber as falling within the "excusable neglect" exception to Federal Rule of Civil Procedure 60(b)(1). As a

---

[1] Mr. Siskind has continued to file various documents, including the Second Reconsideration Motion, on behalf of the Related Defendants despite his disqualification.

[2] From context, it appears that Mr. Siskind intended to argue that the deadline occurred at 11:59 p.m. (the end of the day), not at midnight (the beginning of the day).

result, Mr. Siskind asks this Court to extend the deadline to appeal (the "Appellate Deadline") through the moment he filed the Notice, or December 10, 2019 at 3:40 a.m.

For the reasons stated below, the Court denies the Second Reconsideration Motion and therefore declines to extend the Appellate Deadline.

## DISCUSSION

### I.    Deadline to Appeal

Federal Rule of Bankruptcy Procedure 8002 sets forth the time limit for filing a notice of appeal:

> (a)    In General.
>    (1) Fourteen-Day Period. Except as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk *within 14 days after entry of the judgment, order, or decree being appealed.*

Fed. R. Bankr. P. 8002(a)(1) (emphasis added). The date for filing a notice of appeal is "measured from the entry of the order disposing of the last such remaining motion." Fed. R. Bankr. P. 8002(b)(1).

The Court entered the First Reconsideration Order on November 22, 2019. Mr. Siskind was therefore required to file the Notice within 14 days of entry of the First Reconsideration Order, or on Friday, December 6, 2019. *See* Fed. R. Bankr. P. 8002(a)(1); Fed. R. Bankr. P. 8002(b)(3). Mr. Siskind filed the Notice four days after the deadline, on December 10, 2019. Therefore, the Notice was untimely under any set of circumstances.

4

## II.    Reconsideration Under Rule 60(b)

Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 9024, articulates the grounds upon which a court may grant relief from or reconsideration of a judgment or order. Those grounds include:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *see also* Fed. R. Bankr. P. 9024 (incorporating Rule 60(b)).

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Jean-Felix v. Chicken Kitchen USA, LLC,* No. 10-23105-CIV, 2013 WL 2243966, at *2 (S.D. Fla. May 21, 2013) (citing *Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007)) (internal quotation marks omitted). Reconsideration of a prior order is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F.Supp.2d 1366, 1370 (S.D. Fla. 2002) (internal citation omitted). Substantial discretion rests with this Court in its analysis of a request for reconsideration.  *See Frank Keevan & Son, Inc. v. Callier Steel Pipe & Tube Inc.,* 107 F.R.D. 665, 670-71 (S.D. Fla. 1985); *see also Medley v. Westpoint Stevens, Inc.*, 162 F.R.D. 697, 698-99 (M.D. Ala. 1995) (describing

5

discretion of court to weigh potential for manifest injustice).

In determining whether a particular negligent act, omission, or mistake may be viewed as "excusable" within the meaning of Rule 60(b)(1), the Court must consider "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Cheney v. Anchor Glass Corporation*, 71 F.3d 848, 850 (11th Cir. 1996); *see also Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993).

The Reconsideration Motion asserts that Mr. Siskind's inadvertent snooze constitutes excusable neglect. The Court disagrees. Mr. Siskind has neither shown nor alleged why he did not commence drafting a notice of appeal well in advance of the Appellate Deadline.

First, Movants contend that the reason for the delay—falling asleep—was not foreseeable or within Mr. Siskind's reasonable control. Unfortunately, Mr. Siskind began working on the Notice the evening of December 9, 2019, three days after the Appellate Deadline. *See* ECF No. 199 at ¶ 3. It is evident that Mr. Siskind's failure to begin working on the Notice until after the deadline expired is the reason for the delay.

Mr. Siskind contends that opposing parties were not prejudiced because the filing of the Appeal occurred prior to business hours on December 10, 2019. This

6

assertion lacks merit.  Mr. Siskind fails to explain how or why opposing parties should be required to monitor the docket in the wee hours of the morning several days after a deadline merely to assure themselves that the deadline has, in fact, occurred without incident.

Mr. Siskind likewise provides no support for his contentions that any delay will have an insignificant impact on judicial proceedings. The Court finds that the Second Reconsideration Motion, if granted, would unnecessarily delay progression of both the Adversary Proceeding and the Bankruptcy Case.

The Second Reconsideration Motion also fails to set forth any reason for the two-week delay in commencing a draft of the Notice. Failing any explanation to the contrary, the Court determines that preparation of a timely notice of appeal was well within Mr. Siskind's reasonable control.

Mr. Siskind posits that his immediate efforts to file the Notice upon realizing his error demonstrate good faith. While the Court does not find apparent evidence of bad faith, the Court notes that the verified Second Reconsideration Motion states that Mr. Siskind "began working" to prepare the Notice "early in the evening of December 9, 2019," three days after the deadline to appeal. *See* ECF No. 199 at ¶ 3. As a result, Mr. Siskind's protestations of good faith effort appear to be little more than a last-ditch attempt to justify an untimely Notice.

Accordingly, the Court finds and determines that Mr. Siskind has not demonstrated excusable neglect and that reconsideration of the Dismissal Order is

not appropriate. In addition, to the extent that the Second Reconsideration Motion attempts to set forth a request for an extension of time pursuant to applicable Federal Rules and Bankruptcy Rules of Procedure, the Court concludes that the absence of a showing of excusable neglect precludes any such extension.

## Conclusion

Accordingly, the Court, having considered the Second Reconsideration Motion, having reviewed the full record of this Adversary Proceeding and the underlying bankruptcy case, and being otherwise fully informed in the premises, hereby **ORDERS AND ADJUDGES** that the Second Reconsideration Motion is **DENIED**.

**###**

Copies furnished to:

Jeffrey M. Siskind, Esq.

*Mr. Siskind is directed to serve this order upon all interested parties and file a conforming certificate of service.*