UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 18-16248-BKC-MAM |
| | Chapter 7 |
| CHANCE & ANTHEM, LLC, | |
|     Debtor. | |
| _____/ | |
| ROBERT C. FURR, not individually but as Chapter 7 Trustee of the estate of the Debtor, Chance & Anthem, LLC, | ADV. NO. 19-01298-BKC-MAM |
|     Plaintiff, | |
| v. | |
| JEFFREY M. SISKIND, et al. | |
|     Defendant/Counter-Plaintiff, | |
| v. | |
| ROBERT C. FURR, individually, JESUS SUAREZ, ESQUIRE, and GENOVESE, JOBLOVE AND BATTISTA, P.A., | |
|     Counter-Defendants. | |
| _____/ | |

**JEFFREY M. SISKIND'S AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF ROBERT C. FURR'S FIRST AMENDED COMPLAINT TO AVOID AND TO RECOVER FRAUDULENT TRANSFERS, FOR TURNOVER, FOR AN ACCOUNTING, SUBSTANTIVE CONSOLIDATION, INJUNCTIVE RELIEF AND FOR OTHER RELIEF**

NOW COMES Jeffrey M. Siskind ("Defendant"), pro se, and answers Plaintiff's First Amended Complaint to Avoid and to Recover Fraudulent Transfers, for Turnover, for an Accounting, Substantive Consolidation, Injunctive Relief and for other Relief, and states:

1. The allegations made by Plaintiff in Counts 7, 8, 9, 11, 12, 15, 16, 20, 23, 24, 25, 27, 28, 31, 32, 36, 39, 40, 41, 43, 44, 47, 48, 50, 53, 56, 57, 58, 60, 61, 64, 65, 67, 70, 73, 74, 75, 77, 78, 81, 82, 84 and 87 are denied.  Strict proof is demanded.

2. Defendant further denies each and every of Plaintiff's allegations against any related defendant(s), whether said related defendants are characterized as Defendant's alter ego(s) or artifices, to the extent that Defendant owns a direct or beneficial interest in and/or controls said related defendants.

2. As a First Affirmative Defense, Defendant states that all transactions which are characterized as violative of any provision of the United States Bankruptcy Code or as otherwise wrongful by the Chapter 7 Trustee ("Trustee") were at all times legitimate business dealings. The Trustee intentionally mischaracterized and conflated numerous transactions in order to intimidate Defendant and others, and for the illegitimate purpose of obtaining negotiated settlements on unsubstantiable claims which were advanced by the Trustee in bad faith.

3. As a Second Affirmative Defense, Defendant states that the Chapter 7 Trustee committed fraud by wrongfully acquiring its interest in this case and it therefore lacks standing to pursue any recovery on behalf of creditors and to obtain remuneration for itself and fees for its agents and/or subcontractors, including attorneys and accountants. The fraud perpetuated by the Trustee consisted of obtaining its role in this case by means which are inconsistent with the manner in which Chapter 7 trustees are randomly assigned their functions by the Office of the United States Trustee, which fraud was evidenced both by Steven Newburgh's announcement to his prospective clients that Robert Furr would serve as Trustee, which announcement was made prior to the transfer of this case from the District of Maryland, and the absence of a listing for this case in the random case assignment schedule. As a result of the Trustee's fraud, this case has been handled in a manner which is inconsistent with the duties of a Chapter 7 Trustee, which inconsistency is exhibited by numerous false and unsubstantiable claims made against Defendant and others, some but not all of which were made in the Trustee's initial complaint and were then

'dropped' from the amended version. The fraud perpetuated by the Trustee has caused harm to Defendant, both financially and reputationally, which was reasonably foreseeable, and has also harmed the public's perception of fair administration of justice by elucidating the allowance of unfair practices within in the Southern District of Florida. The gravity of the fraud perpetuated by the Trustee is sufficient reason for the Court to permit leave to Defendant to bring this amended affirmative defense in accordance with Federal Rule of Civil Procedure 60(b) as applicable to theses proceedings by Federal Rule of Bankruptcy Procedure 9024.

    4.     As a Third Affirmative Defense, Defendant states that the Trustee is pursuing relief which it is not entitled to pursuant to the United States Bankruptcy Code by virtue of its mischaracterizing legitimate business transactions, by fraudulently obtaining its role in this case and by tainting the proceedings by bringing false and unsubstantiable claims in bad faith.

    The following COUNTERCLAIMS are brought by Defendant in his individual capacity and to the extent that Defendant may have an interest in and/or control any related defendant:

    5.     Defendant counterclaims that the Trustee acquired its role in this matter by fraudulent means, and that by doing so has damaged Defendant and others, both financially and reputationally, and that said damages which were the direct and proximate result of the Trustee's fraud were reasonably foreseeable.

    6.     Defendant sues Counter-Defendant Robert C. Furr ("Furr") individually for defrauding Defendant by undertaking actions which were unauthorized and outside of the protections afforded to Trustees because of the illegitimate manner in which Furr obtained his role in this matter, which actions consisted of bringing false and unsubstantiable claims against Defendant which claims caused financial and reputational damage to Defendant and Defendant's business interests. Said damages were the direct and proximate result of Furr's actions and were

reasonably foreseeable.

7.     Defendant sues Counter-Defendants Jesus Suarez, Esquire ("Suarez") and Genoese Joblove & Battista, P.A. ("Genovese") for intentionally assisting Furr in undertaking actions which were unauthorized and outside of the protections afforded to Trustees because of the illegitimate manner in which Furr obtained his role in this matter, which actions were comprised of bringing false and unsubstantiable claims against Defendant which caused financial and reputational damage to Defendant and Defendant's business interests; damages which were the direct and proximate result of Furr's actions and were reasonably foreseeable.  At all times relevant, Suarez and Genovese knew that the Trustee has acquired his role in this matter illegitimately but joined their efforts with those of the Trustee in order to wrongfully seek settlements from Defendant and others on unsubstantiable claims.  Actions undertaken by the Trustee, Suarez and Genovese comprised a scheme within which said Counter-Defendants undertook an illegal conspiracy against Defendant and others tantamount to extortion.  Because said Counter-Defendants' actions were undertaken with knowledge and intent to affect the machinery of justice, they also constitute a fraud on the court which precludes any recovery.

WHEREFORE, Defendant prays that this Court deny each and every allegation brought by Plaintiff, and brings these amended Affirmative Defenses and Counterclaims, and requests such other and further relief as appropriate.

_____/s/ Jeffrey M. Siskind_____
Jeffrey M. Siskind, Esq.   FBN 138746

1629 K Street, Ste. 300, NW  Washington, DC  20006
113 N. Monroe Street, 1st Floor  Tallassee, Florida  32301
3465 Santa Barbara Drive  Wellington, Florida  33414

TELEPHONE  (561) 791-9565
FACSIMILE   (561) 791-9581
Email:  jeffsiskind@msn.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on April 9, 2020 upon all creditors and parties in interest registered to receive electronic notification on this case via the Court's Case Management/Electronic Case Filing System and/or email as reflected on the Service List below.

       */s/ Jeffrey M. Siskind*
Jeffrey M. Siskind, Esq.   FBN 138746

SERVICE LIST:

Samantha T Haimo on behalf of Defendant Wellington 3445, LP
sth@womenatlawfl.com, way@swlawyers.law

Jeffrey M Siskind on behalf of Defendant CannaMed Pharmaceuticals, LLC
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Defendant Florida's Association of Community Banks and Credit Unions, Incorporated
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Defendant OB Real Estate Holdings 1732, LLC
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Defendant Siskind Legal Services
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Defendant Sympatico Equine Rescue, Inc.
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Defendant Jeffrey M Siskind
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Defendant Tanya Siskind
jeffsiskind@msn.com, jmsesq500@gmail.com

Jesus M Suarez on behalf of Plaintiff Robert C Furr
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com

Nancy Coleman on behalf of Robert Gibson
ncoleman@bartizcolman.com

Frank Zokaites, frank@zokaites.com

Robert Gibson, intelexigent@gmail.com