

**ORDERED in the Southern District of Florida on May 14, 2020.**

_____
**Mindy A. Mora, Judge
United States Bankruptcy Court**
_____

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | Case No.: 18-16248-MAM |
| Chance & Anthem, LLC,<br>    Debtor.<br>_____/ | Chapter 7 |
| Robert C. Furr,<br>    Plaintiff. | Adv. Proc. No. 19-1298-MAM |
| v. | |
| Jeffrey M. Siskind, et al.<br>    Defendants.<br>_____/ | |
| Jeffrey M. Siskind,<br>    Counter-Plaintiff. | |
| v. | |
| Genovese, Joblove & Battista, P.A., et al.<br>    Counter-Defendants.<br>_____/ | |

**ORDER SETTING EVIDENTIARY HEARING BY VIDEO CONFERENCE
AND ESTABLISHING RELATED DEADLINES**

To expedite and facilitate the evidentiary hearing of plaintiff Robert C. Furr's ("Movant") *Renewed Motion (I) to Strike Certain Affirmative Defenses in Defendant Jeffrey Siskind's Amended Answer and Affirmative Defenses [ECF No. 272] and Alleged Counterclaim [ECF No. 273]; (II) for an Order to Show Cause why Jeffrey Siskind Should not be Held in Contempt of Court; and (III) for Sanctions* (ECF No. 281) (the "Motion") the Court ORDERS as follows:

1. **DISCOVERY**. All discovery shall be completed not later than seven (7) days before the evidentiary hearing. The Court will allow discovery after that date only upon a showing of good cause.

2. **MEDIATION**. Pursuant to Local Rule 9019-2, the Court may order the assignment of this contested matter to mediation at any time, upon the request of a party or *sua sponte*.

3. **EVIDENTIARY HEARING; SERVICE**. The Court will hold an evidentiary hearing on the Motion (ECF No. 281) on **June 5, 2020 commencing at 10:00 a.m.** The Court has reserved a single court day for this matter. Movant shall serve a copy of this Order on all appropriate parties and file a certificate of service thereof as required by this Court's local rules.

4. **VIDEO CONFERENCE**. The Court is presently closed to in-person hearings as a result of the dangers presented by the COVID-19 pandemic. The evidentiary hearing will take place by video conference using the services of Zoom Video Communications, Inc. The Court will provide a password-protected link for the appropriate Zoom video conference to those approved parties who have submitted to the Court a notice of intent to participate via Zoom in accordance with paragraph 5, below. All counsel and witnesses shall conduct a pre-hearing test of Zoom using the same equipment that they intend to use during the hearing.

5. **PRIOR NOTICE OF INTENT TO PARTICIPATE IN EVIDENTIARY HEARING BY VIDEO CONFERENCE; LIMIT ON PARTICIPATION BY VIDEO**. All parties wishing to participate in the hearing by video conference shall provide notice to **Maria_Romaguera@flsb.uscourts.gov** via electronic mail no later than **4:00 p.m. prevailing Eastern Time on May 29, 2020**. The Court will provide to each approved party a password-protected link to the appropriate Zoom video conference. If the number of parties wishing to participate in the video conference, in the Court's view, exceeds the number which would permit the efficient, stable, and reliable transmission of the

       evidentiary hearing by video conference, the Court may require that certain parties be permitted to participate in the evidentiary hearing only by telephone. The parties are encouraged to limit video conference participation only to those who are necessary to the presentation of this matter. Any person specifically requesting to participate by telephone will be provided with dial-in instructions, which may be used with any telephone equipment. The evidentiary hearing scheduled by this order is a public matter. The general public is invited to listen to the hearing by telephone. Any person wishing to listen to the hearing by telephone may contact Maria Romaguera, at the electronic mail address provided in this paragraph, to obtain dial-in instructions.

6. **REMOTE WITNESS TESTIMONY**. In accordance with Federal Rule of Civil Procedure 43(a) (made applicable by Federal Rule of Bankruptcy Procedure 9017), for good cause and in compelling circumstances a witness may be permitted to testify by contemporaneous transmission from a location other than the courtroom. The Court finds that the public danger presented by the COVID-19 pandemic merits application of this rule with regard to all witnesses who may testify in this matter. Each remote witness called to testify or subject to cross-examination in this matter shall be permitted to testify by contemporaneous transmission from a different location by video conference, as provided in this Order.

7. **REQUIREMENTS FOR ALLOWANCE OF REMOTE TESTIMONY**. As additional safeguards for the allowance of remote testimony, the party sponsoring each remote witness shall file with the Court, **no later than two (2) business days prior to the scheduled hearing**, a Witness List for Remote Evidentiary Hearing containing the following information for each potential remote witness:

    A.    Her or his name and title (if applicable).

    B.    Matter(s) on which the remote witness will provide testimony.

    C.    The city, state and country where the remote witness will be located while testifying.

    D.    The type of place from which the remote witness will testify, such as a home or an office. No addresses are required.

    E.    Whether anyone will be in the room with the remote witness during the testimony and, if so, for each such person, the person's name, title, relationship to the remote witness, and purpose for being present with the witness.

    F.    Whether the remote witness will have access to any documents other than exhibits that have been provided to the Court and the parties and, if so, identifying each such document.

8. **SWEARING IN OF REMOTE WITNESSES**.  The Court will administer the oath to each remote witness during the video conference and witness testimony will have the same effect and be binding upon each remote witness in the same manner as if such remote witness was sworn in by the Court in person in open court.

9. **RESPONSIBILTY FOR REMOTE WITNESSES**.  The party sponsoring each remote witness shall be responsible for ensuring that the remote witness has obtained the password-protected link to the video conference, the remote witness has obtained all exhibits prior to the hearing, the remote witness has registered with Zoom, and the remote witness has the technological capability of participate in the video conference hearing via Zoom.

10. **EXCHANGE OF EXHIBITS AND WITNESS LISTS**.

    A. Each party shall deliver to each opposing party (but not file with the Court), so as to be received **no later than 4:00 p.m. four (4) business days prior to the evidentiary hearing**, the following documents:

        (1) A set of pre-marked exhibits (including summaries) intended to be offered as evidence at the evidentiary hearing. Each party must prepare a separate exhibit register based upon the Local Form Exhibit Register (LF-49). All exhibits must include the party's role in the matter or adversary proceeding (i.e., 'movant" or "respondent") and be sequentially numbered.  Movant and respondent shall also include a short descriptive name of each exhibit, e.g., "mortgage", "note", or "letter dated xx/xx/xxxx." Presentation and exchange of exhibits shall conform to Local Rule 9070-1.

        (2) With regard to any summary the party will offer in evidence at the evidentiary hearing, a notice of the location(s) of the books, records, and the like, from which each summary has been made, and the reasonable times when they may be inspected and copied by adverse parties.

        (3) A list showing the name and, if not previously provided, the address and telephone number of each witness that the party may call at the evidentiary hearing other than solely for impeachment.

    B. Unless otherwise ordered, each party shall file and deliver, so as to be received **no later than 4:00 p.m. two (2) business days prior to the evidentiary hearing**, any objection to the admissibility of any proposed exhibit, including any deposition transcript or recording (audio or video) or any summary.  The objection must (i) identify the exhibit, (ii) briefly state the grounds for the objection, and (iii) provide citations to case law and other authority in support of the objection.  <u>An</u>

4

        objection not so made - except for one under Federal Rule of Evidence 402 or 403 - is waived unless excused by the Court for good cause.

    C. **No later than 4:00 p.m. two (2) business days prior to the evidentiary hearing**, the respective parties shall file a bilateral stipulation of uncontested facts. Counsel for all parties shall sign the stipulation of uncontested facts. The failure of counsel to prepare and submit the bilateral stipulation may result in sanctions. THIS SUBPARAGRAPH SHALL NOT APPLY IF ONE OF THE RESPECTIVE PARTIES IS SELF-REPRESENTED.

11. **SUBMISSION OF EXHIBITS TO THE COURT**.

    A. **No later than three (3) business days prior to the scheduled hearing**, each party shall provide to the Court a complete set of the exhibits provided to opposing counsel pursuant to paragraph 10, above. Each party shall contact Maria Romaguera, by electronic mail at **Maria_Romaguera@flsb.uscourts.gov,** prior to the deadline, to determine how such exhibits should be delivered depending on the number and size of exhibits. Methods of delivery may include electronic mail or cloud file-sharing. The exhibits so delivered shall constitute the official exhibits in this matter.

    B. Each party shall create a separate PDF document for each exhibit, labeled with the party's role in the hearing and the exhibit number as required by para. 10(A)(1) of this Order, and present all such exhibits in a single folder labeled with the name of the party. Exhibits shall be named using the following format: [Party's Role] [Exhibit Number] – [short descriptive name].

    Examples of acceptable file names:

    **Movant Jane Smith**
    Movant #1 – Sale Contract
    Movant #2 – Letter dated January 1, 2020
    Movant #3 – Letter dated February 1, 2020

    **Respondent ABC Bank**
    Respondent #1 – Mortgage
    Respondent #2 – Note
    Respondent #3 – State Court Final Judgment

12. **COMPLIANCE WITH FEDERAL JUDICIARY PRIVACY POLICY**. All papers submitted to the Court, including exhibits, must comply with the federal judiciary privacy policy as referenced under Local Rule 5005-1(A)(2).

13. **FINAL ARGUMENT**.  At the conclusion of the evidentiary hearing, in lieu of final argument, the Court may request that each party file a proposed memorandum opinion with findings of fact and conclusions of law.

14. **SETTLEMENT**.  If the contested matter is settled, the parties shall submit to the Court a stipulation approved by all parties and a motion for approval of the same prior to the date of the evidentiary hearing.  If a stipulation and motion are not submitted to the Court, all parties shall be prepared to proceed with the evidentiary hearing.  If the contested matter is removed from the calendar based upon the announcement of a settlement, the contested matter will not be reset for hearing if the parties fail to consummate the settlement.  In such event, the Court will consider only a motion to enforce the settlement, unless the sole reason the settlement is not consummated is that the Court did not approve the settlement, in which case the matter will be reset for hearing at a later date.

15. **SANCTIONS**.  Failure to appear at the evidentiary hearing or to comply with any provision of this order may result in appropriate sanctions, including the award of attorney's fees, striking of papers, exclusion of exhibits or witnesses, or the granting or denial of the Motion.

16. **CONTINUANCES**.  Continuances of the evidentiary hearing or any deadlines set forth in this order must be requested by written motion.  Any request for continuance or amendment to this order shall set forth the status of discovery and shall state the reasons why the party or parties seek a continuance.

**###**

Copy to:

Jesus Suarez, Esq.

*Attorney Suarez shall immediately serve this Order upon all interested parties and file a certificate of service with the Court that conforms with Local Rule 2002-1(F).*