

**ORDERED in the Southern District of Florida on June 3, 2020.**

**Mindy A. Mora, Judge
United States Bankruptcy Court**

---

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

|  |  |
|---|---|
| In re: | Case No.: 18-16248-MAM |
| Chance & Anthem, LLC, <br>     Debtor. | Chapter 7 |
| _____ / | |
| Robert C. Furr, <br>     Plaintiff. | Adv. Proc. No. 19-1298-MAM |
| v. | |
| Jeffrey M. Siskind, et al. <br>     Defendants. | |
| _____ / | |
| Jeffrey M. Siskind, <br>     Counter-Plaintiff. | |
| v. | |
| Genovese, Joblove & Battista, P.A., et al. <br>     Counter-Defendants. | |
| _____ / | |

**ORDER DENYING MOTION TO HOLD EVIDENTIARY HEARING ON DEBTOR SOLVENCY PRIOR TO HEARING DISPOSITIVE MOTIONS ON RECOVERY IN ANY ADVERSARY CASE [ECF NO. 339]**

THIS MATTER came before the Court upon the *Motion to Hold Evidentiary Hearing on Debtor Solvency Prior to Hearing Dispositive Motions on Recovery in Any Adversary Case* [ECF No. 339] (the "Motion") filed by Jeffrey Siskind ("Siskind"). In the Motion, Siskind argues that the question of the above-captioned debtor's ("Debtor") solvency is the threshold issue that should be heard in advance of any other dispositive issues. Siskind further contends that hearing the issue of solvency in advance of other issues will eliminate unnecessary time and expense, conserve judicial resources, and eliminate the potential for reaching conflicting judicial decisions.

The Court disagrees. Although the Court would fully support each of the purported benefits cited by Siskind in the usual course of managing its own affairs, the Court is aware that this case is unusually contentious. Therefore, the suggested half-day amount of hearing time would almost certainly be woefully inadequate for all parties in interest to present all relevant evidence.

More importantly, the Court notes that the issue of Debtor's solvency is fundamentally intertwined with other issues raised in the Complaint. Therefore, the Court finds and determines that the interests of justice support this Court's comprehensive examination of all issues as part of a unified trial. It is thus in the best interests of all parties for the Court to carefully evaluate all relevant facts and issues during a single trial and not in separate issue-specific hearings.

2

Therefore, the Court, being otherwise fully advised in the premises, **ORDERS AND ADJUDGES** that the Motion is **DENIED**.

###

Copy furnished to:

Jeffrey M. Siskind, Esq.

Mr. Siskind is directed to serve this order upon all interested parties and file a conforming certificate of service.