

**ORDERED in the Southern District of Florida on June 3, 2020.**

_____
**Mindy A. Mora, Judge
United States Bankruptcy Court**
_____

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | Case No.: 18-16248-MAM |
| Chance & Anthem, LLC,<br>    Debtor.<br>_____/ | Chapter 7 |
| Robert C. Furr,<br>    Plaintiff. | Adv. Proc. No. 19-1298-MAM |
| v. | |
| Jeffrey M. Siskind, et al.<br>    Defendants.<br>_____/ | |
| Jeffrey M. Siskind,<br>    Counter-Plaintiff. | |
| v. | |
| Genovese, Joblove & Battista, P.A., et al.<br>    Counter-Defendants.<br>_____/ | |

**ORDER DENYING AMENDED MOTION TO EXCLUDE EXPERT TESTIMONY OF ALAN R. BARBEE [ECF NO. 348]**

THIS MATTER came before the Court upon the *Amended Motion to Exclude Expert Testimony of Alan R. Barbee* [ECF No. 348] (the "Motion") filed by Jeffrey Siskind ("Siskind"). In the Motion, Siskind argues that the report (the "Report") prepared by Alan R. Barbee ("Barbee") underestimates the value of the above-captioned debtor (the "Debtor"). Siskind further contends that Barbee did not follow the "Standard of Value" parameters set forth in the Report, adopted an incorrect basis for valuation, improperly asserts that Debtor could not pay its ongoing obligations, ignored several pertinent sales of interests, and incorporates incorrect factual findings into the Report. Motion at ¶ 5-9.  Siskind summarizes his arguments by stating that Barbee created a Report favoring the party who engaged him.

In support of his contentions, Siskind requests that the Court either (a) permit the refutation of the Report through lay testimony or (b) extend the deadline for disclosing expert reports.

The Court is familiar with the valuation process and is likewise aware that it is common for litigants to submit reports with differing valuations. It is equally common for litigants to take issue with appraisals offered into evidence by an opposing party, and pertinent valuations may vary widely. The Court will assess the probable accuracy and probative value of the Report and any competing reports submitted by other parties (including Siskind) as part of the normal evidentiary

process. Therefore, any differences in valuation and prospective issues with external factors are not cause for concern at this point.

With respect to Siskind's request to extend deadlines for submission of evidence, the Court notes that all parties have been given an equal amount of time to prepare their evidentiary submissions, and all parties have been instructed to follow all relevant Federal Rules of Evidence, Federal Rules of Civil Procedure, Bankruptcy Rules, and Local Rules (collectively, the "Rules").[1] In addition, the pretrial order entered in this adversary proceeding (the "Pretrial Order") (ECF No. 4), and the subsequent orders continuing the date of the pretrial conferences (ECF Nos. 59, 197, and 325), established clear deadlines that may only be modified through Court order.

The Court has carefully monitored the progress of this Adversary Proceeding and has previously provided all parties with ample time to compile, produce, and prepare evidence for submission. No extensions will be granted to any party absent extraordinary circumstances. The Motion does not describe extraordinary circumstances.

Therefore, the Court, being otherwise fully advised in the premises, **ORDERS AND ADJUDGES** that

1. The Motion is **DENIED**.
2. Any objections that any opposing party wishes to raise regarding the Report are preserved for the evidentiary hearing or trial at which the Report is sought to be introduced into evidence.

---

[1] To the extent that Siskind seeks to refute expert testimony through the presentation of lay testimony, the Court refers Siskind to the Rules.

3. Siskind may refute the expert testimony in the Appraisal through the presentation of competent expert testimony so long as the expert opinion is disclosed in the manner and timeframes set forth in the Pretrial Order.

###

Copy furnished to:

Jeffrey M. Siskind, Esq.

Mr. Siskind is directed to serve this order upon all interested parties and file a conforming certificate of service.