

**ORDERED in the Southern District of Florida on June 3, 2020.**

*/s/ Mindy A. Mora*
_____
**Mindy A. Mora, Judge
United States Bankruptcy Court**

_____

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | Case No.: 18-16248-MAM |
| Chance & Anthem, LLC,<br>　　　Debtor.<br>_____/ | Chapter 7 |
| Robert C. Furr,<br>　　　Plaintiff. | Adv. Proc. No. 19-1298-MAM |
| v. | |
| Jeffrey M. Siskind, et al.<br>　　　Defendants.<br>_____/ | |
| Jeffrey M. Siskind,<br>　　　Counter-Plaintiff. | |
| v. | |
| Genovese, Joblove & Battista, P.A., et al.<br>　　　Counter-Defendants.<br>_____/ | |

**ORDER DENYING MOTION FOR ORDER REQUIRING
MEDIATION [ECF NO. 312]**

THIS MATTER came before the Court upon the *Motion for Order Requiring Mediation* [ECF No. 312] (the "Motion") filed by Jeffrey Siskind ("Siskind"). In the Motion, Siskind states that the above-captioned plaintiff ("Trustee") has submitted extensive lists of witnesses and exhibits. Siskind argues that because litigation is likely to be protracted and expensive, both parties would benefit from an order mandating mediation.

This case has been contentious from inception and subject to extensive motion practice beyond the usual motion practice attendant to a normal adversary proceeding in this Court. Although it is the Court's practice to grant a request for mediation if all parties have assented to the process, the Court is concerned that mediation at this juncture may not be appropriate for a number of reasons.

First, the Court has previously addressed and granted requests for extension of time to prepare for trial, one of which was agreed to by both Trustee and defendants (ECF No. 59) early on in this proceeding, another of which was made by the Trustee and unopposed by defendants (ECF No. 197) in December 2019, and the last of which was made by Siskind and the remaining defendants, and opposed by the Trustee (ECF No. 325) last month, in May 2020. Effectively, the Trustee has now signaled that he is ready to proceed to trial.

At the hearing conducted on May 12, 2020 on the last request for an extension of time to conduct discovery and to continue the pretrial conference, the Court

granted one final extension of time for all parties, including Siskind, to prepare for trial and stated unequivocally on the record that the trial date will be set at the pretrial conference scheduled for July 14, 2020 at 10:00 a.m. (ECF No. 325).

As a result of the Court's prior ruling that no further extensions of the pretrial conference date would be granted, the Court perceives that the instant Motion is designed to be nothing more than a means to obtain further delay in the trial of this proceeding.

Second, at the end of the instant Motion, Siskind included a certificate of service that merely reflected that service of the Motion was effected on the Trustee and other parties to this adversary proceeding. Pursuant to Local Rule 9073-1(D), the certificate of service is required to include a certification that movant's attorney has contacted counsel for all adverse parties to attempt to resolve the matter which is the subject of the motion without hearing. Notwithstanding that requirement, Siskind failed to include this type of certification either in the certificate of service or in the body of the Motion. As a result, the Court can only conclude that Siskind ignored his obligation to consult with opposing counsel set forth in Local Rule 9073-1(D).

Therefore, the Court finds and determines that mediation is not appropriate until and unless all parties present a joint agreed motion to mediate.

Therefore, the Court, being otherwise fully advised in the premises, **ORDERS AND ADJUDGES** that the Motion is **DENIED**.

###

Copy furnished to:

Jeffrey M. Siskind, Esq.

Mr. Siskind is directed to serve this order upon all interested parties and file a conforming certificate of service.