

**ORDERED in the Southern District of Florida on June 3, 2020.**

_____
**Mindy A. Mora, Judge
United States Bankruptcy Court**
_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

In re:  Case No.: 18-16248-MAM

Chance & Anthem, LLC,   Chapter 7
    Debtor.
_____/

Robert C. Furr,  Adv. Proc. No. 19-1298-MAM
    Plaintiff.

v.

Jeffrey M. Siskind, et al.
    Defendants.
_____/

Jeffrey M. Siskind,
    Counter-Plaintiff.

v.

Genovese, Joblove & Battista, P.A., et al.
    Counter-Defendants.
_____/

## ORDER DENYING AMENDED MOTION TO EXCLUDE EXPERT TESTIMONY OF GREGORY P. EIDSON [ECF NO. 302]

THIS MATTER came before the Court upon the *Amended Motion to Exclude Expert Testimony of Gregory P. Eidson* [ECF No. 302] (the "Motion") filed by Jeffrey Siskind ("Siskind"). In the Motion, Siskind argues that the appraisal report (the "Appraisal") prepared by Gregory P. Eidson ("Eidson") underestimates the value of certain property (the "Property"). Siskind further contends that Eidson has an interest in the outcome of the relevant litigation, ignores the valuation presented in a 2015 report regarding the Property, does not consider a sale of the Property in 2005, and fails to reconcile differences in value over time. Siskind summarizes his objections by stating that Eidson did not base the Appraisal "on sufficient facts or data and did not use reliable principles and methods because he chose to ignore pertinent facts and therefore could not apply principles and methods fairly." Motion at ¶ 10.

In support of his contentions, Siskind requests that the Court either (a) permit the refutation of the Appraisal through lay testimony or (b) extend the deadline for disclosing expert reports.

The Court is familiar with the valuation process and is likewise aware that it is common for litigants to submit appraisals with differing valuations. It is equally common for litigants to take issue with appraisals offered into evidence by an opposing party, and pertinent valuations may vary widely. The Court will assess the probable accuracy and probative value of the Appraisal and any competing appraisal

reports submitted by other parties (including Siskind) as part of the normal evidentiary process. Therefore, any differences in valuation and prospective issues with external factors are not cause for concern at this point.

With respect to Siskind's request to extend deadlines for submission of evidence, the Court notes that all parties have been given an equal amount of time to prepare their evidentiary submissions, and all parties have been instructed to follow all relevant Federal Rules of Evidence, Federal Rules of Civil Procedure, Bankruptcy Rules, and Local Rules (collectively, the "Rules").[1] In addition, the pretrial order entered in this adversary proceeding (the "Pretrial Order") (ECF No. 4), and the subsequent orders continuing the date of the pretrial conferences (ECF Nos. 59, 197 and 325), established clear deadlines that may only be modified through Court order.

The Court has carefully monitored the progress of this Adversary Proceeding and has previously provided all parties with ample time to compile, produce, and prepare evidence for submission. No extensions will be granted to any party absent extraordinary circumstances. The Motion does not describe extraordinary circumstances.

Therefore, the Court, being otherwise fully advised in the premises, **ORDERS AND ADJUDGES** that

1. The Motion is **DENIED**.

---

[1] To the extent that Siskind seeks to refute expert testimony through the presentation of lay testimony, the Court refers Siskind to the Rules.

3

2. Any objections that any opposing party wishes to raise regarding the Appraisal are preserved for the evidentiary hearing or trial at which the Appraisal is sought to be introduced into evidence.

3. Siskind may refute the expert testimony in the Appraisal through the presentation of competent expert testimony so long as the expert opinion is disclosed in the manner and timeframes set forth in the Pretrial Order.

###

Copy furnished to:

Jeffrey M. Siskind, Esq.

Mr. Siskind is directed to serve this order upon all interested parties and file a conforming certificate of service.