

**ORDERED in the Southern District of Florida on June 4, 2020.**

_____
**Mindy A. Mora, Judge
United States Bankruptcy Court**

_____

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | Case No.: 18-16248-MAM |
| Chance & Anthem, LLC,<br>　　　Debtor.<br>_____/ | Chapter 7 |
| Robert C. Furr,<br>　　　Plaintiff. | Adv. Proc. No. 19-1298-MAM |
| v. | |
| Jeffrey M. Siskind, et al.<br>　　　Defendants.<br>_____/ | |
| Jeffrey M. Siskind,<br>　　　Counter-Plaintiff. | |
| v. | |
| Genovese, Joblove & Battista, P.A., et al.<br>　　　Counter-Defendants.<br>_____/ | |

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE OF COURT TO LATE FILE INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(A)(1), 26(A)2), AND 26(A)(3)(A) AND TO FILE OUT OF TIME MOTION FOR PARTIAL SUMMARY JUDGMENT [ECF NO. 322]**

THIS MATTER came before the Court upon the *Motion for Leave of Court to Late File Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1), 26(a)(2), and (26(a)(2)(A) and to File Out of Time Motion for Partial Summary Judgment* [ECF No. 322] (the "Motion") filed by Jeffrey Siskind ("Siskind"). In the Motion, Siskind states that "extreme unforeseen demands" upon Siskind due to "circumstances caused by the current social crisis" prevented him from timely complying with his discovery obligations. Motion at ¶ 3.

In support of his request, Siskind alleges, but does not substantiate via citation to appropriate case law or applicable rules, that his failure to comply with his discovery obligations constituted "excusable neglect". Siskind also avers that the manner and timing of the above-captioned plaintiff's ("Trustee") submission of expert reports contributed to his purported excusable neglect. Finally, Siskind contends that his submission of a motion for summary judgment should be granted because it will save time at trial. Siskind contends that no prejudice will occur to any party if the Court grants his requests.

This case has been contentious from inception and subject to extensive motion practice beyond the usual motion practice attendant to a normal adversary proceeding in this Court. Although it is the Court's practice to grant a reasonable requests for extensions under extraordinary circumstances, the Court is concerned

that the request in this instance likely indicates simple negligence coupled with a desire for delay.

First, the Court has previously addressed and granted requests for extension of time to prepare for trial, one of which was agreed to by both Trustee and defendants (ECF No. 59) early on in this proceeding, another of which was made by the Trustee and unopposed by defendants (ECF No. 197) in December 2019, and the last of which was made by Siskind and the remaining defendants, and opposed by the Trustee (ECF No. 325) last month, in May 2020. Effectively, the Trustee has now signaled that he is ready to proceed to trial.

At the hearing conducted on May 12, 2020 on the last request for an extension of time to conduct discovery and to continue the pretrial conference, the Court granted one final extension of time for all parties, including Siskind, to prepare for trial and stated unequivocally on the record that the trial date will be set at the pretrial conference scheduled for July 14, 2020 at 10:00 a.m. (ECF No. 325).

As a result of the Court's prior ruling that no further extensions of the pretrial conference date would be granted, the Court perceives that the instant Motion is designed to obtain further delay in the trial of this proceeding.

Second, at the end of the instant Motion, Siskind included a certificate of service that merely reflected that service of the Motion was effected on the Trustee and other parties to this adversary proceeding. Pursuant to Local Rule 9073-1(D), the certificate of service is required to include a certification that movant's attorney has contacted counsel for all adverse parties to attempt to resolve the matter which is the

2

subject of the motion without hearing. Notwithstanding that requirement, Siskind failed to include this type of certification either in the certificate of service or in the body of the Motion. As a result, the Court can only conclude that Siskind ignored his obligation to consult with opposing counsel set forth in Local Rule 9073-1(D).

Third, Siskind has failed to cite to appropriate support for his legal argument that "excusable neglect" exists under governing law. *See, e.g., Jean-Felix v. Chicken Kitchen USA, LLC,* No. 10-23105-CIV, 2013 WL 2243966, at *2 (S.D. Fla. May 21, 2013) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)) (internal quotation marks omitted).

Finally, the Court notes that Siskind filed a motion for partial summary judgment as ECF No. 319 (the "PSJ Motion"). The Court has previously scheduled a hearing upon the PSJ Motion to be held on June 5, 2020 at 10:00 a.m.

Therefore, the Court, being otherwise fully advised in the premises, **ORDERS AND ADJUDGES** that:

1. The Motion is **GRANTED in part and DENIED in part** solely as set forth herein.

2. The Court will **GRANT** a brief extension of time for Siskind to file his initial disclosures. Siskind must file his initial disclosures pursuant to Fed R. Civ. P. 26(A)(1), 26(A)(2) and 26(A)(3)(A) **on or before June 10, 2020**. **No further extensions will be granted for any reason.**

3. In light of the Court's consideration of the PSJ Motion on the merits at the hearing scheduled on June 5, 2020, Siskind's request to file an untimely motion for summary judgment is **DENIED as moot**.

4. To the extent that the Motion is seeking leave to file another motion for summary judgment or partial summary judgment, that request is **DENIED**.

### 

Copy furnished to:

Jeffrey M. Siskind, Esq.

Mr. Siskind is directed to serve this order upon all interested parties and file a conforming certificate of service.