

**ORDERED in the Southern District of Florida on June 12, 2020.**

_____
**Mindy A. Mora, Judge
United States Bankruptcy Court**

_____

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | Case No.: 18-16248-MAM |
| Chance & Anthem, LLC,<br>    Debtor.<br>_____/ | Chapter 7 |
| Robert C. Furr,<br>    Plaintiff. | Adv. Proc. No. 19-1298-MAM |
| v. | |
| Jeffrey M. Siskind, et al.<br>    Defendants.<br>_____/ | |
| Jeffrey M. Siskind,<br>    Counter-Plaintiff. | |
| v. | |
| Genovese, Joblove & Battista, P.A., et al.<br>    Counter-Defendants.<br>_____/ | |

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SHORTEN TIME FOR CHAPTER 7 TRUSTEE TO RESPOND TO DISCOVERY AND FOR SANCTIONS [ECF NO. 374]

THIS MATTER came before the Court upon the *Motion to Shorten Time for Chapter 7 Trustee to Respond to Discovery and for Sanctions* [ECF No. 374] (the "Motion") filed by Jeffrey Siskind ("Siskind"). In the Motion, Siskind argues that the Chapter 7 trustee ("Trustee") possesses certain documents described in paragraph 2 of the Motion (the "Documents") that Trustee promised to voluntarily provide to Siskind and that Trustee has failed to do so. Siskind further objects to Trustee's use of summaries that rely upon the Documents and indicates that Trustee's immediate failure to produce the Documents will result in prejudice to Siskind. Because of this anticipated prejudice, Siskind seeks sanctions against the Trustee.

At the most recent hearing upon this matter on June 5, 2020, the Court advised all parties that, absent a settlement, this Adversary Proceeding will proceed to trial as scheduled. The Court further clarified that there will be no further delays and that requests for extensions of time would not be granted as parties have had adequate time to prepare.

With that admonition in mind, the Court now further clarifies that all parties and counsel to this Adversary Proceeding are expected to abide by all governing Federal Rules of Civil Procedure, Federal Bankruptcy Rules, and Local Rules in a professional and civil manner. Except as forth herein, the Court declines at this time to revisit any discovery timelines imposed by Bankruptcy Rules, Local Rules, or prior

2

court order. The Court also declines to issue sanctions at this time based upon the facts presented in the Motion.

Therefore, the Court, being otherwise fully advised in the premises, **ORDERS AND ADJUDGES** that:

1. The Motion is GRANTED IN PART and DENIED IN PART solely as set forth herein.
2. Trustee must produce the Documents on or before **June 26, 2020**.
3. To the extent that the Motion seeks sanctions against the Trustee or Trustee's counsel, the Motion is DENIED.
4. All parties are DIRECTED to raise any further discovery disputes on an **emergency** basis solely by written motion filed with the Court. Any such motion MUST contain (a) a certification that the filing party has attempted in good faith to resolve the matter amicably prior to the filing of the motion and has been unable to do so, and (b) a detailed description of the filing party's efforts to amicably resolve the issue, including all applicable dates, times, and manner of correspondence. Failure to include this certification may result in (a) immediate denial of the emergency motion and (b) the Court *sua sponte* imposing immediate sanctions upon the filing party.

###

Copy furnished to:

Jeffrey M. Siskind, Esq.

Mr. Siskind is directed to serve this order upon all interested parties and file a conforming certificate of service.