**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re:                                                        Case No. 18-16248-BKC-MAM
                                                              Chapter 7
CHANCE & ANTHEM, LLC,
        Debtor.
_____/

ROBERT C. FURR not individually but                          ADV. NO.  19-01298-MAM
as Chapter 7 Trustee of the estate of the
Debtor, Chance & Anthem, LLC,

        Plaintiff,

v.

JEFFREY M. SISKIND, individually and
d/b/a SISKIND LEGAL SERVICES,
*et al.*

        Defendants.
_____/

**SUMMARY OF ATTORNEYS FEES AND COSTS INCURRED BY**
**GENOVESE JOBLOVE & BATTISTA, P.A. SUBMITTED PURSUANT TO THE**
**ORDER [ECF NO. 381] GRANTING CHAPTER 7 TRUSTEE ROBERT C. FURR'S**
**RENEWED MOTION (I) TO STRIKE CERTAIN AFFIRMATIVE DEFENSES IN**
**DEFENDANT JEFFREY SISKIND'S AMENDED ANSWER AND AFFIRMATIVE**
**DEFENSES [ECF NO. 272] AND ALLEGED COUNTERCLAIM [ECF NO. 273];**
**(II) FOR AN ORDER TO SHOW CAUSE WHY JEFFREY SISKIND SHOULD NOT**
**BE HELD IN CONTEMPT OF COURT; AND (III) FOR SANCTIONS [ECF NO. 281]**

| | | |
|---|---|---|
| 1. | Name of Applicant: | Genovese Joblove & Battista, P.A. |
| 2. | Role of Applicant: | Counsel to the Chapter 7 Trustee |
| 3. | Name of Certifying Professional: | John H. Genovese, Esq. |
| 4. | Date Case Filed: | January 29, 2018 |
| 5. | Date of Retention Order: | July 24, 2018 [ECF No. 103] |
| 6. | Period for this Application: | April 13, 2020 through June 19, 2020 |

7.  Amount of Compensation Sought:              $58,885.00

8.  Amount of Expense Reimbursement:            $126.40

9.  Total Amount of Compensation Sought
    During Case                                 N/A

10. Total Amount of Expense
    Reimbursement Sought During Case            N/A

11. Amount of Original Retainer:                N/A

12. Current Balance of Retainer Remaining:      N/A

13. Last monthly operating report filed:        N/A

14. If case is Chapter 11, Current funds in
    Chapter 11 estate:                          N/A

15. If case is Chapter 7, current funds held    $36,473.25[1]
    by Chapter 7 trustee:

---

[1] The GJB Law Firm, at this time, does not seek a fee award payable from the Debtor's bankruptcy estate. The following Application represents the amount of fees and costs incurred in connection with the prosecution of the Motion to Strike, which have been assessed as sanctions against Jeffrey Siskind pursuant to the Court's Order Granting [ECF No. 381] Plaintiff Chapter 7 Trustee Robert C. Furr's Renewed Motion (I) to Strike Certain Affirmative Defenses in Defendant Jeffrey Siskind's Amended Answer and Affirmative Defenses [ECF No. 272] and Alleged Counterclaim [ECF No. 273]; (II) for an Order to Show Cause Why Jeffrey Siskind Should Not Be Held in Contempt of Court; and (III) for Sanctions [ECF No. 281].

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION
### www.flsb.uscourts.gov

In re:                                                          Case No. 18-16248-BKC-MAM
                                                                Chapter 7
CHANCE & ANTHEM, LLC,
      Debtor.
_____/

ROBERT C. FURR not individually but                            ADV. NO.  19-01298-MAM
as Chapter 7 Trustee of the estate of the
Debtor, Chance & Anthem, LLC,

      Plaintiff,

v.

JEFFREY M. SISKIND, individually and
d/b/a SISKIND LEGAL SERVICES,
*et al.*

      Defendants.
_____/

**APPLICATION FOR AWARD OF ATTORNEYS FEES AND COSTS INCURRED BY
GENOVESE JOBLOVE & BATTISTA, P.A. SUBMITTED PURSUANT TO THE
ORDER [ECF NO. 381] GRANTING CHAPTER 7 TRUSTEE ROBERT C. FURR'S
RENEWED MOTION (I) TO STRIKE CERTAIN AFFIRMATIVE DEFENSES IN
DEFENDANT JEFFREY SISKIND'S AMENDED ANSWER AND AFFIRMATIVE
DEFENSES [ECF NO. 272] AND ALLEGED COUNTERCLAIM [ECF NO. 273];
(II) FOR AN ORDER TO SHOW CAUSE WHY JEFFREY SISKIND SHOULD NOT
BE HELD IN CONTEMPT OF COURT; AND (III) FOR SANCTIONS [ECF NO. 281]**

John H. Genovese, Esq. and the law firm of Genovese, Joblove & Battista, P.A. (the
"GJB Law Firm"), pursuant to 11 U.S.C. § 330 and Rule 2016, Federal Rule of Bankruptcy
Procedure, and the requirements set forth in the Guidelines incorporated in Local Rule 2016-
1(B), and having been approved by this Court as attorneys for the Chapter 7 Trustee, Robert C.
Furr (the "Trustee") [Main Case, ECF No. 103], file their application for compensation, payable
to the GJB Law Firm as sanctions assessed against Jeffrey Siskind, pursuant to the *Order*

*Granting [ECF No. 381]* (the "Sanctions Order") *Plaintiff Chapter 7 Trustee Robert C. Furr's Renewed Motion (I) to Strike Certain Affirmative Defenses in Defendant Jeffrey Siskind's Amended Answer and Affirmative Defenses [ECF No. 272] and Alleged Counterclaim [ECF No. 273]; (II) for an Order to Show Cause Why Jeffrey Siskind Should Not Be Held in Contempt of Court; and (III) for Sanctions* [ECF No. 281] (the "Motion to Strike").  The exhibits attached to this Application, pursuant to the Guidelines, are:

> Exhibits "1-A" and "1-B"- Summary of Professional and Paraprofessional Time.

> Exhibit "2" -  Summary of Requested Reimbursements of Expenses.

> Exhibit "3" -  The applicant's complete time records, in chronological order, by activity code category, for the time period covered by this application. The requested fees are itemized to the tenth of an hour.

The Applicant believes that the requested fees in the amount of $58,885.00 for 106 hours worked are reasonable considering the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974), made applicable to bankruptcy proceedings by *In re First Colonial Corp. of America*, 554 F.2d 1291 (5th Cir. 1977).

## **INTRODUCTION**

The Court and the parties are well aware of the facts and circumstances that gave rise to the Motion to Strike.  By way of summary, Jeffrey Siskind is a member of the Florida Bar and an adversary defendant in this litigation who is representing himself *pro se*.  On April 9, 2020, Mr. Siskind filed two affirmative defenses and an alleged counterclaim alleging the Trustee was somehow improvidently appointed in this bankruptcy case, and as a result, making the instant adversary proceeding is a "fraud on the court" (the "Alleged Counterclaim") [ECF No. 273]. Mr. Siskind had repeatedly made this unfounded allegation in this bankruptcy case and had retreated each time the matter was called for hearing.  In fact, Mr. Siskind himself had submitted

2

to the Court uncontroverted proof that the Trustee's interim appointment in this case was made in the ordinary course by the Office of the United States Trustee.  The Alleged Counterclaim sought to assert claims against the Trustee, individually, as well as the GJB Law Firm and attorney with the firm involved in this litigation.

On April 23, 2020, the Trustee, through the GJB Law Firm, filed the Motion to Strike. [2] On May 14, 2020, the Court noticed an evidentiary hearing on the Motion to Strike and issued a pre-trial order for an evidentiary hearing [ECF No. 326].   Thereafter, the GJB Law Firm undertook preparation for the evidentiary hearing by (i) conducting the deposition of Jeffrey Siskind; (ii) preparing an evidentiary presentation through trial exhibits and witness lists that were served and submitted to the Court and the parties; (iii) designating the testimony of Jeffrey Siskind; (iv) preparing a joint stipulation of facts; and (iv) preparing to Chapter 7 Trustee for his direct examination at the hearing.

On June 5, 2020, the Court convened the evidentiary hearing by Zoom and advise the parties that the Court was prepared to rule on the materials submitted to the Court.   At the hearing, the Court awarded the GJB Law Firm compensatory sanctions in connection with the Motion to Strike:

> "To the extent that ordering compensatory sanctions requires a finding of bad faith, the Court finds that the assertion of the second affirmative defense and the counterclaims is indicative of Mr. Siskind's bad faith in ignoring an express order of this Court. And for that the Court cites to In Re [M]Raz, cited at 65 F 3d 1567, at pages 1574 to 76, a 4 decision of the 11th Circuit in 1995.  Mr. Suarez, please submit the fees and costs solely for preparing and

---

[2] The Trustee, through the GJB Law Firm, prosecuted the Motion to Strike on the basis that the Alleged Counterclaim failed on its face as a matter of law for four key independent reasons.  First, that its entire premise was facially defective, an affront to the integrity of these judicial proceedings and should be stricken.  Second, that a counterclaim cannot be asserted exclusively against non-parties.  Third, that even if the Court permitted the filing of the alleged counterclaim it would be futile because the Trustee and his counsel are immune from suit for actions taken in connection with the discharge of their duties.  Fourth, that the Court previously struck Siskind's affirmative defense with respect to the very same allegations yet Siskind ignored that order and restated his previously stricken defenses.

> prosecuting the motion to strike by way of a motion for approval of sanctions award and have that filed by no later than June 19th, 2020.  To the extent that Mr. Siskind disputes the amount of the sanctions award, not the entitlement, the amount, that is sought by the trustee, Mr. Siskind may file an objection identifying with specificity the specific time entries to which he objects by July 2nd, 2020. The Court will thereafter rule on the amount of the sanctions award."

06/05/2020 *H'rg Trans.* [ECF No. 382] at p. 18, ln 22 – p. 19, ln 9.  Although the allegations were frivolous and ultimately stricken by the Court, their very nature required a thorough response and careful review by senior lawyers at the firm.  In granting the Motion to Strike, the Court struck the offending affirmative defenses and dismissed the Alleged Counterclaim with prejudice.

## I.      RETENTION OF APPLICANT, DISCLOSURE OF COMPENSATION AND REQUESTED AWARD

On July 24, 2018, this Court entered the Order Approving Chapter 7 Trustee's Application for Employment of John H. Genovese, Esq., and the firm of Genovese Joblove & Battista, P.A. as counsel for the Chapter 7 Trustee [ECF No. 103].  To date, the GJB Law Firm has not sought compensation from the Debtor's bankruptcy estate.  This application is filed solely pursuant to the Sanctions Order and seeks reimbursement from Jeffrey Siskind of fees and costs incurred in connection with the prosecution of the Motion to Strike (the "Application") from April 23, 2020 through June 19, 2020 (the "Application Period").

By way of this Application, then GJB Law Firm submits that it has incurred at least $58,885.00 in professional fees and $126.40 in costs in connection with the prosecution of the Motion to Strike.

II.    **PROCEDURAL BACKGROUND**

       *a.*     *The Bankruptcy Case.*

    1.     On January 29, 2018, the Debtor through Siskind filed a voluntary petition for bankruptcy relief under Chapter 7 of the United States Code (the "Bankruptcy Code") [Main Case, ECF No. 1] in the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Case").

    2.     On January 29, 2018, George W. Liebmann was appointed interim Chapter 7 Trustee in the District of Maryland [Main Case, ECF No. 4].

    3.     The Debtor's section 341 Meeting of Creditors was scheduled to take place on March 15, 2018 [Main Case, ECF No. 4].

    4.     On March 15, 2018, Defendant Siskind (purportedly on behalf of the Debtor) sought to disqualify Mr. Liebmann as Trustee [Main Case, ECF No. 38] and sought to continue the Meeting of Creditors [Main Case, ECF No. 37].

    5.     On March 17, 2018, the Bankruptcy Court in the District of Maryland denied without prejudice the Motion to Disqualify Mr. Liebmann [Main Case, ECF Nos. 43, 48].

    6.     On May 24, 2018, the Bankruptcy Court in the District of Maryland entered a Memorandum and Order Transferring Venue to the Bankruptcy Court for the Southern District of Florida. [Main Case, ECF No. 73].

    7.     On May 25, 2018, Robert C. Furr was appointed as the Chapter 7 Trustee by the Office of the United States Trustee.  [Main Case ECF No. 76].

    8.     On June 8, 2019, the Trustee filed an Application to Employ John H. Genovese, Esq. and the law firm of Genovese Joblove & Battista, P.A. as General Counsel to the Chapter 7 Trustee [Main Case, ECF No. 80] (the "GJB Application").

9.     On July 9, 2018, the Trustee conducted the Debtor's section 341 Meeting of Creditors at 8:30 a.m. in the Southern District of Florida, West Palm Beach Division [Main Case, ECF No. 78, 90].

10.     On August 7, 2018, the Court granted the Trustee's application to employ GJB as counsel to the Trustee [Main Case, ECF No. 103].

        *b.     The Siskind Adversary Proceeding.*

11.     On August 9, 2019, the Trustee filed the above-captioned adversary proceeding seeking to avoid and recover transfers made by and among the Debtor to Defendant Siskind, his spouse and entities controlled by Siskind [ECF No. 1].

12.     On November 1, 2019, the Trustee filed the First Amended Adversary Complaint [ECF No. 95] (the "FAC").

13.     On January 2, 2020, Siskind filed his Answer and Affirmative Defenses to Plaintiff Robert C. Furr's First Amended Complaint to Avoid and to Recover Fraudulent Transfers, for Turnover, for an Accounting, Substantive Consolidation, Injunctive Relief and for Other Relief  [ECF No. 220] (the "Initial Answer").

14.     On January 23, 2020, the Trustee filed a Motion to Strike Siskind's Second Affirmative Defense and Third Affirmative Defense [ECF No. 230] (the "Motion to Strike").

15.     Defendant Siskind did not file a response to the Motion to Strike.  On February 25, 2020, the Court entertained argument concerning the Motion to Strike.  On March 19, 2020, the Court entered an Order on the Motion to Strike [ECF No. 263] ("Striking Order").

16.     On April 9, 2020, Siskind filed the Amended Answer and Affirmative Defenses [ECF No. 272] and [Purported] Counterclaim [ECF No. 273] (the "Sham Pleading").

17.     On April 23, 2020, the Trustee filed the Renewed Motion (I) to Strike Certain

Affirmative Defenses in Defendant Jeffrey Siskind's Amended Answer and Affirmative Defenses [ECF No. 272] and Alleged Counterclaim [ECF No. 273]; (II) for an Order to Show Cause Why Jeffrey Siskind Should Not Be Held in Contempt of Court; and (III) for Sanctions [ECF No. 281].

18.     On May 14, 2020, the Court entered the Order Setting Evidentiary Hearing by Video Conference and Establishing Related Deadlines [ECF No. 326] and set the hearing on the Motion to Strike for June 5, 2020 at 10:00 a.m.

19.     On May 31, 2020, Siskind filed the Notice of Withdrawal of Second Affirmative Defense and Counterclaims [ECF No. 346].

20.     On June 3, 2020, the Trustee filed his Designation of Deposition Testimony of Jeffery M. Siskind in Support of the Motion to Strike [ECF No. 355].

21.     Additionally, on June 3, 2020, the Trustee filed the Joint Stipulation of Facts Concerning the Motion to Strike [ECF No. 356].

22.     On June 5, 2020, the Court held and evidentiary hearing on the Motion to Strike. At that time, the Court ruled on the record before it and awarded the GJB Law Firm its fees and costs in connection with the prosecution of the Motion to Strike.

23.     On June 18, 2020, the Court entered the Order Granting the Motion to Strike [ECF No. 31] that among other things, directed the GJB Law Firm to file an application consistent with the Guidelines by June 19, 2020 [ECF No. 381].

**III.    <u>DESCRIPTION AND SUMMARY OF SERVICES PERFORMED</u>**

During the Application Period, the GJB Law Firm performed the services identified in this Application in connection with the Motion to Stroke.  The specific services rendered by the GJB Law Firm are detailed in the firm's billing records attached hereto as **Exhibit "3"**, and

which are highlighted in the introductory paragraphs of this Application and below.

IV.    **EVALUATION OF SERVICES RENDERED:**
        ***FIRST COLONIAL* CONSIDERATIONS**

This Application presents the nature and extent of the professional services rendered by the GJB Law Firm in connection with its representation of the Trustee in connection with the Motion to Strike. The recitals set forth in the daily diaries attached hereto constitute only a summary of the time spent. The undertakings of the GJB Law Firm, and the results obtained, are evident from the record before the Court and the results obtained in the Sanctions Order.

*American Benefit Life Ins. Co. v. Baddock* (*In re First Colonial Corp.*), 544 F.2d 1291 (5th Cir.), *cert. denied*, 431 U.S. 904 (1977), enumerates twelve factors a bankruptcy court should evaluate in awarding fees. *First Colonial* remains applicable in the Eleventh Circuit to the determination of reasonableness of fees to be awarded under the Bankruptcy Code. *Grant v. George Schuman Tire & Battery Company*, 908 F.2d 874 (11th Cir. 1990); 2 Collier on Bankruptcy ¶ 330.05[2][a] at 330-33 through 330-37 (L. King 15th ed. 1991); *See also Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981). The twelve factors are:

The Time and Labor Required:

The Novelty and Difficulty of the Services Rendered:

The Skill Requisite to Perform the Services Properly:

The Preclusion of Other Employment by the Professional Due to the Acceptance of the Case:
The Customary Fee:

Whether the Fee is Fixed or Contingent:

Time Limitations Imposed by the Client or Other Circumstances:

The Experience, Reputation, and Ability of the Professional:

The Undesirability of the Case:

8

The Nature and Length of the Professional Relationship of the Client:

Awards in Similar Cases:

*First Colonial*, 544 F.2d at 1298-99.

Based on the standards set forth in section 330 of the Bankruptcy Code and *First Colonial*, GJB believes that the fair and reasonable value of its services rendered during the period covered by this Application is in the amount of $58,885.00 in professional fees and $126.40 in costs.

    A.    <u>Time, Nature and Extent of Services Rendered, Results Obtained and Related First Colonial Factors</u>.

The foregoing summary, together with the exhibits attached hereto, details the time, nature and extent of the professional services the GJB Law Firm rendered in connection with the Motion to Strike during the period covered by this Application.  The total number of hours expended (106 hours) reveals both the seriousness and thoroughness of the work performed in prosecuting the Motion to Strike. The average hourly rate for the GJB Law Firm during the period covered by this Application is approximately $555.52[3].  As previously stated, the Motion to Strike required the involvement of the most senior lawyers at the firm on account of the nature of the frivolous allegations that were made by Mr. Siskind.

    A.    <u>Novelty and Difficulty of Questions Presented</u>.

The questions presented in the Motion to Strike were neither novel nor difficult. However, the seriousness of the allegations raised in the Alleged Counterclaim required a comprehensive undertaking by the firm.

---

[3] The rates set forth in this Application are the prevailing rates charged by the GJB Law Firm in bankruptcy litigation matters during the Application Period.  The GJB Law Firm has raised its rates on an annual basis as disclosed in its initial application for employment in this case [Main Case, ECF No. 80].

B.      <u>Skill Requisite to Perform Services Properly</u>.

In rendering services to the Trustee, the GJB Law Firm demonstrated substantial legal skill and expertise in the areas of bankruptcy and fiduciary litigation.

C.      <u>Preclusion from Other Employment by Attorney Due to Acceptance of Case</u>.

The GJB Law Firm's representation in this case did not preclude it from accepting other employment.  However, the nature of the allegations required the firm to devote substantial resources to its resolution.

D.      <u>Customary Fee</u>.

The hourly rates of the GJB Law Firm set forth in the attached exhibits reflect the hourly rates the GJB Law Firm bills to its clients in other similar bankruptcy cases during the Application Period.  Courts within this district have approved these rates, as have other courts outside of this district, in other bankruptcy matters in which the GJB Law Firm and other counsel of like reputation and experience have been involved.

E.      <u>Whether Fee is Fixed or Contingent</u>.

The GJB Law Firm's compensation in this matter is subject to approval of the Court, subject to the availability of funds for payment, and therefore contingent.  The Court should consider this factor, which militates in favor of a fee in the amount requested.  The amount requested is consistent with the fee which the GJB Law Firm would charge its clients in other non-contingent, bankruptcy cases for similar work.

F.      <u>Time Limitations Imposed by Client or Other Circumstances</u>.

The circumstances of this case typically imposed serious time constraints on the GJB Law Firm due to the necessity for rapid resolution of significant issues.

G.      <u>Experience, Reputation and Ability of Attorneys</u>.

The attorneys of Genovese Joblove & Battista, P.A. are experienced in matters of this kind and are well known to this Court.

H.    "Undesirability" of Case.

The GJB Law Firm is privileged to have the opportunity to represent the Trustee and appear before the Court in this proceeding.  However, no law firm or professional desires to be the subject of allegations in the nature of those raised by the Alleged Counterclaim which resulted in the filing and prosecution of the Motion to Strike.

I.    Nature and Length of Professional Relationship with Client.

The GJB Law Firm has represented the Trustee in various cases in the United States Bankruptcy Court for the Southern District of Florida.

J.    Awards in Similar Cases.

The amount requested by the GJB Law Firm is reasonable in terms of awards in cases of similar magnitude and complexity. The compensation which the GJB Law Firm requests comports with the mandate of the Bankruptcy Code, which directs that services be evaluated in light of comparable services performed in non-bankruptcy cases in the community.  Likewise, as with all law firms, the GJB Law Firm's overhead expenses are absorbed in the hourly rate.  A large portion of any fee which the Court awards the GJB Law Firm will merely defray such significant overhead expenses already incurred and paid during the pendency of this case.  In connection with this Application, the GJB Law Firm does not seek reimbursement for fees incurred on account of work done by paraprofessionals – as would be customary in similar engagements.

V.    **CONCLUSION**

The GJB Law Firm respectfully submits that the fees incurred in connection with the Motion to Strike were necessary and appropriate under the circumstances.  For this reason and all of the reasons set forth in this Application, the GJB Law Firm submits that its fees and costs incurred in connection with the Motion to Strike represent $58,885.00 in fees and $126.40 in costs.  The GJB Law firm respectfully defers to the Court's discretion as to the amount of fee and costs that should be imposed against Jeffrey Siskind as a sanction.

**WHEREFORE**, the GJB Law Firm respectfully request the Court enter an Order, on a final basis, awarding it its fees and costs incurred in connection with the prosecution of the Motion to Strike payable as a sanction from Jeffrey Siskind; and (ii) awarding such other and further relief as the Court deems just and appropriate.

**Dated this 19th day of June, 2020.**

GENOVESE JOBLOVE & BATTISTA, P.A.
Counsel to the Chapter 7 Trustee
100 S.E. 2nd Street, Suite 4400
Miami, FL  33131
Tel.: (305) 349-2300
Fax.: (305) 349-2310

By:_____/s/ John H. Genovese_____
        John H. Genovese, Esq.
        Florida Bar No. 280852
        jgenovese@gjb-law.com
        Jesus M. Suarez, Esq.
        Fla. Bar No. 60086
        jsuarez@gjb-law.com
        Barry P. Gruher, Esq.
        Florida Bar No. 960993
        bgruher@gjb-law.com

12

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via CM/ECF notification upon all interested parties registered to receive electronic notification on this matter and/or via U.S. Mail as indicated on the Service List below on this 19th day of June, 2020.

By: /s/  *John H. Genovese*
John H. Genovese, Esq.

## SERVICE LIST

*Served Via CM/ECF Notification*

John H Genovese, Esq on behalf of Plaintiff Robert C Furr
jgenovese@gjb-law.com, hburke@gjb-law.com;gjbecf@gjb-law.com;gjbecf@ecf.courtdrive.com;jzamora@gjb-law.com

Barry P Gruher on behalf of Plaintiff Robert C Furr
bgruher@gjb-law.com, vlambdin@gjb-law.com;gjbecf@gjb-law.com;cesser@gjb-law.com;gjbecf@ecf.courtdrive.com;chopkins@gjb-law.com

Philip B Harris on behalf of Defendant CannaMed Pharmaceuticals, LLC
philip@philipbharris.com

Philip B Harris on behalf of Defendant Florida's Association of Community Banks and Credit Unions, Incorporated
philip@philipbharris.com

Philip B Harris on behalf of Defendant Second Siskind Family Trust
philip@philipbharris.com

Philip B Harris on behalf of Defendant Siskind Legal Services
philip@philipbharris.com

Philip B Harris on behalf of Defendant Sovereign Gaming and Entertainment, LLC
philip@philipbharris.com

Philip B Harris on behalf of Defendant Sympatico Equine Rescue, Inc.
philip@philipbharris.com

Philip B Harris on behalf of Defendant Tanya Siskind

13

philip@philipbharris.com

Jeffrey M Siskind on behalf of Counter-Claimant Jeffrey M Siskind
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Defendant Jeffrey M Siskind
jeffsiskind@msn.com, jmsesq500@gmail.com

Jesus M Suarez on behalf of Plaintiff Robert C Furr
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com

## <u>CERTIFICATION</u>

1. I have been designated by Genovese, Joblobe & Battista, P.A., (the "Applicant") as the professional with responsibility in this case for compliance with the current Mandatory Guidelines on Fees and Disbursements For Professionals In The Southern District of Florida Bankruptcy Cases (the "Guidelines").

2. I have read the Applicant's application for compensation and reimbursement of expenses (the "Application"). The application complies with the Guidelines, and the fees and expenses sought fall within the Guidelines, except as specifically noted in this certification and described in the application.

3. The fees and expenses sought are billed at rates and in accordance with practices customarily employed by the Applicant and generally accepted by the Applicant's clients.

4. In seeking reimbursement for the expenditures described on **Exhibit "2"**, the Applicant is seeking reimbursement only for the actual expenditure and has not marked up the actual cost to provide a profit or to recover the amortized cost of investment in staff time or equipment or capital outlay (except to the extent that the Applicant has elected to charge for in-house photocopies and outgoing facsimile transmissions at the maximum rates permitted by the Guidelines).

5. In seeking reimbursement for any service provided by a third party, the Applicant is seeking reimbursement only for the amount actually paid by the Applicant to the third party.

6. The following are the variances with the provisions of the Guidelines, the date of each court order approving the variance, and the justification for the variance: None.

**Dated:  June 19, 2020.**

       **GENOVESE JOBLOVE & BATTISTA, P.A.**
       Counsel to the Chapter 7 Trustee

       By:___/s/ John H. Genovese____
         John H. Genovese, Esq.

**Summary of Professional and Paraprofessional Time**
**Total per Individual for this Period Only**
**(EXHIBIT "1-A")**

[If this is a final application, and does not cumulate fee details from prior interim applications, then a separate Exhibit "1-A" showing cumulative time summary from all applications is attached as well]

PROFESSIONALS:

| NAME (Title) | Partner/ Associate or Paraprofessional | Year Licensed | Total Hours | Hourly Rate | Total Fee |
|---|---|---|---|---|---|
| John H. Genovese | Senior Partner / Shareholder | 1979 | 19.50 | $795 | $14,527.50 |
| Barry P. Gruher | Partner | 1992 | 28.00 | $550 | $15,400.00 |
| Jesus M. Suarez | Partner | 2008 | 58.50 | $495 | $28,957.50 |
| **TOTAL** | | | **106.00** | | **$58,885.00** |

Blended Average Hourly Rate:        $555.52

Total Fees:                        $58,885.00

**<u>Summary of Professional and</u>**
**<u>Paraprofessional Time by</u>**
**<u>Activity Code Category</u>**
**<u>for this Time Period Only</u>**
**(EXHIBIT "1-B")**

<u>ACTIVITY CODE CATEGORY</u>: **<u>General Litigation (031)</u>**

| NAME | Total Hours | Hourly Rate | Total Fee |
|---|---|---|---|
| John H. Genovese | 19.50 | $795 | $14,527.50 |
| Barry P. Gruher | 28.00 | $550 | $15,400.00 |
| Jesus M. Suarez | 58.50 | $495 | $28,957.50 |
| **SUBTOTALS** | **106.00** | | **$58,885.00** |

17

**<u>Summary of Requested Reimbursement Of Expenses</u>**
**<u>for this Time Period Only</u>**
**(EXHIBIT "2")**

[If this is a final application which does not cumulate prior interim applications, a separate summary showing cumulative expenses for all applications is attached as well]

| | | |
|---|---|---|
| 1. | Filing Fees | $0.00 |
| 2. | Process Service Fees | $0.00 |
| 3. | Witness Fees | $0.00 |
| 4. | Court Reporter Fees and Transcripts | $126.40 |
| 5. | Lien and Title Searches | $0.00 |
| 6. | Photocopies | |
| | (a) In-house copies (14,786 at 15¢/page) | $0.00 |
| | (b) Outside copies ($ ) | $0.00 |
| 7. | Postage | $0.00 |
| 8. | Overnight Delivery Charges | $0.00 |
| 9. | Outside Courier/Messenger Services | $0.00 |
| 10. | Long Distance Telephone Charges (Court Call) | $0.00 |
| 11. | Long Distance Fax Transmissions | |
| | (copies at $1/page) | $0.00 |
| 12. | Computerized Research /PACER | $0.00 |
| 13. | Out-of-Southern-District-of-Florida Travel | $0.00 |
| | (a) Airfare | $0.00 |
| | (b) Transportation | $0.00 |
| | (b) Lodging | $0.00 |
| | (c) Parking | $0.00 |
| 14. | Other Permissible Expenses (must specify and justify) | $0.00 |
| | (a) Local Travel | $0.00 |
| | (b) Professional Fees | $0.00 |
| | (c) Translation/Interpreting Service | $0.00 |
| | (d) Document Production | $0.00 |

**Total Expense Reimbursement Requested          $126.40**

**EXHIBIT "3"**

[The Applicant's complete time records, in chronological order, by activity code category, for the time period covered by this application. The requested fees are itemized to the tenth of an hour.]

### *Genovese Joblove & Battista, P.A.*

100 Southeast Second Street, 44th Floor
Miami, Florida 33131
Telephone (305) 349-2300    Facsimile (305) 349-2310
Employer ID# 65-0518134


Attn:  Robert Furr, Trustee
Robert Furr (Chance & Anthem, LLC)
,

June 19, 2020
Inv. # 98207
File # 12094-002


Re:  Robert Furr (Chance & Anthem  / Counterclaim


Statement for Services Rendered Through         Jun 19/20

| | | - - - Legal Fees - - - | | |
|---|---|---|---|---|

**031 / General Litigation**

| | | | | |
|---|---|---|---|---|
| 04/13/20 | BPG | Receipt and review of Jeffrey M. Siskind's Amended Answer, Affirmative Defenses And Counterclaims To Plaintiff Robert C. Furr's First Amended Complaint To Avoid And To Recover Fraudulent Transfers, For Turnover, For An Accounting, Substantive Consolidation, Injunctive Relief And For Other Relief and Jeffrey M. Siskind's Limited Objection To Trustee's Motion For Entry Of Order Allowing Payment Of Mediation Fees To Mediator And Standing Objection To The Chapter 7 Trustee's Claim To Be Duly Appointed (.6); Follow up with J. Suarez, Trustee and J. Genovese re: same (.4). | 1.00hr $550.00/hr | $550.00 |
| 04/13/20 | JMS | Research factual issues and preliminary drafting on Motion to Strike Counterclaim (3.4); review issues relating to strategy for responding to counterclaim (.6) | 4.00hr $495.00/hr | $1,980.00 |
| 04/14/20 | BPG | Review and provide comments to draft of Renewed Motion (I) to Strike Certain Affirmative Defenses in Defendant Jeffrey Siskind's Amended Answer and Affirmative Defenses [ECF No. 264]; (II) for an Order to Show Cause Why Jeffrey Siskind Should Not Be Held in Contempt of Court; and (III) for Sanctions (.8); Research various issues with respect to Motion to Strike and for Sanctions (.4). | 1.20hr $550.00/hr | $660.00 |
| 04/14/20 | JMS | Legal research and drafting of Motion to Strike Counterclaim and for Sanctions (3.8) and to research concerning immunity doctrines (1.2). | 5.00hr $495.00/hr | $2,475.00 |
| 04/15/20 | JMS | Continued drafting of Motion to Strike and elaboration of fact section (2.3); review bar rules concerning bad faith pleadings (1.2); and research Rule 13 issues related to timeliness (1). | 4.50hr $495.00/hr | $2,227.50 |

**Robert Furr (Chance & Anthem, LLC)**
**12094-002**

File # 12094-002
Inv. # 98207

| Date | Initials | Description | Hours/Rate | Amount |
|---|---|---|---|---|
| 04/16/20 | JMS | Work on Motion to Strike Counterclaim and for Sanctions including factual development (2.4); and  research concerning trustee immunity and florida litigation privilege (2.6). | 5.00hr $495.00/hr | $2,475.00 |
| 04/16/20 | BPG | Review and revise initial draft of Renewed Motion (I) to Strike Certain Affirmative Defenses in Defendant Jeffrey Siskind's Amended Answer and Affirmative Defenses [ECF No. 264]; (II) for an Order to Show Cause Why Jeffrey Siskind Should Not Be Held in Contempt of Court; and (III) for Sanctions and interoffice conferences with J. Suarez re: same. | 0.60hr $550.00/hr | $330.00 |
| 04/17/20 | JHG | Review motion to strike counterclaim and conference with J. Suarez regarding same. | 1.70hr $745.00/hr | $1,266.50 |
| 04/17/20 | JMS | Work on Motion to Strike Counterclaim and for Sanctions, and develop arguments concerning offensive pleadings under Rule 12(f) (2.2); and Florida Bar rules on frivolous pleadings (2.3). | 4.50hr $495.00/hr | $2,227.50 |
| 04/17/20 | BPG | Revisions and editing draft of  Chapter 7 Trustee Robert C. Furr's Renewed Motion (I) To Strike Certain Affirmative Defenses In Defendant, Jeffrey Siskind's Amended Answer And Affirmative Defenses And Purported Counterclaim [Ecf No. 264]; (III) For An Order To Show Cause Why Jeffrey Siskind Should Not Be Held In Contempt Of Court; And (III) For Sanctions (1.5); Review and analysis of preliminary draft of Expert Witness Report (.5). | 2.00hr $550.00/hr | $1,100.00 |
| 04/20/20 | JMS | Work on Motion to Strike, and develop arguments concerning Rule 13 and identity of counter defendants  (3.2). | 3.20hr $495.00/hr | $1,584.00 |
| 04/20/20 | BPG | Receipt and review of Chapter 7 Trustee Robert C. Furr's Renewed Motion (I) To Strike Certain Affirmative Defenses In Defendant, Jeffrey Siskind's Amended Answer And Affirmative Defenses And Purported Counterclaim [Ecf No. 264]; (Ii) For An Order To Show Cause Why Jeffrey Siskind Should Not Be Held In Contempt Of Court; And (Iii) For Sanctions | 0.90hr $550.00/hr | $495.00 |
| 04/21/20 | BPG | Review, revise and finalize Renewed Motion (I) to Strike Certain Affirmative Defenses in Defendant, Jeffrey Siskind's Amended Answer and Affirmative Defenses [ECF No. 272] and Alleged Counterclaim [ECF No. 273]; (II) For An Order to Show Cause Why Jeffrey Siskind Should Not Be Held in Contempt of Court; and (III) for Sanctions (2.2); Follow up with J. Suarez and E. Castellanos re: same (.3). | 2.50hr $550.00/hr | $1,375.00 |
| 04/22/20 | JMS | Continued work on Motion to Strike including research on standard for Rule 12 and Lawrence v. Goldberg line of cases. | 3.70hr $495.00/hr | $1,831.50 |

**Robert Furr (Chance & Anthem, LLC)**
**12094-002**

File # 12094-002
Inv. # 98207

| | | | | |
|---|---|---|---|---|
| 04/22/20 | BPG | Final review and editing of Renewed Motion (I) to Strike Certain Affirmative Defenses in Defendant Jeffrey Siskind's Amended Answer and Affirmative Defenses [ECF No. 272] and Alleged Counterclaim [ECF No. 273]; (II) for an Order to Show Cause Why Jeffrey Siskind Should Not Be Held in Contempt of Court; and (III) for Sanctions with J. Suarez (.5). | 0.50hr $550.00/hr | $275.00 |
| 04/23/20 | JHG | Review revised motion to strike affirmative defense and conference regarding same. | 1.90hr $745.00/hr | $1,415.50 |
| 04/23/20 | JMS | Research case law concerning  Barton and Lawrence and incorporate into final memorandum of law (3.5); finalize Motion to Strike Counterclaim and prepare same for filing (1.8) | 5.30hr $495.00/hr | $2,623.50 |
| 04/23/20 | BPG | Conferences with J. Suarez and J. Genovese re: status of case and filing of Motion to Strike Affirmative Defenses and for Sanctions (.3); Emails with J. Suarez, J. Genovese and Trustee re: consideration of Barton doctrine in connection with sanctions motion (.3); Follow up with J. Suarez re: email correspondence with J. Siskind, filing of Counterclaim against J. Suarez and GJB law firm, and related case administrative matters (.3); Continuation of review, revise and finalize Plaintiff Chapter 7 Trustee Plaintiff Robert C. Furr's Renewed Motion (I) to Strike Certain Affirmative Defenses in Defendant Jeffrey Siskind's Amended Answer and Affirmative Defenses [ECF No. 272] and Alleged Counterclaim [ECF No. 273]; (II) for an Order to Show Cause Why Jeffrey Siskind Should Not Be Held in Contempt of Court; and (III) for Sanctions re: Barton Doctrine (.4). | 1.30hr $550.00/hr | $715.00 |
| 04/23/20 | BPG | Final review and editing of Renewed Motion (I) to Strike Certain Affirmative Defenses in Defendant Jeffrey Siskind's Amended Answer and Affirmative Defenses [ECF No. 272] and Alleged Counterclaim [ECF No. 273]; (II) for an Order to Show Cause Why Jeffrey Siskind Should Not Be Held in Contempt of Court; and (III) for Sanctions (.4); Interoffice conferences with J. Suarez re: issues pertaining to the Barton doctrine and finalizing Motion to Strike (.4); Revise and finalize Order Granting Trustee's Motion for Entry of Order Allowing Payment of Mediation Fees to Mediator and follow up with C. Hopkins re: uploading with the Court (.3); Review draft of Pretrial Stipulation (.4) | 1.20hr $550.00/hr | $660.00 |
| 05/13/20 | JMS | Initial analysis and preparation for presentation on hearing on motion to strike (.6); review factual development (.8) and present analysis of potential witnesses for trial and facts that need to be established at same (.4). | 1.80hr $495.00/hr | $891.00 |
| 05/18/20 | BPG | Review and edits to outline for topic areas at evidentiary hearing on Motion to Strike Affirmative Defenses and for Sanctions. | 0.50hr $550.00/hr | $275.00 |
| 05/26/20 | JHG | Review case strategy issues regarding adversary and counterclaim. | 3.10hr $745.00/hr | $2,309.50 |

| Date | Initials | Description | Hours/Rate | Amount |
|---|---|---|---|---|
| 05/29/20 | JHG | Preparation for and attend deposition of Jeffrey Siskind and strategy email regarding same. | 5.50hr $745.00/hr | $4,097.50 |
| 05/29/20 | JMS | Prepare for and conduct deposition of Jeffrey Siskind (4.5); attention to preparation for hearings on 6/5 and review order on evidentiary hearing (1.2) | 6.00hr $495.00/hr | $2,970.00 |
| 05/29/20 | BPG | Conferences with J. Suarez and J. Genovese re: issues relating to deposition of J. Siskind (1.0); Preparation for and attendance at deposition of J. Siskind in connection with evidentiary hearing on Motion to Strike and for Sanctions and Siskind Adversary Proceeding (4.0). | 5.00hr $550.00/hr | $2,750.00 |
| 06/01/20 | JHG | Review notice of withdrawal and conference with J. Suarez regarding same, review and conference regarding settlement proposal. | 1.10hr $745.00/hr | $819.50 |
| 06/01/20 | JMS | Review and Finalize preparation of trial exhibits for 6/5 evidentiary hearing on Motion to Strike Counterclaim (2.4); attention to order of proof for evidentiary hearing and development of facts to be adduced at same (1.8) | 4.20hr $495.00/hr | $2,079.00 |
| 06/01/20 | BPG | Preparation of Plaintiff's Designation Of Deposition Testimony Of Jeffrey M. Siskind In Support Of The Plaintiff Chapter 7 Trustee Robert C. Furr's Renewed Motion (I) To Strike Certain Affirmative Defenses In Defendant Jeffrey Siskind's Amended Answer  And Affirmative Defenses [Ecf No. 272] And Alleged Counterclaim [Ecf No. 273]; (II) For An Order To Show Cause Why Jeffrey Siskind Should Not Be Held In Contempt Of Court; And (III) For Sanctions. | 1.00hr $550.00/hr | $550.00 |
| 06/02/20 | BPG | Follow up with J. Suarez, C. Hopkins and J. Sardina re: preparation for evidentiary hearing on Renewed Motion (I) to Strike Certain Affirmative Defenses in Defendant Jeffrey Siskind's Amended Answer and Affirmative Defenses [ECF No. 272] and Alleged Counterclaim [ECF No. 273]; (II) for an Order to Show Cause Why Jeffrey Siskind Should Not Be Held in Contempt of Court; and (III) for Sanctions (.5). | 0.50hr $550.00/hr | $275.00 |
| 06/03/20 | JMS | Prepare deposition designation of J. Siskind in connection with Motion to Strike Counterclaim (.3) and attention to preparation of stipulation on agreed facts for hearing on Motion to Strike Counterclaim (.4); review Motion to Strike Counterclaim and consider evidentiary presentation related to same (.8) | 1.50hr $495.00/hr | $742.50 |
| 06/03/20 | BPG | Continued preparation for Zoom evidentiary hearing on Renewed Motion (I) to Strike Certain Affirmative Defenses in Defendant Jeffrey Siskind's Amended Answer and Affirmative Defenses [ECF No. 272]; (II) for an Order to Show Cause Why Jeffrey Siskind Should Not Be Held in Contempt of Court; and (III) for Sanctions and Motion for Summary Judgment, final hearing exhibits and stipulation of facts (1.0); Follow up with J. Suarez, J. Genovese and Trustee re: same (.5). | 1.50hr $550.00/hr | $825.00 |

**Robert Furr (Chance & Anthem, LLC)**
**12094-002**

File # 12094-002
Inv. # 98207

| Date | Initials | Description | Hours/Rate | Amount |
|---|---|---|---|---|
| 06/04/20 | JHG | Review motion to strike (.9); review hearing notebook in preparation for hearing (1.7). | 2.60hr $745.00/hr | $1,937.00 |
| 06/04/20 | JMS | Draft direct examination of Robert Furr in connection with hearing on Motion to Strike Counterclaim (1.8); Conference with R. Furr regarding his direct examination (.6); review case law cited in brief on Motion to Strike Counterclaim in preparation of hearing on Motion to Streak (.9); review Siskind deposition transcript and prepare for direct of Siskind or introduction through designation (.7); draft hearing outline, evidence plan and organize trial exhibits for digital presentation (1.4) | 5.40hr $495.00/hr | $2,673.00 |
| 06/04/20 | BPG | Preparation for evidentiary hearing on Trustee's Renewed Motion (I) to Strike Certain Affirmative Defenses in Defendant Jeffrey Siskind's Amended Answer and Affirmative Defenses [ECF No. 272] and Alleged Counterclaim [ECF No. 273]; (II) For An Order To Show Cause Why Jeffrey Siskind Should Not Be Held In Contempt of Court; and (III) for Sanctions (2.5); Review and revise draft of Trustee's direct testimony (.5);Follow up with J. Suarez, Trustee and J. Genovese re: facts and issues relating to Motion for Sanctions and presentation of evidence in connection with evidentiary hearing (.8). | 3.80hr $550.00/hr | $2,090.00 |
| 06/05/20 | JHG | Meet with J. Suarez and B. Gruher prior to hearing (.5); attend telephonic hearing (1.); conference after hearing regarding sanctions and proposed orders (.7). | 2.20hr $745.00/hr | $1,639.00 |
| 06/05/20 | JMS | Prepare for hearing on Motion to Strike Counterclaim and Affirmative Defenses (1.2); Attend evidentiary hearing on Motion to Strike Counterclaim (.8) and draft proposed order (.6) | 2.60hr $495.00/hr | $1,287.00 |
| 06/05/20 | BPG | Meeting with J. Suarez and J. Genovese to review exhibits, motions and pleadings in connection with final preparation for evidentiary hearing (.8); Attendance and conduct Zoom evidentiary hearing onTrustee's Renewed Motion (I) to Strike Certain Affirmative Defenses in Defendant Jeffrey Siskind's Amended Answer and Affirmative Defenses [ECF No. 272] and Alleged Counterclaim [ECF No. 273]; (II) For An Order To Show Cause Why Jeffrey Siskind Should Not Be Held In Contempt of Court; and (III) for Sanctions [ECF No. 281] and Motion for Summary Judgment as to Substantive Consolidation filed by Adversary Defendant Jeffrey Siskind [ECF No. 319] (1.2); Review, revise and finalize proposed Orders on Sanctions Motion for circulation to J. Siskind for review and comments (.3); Follow up with J. Suarez re: same (.2). | 2.50hr $550.00/hr | $1,375.00 |
| 06/08/20 | JHG | Review proposed orders. | 0.60hr $745.00/hr | $447.00 |
| 06/09/20 | JHG | Review email from Jeffrey Siskind and proposed order and review proposed alternative order and conference regarding same, review adversary. | 0.80hr $745.00/hr | $596.00 |

*Robert Furr (Chance & Anthem, LLC)*
**12094-002**

File # 12094-002
Inv. # 98207

| Date | Prof | Description | Hours | Amount |
|---|---|---|---|---|
| 06/18/20 | BPG | Preparation of Summary Of First And Final Fee Application For Allowance And Payment Of Compensation And Reimbursement Of Expenses For The Law Firm Of Genovese Joblove & Battista, P.A. As Counsel For The Chapter 7 Trustee, Robert C. Furr Pusuant To The Renewed Motion (I) To Strike Certain Affirmative Defenses In Defendant Jeffrey Siskind's Amended Answer And Affirmative Defenses [Adv. Ecf No. 272] And Alleged Counterclaim [Adv. Ecf No. 273]; (II) For An Order To Show Cause Why Jeffrey Siskind Should Not Be Held In Contempt of Court; And (III) For Sanctions and interoffice conferences with J. Suarez re: same. | 2.00hr $550.00/hr | $1,100.00 |
| 06/18/20 | JMS | Work on Fee Application in Connection with Motion for Sanctions. | 1.80hr $495.00/hr | $891.00 |
| **Total 031 / General Litigation** | | | **106.00** | **$58,885.00** |
| | | Total Legal Fees . . . | 106.00 | $58,885.00 |

**FEE SUMMARY:**

| Professional | Hours | Rate | Amount |
|---|---|---|---|
| John H Genovese | 19.50 | $745.00 | $14,527.50 |
| Barry P Gruher | 28.00 | $550.00 | $15,400.00 |
| Jesus M Suarez | 58.50 | $495.00 | $28,957.50 |
| **Total Legal Fees . . .** | **106.00** | | **$58,885.00** |

**Robert Furr (Chance & Anthem, LLC)**
**12094-002**

File # 12094-002
Inv. # 98207

| | -- Costs -- | |
|---|---|---|
| 06/17/2020 | Court Reporter Fees - hearing transcripts (12094-002) Furr / Chance & Anthe | 126.40 |
| | Total Costs . . . | $126.40 |

*Robert Furr (Chance & Anthem, LLC)*
**12094-002**

File # 12094-002
Inv. # 98207

**=====DISBURSEMENT SUMMARY ========================================================**

| | | |
|---|---|---|
| H214 | Court Reporter Fees | 126.40 |
| **Total Disbursements . . .** | | **$126.40** |
| | Total New Charges | $59,011.40 |
| | **OUTSTANDING BALANCE** | **$59,011.40** |
| TRUST BALANCE | $0.00 | |