**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
West Palm Beach Division

IN RE:

CHANCE & ANTHEM, LLC,         CASE NO.: 18-16248-BKC-MAM

    Debtor,
_____/
ROBERT C. FURR, not individually but
as Chapter 7 Trustee of the estate of the
Debtor, Chance & Anthem, LLC,

    Plaintiff,

v.         ADV.PRO.NO.: 19-1298-BKC-MAM-A

JEFFREY M. SISKIND, individually and
d/b/a SISKIND LEGAL SERVICES,
et. al,

    Defendants,
_____/

## DEFENDANT'S, JEFFREY M. SISKIND, OBJECTIONS TO ADMISSIBILITY OF TRUSTEE'S EXHIBITS

JEFFREY M. SISKIND ("Movant" or "Siskind"), by and through undersigned counsel, hereby files this, his Objections to the Admissibility of the Plaintiff's, Robert C. Furr, Trustee in Bankruptcy for Chance & Anthem, LLC ("Trustee" or "Plaintiff") Exhibits pursuant to this Court's *Order Setting Pretrial* as follows:

### GENERAL OBJECTIONS

Movant objects to Trustee's Exhibits because they were filed out of time, with no prior request for extension of time or explanation for the late filing. More importantly, many of Trustee's exhibits have no relevance whatsoever to the issues in dispute.

1

## SPECIFIC OBJECTIONS

1.      Siskind objects to the admission of the Trustee's Exhibit # 1 through 147, inclusive, into evidence pursuant to Federal Rule of Evidence 402, except as stated otherwise herein. Siskind asserts that said aforementioned Exhibits have no relevance to the issues before the Court or the issues to be determined at the trial in this matter.

2.      Siskind objects to the admission of Trustee's Exhibit #31 into evidence pursuant to Federal Rule of Evidence 106. Pursuant to Federal Rule of Evidence 106 when a writing is introduced into evidence, the entirety of the writing should be considered with it. The Movant concedes the proposed document is complete in and of itself; however, when considered in the totality of the situation, this document alone fails to explain or evidence the complete picture.

3.      Siskind objects to the substance of Trustee's Exhibits # 1 through 147, inclusive, except as stated otherwise herein, and demands cross examination of whomever the Trustee puts forth to authenticate each Exhibit; otherwise, pursuant to Federal Rules of Evidence 801, 802, 803 and 804, which Exhibits should not be admitted into evidence on the grounds that it is inadmissible hearsay and otherwise unreliable.

4.      Siskind objects to the admission or utilization of the Trustee's Exhibit #123, Expert Report of Alan Barbee. Pursuant to Federal Rule of Civil Procedure 26(e), the Trustee was required to provide any expert reports by a date certain, after which the Trustee provided Siskind with another expert report, intending that the latter one be used at trial. On June 25, 2020, after the deadline to provide expert reports, the Trustee provided Siskind with a Supplement to the Expert Report. The Supplement to the Expert Report was not provided based upon the original expert report being incomplete or incorrect. Rather, the Supplement to the Expert Report was merely prepared to annul Siskind's allegations as to solvency and to perfect

the Trustee's litigation strategy. As such, Siskind objects to the admissibility of the Supplement to the Expert Report, and pursuant to Federal Rule of Civil Procedure 37(c)(1), seeks to preclude the Supplemented Expert Report. Additionally, to whatever extent the Trustee seeks to rely upon the initial expert report, Siskind objects on the basis the initial expert report was supplemented and is not properly before this Court.

5. The Debtor objects to Trustee exhibit no. 147 as protected by the confidentiality order, as well as relevancy and hearsay.

6. Notwithstanding the foregoing, Siskind does not object to Trustee exhibit nos. 28, 36, 61, 62, 88, 94, 98, 99, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111 and 126.

7. Siskind reserves on amending these objections as necessary to respond to exhibits intended to be introduced by the Trustee.

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was furnished on this 10th day of July, 2020, via CM/ECF to all persons authorized to receive notices, electronically, as set forth on the attached Service List and by U.S. Mail, postage prepaid, to all parties listed on the attached Service List who are not authorized to receive notices, electronically, through the Court's CM/ECF system.

**SISKIND LEGAL, PLLC**

_/s/ Jeffrey M. Siskind_
Jeffrey M. Siskind, Esq.  FBN 138746
1629 K Street, Ste. 300, NW  Washington, DC  20006
113 N. Monroe Street, 1st Floor  Tallassee, Florida  32301
3465 Santa Barbara Drive  Wellington, Florida  33414
TELEPHONE (561) 791-9565  FACSIMILE  (561) 791-9581
Emails:  jeffsiskind@msn.com & jeffsiskind@gmail.com

**SERVICE LIST**

Robert C. Furr, Chapter 7 Trustee
Via email to *jgenovese@gjb-law.com*, *jsuarez@gjb-law.com, bgruher@gjb-law.com*

Jeffrey M. Siskind, individually
Via e-mail to *jeffsiskind@msn.com*

Tanya Siskind, individually
Via e-mail to *philip@philipharris.com*

Siskind Legal Services, LLC
Via e-mail to *jeffsiskind@msn.com*

Second Siskind Family Trust
Via e-mail to *philip@philipharris.com*

CannaMed Pharmaceuticals, LLC
Via e-mail to *philip@philipharris.com*

Sovereign Gaming and Entertainment, LLC
Via e-mail to *philip@philipharris.com*

Florida's Association of Community Banks and Credit Unions, Incorporated
Via e-mail to *philip@philipharris.com*

Sympatico Equine Rescue, Incorporated
Via e-mail to *philip@philipharris.com*