UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

IN RE:

CHANCE & ANTHEM, LLC,            CASE NO.: 18-16248-BKC-MAM

    Debtor,
_____/
ROBERT C. FURR, not individually but
as Chapter 7 Trustee of the estate of the
Debtor, Chance & Anthem, LLC,

    Plaintiff,

v.                               ADV.PRO.NO.:  19-1298-BKC-MAM-A

JEFFREY M. SISKIND, individually and
d/b/a SISKIND LEGAL SERVICES,
et. al,

    Defendants,
_____/

**DEFENDANTS', CANNAMED PHARMACEUTICALS, LLC, TANYA SISKIND, SECOND SISKIND FAMILY TRUST, SISKIND LEGAL SERVICES, LLC, SOVEREIGN GAMING & ENTERTAINMENT, LLC, FLORIDA'S ASSOCIATION OF COMMUNITY BANKS AND CREDIT UNIONS, INC., AND SYMPATICO EQUINE RESCUE, INC., OBJECTIONS TO ADMISSIBILITY OF TRUSTEE'S EXHIBITS**

    The Defendants, **CannaMed Pharmaceuticals, LLC, Tanya Siskind, Second Siskind Family Trust, Siskind Legal Services, LLC, Sovereign Gaming & Entertainment, LLC, Florida's Association of Community Banks and Credit Unions, Inc., and Sympatico Equine Rescue, Inc.**, ("Movants" or "Defendants"), by and through undersigned counsel, hereby files this, their Objections to the Admissibility of the Plaintiff's, Robert C. Furr, Trustee in Bankruptcy for Chance & Anthem, LLC ("Trustee" or "Plaintiff") Exhibits pursuant to this Court's *Order Setting Pretrial* as follows:

1

**GENERAL OBJECTIONS**

Movants object to Trustee's Exhibits because they were filed out of time, with no prior request for extension of time or explanation for the late filing. More importantly, many of Trustee's exhibits have no relevance whatsoever to the issues in dispute.

**SPECIFIC OBJECTIONS**

1. Movants object to the admission of the Trustee's Exhibit # 1 through 147, inclusive, into evidence pursuant to Federal Rule of Evidence 402, except as stated otherwise herein. Movants assert that said aforementioned Exhibits have no relevance to the issues before the Court or the issues to be determined at the trial in this matter.

2. Movants object to the admission of Trustee's Exhibit #31 into evidence pursuant to Federal Rule of Evidence 106. Pursuant to Federal Rule of Evidence 106 when a writing is introduced into evidence, the entirety of the writing should be considered with it. The Movants concede the proposed document is complete in and of itself; however, when considered in the totality of the situation, this document alone fails to explain or evidence the complete picture.

3. Movants object to the substance of Trustee's Exhibits # 1 through 147, inclusive, except as stated otherwise herein, and demands cross examination of whomever the Trustee puts forth to authenticate each Exhibit; otherwise, pursuant to Federal Rules of Evidence 801, 802, 803 and 804, which Exhibits should not be admitted into evidence on the grounds that it is inadmissible hearsay and otherwise unreliable.

4. Movants object to the admission or utilization of the Trustee's Exhibit #123, Expert Report of Alan Barbee. Pursuant to Federal Rule of Civil Procedure 26(e), the Trustee was required to provide any expert reports to be relied upon at trial in this matter by a date certain. After providing his initial Expert Report, on June 25, 2020, the Trustee provided

Movants with a Supplement to the Expert Report. The Supplement to the Expert Report was not provided based upon the original expert report being incomplete or incorrect. Rather, the Supplement to the Expert Report was merely prepared to annul Movants' allegations as to solvency and to perfect the Trustee's litigation strategy. As such, Movants object to the admissibility of the Supplement to the Expert Report, and pursuant to Federal Rule of Civil Procedure 37(c)(1), seeks to preclude the Supplemented Expert Report. Additionally, to whatever extent the Trustee seeks to rely upon the initial expert report, Movants object on the basis the initial expert report was supplemented and is not properly before this Court.

5. The Movants object to Trustee exhibit no. 147 based upon relevancy and hearsay.

6. Notwithstanding the foregoing, Movants do not object to Trustee exhibit nos. 28, 36, 61, 62, 88, 94, 98, 99, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111 and 126.

7. Movants reserve on amending these objections as necessary to respond to exhibits intended to be introduced by the Trustee.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

I HEREBY CERTIFY that a true and correct copy of the *Defendants'* **CannaMed Pharmaceuticals, LLC, Tanya Siskind, Second Siskind Family Trust, Siskind Legal Services, LLC, Sovereign Gaming & Entertainment, LLC, Florida's Association of Community Banks and Credit Unions, Inc., and Sympatico Equine Rescue, Inc.**, *Objections to the Admissibility of the Plaintiff's, Robert C. Furr, Trustee in Bankruptcy for Chance & Anthem, LLC*, has been furnished by CM/ECF to the following on the 10th day of July 2020:

**Jesus M. Suarez, Esq.**
jsuarez@gjb-law.com, gjbecf@gjb-law.com

          **PHILIP B. HARRIS, P.A.**
          685 Royal Palm Beach Boulevard
          Suite 205
          Royal Palm Beach, FL 33411
          Tel: 561-543-7963
          Fax: 561-793-1020

          By: /s/ Philip B. Harris_____
              Philip B. Harris, Esq.
              FL Bar ID: 19781