**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | Case No. 18-16248-BKC-MAM |
| | Chapter 7 |
| CHANCE & ANTHEM, LLC, | |
| Debtor. | |
| _____/ | |
| ROBERT C. FURR not individually but as Chapter 7 Trustee of the estate of the Debtor, Chance & Anthem, LLC, | ADV. NO. 19-01298-MAM |
| Plaintiff, | |
| v. | |
| JEFFREY M. SISKIND, individually and d/b/a SISKIND LEGAL SERVICES, et al., | |
| Defendants. | |
| _____/ | |

## JOINT PRETRIAL STIPULATION

In accordance with the Order Setting Filing and Disclosure Requirements for Pretrial and Trial, Defendants JEFFREY M. SISKIND, individually and doing business as SISKIND LEGAL SERVICES ("Siskind"), TANYA SISKIND, individually (T. Siskind) and Jeffrey Siskind as Trustee of the Second Siskind Family Trust ("Family Trust"), CANNAMED PHARMACEUTICALS, LLC, a Maryland Limited Liability Company ("CannaMED"), SISKIND LEGAL SERVICES, LLC, a Florida Limited Liability Company ("Siskind Legal"), SOVEREIGN GAMING & ENTERTAINMENT, LLC, a Florida Limited Liability Company ("Sovereign"), FLORIDA'S ASSOCIATION OF COMMUNITY BANKS AND CREDIT UNIONS, INC. a Florida Corporation ("FLACC"), SYMPATICO EQUINE RESCUE, INC, a Florida Corporation ("Sympatico") (Family Trust, CannaMED, Siskind Legal, Sovereign,

FLACC and Sympatico are collectively referenced as the "Related Defendants") stipulate that the following facts are admitted and require no proof at trial:

1. Jeffrey Siskind is an attorney licensed in Florida since 1998. Siskind was the sole member, attorney and control person of the Debtor when Debtor filed its Chapter 7 bankruptcy.

2. Siskind was a Chapter 11 debtor before this Court. *In re Siskind,* Case No. 13-13096-MAM, in which case a plan of reorganization was confirmed on October 22, 2014.

3. On January 29, 2018, the Debtor filed a voluntary petition for bankruptcy relief under Chapter 7 of the United States Code (the "Bankruptcy Code") [ECF No. 1] in the United States Bankruptcy Court for the District of Maryland.

4. On January 29, 2018, George W. Liebman was appointed Chapter 7 Trustee in the District of Maryland.

5. On March 17, 2018, a Section 341 Meeting of Creditors was held in the District of Maryland. Debtor did not appear.

6. On May 24, 2018, a Memorandum and Order Transferring Venue to the Bankruptcy Court for the Southern District of Florida was rendered.

7. On May 25, 2018, Robert C. Furr was appointed as the Chapter 7 Trustee. A section 341 Meeting of Creditors occurred on July 9, 2018 at 8:30 am in the Southern District of Florida, West Palm Beach Division. The Debtor appeared through its sole managing member, Defendant Siskind. Despite the passage of more than two years since his appointment, the Chapter 7 trustee has not evaluated any of the Proofs of Claim filed against the Debtor.

8. Siskind, who resides in Palm Beach County, Florida, was the sole manager and member of the Debtor at the time that Debtor filed its Chapter 7 bankruptcy, and prepared and executed its bankruptcy schedules and also served as Debtor's pre-petition counsel.

9. Defendant, T. Siskind, is Siskind's wife, and also resides in Wellington, Florida.

10. Defendant, Family Trust, is a trust that was settled under the laws of the State of Maryland. Siskind is the Trustee of Family Trust.

11. Defendant, CannaMED, is a limited liability company organized under the laws of the State of Maryland. Its principal place of business is 500 Harborview Drive, Baltimore, Maryland 21230. Pre-petition, the Debtor purported to own 70% of Defendant CannaMED. The Debtor and CannaMED also purported to share a principal place of business in Hebron, Maryland prior to the Debtor's bankruptcy filing.

12. On the Petition Date, Defendant Siskind Legal was an inactive Florida Limited Liability Company having a principal address of 525 S. Flagler Drive, Suite 500, West Palm Beach, FL 33401. On June 6, 2020, Siskind Legal was reinstated with a principal address of 3465 Santa Barbara Drive, Wellington, FL 33414.

13. On the Petition Date. Defendant Sovereign was an inactive Florida Limited Liability Company having its principal address of 525 S. Flagler Drive, Suite 500, West Palm Beach, FL 33401. Its sole manager and registered agent was William Siskind. On May 20, 2020, Sovereign was reinstated with Judith Siskind as its Manager and registered agent with a principal address of 3485 Lago De Talavera, Lake Worth, FL 33467.

14. On the Petition Date, Defendant FLACC was an inactive a Florida not for profit corporation that had its principal address of 525 S. Flagler Drive, Suite 500, West Palm Beach, FL 33401. Its president and registered agent is Siskind. On June 6, 2020, FLACC was reinstated with a principle place of business at 113 N. Monroe Street, 1st Floor, Tallahassee, Florida 32301.

15. On the Petition Date, Defendant Sympatico was an inactive Florida not for profit

corporation having its principal address of 525 S. Flagler Drive, Suite 500, West Palm Beach, FL 33401. Its president and registered agent is Siskind. On June 6, 2020, Sympatico was reinstated with a principal address of 3465 Santa Barbara Drive, Wellington, FL 33414.

16. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 157(a) and 1334(b), with the exception of claims made against Siskind.

17. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (C), (E), (H) and (O), with the exception of claims made against Siskind.

18. Venue is proper in this Court pursuant to 28 U.S.C. §1409, except as to claims made against Siskind and T Siskind.

19. On February 11, 2013, Siskind filed a personal bankruptcy petition under Chapter 11 of the Bankruptcy Code.

20. On June 11, 2018, Siskind's personal bankruptcy case was dismissed.

21. On the Petition Date, the Debtor claimed ownership of seventy percent (70%) of the membership interests of CannaMED Pharmaceuticals, LLC ("CannaMED") and valued its interest in CannaMED at over $28 million. On the Petition Date, the Debtor had $48.00 in its checking account and approximately $150.00 worth of office equipment.

22. The Debtor's bankruptcy schedules reflect that it received in excess of $1.3 million from third parties: Among these creditors are (a) Frederick Volkwein ($500,000); (b) Richard Neff ($526,000); (c) ABK South Properties, LLC ($250,000); (d) Gen VC, LLC ($100,000); and (e) Richard Bell ($50,000).

23. On October 29, 2019, CannaMED sought to forfeit the Debtor's interest in CannaMED. See correspondence annexed hereto as Exhibit A (the "Post-Petition Forfeiture").

24. On December 24, 2013, Christopher George ("George")'s wife Dianna George

transferred $2 million belonging to George to an attorney trust account denominated "Siskind Trust Account" ending in 7721. Siskind thereafter transferred to Defendant Sovereign approximately $1.9 million. George initialed two promissory notes for a total of $2,000,000 executed by Sovereign Gaming & Entertainment, LLC ("Sovereign") when Siskind presented them to George at the U.S. Penitentiary in Atlanta, Georgia in order to confirm George's understanding that the $2,000,000 deposited on his behalf into the Siskind Trust Account was a loan to Sovereign.

25. On or about August 9, 2015, David Fiore ("Fiore") caused Carl Stone to transfer $800,000 to the Siskind Trust Account, partially to fund acquisition and improvements to real estate located at 3445 Santa Barbara Drive, Wellington, FL 33414 (the "Santa Barbara House"). In consideration for the sum of $65,000, Fiore subsequently assigned his interests to the Debtor. Richard Neff, who also loaned the Debtor money to acquire and renovate the Santa Barbara House transferred $500,000 to the Debtor on October 6, 2015.

26. On October 9, 2015, the Debtor transferred $59,000 to Mercedes Benz of Palm Beach to purchase a Mercedes Benz in titled in the name of the Family Trust.

27. On or about November 17, 2014, Sarenil Associates, LLC caused $1,157,623 to be deposited into the Siskind Trust Account.

28. On August 7, 2018, Sarenil Associates, LLC filed a proof of claim against the Debtor's bankruptcy estate in the amount of $669,124 (Claim No. 3).

29. On October 30, 2015, the Debtor purchased the Santa Barbara House from JP Morgan Chase Bank, N.A.("Chase")for $1,250,000 to settle a lawsuit for specific performance brought by the Debtor against Chase. *Chance & Anthem, LLC v. J.P. Morgan Chase Bank, N.A.*, Case No. 50-2015-CA-010376.

30. The Legal Description of the Santa Barbara House is:

> SOUTHFIELDS PHASE 1 WELLINGTON COUNTRYPLACE LT 2 PUD, according to the Plat thereof, as recorded in Plat Book 39, Pages 19 through 22, of the Public Records of Palm Beach County, Florida
>
> Parcel Control Number: 73-41-44-21-03-000-0020

31. On November 13, 2015, the Santa Barbara House was encumbered with a mortgage by the Debtor in favor of New Wave Loans Residential, LLC in the amount of $812,500. The mortgage instrument was executed by Siskind as managing member on behalf of the Debtor.

32. On March 23, 2016, the Santa Barbara House was encumbered with a mortgage in favor of ABK South Properties, LLC in the amount of $500,000. The mortgage instrument was executed by Siskind as managing member on behalf of the Debtor.

33. On November 8, 2016, New Wave Lenders initiated a foreclosure proceeding against the Santa Barbara House. *New Wave Lenders 2015 B LP v. Chance & Anthem, LLC,* Case No. 50-2016-CA-012543. The complaint alleged that Debtor failed to remit payments beginning with the payment which was due on August 6, 2016.

34. On January 23, 2017, Wellington 3445, LP acquired the first position mortgage from New Wave Lenders and subsequently substituted itself as plaintiff in the foreclosure case.

35. On June 12, 2017, the Santa Barbara House was acquired at a foreclosure sale by Wellington 3445, LP for $1,000,100. The Chapter 7 Trustee settled its claims against Wellington 3445, LP.

36. The Santa Barbara House is adjacent to a property which serves as Siskind's personal residence located within the Village of Wellington, Florida.

37. On December 2, 2015, the Debtor obtained an Assignment of Mortgage from George A. Maler recorded against real property located within the Cross Creek Condominium Association at 1500 N Congress Avenue, Unit B-6, West Palm Beach, Florida 33401 (the "Cross Creek Condominium").

38. The Legal Description of the Cross Creek Condominium is:

> CROSS CREEK COND UNIT B-6 BLDG 9, a condominium according to the Declaration thereof recorded in Official Record Book 3262, Page 1812, of the Public Records of Palm Beach County, Florida.
>
> Parcel Control Number: 74-43-43-18-05-000-2006

39. On August 1, 2017, the Debtor filed a Notice of Lis Pendens against the Cross Creek Condominium and initiated a foreclosure proceeding against its owners in the matter styled *Chance & Anthem, LLC v. Imitiaz Mohammed and Zoreeda Mohammad, et al*. Case No. 50-2017-CA-008682XXXXMBin Palm Beach County.

40. On October 12, 2017, the Debtor executed an Assignment of Mortgage from the Debtor to Zokaites Properties, LP concerning the mortgage it owned on the Cross Creek Condominium.

41. On June 4, 2020, the Court entered an Order Denying Adversary Defendant Jeffrey Siskind's Motion for Order Requiring Mediation [ECF No. 312]. However, Siskind maintains that mediation will be beneficial to all parties, and that the parties have not as yet conferred meaningfully about the possibility of settlement.

42. The Debtor made monthly payments in accordance with the lease/purchase agreement on the Hebron, Maryland property through at least August, 2017.

43. The Debtor paid independent contractors and materials suppliers who provided

labor and materials for the Hebron, Maryland project at least through July, 2016.

44. The Debtor timely submitted an application to become a licensed grower to the Maryland Medical Cannabis Commission, the agency of the Sate of Maryland charged with awarding licenses to successful applicants.

45. The Debtor sold a 1% share in CannaMED Pharmaceuticals, LLC to Richard Bell for $50,000 prior to submitting its license application to the State of Maryland.

46. The Debtor sold a .25% share of CannaMED Pharmaceuticals, LLC to Robert Smith in August, 2016 for $25,000.

47. The Debtor entered into a lease/purchase for a 7.4 acre property on which a 48,000 sq. ft. former manufacturing facility was located for the purpose of growing medical cannabis in accordance with a license issued by the Maryland Medical Cannabis Commission.

48. The Debtor made substantial improvements to the Hebron, Maryland property in the expectation of receiving a medical cannabis grower's license.

49. CannaMED Pharmaceuticals, LLC was reinstated under the name NuCanna Pharmaceuticals, LLC ("NuCanna").

50. NuCanna recently purchased 2,250 cannabis seeds in order to grow medical cannabis in Canada in preparation for a license to manufacture research grade cannabis pursuant to a license to be issued by the U.S. Drug Enforcement Administration.

51. NuCanna applied for a U.S. license to manufacture research grade cannabis in November, 2016.

52. NuCanna was the first applicant for the U.S. license to manufacture research grade cannabis.

53. CannaMED's Maryland license application was unsuccessful at least partly

because the agency responsible for awarding licenses did not follow the procedures which were published to applicants.

54. CannaMED's Maryland application included proforma build-out and revenue projections which were based upon actual build-out costs and revenues and expenses experienced firsthand by Siskind in a similar medical cannabis enterprise which Siskind launched in Los Angeles, California in 2009.

55. CannaMED's Maryland application listed individuals who were qualified to act on behalf of the applicant.

56. CannaMED was a party to a research grant agreement with Johns Hopkins Medical in accordance with which CannaMED provided up to $10,000,000 in funding to Hopkins for medical cannabis research.

57. CannaMED's investment in the Hebron, Maryland property conformed to the purposes annunciated in CannaMED's Maryland medical cannabis application.

58. CannaMED had sufficient commitments for adequate funding to complete the Hebron, Maryland buildout in the event that it was awarded a license.

59. Applicants which were awarded licenses in Maryland appear to be operating successfully.

60. NuCanna's application to the U.S. Drug Enforcement Administration is similar to the application submitted to the State of Maryland.

61. There is no reason to assume that NuCanna will not be successful in obtaining a profitable operation in the event that it is awarded a license by the U.S. Drug Enforcement Administration.

62. NuCanna can be valued based upon its projected profitability set against a risk

factor which approximates is chances for obtaining a license.

63. CannaMED's lease/purchase agreement amounted to a financing arrangement for the purchase of the Hebron, Maryland property.

64. CannaMED's interest in the Hebron, Maryland property pursuant to its lease/purchase agreement can be valued.

65. The Chapter 7 Trustee's appraiser stated in his deposition that he was made aware of a 2015 appraisal which valued the 3445 Santa Barbara property at more than $2.6 million and would as a result of that knowledge consider re-evaluating his assessment of the value of the property in 2015.

66. The Chapter 7 Trustee's appraiser noted that there were comparable properties used by the appraiser who produced the 2015 appraisal of the Santa Barbara property which he did not use.

67. The Chapter 7 Trustee's appraiser performed his appraisal without visiting the Santa Barbara property.

68. The Chapter 7Trustee has provided Siskind with a proposed supplement its expert report of Alan Barbee but has not filed said report.

69. The supplemental expert report revises Mr. Barbee's assessment of the Debtor's insolvency during the period 2014 through and including 20178, but said revisions are not due to any mistake or newly discovered evidence.

70. The Chapter 7 Trustee recognizes that it is bound by a confidentiality agreement covering Siskind's Attorney Trust Account.

**Submitted July 13, 2020 without approval of the Chapter 7 Trustee.**

.

**S I S K I N D  L E G A L, P L L C**

_____*/s/ Jeffrey M. Siskind*_____
Jeffrey M. Siskind, Esq.   FBN 138746

- Offices -
1629 K Street, Ste. 300, NW  Washington, DC  20006
\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-
113 N. Monroe Street, 1st Floor  Tallassee, Florida  32301
\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-
3465 Santa Barbara Drive  Wellington, Florida  33414

TELEPHONE  (561) 791-9565
FACSIMILE   (561) 791-9581
Email:  jeffsiskind@msn.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via E-Mail upon the parties indicated on the Service List below on this 13th  day of July, 2020.

_____*/s/ Jeffrey M. Siskind*_____
Jeffrey M. Siskind, Esq.   FBN 138746

## SERVICE LIST

*Served via Electronic Mail upon:*

Philip B Harris on behalf of Defendant CannaMED Pharmaceuticals, LLC
philip@philipbharris.com

Philip B Harris on behalf of Defendant Florida's Association of Community Banks and Credit Unions, Incorporated
philip@philipbharris.com

Philip B Harris on behalf of Defendant OB Real Estate Holdings 1732, LLC
philip@philipbharris.com

Philip B Harris on behalf of Defendant Second Siskind Family Trust
philip@philipbharris.com

Philip B Harris on behalf of Defendant Siskind Legal Services
philip@philipbharris.com

Philip B Harris on behalf of Defendant Sovereign Gaming and Entertainment, LLC
philip@philipbharris.com

Philip B Harris on behalf of Defendant Sympatico Equine Rescue, Inc.
philip@philipbharris.com

Philip B Harris on behalf of Defendant Tanya Siskind
philip@philipbharris.com

Jeffrey M Siskind on behalf of Defendant Jeffrey M Siskind
jeffsiskind@msn.com, jmsesq500@gmail.com

Jesus M Suarez on behalf of Plaintiff Robert C Furr
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com