**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re:

CHANCE & ANTHEM, LLC,                                    CASE NO. 18-16248-BKC-MAM

          Debtor.                    Chapter 7
_____/

ROBERT FURR,

              Plaintiff,

v.                                                            ADV. NO. 19-01298-MAM

ROBERT GIBSON, et al.,

              Defendants.
_____/

## DEFENDANT'S NOTICE OF SERVICE OF INTERROGATORIES TO PLAINTIFF

Defendant, Jeffrey Siskind, by and through undersigned counsel, pursuant to Rule 33 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7033 of the Federal Rules of Bankruptcy Procedure, hereby requests that the Plaintiff, Robert C. Furr, answer the following interrogatories, numbered 1 through 10, set forth below, separately and fully in writing, under oath, within the time prescribed by the Court.

**S I S K I N D   L E G A L , P L L C**

        _/s/ Jeffrey M. Siskind_____
Jeffrey M. Siskind, Esq.   FBN 138746

1629 K Street, Ste. 300, NW  Washington, DC  20006
113 N. Monroe Street, 1st Floor  Tallassee, Florida  32301
3465 Santa Barbara Drive  Wellington, Florida  33414

TELEPHONE  (561) 791-9565
FACSIMILE  (561) 791-9581
Email:  jeffsiskind@msn.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on August 18, 2020 upon all creditors and parties in interest registered to receive electronic notification on this case via the Court's Case Management/Electronic Case Filing System and/or U.S. Mail or Personal Service of Process as reflected on the Service List below.

_____*/s/ Jeffrey M. Siskind*_____
Jeffrey M. Siskind, Esq.   FBN 138746

### SERVICE LIST

Robert C. Furr, Chapter 7 Trustee
Via email to *jgenovese@gjb-law.com, jsuarez@gjb-law.com, bgruher@gjb-law.com*

Jeffrey M. Siskind, individually
Via e-mail to *jeffsiskind@msn.com*

Tanya Siskind, individually
Via e-mail to *philip@philipharris.com*

Siskind Legal Services, LLC
Via e-mail to *jeffsiskind@msn.com*

Second Siskind Family Trust
Via e-mail to *philip@philipharris.com*

CannaMed Pharmaceuticals, LLC
Via e-mail to *philip@philipharris.com*

Sovereign Gaming and Entertainment, LLC
Via e-mail to *philip@philipharris.com*

Florida's Association of Community Banks and Credit Unions, Incorporated
Via e-mail to *philip@philipharris.com*

Sympatico Equine Rescue, Incorporated
Via e-mail to *philip@philipharris.com*

## <u>INSTRUCTIONS AND DEFINITIONS</u>

I.      <u>Instructions</u>

      A.      <u>Answers</u>.  Answer each interrogatory separately, and as completely as possible. The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to answer each interrogatory as fully and completely as possible.  Your answers should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives.  To the extent that the answer to any interrogatory is not based upon information known to you, personally, identify the person possessing or providing the information for your answer.  If you cannot, after exercising due diligence to secure the information, fully answer an interrogatory, answer the interrogatory to fullest extent possible, specifying your inability to answer the remainder, and providing that information or knowledge which is known or available concerning the unanswered portion.

      B.      <u>Conjunctive/Disjunctive</u>.  The use of "and" or "or" shall be deemed to include the other.  The use of "all" or "any" or "each" shall be deemed to include the others, and the words "include" and "including" are illustrative, not limiting.

      C.      <u>Definitions</u>.  All words in these interrogatories shall have their plain and ordinary meanings unless specifically defined in Part II.

      D.      <u>Documents</u>.  You may, in lieu of identifying any document, attach a true copy of that document to your answers, together with an explicit reference to the interrogatory to which each such attached document relates.  If any of your answers reference a document, please attach a copy of the referenced document to your answers.

      E.      Except as otherwise stated herein, the responses to these interrogatories shall cover the period from preparation of the initial solvency report until the date of this request.

II.     <u>Definitions</u>

      1.      As used herein, the term "Debtor" shall refer to Chance & Anthem, LLC.

      2.      As used herein, the term "Plaintiff" shall refer to Robert C. Furr, as Trustee of Chance & Anthem, LLC, including his accountant, Alan Barbee, and any other affiliates, subsidiaries, assigns, officers and directors, employees, agents, and others purporting to act on its behalf.

      3.      The words "you", and "your" shall mean the party upon whom this request is being served and all of its affiliates, subsidiaries, assigns, authorized officers and directors, employees, agents, and others purporting to act on its behalf.

      4.      The words "and" and "or" shall be construed as both conjunctive and disjunctive, so that a series of persons or things joined by the words "and" and "or" shall refer to any, all, or any combination of them.

5.        The word "person" shall mean any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, business trust, or other business enterprise, governmental body or agency, legal or business entity, or group of natural persons, or other entity, whether sui juris or otherwise and includes both the singular and plural.

6.        The terms "communication" and "communications" shall interchangeably mean any oral or written statement, dialogue, colloquy, discussion or conversation or exchange of information of any type, and any transfer of thoughts or ideas between any two or more persons, including but not limited to documents, telephone or face-to-face conversations, meetings, conferences, or transfer of data from one location to another by electronic or similar means.

7.        The term "documents" shall mean any kind of written, typed, recorded or graphic matter, however produced or reproduced, of any kind or description, whether sent or received, including originals, non-identical copies and drafts of both sides thereof, and including, but not limited to, papers, books, letters, correspondence, telegrams, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules, memoranda, notes, notations, transcripts, minutes, agendas, reports and recordings of telephone or other conversations, interviews, conferences, or other meetings, affidavits, statements, summaries, opinions, reports, studies, analysis, evaluations, contracts, agreements, journals, diaries, lists, tabulations, drawings, sketches, photographs, film, computer print-outs, data processing input/output, microfilms and all other records kept by  electronic, photographic or mechanical means, and other things similar to  any  of the foregoing, including items in the possession, custody, or control of any other person, including your attorneys.

8.        The word "correspondence" shall mean any and all letters, facsimiles, transmitted memoranda, memorialized oral communications, e-mails, or other communications or documents exchanged or transmitted with another person or entity.

9.        The words "support," "evidence," "relate to," "relating to," "related to," "referred to," "concerning," "pertaining to," and "regarding" shall mean anything which directly, or indirectly, concerns, consists of, pertains to , reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

## <u>INTERROGATORIES</u>

1.    Please describe with specificity the basis for the removal of the entries "due to/from FLACC" of $100,000.00, $272,350.00, $320,685.95 and $321,035.95 for the years 2014 through and including 2017 from the Trustee's  initial solvency report and the entry not being included in the supplemental solvency report, including but not limited which one of the three following reasons were the basis for the removal.  The three reasons are as follows:  a) the receivable was not required to be included in the solvency analysis based upon the definition of solvency contained within Section 101;  b) if the amounts were legitimate the amount would be an expense rather than a receivable; or c) the receivable is uncollectible.  In responding to this Interrogatory, please explain with specificity any and all documents reviewed in making your determination.

2.      Please describe with specificity the basis for the removal of the entry "due to/from Jeffrey Siskind" of $13,233.88, $296,953.51, $297,794.91 and $293,748.91for the years 2014 through and including 2017 from the Trustee's  initial solvency report and the entry not being included in the supplemental solvency report, including but not limited which one of the three following reasons were the basis for the removal.  The three reasons are as follows:  a) the receivable was not required to be included in the solvency analysis based upon the definition of solvency contained within Section 101; b) if the amounts were legitimate the amount would be an expense rather than a receivable; or c) the receivable is uncollectible.  In responding to this Interrogatory, please explain with specificity any and all documents reviewed in making your determination.

3.      Please describe with specificity the basis for the removal of the entry "due to/from Siskind-aircraft" of $117,000, $117,091 and $117,091 for the years 2015 through and including 2017 from the Trustee's  initial solvency report and the entry not being included in the supplemental solvency report, including but not limited which one of the three following reasons were the basis for the removal.  The three reasons are as follows:  a) the receivable was not required to be included in the solvency analysis based upon the definition of solvency contained within Section 101; b) if the amounts were legitimate the amount would be an expense rather than a receivable; or c) the receivable is uncollectible.  In responding to this Interrogatory, please explain with specificity any and all documents reviewed in making your determination.

4.      Please describe with specificity the basis for the removal of the entry "due to/from OB Real Estate" of $15,000, $22,500, $37,125.00 and $37,125.00 for the years 2014 through and including 2017 " from the Trustee's  initial solvency report and the entry not being included in the supplemental solvency report, including but not limited which one of the three following reasons were the basis for the removal.  The three reasons are as follows:  a) the receivable was not required to be included in the solvency analysis based upon the definition of solvency contained within Section 101; b) if the amounts were legitimate the amount would be an expense rather than a receivable; or c) the receivable is uncollectible.  In responding to this Interrogatory, please explain with specificity any and all documents reviewed in making your determination.

     5.    Please describe with specificity the basis for the removal of the entry "Due to/from Siskind Legal" of $62,395.00 and 55,810.20 for the years 2016 through and including 2017 from the Trustee's  initial solvency report and the entry not being included in the supplemental solvency report, including but not limited which one of the three following reasons were the basis for the removal.  The three reasons are as follows:  a) the receivable was not required to be included in the solvency analysis based upon the definition of solvency contained within Section 101; b) if the amounts were legitimate the amount would be an expense rather than a receivable; or c) the receivable is uncollectible.  In responding to this Interrogatory, please explain with specificity any and all documents reviewed in making your determination.

6.     Please describe with specificity the basis for the removal of the entry "Due to/from Sovereign Gaming" of $1,000, $56,000, $60,581.00 and $60,581.00 for the years 2014 through and including 2017 from the Trustee's initial solvency report and the entry not being included in the supplemental solvency report, including but not limited which one of the three following reasons were the basis for the removal. The three reasons are as follows: a) the receivable was not required to be included in the solvency analysis based upon the definition of solvency contained within Section 101; b) if the amounts were legitimate the amount would be an expense rather than a receivable; or c) the receivable is uncollectible. In responding to this Interrogatory, please explain with specificity any and all documents reviewed in making your determination.

7.      Please describe with specificity the basis for the removal of the entry "Due to/from Sympatico" of $5,132.50 and 9,442.50 for the years 2016 through and including 2017 from the Trustee's initial solvency report and the entry not being included in the supplemental solvency report, including but not limited which one of the three following reasons were the basis for the removal.  The three reasons are as follows:  a) the receivable was not required to be included in the solvency analysis based upon the definition of solvency contained within Section 101; b) if the amounts were legitimate the amount would be an expense rather than a receivable; or c) the receivable is uncollectible.  In responding to this Interrogatory, please explain with specificity any and all documents reviewed in making your determination.

8.    Please describe with specificity the basis for the removal of the entry "Due to/from Unknown – Santa Barbara refi." of $400,000.00 for the year 2016 from the Trustee's  initial solvency report and the entry not being included in the supplemental solvency report, including but not limited which one of the three following reasons were the basis for the removal.  The three reasons are as follows:  a) the receivable was not required to be included in the solvency analysis based upon the definition of solvency contained within Section 101; b) if the amounts were legitimate the amount would be an expense rather than a receivable; or c) the receivable is uncollectible.  In responding to this Interrogatory, please explain with specificity any and all documents reviewed in making your determination.

9.      Please describe with specificity the basis for the removal of the entry "Due to/from Tanya Siskind" of $16,500.00 and $16,500.00 for the years 2016 through and including 2017 from the Trustee's  initial solvency report and the entry not being included in the supplemental solvency report, including but not limited which one of the three following reasons were the basis for the removal.  The three reasons are as follows:  a) the receivable was not required to be included in the solvency analysis based upon the definition of solvency contained within Section 101; b) if the amounts were legitimate the amount would be an expense rather than a receivable; or c) the receivable is uncollectible.  In responding to this Interrogatory, please explain with specificity any and all documents reviewed in making your determination.

10.     Please describe with specificity the basis for the removal of any other entry from the Trustee's initial solvency report and the entry not being included in the supplemental solvency report, including but not limited which one of the three following reasons were the basis for the removal.  The three reasons are as follows:  a) the receivable was not required to be included in the solvency analysis based upon the definition of solvency contained within Section 101; b) if the amounts were legitimate the amount would be an expense rather than a receivable; or c) the receivable is uncollectible.  In responding to this Interrogatory, please explain with specificity any and all documents reviewed in making your determination.

Dated this __ day of _____, 2020.

**ROBERT C. FURR**

By _____

Name: _____

Title: _____

STATE OF _____           )
                                    ) ss
COUNTY OF _____              )

      Sworn to and subscribed before me on this ____ day of _____, 2020, by

_____, on behalf of Robert C. Furr, who is personally as identification and who did
known to me or who has produced _____ (did not) take an oath.

NOTARY PUBLIC AT LARGE

_____                              (SEAL)
Signature of Notary Public

_____
Printed Name of Notary Public
Commission No. _____
Commission Expires _____