

**ORDERED in the Southern District of Florida on September 29, 2020.**

_Mindy A. Mora_
_____
**Mindy A. Mora, Judge**
**United States Bankruptcy Court**

_____

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 18-16248-MAM |
| Chance & Anthem, LLC,<br>　　　Debtor.<br>_____/ | Chapter 7 |
| Robert C. Furr,<br>　　　Plaintiff. | Adv. Proc. No. 19-1298-MAM |
| v. | |
| Jeffrey M. Siskind, et al.<br>　　　Defendants.<br>_____/ | |
| Jeffrey M. Siskind,<br>　　　Counter-Plaintiff.<br>　v. | |
| Genovese, Joblove & Battista, P.A., et al.<br>　　　Counter-Defendants.<br>_____/ | |

## <u>OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION [ECF NO. 396]</u>

This matter came before the Court for a hearing on July 28, 2020 at 3:00 p.m. (the "July 28 Hearing") on a Motion for Reconsideration (the "Reconsideration Motion") (ECF No. 396) filed by Jeffrey Siskind ("Siskind"). The Reconsideration Motion sought reconsideration of an oral ruling (the "Oral Ruling") memorialized in an order entered on June 18, 2020 (ECF No. 381) (the "June 18 Order"). The Court has reviewed all pertinent documentation in the record, with specific focus upon the Reconsideration Motion, the Supplement (ECF No. 400) to the Reconsideration Motion, a Response (ECF No. 433) filed by Plaintiff Robert C. Furr ("Trustee"), a Reply filed by Siskind (ECF No. 434), the June 18 Order, and the transcript (ECF No. 382) of the Oral Ruling.

## PROCEDURAL BACKGROUND

The Oral Ruling, which the Court issued at a hearing on June 5, 2020 (the "June 5 Hearing"), and the subsequent June 18 Order collectively resolved a motion to strike (the "Motion to Strike") (ECF No. 281) filed by Trustee. The Motion to Strike sought to strike an affirmative defense reasserted by Siskind that was previously disallowed by a prior order of the Court on March 19, 2020 (ECF No. 263) (the "March 19 Order"). The March 19 Order specifically provided that Siskind must seek leave of Court in order to replead any subsequent assertion of the stricken defense (the "Stricken Defense").

Siskind did not file a motion seeking leave to replead the Stricken Defense prior to his reassertion of the defense in Siskind's Amended Answer, Affirmative Defenses, and Counterclaims to Trustee's First Amended Complaint (ECF No. 272

and 273) (the "Amended Answer"). At the June 5 Hearing, the Court struck, for a second time, the Stricken Defense and awarded sanctions to the Trustee for the necessity of seeking another order striking the Stricken Defense. The Court has not yet determined the amount of the sanctions to be awarded to Trustee.

## APPLICABLE STANDARD

Siskind argues his position by referring to the standard for reconsideration provided by Federal Rule of Civil Procedure 59 ("Rule 59").[1] Rule 59 applies in the context of judgments. Because Siskind opposes an order, rather than a judgment, Rule 59 is inapplicable. Federal Rule of Civil Procedure 60(b) ("Rule 60"), appropriately entitled "*Relief from a Judgment or Order,*" provides the relevant standard.

Rule 60(b) lists the grounds upon which a court may grant relief from or reconsideration of a judgment or order.[2] Those grounds include:

(1)  mistake, inadvertence, surprise, or excusable neglect;
(2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4)  the judgment is void;
(5)  the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6)  any other reason that justifies relief.

---

[1] Federal Rule of Bankruptcy Procedure 9023 incorporates Rule 59 and makes it applicable to this Adversary Proceeding.

[2] Federal Rule of Bankruptcy Procedure 9024 incorporates Rule 60 and makes it applicable to this Adversary Proceeding.

Fed. R. Civ. P. 60. Of those enumerated standards, only Rule 60(b)(1) has potential relevance.

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Jean-Felix v. Chicken Kitchen USA, LLC,* No. 10-23105-CIV, 2013 WL 2243966, at *2 (S.D. Fla. May 21, 2013) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)) (internal quotation marks omitted). Reconsideration of a prior order is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F.Supp.2d 1366, 1370 (S.D. Fla. 2002) (internal citation omitted). Reconsideration is appropriate where there is (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or manifest injustice. *Id.* at 1369. Substantial discretion rests with this Court in its analysis of a request for reconsideration. *Frank Keevan & Son, Inc. v. Callier Steel Pipe & Tube Inc.,* 107 F.R.D. 665, 670-71 (S.D. Fla. 1985); *see also Medley v. Westpoint Stevens, Inc.*, 162 F.R.D. 697, 698-99 (M.D. Ala. 1995) (describing discretion of court to weigh potential for manifest injustice).

## DEFENDANT'S ARGUMENTS AND RELEVANT HISTORY

Trustee filed the Motion to Strike in a particularly contentious adversary proceeding. A typical adversary proceeding in this Court rarely exceeds 100-250 total entries on the court's docketing system known as CM/ECF.[3] By contrast, as of the

---

[3] Even this hypothetical number is generous, as matters involving allegations of fraud have proceeded to a full trial in this Court with far fewer filings. *See, e.g.*, ECF No. 26 in Adv. Proc. No. 19-01870 (Memorandum Opinion and Order resolving adversary proceeding after a full trial upon the merits of

date of the July 28 Hearing, the docket for this Adversary Proceeding already contained 436 entries. Twenty-nine of those entries related to motions filed by Siskind, including three motions to dismiss and a motion for partial summary judgment.[4] Often, Siskind amended motions and responses one or more times, thereby increasing the number of filings the Court and other parties had to review.[5] Siskind repeatedly filed motions to extend Court-ordered deadlines and continue pre-trial conferences.[6] He filed three motions for reconsideration, including the Reconsideration Motion,[7] and took one appeal from an order of the Court.[8]

Against this backdrop of vexatious and oppressive motion practice,[9] the Court reviewed the Motion to Strike and issued orders (i) requiring briefing by the parties (ECF No. 327) and (ii) setting an evidentiary hearing (ECF No. 326) (the "Evidentiary Hearing Order"). The Evidentiary Hearing Order required each party to submit a witness list, exhibit register, and exhibits (the "Required Submissions") prior to the June 5 Hearing.

---

all counts).

[4] *See* ECF Nos. 36, 82, 90, 91, 102, 152, 177, 178, 181, 199, 214, 236, 258, 284, 290, 300, 302, 305, 308, 311, 312, 322, 339, 348, 374, 388, 396, 405, and 408.

[5] *See* ECF Nos. 60, 61, 62, 63, 90, 91, 174, 176, 300, 302, 305, and 308.

[6] *See* ECF Nos. 36, 284, 290, and 322. After the July 28 Hearing, Siskind filed two additional motions to extend. See ECF Nos. 448 and 455.

[7] *See* ECF Nos. 102, 199, and 396.

[8] *See* ECF No. 175.

[9] The Court will observe that Siskind was not alone in engaging in excessive motion practice in this adversary proceeding.

Siskind failed to file his Required Submissions prior to the June 5 Hearing. Siskind did join in a bilateral stipulation of uncontested facts (ECF No. 356) filed by Trustee, as required by the Evidentiary Hearing Order, but this stipulation did not cover the admissibility of exhibits.

Siskind chose not to file a written response to the Motion to Strike. Instead, as the June 5 Hearing loomed, after the parties had taken numerous depositions of each other's witnesses and secured other discovery for use at the June 5 Hearing, Siskind filed a Notice of Withdrawal of Second Affirmative Defense and Counterclaims (the "Notice of Withdrawal") (ECF No. 346) on May 31, 2020. This Notice of Withdrawal purported to withdraw the Stricken Defense without prejudice but expressly reserved the right to pursue the Stricken Defense claims and counterclaims in another forum.

In the absence of Siskind having filed any of the Required Submissions prior to the June 5 Hearing, and based upon Siskind's filing of the Notice of Withdrawal without prejudice, the Court had no indication whatsoever on the record prior to the June 5 Hearing that Siskind planned to present evidence in support of his position at that Hearing.

Despite these procedural deficiencies, Siskind nonetheless contended in the Reconsideration Motion that he planned to present persuasive oral argument at the June 5 Hearing. Interpreting Siskind's arguments within the framework of Rule 60, as the Court must, Siskind's position was that the Court's decision to issue a ruling at the start of the June 5 Hearing constituted "surprise" pursuant to Rule 60(b)(1), and that this surprise robbed him of the opportunity to fully present his arguments

in opposition to the Motion to Strike and the potential imposition of sanctions.[10] He then suggested that the Court's "surprise" decision to issue an oral ruling at the start of the June 5 Hearing deprived him of due process under *Glatter v. Mroz* (*In re Mroz*), 65 F.3d 1567 (11th Cir. 1995).

The Court is not fully convinced that the Court's decision to rule at the commencement of the June 5 Hearing constituted "surprise", and the Court strongly doubts that Siskind has articulated a set of facts that could reasonably be construed as falling within the ambit of "mistake", "inadvertence", or "excusable neglect". After considering all necessary documents, however, the Court determined that a hearing upon the Reconsideration Motion would alleviate any potential due process concerns relating to Siskind's inability to present oral argument at the June 5 Hearing. The Court therefore set the Reconsideration Motion for the July 28 Hearing.

At the July 28 Hearing, the Court permitted Siskind to present the oral arguments that he had been prepared to present at the June 5 Hearing. Because Siskind did not file (i) a written response to the Motion to Strike or (ii) any of the Required Submissions, Siskind could not present written or testimonial evidence at the June 5 Hearing, nor did he seek to do so.[11] Instead, Siskind appeared to have a

---

[10] To the extent that Siskind would characterize "mistake" or "inadvertence" as supplying the basis for reconsideration, the Court's analysis remains the same. "Excusable neglect" is inapplicable, as discussed in more detail below.

[11] Although Siskind contended in the Reconsideration Motion that he should have been permitted to submit evidence at the June 5 Hearing, he acknowledged at the July 28 Hearing that he did not have documentary or testimonial evidence to present. Siskind further conceded that any evidentiary submission would be contrary to the terms of the Evidentiary Hearing Order

singular purpose in filing the Reconsideration Motion. His goal was to avoid the imposition of sanctions.[12]

In his presentation at the July 28 Hearing, Siskind repeated the arguments stated in the Reconsideration Motion and ardently argued that his failure to seek prior leave of Court in advance of refiling the Stricken Defense in the Amended Answer did not demonstrate bad faith. His primary assertion was that because the parties had negotiated the omission of the word "prior" from paragraph 2 of the March 19 Order[13] prior to submitting it to the Court, he could not be faulted for failing to file a separate motion for leave to reassert the Stricken Defense. Moreover, Siskind insisted that he had sought leave to reassert the Stricken Defense. In support of this contention, he pointed to his inclusion of the phrase "sufficient reason for the Court to permit leave" in the Amended Answer that reasserted the Stricken Defense.[14]

---

[12] This goal likely arose from the Court's announcement at the June 5 Hearing that it considered Siskind's assertion of the Stricken Defense and protracted litigation of the Motion to Strike demonstrative of bad faith warranting appropriate sanctions.

[13] Specifically, Siskind pointed to the absence of the word "prior" from the second sentence of paragraph 2, as follows:

> To the extent that Defendant Siskind seeks to reassert his Second Affirmative Defense, Defendant Siskind must seek [*prior*] leave of court and meet the requirements of Federal Rule of Civil Procedure 60(b), to the extent made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 9024, in order to re-plead such affirmative defense.

[14] The entire sentence reads as follows:

> The gravity of the fraud perpetuated by the Trustee is sufficient reason for the Court to permit leave to Defendant to bring this amended affirmative defense in accordance with Federal Rule of Civil Procedure 60(b) as applicable to these proceedings by Federal Rule of Bankruptcy Procedure 9024.

ECF No. 272, at ¶ 3; ECF No. 273 at ¶ 3.

Siskind also argued that the Court denied him due process by ruling at the June 5 Hearing without permitting him to proffer facts demonstrating the existence of emails that eliminated the word "prior" from the specific requirement of seeking leave of Court before re-asserting the Stricken Defense. These emails, Siskind argued, would have demonstrated that: (i) he did not exhibit bad faith, (ii) he had acted in compliance with the March 19 Order, and (iii) sanctions were inappropriate. In support of this argument, Siskind cited to *Glatter v. Mroz (In re Mroz)*, 65 F.3d 1567 (11th Cir. 1995).

Upon questioning by the Court, Siskind acknowledged that his interpretation of the appropriate procedure for asserting the Stricken Defense in the Amended Answer was not well-founded. He admitted that numerous other attorneys with whom he had discussed the matter after the Motion to Strike was filed all agreed that he should have filed a separate motion for leave of Court prior to re-asserting the Stricken Defense in the Amended Answer.[15]

## ANALYSIS

Case law interpreting Rule 60(b)(1) clarifies that application of this provision occurs frequently in situations involving "excusable neglect". *See, e.g.*, *U.S. v. Ferguson*, Case No. 3:07–cv–631–J–34TEM, 2015 WL 164204, at *4 (M.D. Fla. Jan. 13, 2015) (analyzing Rule 60(b)(1) in the context of excusable neglect). Because

---

[15] The Court perceived Siskind's demeanor in presenting his position at the July 28 Hearing as being both candid and contrite. For this reason, the Court accepts at face value Siskind's claim that he simply did not realize the necessity of filing a motion for leave of Court *prior* to re-asserting the Stricken Defense in the Amended Answer.

Siskind has not plead (or shown) excusable neglect, the Court confines its analysis to the "surprise" element of Rule 60(b)(1).[16]

Rule 60(b)(1) does not require a showing of extraordinary circumstances. *Access 4 All, Inc. v. Atl. Hotel Condo. Ass'n, Inc.,* Case No. 04-61740-CIV-COHN, 2007 WL 9698252, at *1 (S.D. Fla. Mar. 6, 2007). This more accessible standard, however, does not mean that defendants need not show circumstances warranting relief. *C.f. Ferguson*, 2015 WL 164204, at *8 (concluding that litigant's prior knowledge prevented a finding of "surprise"). At a minimum, a litigant should demonstrate some fact or circumstance incapable of being known prior to entry of the contested order. *See Access 4 All*, 2007 WL 9698252, at *2 (describing defendants' difficulty complying with court order in manner consistent with local building ordinances).

Having reviewed the full record of this Adversary Proceeding and being intimately familiar with all circumstances relating to entry of the Order, the Court concludes that Siskind has failed to demonstrate "surprise" or "inadvertence" under Rule 60(b)(1). As Siskind acknowledged at the July 28 Hearing, his interpretation of the March 19 Order as not requiring him to seek by separate motion prior leave to reassert the Stricken Defense was not well-founded in law, nor was it consistent with local practice. Essentially, Siskind admitted that there was not a "fair ground for doubt" that the assertion of the Stricken Defense in the Amended Answer without

---

[16] *See* footnote 7, *supra.* In the Reconsideration Motion and at the July 28 Hearing, Siskind's central theme was that he simply did not appreciate the importance of standard civil procedure and the significance of the requirements of the March 19 Order. Although this argument would likely be unavailing from any attorney who is a member of the bar of this Court, the depth of Siskind's experience as a long-standing member of The Florida Bar makes it doubly so.

seeking prior leave of Court was improper under the March 19 Order and local practice. *See Taggert v. Lorenzen*, 139 S. Ct. 1795, 1802 (2019).

Siskind argued at the July 28 Hearing that the Court should not interpret his conduct as indicative of bad faith sufficient for invocation of this Court's inherent power. *Mroz*, 65 F.3d at 1575. Although Siskind argued that he lacked malicious intent when he incorporated the Stricken Defense in the Amended Answer, the Court need not find malicious intent to conclude that Siskind's assertion of the Stricken Defense constituted bad faith. Siskind cannot reasonably argue that he fully and carefully complied with the terms of the March 19 Order, nor can he reasonably argue that he did not intend to reassert the Stricken Defense in the Amended Answer. Finally, Siskind cannot dispute that his role in perpetuating the excessive and needless motion practice that has plagued this Adversary Proceeding, including his reassertion of the Stricken Defense, needlessly increased litigation costs.

Siskind clearly intended to reassert the Stricken Defense in the Amended Answer despite his awareness of the Court's prior ruling in the March 19 Order specifically requiring leave of Court. It was not until *after* the parties had already expended significant resources deposing witnesses and engaging in discovery that Siskind filed his last-minute Notice of Withdrawal without prejudice. As a result, this Court finds that Siskind intentionally decided to take actions in violation of the March 19 Order and assumed the risk of any negative consequences, including sanctions. Siskind's pursuit of the Stricken Defense despite the plain language of the

11

March 19 Order therefore provided a clear example of a lawyer acting imprudently, engaging in frivolous litigation and, ultimately, exhibiting bad faith.

Moreover, in imposing sanctions for the reassertion of the Stricken Defense, the Court also relied upon its power under §105 of the Bankruptcy Code, which is distinct from the inherent contempt power of the Court. *Hardy v. United States (In re Hardy)*, 97 F.3d 1384, 1389 (11th Cir. 1996) (abrogated in part on other grounds by *Taggart*, 139 S. Ct. at 1804). The Court evaluated Siskind's actions in violating the March 19 Order in the overall context of this Adversary Proceeding.

Throughout the proceeding, Siskind has engaged in excessive and unproductive motion practice that has needlessly driven up the length and cost of litigation. The Court's determination that Siskind's conduct warranted an award of coercive sanctions to reasonably compensate Trustee for at least some portion of the cost of litigating the Motion to Strike is a matter of discretion for this Court. *Hardy*, 97 F.3d at 1389-90; *Tucker v. JP Morgan Chase Bank N.A. (In re Tucker)*, 743 Fed. Appx. 964, 967 (11th Cir. 2018) (quoting *Hardy*); *Daughtrey v. Rivera (In re Daughtrey)*, 896 F.3d 1255, 1280 n.57 (11th Cir. 2018), *Ginsberg v. Evergreen Sec., Ltd. (In re Evergreen Sec. Ltd.)*, 570 F.3d 1257, 1263 (11th Cir. 2009); *Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1554 (11th Cir. 1996).

Having evaluated the full record of this Adversary Proceeding and being mindful that Siskind's frivolous and repetitive motion practice will almost certainly continue absent the imposition of sanctions, the Court believes that imposition of a coercive sanction will enable the Adversary Proceeding to proceed on the merits. The

Court therefore determines that reconsideration of the Order is neither warranted nor appropriate.

Further, to the extent that Siskind would argue that Rule 60(b)(6) provides a basis for reconsideration, the Court disagrees. Siskind has not shown "exceptional circumstances" warranting reconsideration of the Order. *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).

Therefore, the Court, being otherwise fully advised in the premises, **ORDERS AND ADJUDGES** that the Reconsideration Motion is **DENIED**.

###

Copy furnished to:

Jeffrey M. Siskind, Esq.

*Attorney Siskind is directed to serve this order upon all interested parties and file a conforming certificate of service.*