

**ORDERED in the Southern District of Florida on September 29, 2020.**

*/s/ Mindy A. Mora*
_____
**Mindy A. Mora, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | Case No.: 18-16248-MAM |
| Chance & Anthem, LLC,<br>    Debtor.<br>_____/ | Chapter 7 |
| Robert C. Furr,<br>    Plaintiff. | Adv. Proc. No. 19-1298-MAM |
| v. | |
| Jeffrey M. Siskind, et al.<br>    Defendants.<br>_____/ | |
| Jeffrey M. Siskind,<br>    Counter-Plaintiff.<br> v. | |
| Genovese, Joblove & Battista, P.A., et al.<br>    Counter-Defendants.<br>_____/ | |

**<u>ORDER AUTHORIZING SUBMISSION OF FINANCIAL STATEMENT IN
RESPONSE TO FEE APPLICATION</u>**

This matter came before the Court for a hearing on July 28, 2020 at 3:00 p.m. (the "July 28 Hearing") on a fee application (the "Fee Application") (ECF No. 384) filed by Plaintiff Robert C. Furr ("Trustee"), and an objection (ECF No. 395) (the "Objection") thereto filed by Jeffrey Siskind ("Siskind").

On June 5, 2020, the Court issued an oral ruling awarding sanctions to Trustee, which was memorialized in an order entered on June 18, 2020 (ECF No. 381) (the "June 18 Order"). The June 18 Order directed the filing of the Fee Application and permitted the filing of the Objection.

On July 2, 2020, Siskind filed a motion for reconsideration (ECF No. 396) (the "Reconsideration Motion") of the June 18 Order. Concurrently with entry of this Order, the Court is entering an opinion and order (the "Reconsideration Order") denying the Reconsideration Motion. The Reconsideration Order sets forth the Court's rationale and basis for denial of the Reconsideration Motion, and it will not be repeated in this Order.

Since the July 28 Hearing, the parties to this Adversary Proceeding have continued to litigate and prepare for trial. As part of that process, the parties have engaged experts to provide testimony on, among other things, the solvency of the debtor in the underlying bankruptcy case. Recently, Siskind filed a motion (ECF No. 455) (the "Expert Report Motion") seeking additional time to provide his expert reports to the Trustee.

In the Expert Report Motion, Siskind states that, due to cash flow problems, he is presently unable to pay the experts that he engaged. Siskind further represents

that, absent payment, the experts are unwilling to release their reports. The Expert Report Motion seeks an extension of ten days to furnish expert reports to the Trustee.

Having reviewed the full docket of this Adversary Proceeding, including the Fee Application, the Objection, and the Expert Report Motion, the Court has determined that it requires additional information to fashion an appropriate coercive sanction (the "Sanction") for the conduct giving rise to the oral ruling and the June 18 Order. The Court is particularly mindful that precedential law requires the Sanction to be coercive, rather than punitive. *In re Hardy*, 97 F.3d 1384, 1390 (11th Cir. 1996) (abrogated on other grounds by *Taggert v. Lorenzen*, 139 S. Ct. 1795, 1804 (2019)). *C.f. In re Fazzary*, 530 B.R. 903, 912 (Bankr. M.D. Fla. 2015) (awarding Rule 9011 sanctions in the minimum amount necessary to deter future instances of inappropriate conduct).

In addition, the Court observes that the award sought by Trustee's counsel is much higher than the Court anticipated[1] for the types of legal services described. Accordingly, the Court has determined that it is appropriate to consider all available facts with respect to the Sanction, including the ability of Siskind to pay the Sanction to ensure that the amount awarded by the Court is coercive and not punitive. In making this determination, the Court acknowledges that Siskind may, for privacy or other personal reasons, decline to provide the Court with detailed information regarding his ability to pay the Sanction. Nonetheless, the Court wishes to provide

---

[1] The Fee Application presents several instances of seemingly duplicative services by multiple timekeepers. As a result, the Court declines to base the amount of the proposed Sanction solely upon the amount sought in the Fee Application.

3

Siskind with the opportunity to provide the Court, under seal, with a sworn financial statement.[2]

Therefore, the Court, being otherwise fully advised in the premises, **ORDERS** that:

1. Siskind is authorized, but not directed, to submit a sworn or verified financial statement (the "Financial Statement") pursuant to 28 U.S.C. § 1746 on or before October 30, 2020 for the Court's consideration.

2. The Financial Statement, if filed, must be filed under seal with the Court, need not be served on any other party to this proceeding, and shall not be discoverable by the Trustee.

### ###

Copy furnished to:

Jeffrey M. Siskind, Esq.

*Attorney Siskind is directed to serve this order upon all interested parties and file a conforming certificate of service.*

---

[2] The Court wishes to emphasize that Siskind's decision not to provide the Court with detailed financial information, should he choose not to, will not adversely impact the Court's ultimate determination regarding the amount of the Sanction, except to the extent that the Court will be required to guess the amount of Siskins's net worth in fashioning a coercive Sanction.