CFN 20150136372
OR BK 27469 PG 0069

RECORDED 04/15/2015 15:27:21
Palm Beach County, Florida
AMT 150,000.00
Deed Doc 525.00
Intang 300.00
Sharon R. Bock, CLERK & COMPTROLLER
Pgs 0069 - 73; (5pgs)

## MORTGAGE MODIFICATION AGREEMENT

THIS AGREEMENT made and entered into this 25TH day of March, 2015 between OB REAL ESTATE HOLDINGS 1732, LLC, A FLORIDA LIMITED LIABILITY COMPANY, whose address is 525 South Flagler Drive, STE 500, West Palm Beach, Florida 33401 (Mortgagor) and GEORGE A. MALER AND JERI L. MALER, HIS WIFE, AS TO AN UNDIVIDED FORTY PERCENT (40%) INTEREST, AND DONALD KASEN, AS TO AN UNDIVIDED THIRTY PERCENT (30%) INTEREST AND BERNARD HIRSH, TRUSTEE OF THE BERNARD HIRSH LIVING TRUST DATED 9/23/1998, AS TO AN UNDIVIDED TWENTY PERCENT (20%) INTEREST, AND RAY S. IVES, AS TRUSTEE OF THE RAY S. IVES REVOCABLE TRUST U/A DATED JULY 5, 2000 AS TO AN UNDIVIDED TEN PERCENT (10%) INTEREST, all of whose addresses for purposes of notice is c/o George Maler, 12509 World Cup Lane, Wellington, Florida 33414 (Mortgagee).

WITNESSETH:

WHEREAS, OB REAL ESTATE HOLDINGS 1732, LLC, a Florida Limited Liability Company executed a Note in favor of GEORGE A. MAILER AND JERI L. MALER, HIS WIFE AS TO AN UNDIVIDED 50% INTEREST, DONALD KASEN, AS TO AN UNDIVIDED 25% INTEREST AND BERNARD HIRSH, TRUSTEE OF THE BERNARD HIRSH LIVING TRUST DATED 9/23/1998 AS TO AN UNDIVIDED 25% INTEREST, in the principal sum of TWO HUNDRED THOUSAND and 00/100 DOLLARS, which was subsequently modified to increase the principal to THREE HUNDRED FIFTY THOUSAND and 00/100 DOLLARS, together with accrued interest, in accordance with the terms of a promissory note consistent therewith, and

WHEREAS, a Balloon Mortgage and Security Agreement were executed on September 3, 2014 by Mortgagor to Mortgagee to secure said promissory note, same being recorded in Official Record Book 27036, Page 1797, and a Mortgage Modification was recorded December 11, 2014 in Official Record Book 27214, Page 33, in the public records of Palm Beach County, Florida encumbering the real estate situated in Palm Beach County, Florida more particularly described as follows:

SEE EXHIBIT "A" ATTACHED HERETON AND MADE A PART HEREOF BY THIS REFERENCE,

And

WHEREAS, upon request of the Mortgagor, Mortgagee agrees to modify the terms of the Mortgage and Note as more particularly set forth hereinafter.

NOW, THEREFORE, for good and valuable consideration, the sufficiency of which is acknowledged by the parties, it is agreed as follows:

The above recitals are true and correct and are incorporated herein by reference as if set forth in full. The outstanding principal balance as of March 20, 2015 is $350,000.00.

The Mortgagor and Mortgagee hereby agree to amend the Mortgage and original promissory note as follows:

That the Mortgagor has executed another promissory note of even date for an additional $150,000.00 to be secured by the original mortgage and this modification thereby increasing the total indebtedness secured by the mortgage and modification to $500,000.00.

That with the advance made this date, the shares of the monies due under this mortgage and note shall be changed as follows: GEORGE A. MALER AND JERI L. MALER, HIS WIFE, SHALL BE AN

**PLAINTIFF'S TRIAL EXHIBIT T-23**

UNDIVIDED 40%; DONALD KASEN SHALL BE AN UNDIVIDED 30%; BERNARD HIRSH, TRUSTEE OF THE BERNARD HIRSH LIVING TRUST DATED 9/23/1998 AS TO AN UNDIVIDED 20%; and RAY S. IVES, AS TRUSTEE OF THE RAY S. IVES REVOCABLE TRUST U/A DATED JULY 5, 2000 SHALL BE AN UNDIVIDED 10%. (Mortgagees).

That the due date for the replacement $500,000.00 promissory note shall be due and payable on or before April 1, 2018.

Mortgagor hereby acknowledges and agrees that the Mortgage, as modified by instrument recorded December 11, 2014 and this Mortgage Modification Agreement, and the replacement Promissory Note ("Note") executed as of event date, are valid and enforceable and Mortgagor hereby expressly covenants, warrants and agrees that all the terms, conditions, covenants and warranties contained therein are hereby ratified and confirmed and shall remain in full force and effect, and constitute the binding and valid obligations of Mortgagor unto Mortgagee, in accordance with their respective terms, except as expressly modified herein, without set-off, defense or counterclaim, except that the future advance clause contained in the original Mortgage is hereby amended in order to prohibit Mortgagor and Mortgagee from entering into further future advances thereunder.

All of the property secured by the Mortgage and Loan documents executed in connection therewith shall in all respects be subject to the lien, charge and encumbrance of the Mortgage, as modified, and nothing contained herein shall constitute a novation or in any way adversely affect, disturb or impair the lien, validity, charge or encumbrance of the Mortgage and the loan documents executed in connection therewith or the priority thereof over other liens, charges, encumbrances or conveyances and the Mortgage shall remain a valid first lien encumbering the Property. The parties hereto acknowledge and agree that Mortgagor is not released from or relieved of any of the liabilities or obligations on the Note or Mortgage and that the Mortgagee hereby reserves all of its rights against all who may be primarily or secondarily liable.

Mortgagor shall be responsible for the payment of all costs incident to this Modification, and state recording taxes, documentary stamp tax and intangible tax, if any.

Mortgagor's obligation hereunder shall not be limited to any extent by the term of the Note secured hereby, and as to any act or occurrence prior to payment in full and satisfaction of said Note which gives rise to liability hereunder, shall continue, survive and remain in full force and effect notwithstanding payment in full and satisfaction of said Note and the Mortgage or foreclosure under the Mortgage, or delivery of a deed in lieu of foreclosure.

The Mortgagor warrants that it is the fee simple owner of the Property; there are no other lien owners or mortgagees who have any encumbrances against the Property.

In the event that any suit or action be brought to enforce or interpret the terms of this Agreement, all cost of such litigation, including but not limited to, reasonable attorney fees and costs through all trial and appellate levels, to include without limitation, any proceedings pursuant to the Bankruptcy Laws of the United States, shall be paid by Mortgagor.

The terms and conditions of the Mortgage and Notes executed in connection therewith are amended and modified to include all of the provisions contained in this Agreement as if fully set forth therein. The provisions of this Agreement shall control in the event of any conflict with the provision of

any such loan documents the unaffected provisions of which are specifically reaffirmed and incorporated herein by reference.

IN WITNESS WHEREOF, the parties hereto have set their hands and seals the day and year first written above.

Signed, sealed and delivered in the presence of:

MORTGAGOR:

OB REAL ESTATE HOLDINGS 1732, LLC,

By: _____
WILLIAM SISKIND, MANAGING MEMBER

STATE OF FLORIDA
COUNTY OF PALM BEACH

The foregoing instrument was acknowledged before me this 20th day of March, 2015 by WILLIAM SISKIND, MANAGING MEMBER of OB REAL ESTATE HOLDINGS 1732, LLC, a Florida limited liability company on its behalf. He is personally known or has produced a driver's license as identification and who did not take an oath.

_____
NOTARY PUBLIC


BART F. CASO
MY COMMISSION # FF 183791
EXPIRES: December 29, 2018
Bonded Thru Budget Notary Services

Witnesses

_____

_____
GEORGE A. MALER

_____
JERI L. MALER

STATE OF FLORIDA
COUNTY OF PALM BEACH

The foregoing instrument was acknowledged before me this 20th day of March, 2015 by GEORGE A. MALER AND JERI L. MALER, his wife, who are personally known or has produced drivers' licenses as identification and who did not take an oath.

_____
NOTARY PUBLIC

BART F. CASO
MY COMMISSION # FF 183791
EXPIRES: December 29, 2018
Bonded Thru Budget Notary Services

Witness

_____          _____
                                          DONALD KASEN

STATE OF FLORIDA
COUNTY OF PALM BEACH

The foregoing instrument was acknowledged before me this 20th day of March, 2015 by DONALD KASEN who is personally known or has produced a driver's license as identification and who did not take an oath.

_____
Bart J. Caso
NOTARY PUBLIC

BART F. CASO
MY COMMISSION # FF 183791
EXPIRES: December 29, 2018
Bonded Thru Budget Notary Services

Witness

_____          _____
                                          BERNARD HIRSH, TRUSTEE

STATE OF FLORIDA
COUNTY OF PALM BEACH

The foregoing instrument was acknowledged before me this 20th day of March, 2015 by BERNARD HIRSH, TRUSTEE OF THE BERNARD HIRSH LIVING TRUST DATED 9/23/1998 and who is personally known or has produced a driver's license as identification and who did not take an oath.

_____
Bart J. Caso
NOTARY PUBLIC

BART F. CASO
MY COMMISSION # FF 183791
EXPIRES: December 29, 2018
Bonded Thru Budget Notary Services

This Mortgage Modification Agreement is acknowledged by the undersigned:

_____
RAY S. IVES, AS TRUSTEE OF THE RAY S. IVES REVOCABLE TRUST U/A DATED JULY 5, 2000

# EXHIBIT A

CONDOMINIUM UNITS CCU3A2, CCU3B2 AND CCU3C2, TRUMP PLAZA OF THE PALM BEACHES, A CONDOMINIUM, ACCORDING TO THE DECLARATION OF CONDOMINIUM THEREOF, RECORDED IN OFFICIAL RECORDS BOOK 4800, PAGE 457, WITH ALL EXHIBITS AND AMENDMENTS THEREOF, PUBLIC RECORDS OF PALM BEACH COUNTY, FLORIDA, AND ANY AND ALL AMENDMENTS THERETO, TOGETHER WITH AN UNDIVIDED INTEREST IN THE COMMON ELEMENTS APPURTENANT THERETO AS SET FORTH IN SAID DECLARATION, TOGETHER WITH AN UNDIVIDED 16.93% INTEREST IN UNIT NO. CCU3 AS SET FORTH IN THE DECLARATION OF AGREEMENT FOR COMMERCIAL UNIT PARKING FACILITIES AS RECORDED IN OFFICIAL RECORDS BOOK 19010, PAGE 70, PUBLIC RECORDS OF PALM BEACH COUNTY, FLORIDA.