# COMMERCIAL LEASE WITH OPTION TO PURCHASE

THIS COMMERCIAL LEASE ("Lease"), made as of this 31st day of March 2016, between **27120 OCEAN GATEWAY LLC**, a Florida limited liability company ("Landlord") with an address of 7745 Dawson Court, Lake Worth, Florida 33467, and **CHANCE & ANTHEM, LLC** a Florida limited liability company ("Tenant"), with a mailing address of 525 South Flagler Drive, Suite 500, West Palm Beach, Florida 33401.

1. **TERM**. Landlord leases to Tenant the property located at **27120 Ocean Gateway, Hebron, MD 21830** described as Account Identifier **District 15 # 003006** hereinafter referred to as "Premises") consisting of approximately 7.4 acres and improved by an approximately 46,500 sq. ft. office warehouse building for a term commencing on **March 31, 2016** and ending on **March 31, 2017**.

2. **RENT**. Tenant shall pay rent for the Premises in the amount of **$6,500.00** per month on the 1st day of each month. Tenant also shall pay prorated rent for the first month if lease period is less than 30 days. Tenant shall remit 1/12 of the annual property taxes each month in addition to the rent payment. The initial tax payment shall be **$761.00** per month. If the tax amount changes, Tenant shall remit any cumulative shortfall in addition to a revised monthly amount.

3. **APPLICATION FEE**. Tenant shall pay a non refundable application in the amount of **$275.00**

4. **LAST MONTHS RENT & SECURITY DEPOSIT**. Tenant shall pay a Security Deposit in the amount $6,500.00 and Last Month's Rent in the amount of $7,261.00 at Lease signing.

5. **OTHER CHARGES**. In the event the rental payment is not received within five (5) days after the due date, Tenant agrees to pay a late charge of $100 plus interest at Ten (10) Percent per annum on the delinquent amount. If payment is not received by the 15th of any month for which rent is due, the payment will be subject to an additional late fee of $100. Tenant agrees to pay $50 for any check returned for any reason. None of these additional charges shall be applied as consideration towards the Option to Purchase.

6. **ASSIGNMENT AND SUBLETTING**. Tenant shall not assign this Lease without Landlord consent. Landlord consent shall not be unreasonably withheld, however Tenant will not be released from any liability. Tenant may, however, sublet the Premises or any part thereof. Landlord consents to Tenant collecting rent directly from any Subtenant.

Landlord: _____

Tenant: _____

**PLAINTIFF'S TRIAL EXHIBIT T-61**

1

7. **INSURANCE**. Tenant shall, during the Term of the Lease, maintain liability insurance covering the Premises, insuring Landlord and Tenant in an amount of not less than One Million and 00/100 Dollars ($1,000,000.00) Combined Single Limit, listing Landlord as an additional insured, and shall provide Landlord with proof of same. Tenant shall also maintain property insurance covering the Premises in an amount of not less than One Million Dollars ($1,000,000.00) written in the name of Landlord and listing Tenant as an additional insured. Each policy shall include a provision requiring notice to Landlord in the event that coverage lapses for any reason whatsoever.

8. **REPAIRS**. Tenant shall maintain the Premises in a clean and sanitary manner and shall make all necessary repairs to the Premises including all equipment, appliances, furniture and furnishings therein, and shall surrender the same at termination, in as good or better condition than as received, normal wear and tear excepted, unless Tenant exercises its option to purchase.

9. **ALTERATIONS**. Tenant, at tenant's sole cost, may make alterations, changes and/or improvements to the property. Any such improvements shall and will become the property of the Landlord and remain on the Premises at the expiration or earlier termination of this Agreement. There shall be no credit for any sums paid pursuant to this Paragraph by Landlord towards the Option Purchase Price of this property.

10. **UTILITIES, TAXES AND EXPENSES**. Tenant agrees to pay for all utilities, real estate taxes, assessments, expenses, and all other liabilities, costs and amounts that are now or hereafter due and owing in connection with the Premises, and shall indemnify Landlord against any such charges. Under no circumstances is Landlord obligated to pay any costs or expenses in connection with the Premises or incur or assume any liabilities in connection with the Premises.

11. **DEFAULT.** If Tenant fails to pay rent when due or perform any of Tenant's agreements mentioned in this Lease after not less than FIVE (5) day written notice of such default given in the manner required by law, the Landlord may, at Landlord's option terminate all rights of the Tenant hereunder including the Option to Purchase described herein, unless Tenant, within said time, shall cure such default. If Lessee abandons or vacates the Premises while in default, Landlord may consider any property left on Premises to be abandoned and may dispose of same in any manner allowed by law.

12. **POSSESSION**. Landlord shall deliver possession of the Property to Tenant upon Landlord's acquisition thereof. If Landlord is unable to deliver possession of the Premises at the commencement hereof, Landlord shall not be liable for any damage caused thereby nor shall this agreement be void. Tenant will not have the right to terminate this Lease nor will Tenant have the right to receive any rent abatement.

Landlord: _____

Tenant: _____

13. **FEES AND EXPENSES**. If Tenant or Landlord shall default in the performance of any provision of this Lease, or if Tenant or Landlord is required to take any action to enforce this Lease, then prevailing party shall be entitled to recover all costs and expenses incurred thereby, including court costs and reasonable attorneys' fees. If an amount is due to Landlord, such fees and expenses shall be deemed to be additional rent hereunder and shall be paid by Tenant to Landlord within five (5) days of rendition of a bill to Tenant concerning such costs and expenses.

14. **END OF TERM, ABANDONED PROPERTY**. At the end of the term, Tenant shall vacate and surrender the Premises to Landlord, broom clean, with all carpet being professionally cleaned and in as good condition as they were at the beginning of the term, except for ordinary wear and tear, and Tenant shall remove all of Tenant's personal property. All property, installations and additions required to be removed by Tenant at the end of the term which remain on the Premises after Tenant has vacated shall be considered abandoned by Tenant and, at the option of Landlord, may either be retained as Landlord's property or may be removed by Landlord at Tenant's expense.

15. **WAIVER OF TRIAL BY JURY**. Landlord and Tenant hereby waive trial by jury in any action, proceeding or counterclaim brought by either party against the other pertaining to any matters whatsoever arising out of or in any way connected with this Lease or Tenant's use and occupancy of the Premises, other than an action for personal injury.

16. **LANDLORD'S RIGHT OF INSPECTION**. Tenant shall permit Landlord or Landlord's agents to enter the premises at reasonable times and upon reasonable notice for the purpose of inspecting the Premises or for making emergency repairs.

17. **HOLDING OVER**. If Tenant holds over and continues in possession of the Premises, or any part thereof, after the expiration of this Lease without Landlord's permission, Landlord may recover rent in the maximum amount permitted by law, on a per diem basis, for each day Tenant holds over and refuses to surrender possession.

18. **"AS IS"**. Tenant hereby acknowledges that Tenant has inspected the Premises and is familiar and satisfied with its present condition. The taking of possession of the Premises by Tenant shall be conclusive evidence that the Premises were in good and satisfactory condition at the time such possession was taken.

19. **OPTION TO PURCHASE**. In consideration of the Tenant meeting all of its obligations as stated herein under this lease, Landlord hereby grants the Tenant an EXCLUSIVE option to purchase the Property or the Landlord's total membership interests under the following terms and conditions:

Landlord: _____

Tenant: _____

3

a) The purchase price, if option is exercised and property is closed within the Term shown above in Section 1 of this Lease, shall be **$1,000,000.00**. Upon payment thereof to Landlord by Tenant or on Tenant's behalf, Landlord shall convey marketable title to Tenant, with no liens or exceptions whatsoever other than those shown on a title policy provided to Landlord upon its purchase of the Property, a copy of which shall also be provided to Tenant.

b) Tenant understands that time is of the essence in this agreement. The option will expire without notice and be of no further effect if not exercised and closed no later than **March 31, 2017.**

c) Landlord and Tenant agree that Tenant shall pay an Option Fee of **$300,000.00** prior to or at the signing of this lease. Tenant may advance these funds directly to the Landlord's predecessor in interest ("Seller") or to the closing agent handling the purchase of the Property by Landlord.. This fee is non refundable in the event Tenant does not exercise the option to purchase under the terms or within the time frame allowed. If Tenant exercises the option to purchase and closes on the property or purchases the membership interests, the Option fee will be shown as a deposit paid by buyer on the closing statement. These funds may not be used toward the payment of rent or other obligations arising under this Commercial Lease with Option to Purchase. In the event that said fee is not paid in full prior to or at signing, this lease shall be null and void.

d) In the event the Tenant exercises the option to purchase, all closing costs (if any) shall be the responsibility of the Tenant including any normally prorated costs.

20. **ADDITIONAL CLAUSES:**

Confidentiality. The parties hereto agree to keep the lease terms and conditions, and any and all additional information relating to the agreement(s) herein confidential, except as necessary to enforce them. Landlord shall refer any and all inquiries pertaining to the ownership of the Property to Tenant.

Conveyance. Landlord warrants that it is and at all times during the term of this Lease and Option to Purchase is possessed of one hundred percent (100%) of the membership units of 27120 Ocean Gateway, LLC and has full and irrevocable authority to convey same to Tenant in accordance with the terms of the option to purchase provided for herein.

21. **SUCCESSORS AND ASSIGNS**. This lease and option to purchase shall be binding on heirs, executors, administrators, successors, and assigns of the respective parties hereto.

Landlord: _____

Tenant: _____

4

IN WITNESS WHEREOF, the parties have executed this Lease as of the day and year first above written.

WITNESSES:                                  LANDLORD:

                                            27120 OCEAN GATEWAY LLC,
                                            a Florida limited liability company

*(signature)*                               By: *(signature)*
                                                Alan Bias, as Manager


WITNESSES:                                  TENANT:

                                            CHANCE & ANTHEM, LLC

*(signature)*                               By: *(signature)*
                                                Jeffrey M. Siskind, Managing Member



Landlord: *(initials)*

Tenant: *(initials)*

5