FINAL (8) 

| Settlement Statement | U.S. Department of Housing and Urban Development | OMB Approval No. 2502-0265 |
|---|---|---|

| | | 6. File Number | 7. Loan Number | 8. Mortgage Insurance Case Number |
|---|---|---|---|---|
| ☐ FHA | 2.☐ RHS   3.☐ Conv. Unins. | B9-7263 | | |
| ☐ VA | 5.☐ Conv. Ins. | | | |

Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for information purposes and are not included in the totals.

| D. Name and Address of Borrower | E. Name and Address of Seller | F. Name and Address of Lender |
|---|---|---|
| 27120 OCEAN GATEWAY, LLC<br>7745 DAWSON COURT<br>LAKE WORTH, FL 33467 | MACHINING TECHNOLOGIES INC.<br>510 NAYLOR MILL RD.<br>SALISBURY, MD 21801 | |

| G. Property Location | H. Settlement Agent | |
|---|---|---|
| 27120 OCEAN GATEWAY<br>HEBRON, MD 21830 | LONG BADGER & SHELLER, LLP | |
| | Place of Settlement<br>124 E. MAIN STREET<br>SALISBURY, MD 21801 | I. Settlement Date<br>03/31/16 |

| J. SUMMARY OF BORROWER'S TRANSACTION: | | K. SUMMARY OF SELLER'S TRANSACTION: | |
|---|---|---|---|
| 100. GROSS AMOUNT DUE FROM BORROWER | | 400. GROSS AMOUNT DUE TO SELLER | |
| 101. Contract sales price | 950,000.00 | 401. Contract sales price | 950,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 12,081.50 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes     to | | 406. City/town taxes     to | |
| 107. County taxes  04/01 to 06/30 | 2,209.71 | 407. County taxes  04/01 to 06/30 | 2,209.71 |
| 108. Assessments     to | | 408. Assessments     to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. GROSS AMOUNT DUE FROM BORROWER | 964,291.21 | 420. GROSS AMOUNT DUE TO SELLER | 952,209.71 |
| 200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER | | 500. REDUCTIONS IN AMOUNT TO SELLER | |
| 201. Deposit or earnest money | 14,291.21 | 501. Excess Deposit (see instructions) | |
| 202. Principal amount of new loan(s) | | 502. Settlement charges to seller (line 1400) | 45,440.00 |
| 203. Existing loan(s) taken subject to | | 503. Existing loans taken subject to | |
| 204. | | 504. Payoff of first mortgage loan<br>FARMERS BANK OF WILLARDS | 914,736.09 |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. SOVEREIGN GAMING PAYMENTS TO DATE | 290,000.00 | 506. SOVEREIGN GAMING PAYMENTS TO DATE | 290,000.00 |
| 207. ADDITIONAL SOVEREIGN GAMING PAYMENT | 10,000.00 | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes     to | | 510. City/town taxes     to | |
| 211. County taxes     to | | 511. County taxes     to | |
| 212. Assessments     to | | 512. Assessments     to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. TOTAL PAID BY / FOR BORROWER | 314,291.21 | 520. TOTAL REDUCTION AMOUNT DUE SELLER | 1,250,176.09 |
| 300. CASH AT SETTLEMENT FROM OR TO BORROWER | | 600. CASH AT SETTLEMENT TO OR FROM SELLER | |
| 301. Gross amount due from borrower (line 120) | 964,291.21 | 601. Gross amount due to seller (line 420) | 952,209.71 |
| 302. Less amounts paid by/for borrower (line 220) | 314,291.21 | 602. Less reduction amount due to seller (line 520) | 1,250,176.09 |
| 303. CASH     FROM     BORROWER | 650,000.00 | 603. CASH     FROM     SELLER | 297,966.38 |

SUBSTITUTE FORM 1099 SELLER STATEMENT: The information contained herein is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported. The Contract Sales Price described on Line 401 above constitutes the Gross Proceeds of this transaction.

SELLER INSTRUCTIONS: To determine if you have to report the sale or exchange of your primary residence on your tax return, see the Schedule D (Form 1040) instructions. If the real estate was not your primary residence, complete the applicable parts of Form 4797, Form 6252, and /or Schedule D (Form 1040).

You are required by law to provide the settlement agent with your correct taxpayer identification number. If you do not provide the settlement agent with your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law. Under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

MACHINING TECHNOLOGIES INC.

TIN#

form HUD-1 (3/86) ref Handbook 4305.2

PLAINTIFF'S TRIAL EXHIBIT T-62

EXHIBIT 5

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT — SETTLEMENT STATEMENT — PAGE 2

**L. SETTLEMENT CHARGES:** File Number: B9-7263

| | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|
| 700. TOTAL SALES/BROKER'S COMMISSION based on price $ 950,000.00 @ = 39,600.00 | | |
| Division of commission (line 700) as follows: | | |
| 701. $ 39,600.00 to SPERRY VAN NESS | | |
| 702. $ to | | 39,600.00 |
| 703. Commission paid at Settlement | | |
| 704. | P.O.C. | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | |
| 801. Loan Origination Fee % | | |
| 802. Loan Discount % | | |
| 803. Appraisal fee to | | |
| 804. Credit report to | | |
| 805. Lender's inspection fee to | | |
| 806. Mtg. ins. application fee to | | |
| 807. Assumption fee to | | |
| 808. | | |
| 809. | | |
| 810. | | |
| 811. | | |
| 812. | | |
| 813. | | |
| 814. | | |
| 815. | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | |
| 901. Interest from to @$ /day | | |
| 902. Mortgage insurance premium to | | |
| 903. Hazard insurance premium yrs. to | | |
| 904. | | |
| 905. | | |
| **1000. RESERVES DEPOSITED WITH LENDER FOR** | | |
| 1001. Homeowner's insurance mo. @$ / mo. | | |
| 1002. Mortgage insurance mo. @$ / mo. | | |
| 1003. City property taxes mo. @$ / mo. | | |
| 1004. County property taxes mo. @$ / mo. | | |
| 1005. Annual Assessments mo. @$ / mo. | | |
| 1006. mo. @$ / mo. | | |
| 1007. mo. @$ / mo. | | |
| 1008. Aggregate Reserve for Hazard/Flood Ins, City/County Prop Taxes, Mortgage Ins & Annual Assessments | | |
| **1100. TITLE CHARGES** | | |
| 1101. Settlement or closing fee to | | |
| 1102. Abstract or title search to SHORE ABSTRACT & TITLE SERVICES, INC. 75.00B | | |
| 1103. Title examination to | | |
| 1104. Title insurance binder to | 350.00 | |
| 1105. Document preparation to LONG BADGER & SHELLER LLP | 5.00 | |
| 1106. Notary fees to MICHELLE LONG | 2,500.00 | |
| 1107. Attorney's fees to LONG BADGER & SHELLER LLP 1075.00B | | |
| (includes above item No: 1101, 1103, 1105) | | |
| 1108. Title insurance to FIRST AMERICAN TITLE INS/LBS | 3,446.50 | |
| (includes above item No: ) | | |
| 1109. Lender's coverage | | |
| 1110. Owner's coverage 950,000.00 — 3,446.50 | | |
| 1111. WIRE TRANSFER FEES FARMERS BANK OF WILLARDS | 20.00 | |
| 1112. COURIER FEES LONG BADGER & SHELLER LLP | | 50.00 |
| 1113. SECURE RELEASE LONG BADGER & SHELLER LLP | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | |
| 1201. Recording fees Deed $ 60.00 ; Mortgage $ ; Releases $ 50.00 | 60.00 | 50.00 |
| 1202. City/county/stamps Deed $ ; Mortgage $ | | |
| 1203. State tax/stamps Deed $ 6,650.00 ; Mortgage $ | 3,325.00 | 3,325.00 |
| 1204. STATE TRANSFER TAX Deed $ 4,750.00 ; Mortgage $ | 2,375.00 | 2,375.00 |
| 1205. | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | |
| 1301. Survey to | | |
| 1302. Pest inspection to | | 40.00 |
| 1303. CERTIFICATE OF STATUS SDAT | | |
| 1304. | | |
| 1305. | | |
| 1306. | | |
| 1307. | | |
| 1308. | | |
| 1400. TOTAL SETTLEMENT CHARGES (enter on lines 103 and 502, Sections J and K) | 12,081.50 | 45,440.00 |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

_____  MANAGER     MACHINING TECHNOLOGIES INC.
771 OCEAN GATEWAY, LLC

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

_____    Date 3-31-16
LONG BADGER & SHELLER, LLP

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine or imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

form HUD-1 (3/86) ref Handbook 4305.2

FINAL - 03-31-2016 at 9:39 AM

DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT — SETTLEMENT STATEMENT — PAGE 2

| L. SETTLEMENT CHARGES: | File Number: B9-7263 | | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|---|---|
| 700. TOTAL SALES/BROKER'S COMMISSION based on price $ | 950,000.00 @ | = | 39,600.00 | | |
| Division of commission (line 700) as follows: | | | | | |
| 701.  39,600.00 to SPERRY VAN NESS | | | | | |
| 702.     to | | | | | 39,600.00 |
| 703. Commission paid at Settlement | | | | | |
| 704. | | | P.O.C. | | |
| 800. ITEMS PAYABLE IN CONNECTION WITH LOAN | | | | | |
| 801. Loan Origination Fee | % | | | | |
| 802. Loan Discount | % | | | | |
| 803. Appraisal fee | to | | | | |
| 804. Credit report | to | | | | |
| 805. Lender's inspection fee | to | | | | |
| 806. Mtg. Ins. application fee | to | | | | |
| 807. Assumption fee | to | | | | |
| 808. | | | | | |
| 809. | | | | | |
| 810. | | | | | |
| 811. | | | | | |
| 812. | | | | | |
| 813. | | | | | |
| 814. | | | | | |
| 815. | | | | | |
| 900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE | | | | | |
| 901. Interest from | to | @$ | /day | | |
| 902. Mortgage insurance premium | | to | | | |
| 903. Hazard insurance premium | | yrs. to | | | |
| 904. | | | | | |
| 905. | | | | | |
| 1000. RESERVES DEPOSITED WITH LENDER FOR | | | | | |
| 1001. Homeowner's insurance | mo. @$ | | /mo. | | |
| 1002. Mortgage insurance | mo. @$ | | /mo. | | |
| 1003. City property taxes | mo. @$ | | /mo. | | |
| 1004. County property taxes | mo. @$ | | /mo. | | |
| 1005. Annual Assessments | mo. @$ | | /mo. | | |
| 1006. | mo. @$ | | /mo. | | |
| 1007. | mo. @$ | | /mo. | | |
| 1008. Aggregate Reserve for Hazard/Flood Ins, City/County Prop Taxes, Mortgage Ins & Annual Assessments | | | | | |
| 1100. TITLE CHARGES | | | | | |
| 1101. Settlement or closing fee | to | | | | |
| 1102. Abstract or title search | to SHORE ABSTRACT & TITLE SERVICES, INC. | | 75.00B | | |
| 1103. Title examination | to | | | | |
| 1104. Title insurance binder | to | | | 350.00 | |
| 1105. Document preparation | to LONG BADGER & SHELLER LLP | | | 5.00 | |
| 1106. Notary fees | to MICHELLE LONG | | | | |
| 1107. Attorney's fees | to LONG BADGER & SHELLER LLP | | 1075.00B | 2,500.00 | |
| (includes above item No: 1101, 1103, 1105) | | | | | |
| 1108. Title insurance | to FIRST AMERICAN TITLE INS/LBS | | | 3,446.50 | |
| (includes above item No: ) | | | | | |
| 1109. Lender's coverage | | | | | |
| 1110. Owner's coverage  950,000.00 — 3,446.50 | | | | | |
| 1111. WIRE TRANSFER FEES | FARMERS BANK OF WILLARDS | | | 20.00 | |
| 1112. COURIER FEES | LONG BADGER & SHELLER LLP | | | | 50.00 |
| 1113. SECURE RELEASE | LONG BADGER & SHELLER LLP | | | | |
| 1200. GOVERNMENT RECORDING AND TRANSFER CHARGES | | | | 60.00 | 50.00 |
| 1201. Recording fees  Deed $ 60.00 ; Mortgage $ | ; Releases $ | 50.00 | | | |
| 1202. City/county/stamps  Deed $ | ; Mortgage $ | | | 3,325.00 | 3,325.00 |
| 1203. State tax/stamps  Deed $ 6,650.00 | ; Mortgage $ | | | 2,375.00 | 2,375.00 |
| 1204. STATE TRANSFER TAX Deed $ 4,750.00 | ; Mortgage $ | | | | |
| 1205. | | | | | |
| 1300. ADDITIONAL SETTLEMENT CHARGES | | | | | |
| 1301. Survey | to | | | | |
| 1302. Pest inspection | to | | | | 40.00 |
| 1303. CERTIFICATE OF STATUS | SDAT | | | | |
| 1304. | | | | | |
| 1305. | | | | | |
| 1306. | | | | | |
| 1307. | | | | | |
| 1308. | | | | | 12,081.50 | 45,440.00 |
| 1400. TOTAL SETTLEMENT CHARGES (enter on lines 103 and 502, Sections J and K) | | | | | |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

_____ MACHINING TECHNOLOGIES INC.

N GATEWAY, LLC

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

_____ KG _____   Date 3-31-16

LONG BADGER & SHELLER, LLP

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine or imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

form HUD-1 (3/86) ref Handbook 4305.2

03-31-2016 at 9:38 AM

## ASSIGNMENT AND ASSUMPTION OF LEASE

For and in consideration of the sum of Ten Dollars ($10.00) cash in hand paid, and other good and valuable considerations, the receipt, amount and sufficiency of all of which is hereby acknowledged, MACHINING TECHNOLOGIES, INC., a Maryland corporation, does hereby assign and convey to

27120 Ocean Gateway, LLC ("Assignee")
7745 Dawson Court
Lake Worth, Florida 33467
Attention: Alan Bias, Manager

all of Assignor's right, title and interest in and to that certain lease with SHARPGAS, INC. d/b/a SHARP ENERGY dated October 14, 2013 (the "Lease"), pursuant to that certain Improved Commercial Sales Contract executed between Assignor, as Seller, and Sovereign Gaming & Entertainment, LLC ("Sovereign") as purchaser, dated as of February 26, 2016 as subsequently amended (collectively the "Purchase Agreement"). Sovereign assigned its interest in the Purchase Agreement to Assignee by Assignment dated March 31, 2016. Capitalized terms used and not otherwise defined in this Assignment and Assumption of Lease and Rents (this "Assignment") shall have the meaning ascribed thereto in the Purchase Agreement.

NOW, THEREFORE, Assignor hereby assigns, sells, transfers, sets over and delivers to Assignee all of Assignor's estate, right, title and interest in and to the Lease, and Assignee hereby accepts and assumes the Lease. Assignee hereby assumes the performance of all of the terms, covenants and conditions imposed upon Assignor under the Lease accruing or arising on or after the date hereof.

Assignee hereby agrees to indemnify, defend and hold harmless Assignor from and against any claims (including reasonable attorneys' fees and costs, and court costs) arising from or related to Assignee's failure to perform its obligations under the Lease accruing or arising on or after the date hereof.

Assignee shall deliver notice to the tenant under the Lease of the transfer and assignment of the Lease in connection with Assignee's purchase of the Property under the terms of the Purchase Agreement. Assignor hereby covenants that it will, at any time and from time to time upon written request therefor, without the assumption of any additional liability therefor, execute and deliver to Assignee, and its successors and assigns, any new or confirmatory instruments and take such further acts as Assignee may reasonably request to fully evidence the assignment contained herein and to enable Assignee, and its successors and assigns, to fully realize and enjoy the rights and interest assigned hereby.

Assignor hereby agrees to indemnify, defend and hold harmless Assignee from and against any claims (including reasonable attorneys' fees and costs, and court costs) arising from or related to Assignor's failure to perform its obligations under the Lease accruing or arising before the date hereof.

1

This Assignment shall be binding upon and inure to the benefit of the successors, assigns, personal representatives, heirs and legatees of the respective parties hereto. This Assignment shall be governed by, interpreted under, and construed and enforced in accordance with, the laws of the State of Maryland. This Assignment may be executed in one or more counterparts, each of which shall be an original, and all of which when taken together shall constitute one and the same instrument.

IN WITNESS WHEREOF, Assignor and Assignee executed and delivered this Assignment as of the 31st day of March, 2016.

**ASSIGNOR:**
**Machining Technologies, Inc.**

by: _____
Kimberly Wilson, Chief Financial Officer

STATE OF MARYLAND, COUNTY OF Wicomico, TO WIT:

I HEREBY CERTIFY that on this 31st day of March, 2016, before me, the undersigned subscriber, a Notary Public of the State and County aforesaid, personally appeared Kimberly Wilson, who acknowledged herself to be the Chief Financial Officer of Machining Technologies, Inc. and that she as such Chief Financial Officer, being authorized to do so, executed the foregoing Assignment and Assumption of Lease for the purposes therein contained, by signing, in my presence, the name of the said Corporation by herself as such Chief Financial Officer.

AS WITNESS my hand and Notarial Seal.

My Commission Expires:
10/19/19

_____
Notary Public

[Notary Seal: Michelle M. Long, Notary Public, Wicomico County, MD]

2

27120 Ocean Gateway, LLC

By: _____
Alan Bias, Managing Member

STATE OF  FLORIDA  , COUNTY OF  PALM BEACH  , TO WIT:

I HEREBY CERTIFY that on this  31st  day of  MARCH  , 2016, before me, the undersigned subscriber, a Notary Public of the State and County aforesaid, personally appeared Alan Bias, who acknowledged himself to be the Managing Member of 27120 Ocean Gateway, LLC, Inc. and that he as such Managing Member, being authorized to do so, executed the foregoing Assignment and Assumption of Lease for the purposes therein contained, by signing, in my presence, the name of the said limited liability company by himself as such Managing Member.

AS WITNESS my hand and Notarial Seal.

My Commission Expires:         _____
                                Notary Public
_____

BART F. CASO
MY COMMISSION # FF 163791
EXPIRES: December 29, 2018
Bonded Thru Budget Notary Services

F:\R-E\9-7263\Assign. of Lease FINAL

3

THIS DEED is made this 31st day of March, 2016, by MACHINING TECHNOLOGIES, INC., a Maryland corporation, hereinafter referred to as "Grantor", witnesseth:

THAT FOR AND IN CONSIDERATION of the sum of NINE HUNDRED FIFTY THOUSAND AND 00/100 DOLLARS ($950,000.00) and other good, valuable and sufficient considerations in hand paid, receipt of which is hereby acknowledged, the said Grantor does hereby grant and convey unto 27120 OCEAN GATEWAY, LLC, a Florida limited liability company, hereinafter referred to as "Grantee", its successors and assigns, all the following described property:

ALL that lot, tract or parcel of land situate, lying and being in Hebron Election District, of Wicomico County and State of Maryland, and on the Northeasterly side of and binding upon U.S. Route 50 leading from Salisbury to Cambridge and more particularly described as follows: Beginning for the same at a point on the Northeasterly right of way line of U.S. Route 50, said point of beginning being at Maryland State Roads Commission station 146+25 as shown and designated on plat entitled "Five Star Farms" made by P. J. Hannon Associates, dated June 3, 1969 and recorded among the Land Records of Wicomico County, Maryland in Liber J.W.T.S. No. 678, Folio 85, said point of beginning being also designated by the letter "A" as shown on said plat, (1) thence by and with the Northeasterly right of way line of U.S. Route 50 aforesaid, South 24 degrees 28 minutes 55 seconds East 394 feet, (2) thence North 65 degrees 31 minutes 5 seconds East 200 feet, (3) thence South 24 degrees 28 minutes 55 seconds East 325 feet, (4) thence North 35 degrees 27 minutes 5 seconds East 703.40 feet to the center line of Rewastico Creek, (5) thence by and with the center line of said Rewastico Creek the following four courses: (a) North 78 degrees 6 minutes 55 seconds West 552.14 feet, (b) North 81 degrees 50 minutes 55 seconds West 48.80 feet, (c) South 83 degrees 13 minutes 5 seconds West 108.21 feet, (d) South 65 degrees 31 minutes 5 seconds West 208 feet to a point on the Northeasterly right of way line of said U.S. Route 50, (6) thence South 24 degrees 28 minutes 55 seconds East a distance of 20 feet, (7) thence South 65 degrees 31 minutes 5 seconds West a distance of 12 feet to the place of beginning, containing 7.4 acres, more or less, and being more particularly shown and designated on the aforesaid plat; AND BEING the same land conveyed unto Machining Technologies, Inc. by Five Star Farms, Inc., by Deed dated July 20, 1994 and recorded among the aforesaid Land Records in Liber M.S.B. No. 1400, Folio 768.

REFERENCE to said deeds, plat and to preceding deeds of the property hereby conveyed, and to the references contained therein, is hereby made a part hereof as if herein fully set forth.

LAW OFFICES
ONG BADGER & SHELLER LLP
T. MAIN STREET
BOX 269
AV, MARYLAND
21803-4039
(410) 749-2356
FAX (410) 749-4731

TOGETHER with the improvements thereon and all the rights, ways, roads, privileges, appurtenances and advantages thereto belonging or in any way appertaining.

TO HAVE AND TO HOLD the above granted property unto the said Grantee, its successors and assigns, forever in fee simple.

AND the Grantor does hereby covenant that it will warrant specially the property hereby conveyed and that it will execute such other and further assurances of the land as may be requisite and necessary.

AS WITNESS my hand and seal the day and year first above written.

WITNESS:   MACHINING TECHOLOGIES, INC.

_____   By: _____ (SEAL)
　　　　　　　　　　　　　　　　　　Kimberly Wilson, Chief Finanical Officer

STATE OF Maryland, COUNTY OF Wicomico :

I HEREBY CERTIFY, that on this 31st day of March, 2016, before me, the undersigned officer, personally appeared Kimberly Wilson who acknowledged herself to be the Chief Financial Officer of Machining Technologies, Inc., and that she as such Chief Financial Officer, being authorized to do so, executed the foregoing instrument for the purposes therein contained, by signing, in my presence, the name of the said corporation by herself as Chief Financial Officer, and certified that this conveyance is not part of a transaction in which there is a sale, lease, exchange or other transfer of all or substantially all of the property and assets of the Grantor Corporation. She further certified that the consideration paid for this property is in the amount of $950,000.00.

AS WITNESS my hand and Notarial Seal.

My Commission Expires:  Michelle M. Long
10/15/19　　　　　　　　　Notary Public

*[Notary seal: MICHELLE M. LONG, NOTARY PUBLIC, WICOMICO COUNTY, MD]*

The undersigned hereby certifies that this Deed was prepared by or under the supervision of an attorney admitted to practice before the Court of Appeals of Maryland.

Date: 3-31-16　　　_____
　　　　　　　　　　　Jeffrey E. Badger　　　Attorney-at-Law

JEB:mml

F:\Real-Est\9-7263\deed v(3)

LAW OFFICES
LONGBADGER & SHELLER LLP
124 EAST MAIN STREET
P.O. BOX 259
SALISBURY, MARYLAND
21803-0259
(410) 749-2355
FAX (410) 749-8751

## PAID OUTSIDE OF CLOSING MEMORANDUM

Machining Technologies, Inc. ("Matech") and Sovereign Gaming & Entertainment, LLC ("Sovereign") agree that the following payments pursuant to the Improved Commercial Sales Contract dated February 26, 2016, as amended, were paid on March 31, 2016 outside of closing:

1. Option Interest in the amount of $30,091.37 was paid to Matech by Sovereign.
2. Option Operating Expenses in the amount of $667.02 were paid by Matech to Sovereign.

Witness:                                                 Machining Technologies, Inc.

_____                          by _____

3/31/16
_____
date


Witness:                                                 Sovereign Gaming & Entertainment, LLC


_____                          by _____


_____
date


RE/9-7263/POC Memo 03.31.16

## PAID OUTSIDE OF CLOSING MEMORANDUM

Machining Technologies, Inc. ("Matech") and Sovereign Gaming & Entertainment, LLC ("Sovereign") agree that the following payments pursuant to the Improved Commercial Sales Contract dated February 26, 2016, as amended, were paid on March 31, 2016 outside of closing:

1. Option Interest in the amount of $30,091.37 was paid to Matech by Sovereign.
2. Option Operating Expenses in the amount of $667.02 were paid by Matech to Sovereign.

Witness: _____

Machining Technologies, Inc.

by _____

_____
date

Witness: *Patricia Barron*
PATRICIA BARRON

March 31, 2016
date

Sovereign Gaming & Entertainment, LLC

by _____ *Authorized Agent*
JEFFREY N. SISKIND ON
BEHALF OF WILLIAM L.
SISKIND, MANAGING MBR.
(original w/ William Siskind's
signature to follow)

RE/9-7263/POC Memo 03.31.16

## ASSIGNMENT

In consideration of the sum of TEN DOLLARS ($10.00) and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, SOVEREIGN GAMING & ENTERTAINMENT, LLC ("Sovereign") hereby assigns all of its rights and obligations pursuant to the Purchase Option Agreement dated August 28, 2015, the Improved Commercial Sales Contract dated February 26, 2016, and the Amendment dated February 25, 2016, each by and between MACHINING TECHNOLOGIES, INC. ("MaTech") as Seller and Sovereign as Buyer for the property known as 27120 Ocean Gateway, Hebron, Maryland 21830 (collectively "The Contract") to 27120 OCEAN GATEWAY, LLC, a Florida Limited Liability Company.

MaTech consents to this Assignment in reliance upon the agreement of Sovereign that Sovereign shall remain obligated under The Contract until completion of settlement thereunder.

Machining Technologies, Inc.

3-31-16
Date

By: _____
Kimberly Wilson, Chief Financial Officer

-Seller-

Sovereign Gaming & Entertainment, LLC

By: _____

_____, Authorized Member

-Buyer/Assignor-

_____
Date

27120 Ocean Gateway, LLC

By: _____

_____, Authorized Member

-Assignee-

_____
Date

F:\R-E\9-7263\Assignment of Contract