Fill in this information to identify the case:

| | |
|---|---|
| Debtor 1 | Chance & Anthem, LLC |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Southern District of Florida |
| Case number | 18-16248-MAM |

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**

David Fiore and Carl Stone
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Carl Stone
Name

1714 Hunters Path Lane
Number        Street

Pittsburgh        PA        15241
City        State        ZIP Code

Contact phone 412-670-5383

Contact email cstone5383@verizon.net

Where should payments to the creditor be sent? (if different)

Sofiye Williams, P.A.
Name

500 E. Broward Blvd., Suite 1710
Number        Street

Fort Lauderdale        FL        33394
City        State        ZIP Code

Contact phone 954-397-5739

Contact email sofiye@comcast.net

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

PLAINTIFF'S TRIAL EXHIBIT
T-104

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$_____800,000.00. **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

See attached Exhibit 1-Third Amended Complaint (pending litigation) alleging, inter alia, conversion, fraud, breach of fiduciary relationship, and fraudulent transfers.

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $_____

Amount of the claim that is secured: $_____

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $_____

Annual Interest Rate (when case was filed) _____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

**11. Is this claim subject to a right of setoff?**

☐ No

☑ Yes. Identify the property: Disputed distribution of approx. $65,000 to David Fiore _____

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:   Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   08/09/2018
                   MM / DD / YYYY

_____
Signature

Print the name of the person who is completing and signing this claim:

Name    David Fiore
        First name          Middle name          Last name

Title    _____

Company  _____
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  c/o Sofiye Williams PA, 500 E. Broward Blvd., Ste. 1710
         Number    Street

         Fort Lauderdale                    FL          33394
         City                               State       ZIP Code

Contact phone   954-397-5739              Email  sofiye@comcast.net

Filing # 62904511 E-Filed 10/16/2017 09:57:07 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

DAVID FIORE, an individual;
CARL STONE, an individual, 3485 LAGO DE
TALAVERA TRUST, a Florida Trust;
DIANNA GEORGE, an individual; and,
CHRISTOPHER GEORGE, an individual,

      Plaintiffs,                       CASE NO:2016CA008765

vs.

JEFFREY M. SISKIND, an individual; WILLIAM
SISKIND, an individual; SOVEREIGN GAMING
& ENTERTAINMENT LLC, a Florida limited
liability company; CHANCE & ANTHEM, LLC, a
Florida limited liability company; OB REAL
ESTATE HOLDINGS 1732, LLC, a Florida
limited liability company; SISKIND LEGAL
SERVICES, LLC, a Florida limited liability
company; and, FLORIDA'S ASSOCIATION OF
COMMUNITY BANKS AND CREDIT UNIONS,
INCORPORATED, a Florida not for profit
corporation,
      Defendants.

_____/

## THIRD AMENDED COMPLAINT

Plaintiffs, DAVID FIORE, an individual, CARL STONE, an individual, 3485 LAGO DE
TALAVERA TRUST, a Florida Trust, DIANNA GEORGE, an individual, and CHRISTOPHER
GEORGE, an individual, by and through the undersigned counsel, sue Defendants: JEFFREY M.
SISKIND, an individual; SOVEREIGN GAMING & ENTERTAINMENT LLC, a Florida
limited liability company; CHANCE & ANTHEM, LLC, a Florida limited liability company;
OB REAL ESTATE HOLDINGS 1732, LLC, a Florida limited liability company; SISKIND
LEGAL SERVICES, LLC, a Florida limited liability company; and, FLORIDA'S
ASSOCIATION OF COMMUNITY BANKS AND CREDIT UNIONS, INCORPORATED, a
Florida not for profit corporation and allege:

### JURISDICTIONAL AND VENUE ALLEGATIONS

# EXHIBIT 1

1. This is an action for damages in excess of $15,000.00 excluding interest, costs and attorney's fees.

2. Plaintiff, DAVID FIORE, is an individual who resides in the State of Florida and is in all aspects, sui juris.

3. Plaintiff, CARL STONE, is an individual who resides in the Commonwealth of Pennsylvania and is in all aspects sui juris.

4. Plaintiff, 3485 LAGO DE TALAVERA TRUST, is an entity formed and existing under the laws of the State of Florida.

5. Plaintiff, DIANNA GEORGE, is an individual who resides in the State of Florida, and is in all aspects sui juris.

6. Plaintiff, CHRISTOPHER GEORGE, is an individual who resides in the State of Florida. Through a valid General Power of Attorney dated December 14, 2010, he made DIANNA GEORGE his attorney in fact.

7. Defendant, JEFFREY M. SISKIND, is a practicing attorney and an individual who resides in the State of Florida.

8. Defendant, WILLIAM SISKIND, is a non-practicing attorney, JEFFREY M. SISKIND's father and an individual who resides in the State of Florida.

9. Defendant, SOVEREIGN GAMING & ENTERTAINMENT LLC (hereinafter "SOVEREIGN") is a Florida limited liability company doing business in the State of Florida.

10. The Manager Member of SOVEREIGN is WILLIAM SISKIND and SOVEREIGN is the disputed owner of real property located at 3485 Lago De Talavera, Wellington, Florida.

11. Defendant, CHANCE & ANTHEM, LLC (hereinafter "CHANCE") is a Florida limited liability company doing business in the State of Florida.

12. The Manager Member of CHANCE is JEFFREY M. SISKIND and CHANCE is the disputed owner of real property located at 3445 Santa Barbara Dr., Wellington, Florida.

13. Defendant, OB REAL ESTATE HOLDINGS 1732, LLC (hereinafter sometimes called "OBRE") is a Florida limited liability company doing business in the State of Florida.

14. The Manager Member of OBRE was WILLIAM SISKIND, is currently FRANK ZOKAITES and OBRE is the disputed owner of the commercial office condominium located at 525 S. Flagler Dr., Suite 500, West Palm Beach, Florida.

15. Defendant, SISKIND LEGAL SERVICES, LLC is a Florida limited liability company doing business in the State of Florida.

16. SISKIND LEGAL SERVICES, LLC is the law firm of Defendant JEFFREY M. SISKIND.

17. Defendant, FLORIDA'S ASSOCIATION OF COMMUNITY BANKS AND CREDIT UNIONS, INCORPORATED (hereinafter "FACB") is a Florida not-for-profit corporation doing business in the State of Florida.

18. Upon information and belief, FACB is the Settlor and sole Trustee of Amalgamated Asset Trust, the holder of a mortgage on real property located at 1371 SW Evergreen Ln., Palm City, Florida. The disputed beneficiary of the Amalgamated Trust is Sympatico Equine Rescue, Inc., a Florida not-for-profit corporation.

19. JEFFREY M. SISKIND is the president of FACB and president of Sympatico Equine Rescue, Inc. The trust agreement was signed by JEFFREY M. SISKIND on October 23, 2013 and amended on November 15, 2014.

20. Venue is proper in this Circuit because this is where the cause of action accrued. The events described herein occurred in the State of Florida, predominantly in Palm Beach County.

21. All conditions precedent to the maintenance of this action have occurred or have been waived.

22. Defendant, JEFFREY M. SISKIND, is an attorney licensed to practice law in the State of Florida and represented the Plaintiffs through his law firm SISKIND LEGAL SERVICES, LLC. He has also gone on the record in bankruptcy court declaring himself the alter ego for Siskind Legal Services.

23. JEFFREY M. SISKIND and WILLIAM SISKIND conspired together and used and/or formed SOVEREIGN, CHANCE, OBRE, SISKIND LEGAL SERVICES, LLC, FACB, Amalgamated Asset Trust and Sympatico as their alter egos to improperly and unlawfully obtain money and assets from people like the Plaintiffs.

## FACTUAL ALLEGATIONS

24. On December 24, 2013 Plaintiff DIANNA GEORGE transferred $2.0M belonging to CHRISTOPHER GEORGE and DIANNA GEORGE to the trust account of SISKIND LEGAL SERVICES and JEFFREY M. SISKIND, who was supposed to use the money to

assist her and their family by doing legal work, investing the money, helping with estate planning and helping to pay for expenses for DIANNA GEORGE and their young son. At the time, she was legally married to CHRISTOPHER GEORGE, who was and remains incarcerated in a Federal Correctional Institute.

25. In or about August/September 2015, CARL STONE and DAVID FIORE transferred $800,000 to the trust account of SISKIND LEGAL SERVICES and JEFFREY M. SISKIND, who was supposed to use the money to assist them by doing legal work, investing the money in real property at 3445 Santa Barbara Drive, Wellington, FL and protecting their investment with proper documentation and recordation.

26. JEFFREY M. SISKIND also misled the Plaintiffs DIANNA GEORGE and 3485 LAGO DE TALAVERA TRUST in order to obtain and use the property at 3485 Lago De Talavera by advising them that DIANNA GEORGE and her young son had to vacate the property so that a paying tenant and/or purchaser could buy and occupy the premises.

27. In fact, there was no tenant or purchaser. WILLIAM SISKIND currently resides at 3485 Lago De Talavera, Wellington, FL, and has never paid rent or purchased the property from its rightful owner, 3485 LAGO DE TALAVERA TRUST. Instead, 3485 LAGO DE TALAVERA TRUST's Trustee and DIANNA GEORGE were deceived by JEFFREY M. SISKIND to the benefit of WILLIAM SISKIND and SOVEREIGN.

28. Through a series of deeds and other self-serving documents obtained through fraud and misrepresentation, the real property was misappropriated with title currently held by SOVEREIGN and WILLIAM SISKIND living at the home taken from Plaintiffs DIANNA GEORGE and 3485 LAGO DE TALAVERA TRUST.

29. WILLIAM SISKIND and/or JEFFREY M. SISKIND paid off the mortgage held by Michelle Watson on 3485 Lago De Talavera using the money from DIANNA GEORGE; however, instead of recording a Satisfaction of Mortgage, an Assignment was recorded in favor of SOVEREIGN for the mortgage that had been satisfied, fraudulently encumbering the property. SOVEREIGN even went so far as to file a foreclosure action against 3485 LAGO DE TALAVERA TRUST based on this assignment, but never obtained service on its defendant and ultimately voluntarily dismissed the action on May 21, 2015.

30. Additionally, multiple mortgages encumber 3485 Lago De Talavera and have been used by JEFFREY M. SISKIND, WILLIAM SISKIND and/or SOVEREIGN to draw equity out of the property through mortgages/notes held by third parties.

31. In addition to the mortgages taken out on the property, it has gone into foreclosure after never making any payments on the first mortgage on 3485 Lago De Talavera and JEFFREY M. SISKIND, WILLIAM SISKIND and/or SOVEREIGN have allowed the property to go into foreclosure as alleged in Palm Beach County, Circuit Court Case No:502016CA012892XXXXMB.

32. JEFFREY M. SISKIND also mislead the Plaintiffs CARL STONE and DAVID FIORE by using the property at 3445 Santa Barbara Drive, Wellington, Florida and his attorney trust account to lure them into trusting him and giving him $800,000 which they thought was for investment into the property.

33. Attorney JEFFREY M. SISKIND failed to give them a mortgage, deed and/or any form of legal protection for their investment used the $800,000 for self-serving and unauthorized purposes and even took out three subsequent mortgages on the property at 3445 Santa Barbara Drive for his own benefit and that of CHANCE.

34. When he made repeated inquiries about the investment project and their money, DAVID FIORE was only given excuses and no actual accounting and explanation about the progress of the investment they believed they made.

35. In addition to the mortgages taken out on the property, JEFFREY M. SISKIND and CHANCE also allowed 3445 Santa Barbara Drive to go into foreclosure on the first mortgage as alleged in Palm Beach County, Circuit Court Case No:502016CA012543XXXXMB. The property has since been sold at foreclosure auction on June 12, 2017.

36. With regard to the 3445 Santa Barbara Drive foreclosure suit against JEFFREY M. SISKIND and CHANCE, the party plaintiff that was substituted and actually purchased the property at auction, Wellington 3445 LP, has a General Partner Zokaites Contracting Florida LLC, whose Manager is Frank Zokaites.

37. With regard to 3485 Lago De Talavera foreclosure suit against WILLIAM SISKIND and SOVEREIGN (Palm Beach County Case No.:502016CA012892XXXMB), the foreclosure plaintiff assigned its interest with a motion to substitute pending in favor of



Zokaites Properties, LP, which does not appear to be registered to do business in the State of Florida according to www.sunbiz.org, the website for the Florida Department of State.

38. OB Real Estate Holdings, LLC purchased the 525 S. Flagler Drive, West Palm Beach, Florida for $100 at a foreclosure auction on August 21, 2013.

39. Thereafter, on December 24, 2013, DIANNA GEORGE wired $2.0M to the attorney trust account of SISKIND LEGAL SERVICES.

40. SOVEREIGN has produced two self-serving so-called promissory notes for a total amount of $2.0M signed by William Siskind for Sovereign – December 24, 2013 for $200,000 and January 9, 2014 for $1.8M.

41. These documents have a number of deficiencies with them, but what they do accomplish is putting the $2.0M deposited by DIANNA GEORGE into the individual possession of WILLIAM SISKIND prior to February 3, 2014, which is the date that SOVEREIGN filed Articles of Organization in the State of Florida, creating the entity that purports to own the property now. CHRISTOPHER GEORGE denies authorizing any such loan.

42. Plaintiffs have never met and do not know WILLIAM SISKIND and never agreed to his obtaining any of their assets in his name or that of any of his companies.

43. Notwithstanding their personal unfamiliarity with WILLIAM SISKIND, Plaintiffs are aware that he is the father of JEFFREY M. SISKIND, who initially had access to their money and real property.

44. According to the Florida Department of State at www.sunbiz.org, on or about March 17, 2014, WILLIAM SISKIND became managing member of OB Real Estate Holdings, LLC, the owner of 525 S. Flagler Drive, Ste. 500, West Palm Beach, Florida.

45. Given the close proximity in time between when DIANNA GEORGE transferred her and CHRISTOPHER GEORGE's money to the trust account, when WILLIAM SISKIND came into possession of the money according to the so-called promissory notes and when WILLIAM SISKIND became managing member of OBRE, WILLIAM SISKIND essentially used the money from DIANNA GEORGE to buy an interest in OBRE, the company foreclosing on his son's commercial condominium office suite and did so without the permission of these Plaintiffs.

46. Also without authorization, WILLIAM SISKIND and/or JEFFREY M. SISKIND further used and diminished the funds of DIANNA GEORGE, CHRISTOPHER GEORGE,

CARL STONE and DAVID FIORE and have failed and refused to produce any independent third party documentation to the contrary despite being asked both before and after suit was filed.

47. OBRE and its officers have wrongfully benefited from the taking and use of Plaintiff's funds by the ownership of the office suite, the collecting of rents for a time and/or collecting other proceeds derived from the office suite.

48. Plaintiff DAVID FIORE owned real property at 1351 SW Evergreen Lane, Palm City, Florida.

49. In 2013, DAVID FIORE went to his attorney JEFFREY M. SISKIND in order to help him with estate planning with respect to the property.

50. It is unclear why same resulted in a Quit Claim Deed to AMALGAMATED ASSET TRUST in October 2013 and then a Corrective Warranty Deed to FLORIDA'S ASSOCIATION OF COMMUNITY BANKS AND CREDIT UNIONS, INC. as Trustee of the AMALGAMATED ASSET TRUST, AMENDED.

51. Upon information and belief, JEFFREY M. SISKIND and WILLIAM SISKIND utilized the Plaintiffs' cash and real property for their personal benefit as more fully described herein.

52. Upon information and belief, JEFFREY M. SISKIND and WILLIAM SISKIND utilized the Plaintiffs' cash and real property in each and every Defendant company as more fully described herein.

53. CHANCE and/or its agents have encumbered the properties at 3445 Santa Barbara Drive with multiple mortgages worth hundreds of thousands of dollars and let them fall into foreclosure, failing to make payments on the mortgages.

54. SOVEREIGN and/or its agents have encumbered the properties at 3485 Lago De Talavera with multiple mortgages worth hundreds of thousands of dollars and let them fall into foreclosure, failing to make payments on the mortgages and failing to collect rent from the tenant/resident WILLIAM SISKIND.

55. After this action was filed and Lis Pendens recorded in this action, closely held companies ultimately owned by Frank Zokaites and his spouse have:
   a) bought OB Real Estate Holdings 1732, LLC;
   b) acquired the foreclosure plaintiff's position on 3445 Santa Barbara Drive; and,

c)  acquired the foreclosure plaintiff's position on 3485 Lago De Talavera.

56. The money and real property of the Plaintiffs has been wrongfully obtained, used and retained, interfering with their rights.

57.  Furthermore, Plaintiffs have been subjected to duress, threats and misinformation, which led to their executing documents against their own best interests.

58. Plaintiffs have and will incur reasonable attorneys' fees and therefore, seek to be awarded for these fees.

### COUNT I – BREACH OF CONTRACT
*(DAVID FIORE and CARL STONE*
*against JEFFREY M. SISKIND and SISKIND LEGAL SERVICES)*

59. Plaintiffs DAVID FIORE and CARL STONE reallege and reaffirm each and every allegation contained in paragraphs 1 through 3, 7, 11 through 12, 15 through 16, 20 through 23, 25, 32 through 36, 46, 48 through 53 and 55 through 58.

60. Plaintiffs DAVID FIORE and CARL STONE entered into a valid contract with JEFFREY M. SISKIND and SISKIND LEGAL SERVICES for legal and other services.

61. The oral contract between DAVID FIORE, CARL STONE, JEFFREY M. SISKIND and SISKIND LEGAL SERVICES was for purchase of real property located at 3445 Santa Barbara Drive, Wellington, Florida as an investment to sell at a profit and share the proceeds between JEFFREY M. SISKIND, SISKIND LEGAL SERVICES, LLC, DAVID FIORE and CARL STONE.

62. SISKIND was supposed to use $800,000 provided by DAVID FIORE and CARL STONE to purchase the subject property from a third party seller.  JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC were supposed to prepare and record a mortgage/note/deed/security instrument, in favor of DAVID FIORE and CARL STONE, in exchange for their approximately $800,000 contribution to purchase the $1.25M property.

63. Instead, JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC accepted the approximately $800,000.00 and then failed to communicate or document how it was used.

64. JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC breached the agreement by doing the following:

a) purchased the property himself in the name of Chance & Anthem LLC;

b) failed to issue and record the mortgage/note/deed/security instrument to DAVID FIORE and/or CARL STONE for the money they invested, approximately $800,000;

c) took out a mortgage for $800,000 in November 2015 encumbering the property;

d) then took out an additional mortgage for $500,000 in March 2016;

e) used the cash from the two mortgages he did take out for his own benefit, not paying DAVID FIORE or CARL STONE or sharing any rental income or other profits; and,

f) changed the property line on the subject property, effectively reducing the size of the lot in order to annex the extra land space for his own homestead property located adjacent to the subject property.

g) had the property foreclosed on by the first mortgage holder.

65. The Defendants JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC failed to disclose any of these items to DAVID FIORE and CARL STONE and repeatedly and consistently deceived them as to the status of their funds and the property.

66. As a result of the acts and omissions of Defendants JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC, DAVID FIORE and CARL STONE have suffered damages.

67. As a result of Defendants' JEFFREY M. SISKIND's and SISKIND LEGAL SERVICES, LLC's acts and/or omissions, Plaintiffs DAVID FIORE and CARL STONE suffered actual damages, including but not limited to: lost assets, lost income, lost rental income, other economic losses mental anguish and emotional distress.

WHEREFORE, the Plaintiffs, DAVID FIORE and CARL STONE respectfully request that the Court enter Judgment against the Defendants JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC, in favor of Plaintiffs and: awarding damages including economic and noneconomic damages, prejudgment interest, costs, attorney's fees; adjudging that the right, title and interest of any party claiming by, through, under or against any Defendant named herein be deemed inferior to the Plaintiffs' rights to the subject properties and forever be barred; retaining jurisdiction of this Court in this action to make any and all further orders and judgments as may be necessary and proper, including imposition of constructive trusts, issuance of Certificates of Title, Corrective Deeds, Writs of Possession for the subject properties; and, any other relief deemed just and proper by this Honorable Court.

## COUNT II – BREACH OF CONTRACT

*(3485 LAGO DE TALAVERA TRUST*
*against JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC)*

68. Plaintiff 3485 LAGO DE TALAVERA TRUST realleges and reaffirms each and every allegation contained in paragraphs 1, 4, 7 through 10, 20 through 23, 26 through 31, 37, 42 through 43, 51 through 52 and 54 through 58.

69. 3485 LAGO DE TALAVERA TRUST was a client of JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC and there was a valid oral contract for JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC to provide services to 3485 LAGO DE TALAVERA TRUST.

70. JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC were compensated, via a $50,000 attorney fee received from DIANNA GEORGE, for their services to 3485 LAGO DE TALAVERA TRUST.

71. Work to be done by JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC included but was not limited to:

   a) realizing equity in real property at a profit;

   b) helping the 3485 LAGO DE TALAVERA TRUST hold a mortgage on real property;

   c) receive rental income from real property for the trust; and/or,

   d) otherwise manage, keep and maintain the property and title to the property located at 3485 Lago de Talavera, Wellington, Florida.

72. JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC were paid in advance for their services as part of the $50,000 paid by DIANNA GEORGE (from the larger $2.0M transfer).

73. Instead of providing the services contracted for, JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC JEFFREY M. SISKIND and SISKIND LEGAL:

   a) encumbered the property with a $300,000 "Indemnity Mortgage" in favor of SISKIND LEGAL, and prepared by JEFFREY M. SISKIND;

   b) did not provide the Trust with the $300,000;

   c) filed foreclosure against 3485 LAGO DE TALAVERA TRUST on behalf of SOVEREIGN;

d) misled the Trustee into executing a deed in lieu of foreclosure in favor of SOVEREIGN;

e) used false statements and information to get DIANNA GEORGE and her family to vacate the 3485 Lago de Talavera property; and/or,

f) never provided any rental income from the property to the Trust;

74. The Defendants JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC failed to disclose any of these matters to the Trust and its Beneficiaries and deceived them as to the status of their funds and the property.

75. As a result of the acts and omissions of Defendants JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC, 3485 LAGO DE TALAVERA TRUST has suffered actual damages, including but not limited to: lost assets, lost income, lost rental income and/or other economic losses.

WHEREFORE, the Plaintiff, 3485 LAGO DE TALAVERA TRUST respectfully requests that the Court enter Judgment against the Defendants JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC, in favor of Plaintiff and: awarding damages including economic and noneconomic damages, prejudgment interest, costs, attorney's fees; adjudging that the right, title and interest of any party claiming by, through, under or against any Defendant named herein be deemed inferior to the Plaintiff's right to the subject properties and forever be barred; retaining jurisdiction of this Court in this action to make any and all further orders and judgments as may be necessary and proper, including imposition of constructive trusts, issuance of Certificates of Title, Corrective Deeds, Writs of Possession for the subject properties; and, any other relief deemed just and proper by this Honorable Court.

## COUNT III – BREACH OF CONTRACT
*(DIANNA GEORGE and CHRISTOPHER GEORGE*
*against JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC)*

76. Plaintiffs DIANNA GEORGE and CHRISTOPHER GEORGE reallege and reaffirm each and every allegation contained in paragraphs 1, 5 through 7, 15 through 16, 20 through 24, 25 through 30, 29, 38 through 47, 51 through 52, 54 and 56 through 58.

77. DIANNA GEORGE and CHRISTOPHER GEORGE were his clients and there was a valid oral contract for JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC to provide services to DIANNA GEORGE and her minor son. DIANNA GEORGE

transferred $2,000,000.00 via wire transfer to JEFFREY M. SISKIND TRUST ACCOUNT at Wells Fargo Bank on or about December 24, 2013.

78. $1,000,000.00 of the money belonged to DIANNA GEORGE and she was custodian over the remaining $1,000,000.00, which belonged to her husband CHRISTOPHER GEORGE.

79. The money was transferred to her attorney's trust account so that he could do work for her and other family members, including but not limited to:

   a) establish and maintain a trust for their minor son;

   b) buy gold as an investment; and,

   c) provide her with money to live on as needed;

80. In exchange for this and other work, her attorney was paid $50,000 from the $2,000,000.00.

81. Initially payments and money were made to DIANNA GEORGE by JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC. However, JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC materially breached the agreement in the with the following acts and/or omissions:

   a) stopped making the payments to her in early 2015;

   b) stopped making payments to her son's school in early 2015;

   c) failed to purchase the gold;

   d) failed to set up the trust and/or trust account for her son; and/or

   e) took, used and/or converted DIANNA GEORGE's money to personal expenses, other businesses and/or purchases of real and other property and/or services for their own benefit; and,

   f) had DIANNA GEORGE and her son move out of the property at 3485 Lago De Talavera under false pretenses.

82. JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC failed to disclose any of these items to DIANNA GEORGE, concealed from her and deceived her as to the status of her funds and the property.

83. As a result of Defendants' JEFFREY M. SISKIND's and SISKIND LEGAL SERVICES, LLC's acts and/or omissions, Plaintiff DIANNA GEORGE suffered actual damages,

including but not limited to: lost assets, lost income, lost earning capacity and/or other economic losses, mental anguish and emotional distress.

WHEREFORE, the Plaintiff, DIANNA GEORGE respectfully requests that the Court enter Judgment against the Defendants JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC, in favor of Plaintiff and: awarding damages including economic and noneconomic damages, prejudgment interest, costs, attorney's fees; adjudging that the right, title and interest of any party claiming by, through, under or against any Defendant named herein be deemed inferior to the Plaintiff's right to the subject properties and forever be barred; retaining jurisdiction of this Court in this action to make any and all further orders and judgments as may be necessary and proper, including imposition of constructive trusts, issuance of Certificates of Title, Corrective Deeds, Writs of Possession for the subject properties; and, any other relief deemed just and proper by this Honorable Court.

## COUNT IV – PROFESSIONAL NEGLIGENCE

*(CARL STONE and DAVID FIORE*
*against JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC)*

84. Plaintiffs DAVID FIORE and CARL STONE reallege and reaffirm each and every allegation contained in paragraphs 1 through 3, 7, 11 through 12, 15 through 16, 20 through 23, 25, 32 through 36, 46, 48 through 53 and 55 through 58.

85. JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC failed to use reasonable care in handling the business of CARL STONE and DAVID FIORE.

86. Reasonable care on the part of a lawyer is the care that a reasonable lawyer would use under like circumstances and includes but is not limited to:

   a) following the client's instructions;

   b) using the client's property/property rights for authorized use only;

   c) protecting the client's property/property rights;

   d) distributing funds to the Client once obtained;

   e) preparing and/or recording mortgage and/or other title documents and security instruments to protect the Client's property rights and investment;

   f) protecting the Client's investment in real property from the claims of subsequent mortgagors and investors;

   g) being truthful with the client;

h)  responding to the client's communications; and,

i)  generally upholding the fiduciary duty to the client.

87. Defendants JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC were negligent in failing to do what a reasonably careful attorney would do and/or doing something that a reasonably careful attorney would not do, including but not limited to:

a)  not following the client's instructions;

b)  using the client's money for unauthorized and/or personal use;

c)  preparing, signing and/or recording a mortgage and/or other real property title documents and security instruments for the benefit of JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC and/or others instead of clients;

d)  not preparing and/or recording a mortgage to protect the Client's investment; and,

e)  generally breaching the fiduciary duty to the Client for the attorney's own gain;

f)  purchasing personal property and investments as instructed by the client with the funds provided by the client;

g)  not keeping the client reasonably informed;

h)  not responding to the clients' communications; and,

i)  generally misleading the clients and causing the clients more harm than good.

88. As a result of the acts and omissions of JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC, CARL STONE AND DAVID FIORE have suffered damages.

89. As a result of Defendants JEFFREY M. SISKIND's and SISKIND LEGAL SERVICES, LLC's acts and/or omissions, Plaintiffs DAVID FIORE and CARL STONE suffered actual damages, including but not limited to: lost assets, lost income, lost rental income and other economic losses.

WHEREFORE, the Plaintiffs, DAVID FIORE and CARL STONE respectfully request that the Court enter Judgment against the Defendants JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC, in favor of PlaintiffS and: awarding damages including economic and noneconomic damages, prejudgment interest, costs, attorney's fees; adjudging that the right, title and interest of any party claiming by, through, under or against any Defendant named herein be deemed inferior to the Plaintiff's right to the subject properties and forever be barred; retaining jurisdiction of this Court in this action to make any and all further orders and judgments as may be necessary and proper, including imposition of constructive trusts, issuance of Certificates of

Title, Corrective Deeds, Writs of Possession for the subject properties; and, any other relief deemed just and proper by this Honorable Court.

## COUNT V – PROFESSIONAL NEGLIGENCE

*(3485 LAGO DE TALAVERA TRUST*
*against JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC)*

90. Plaintiff 3485 LAGO DE TALAVERA TRUST realleges and reaffirms each and every allegation contained in paragraphs 1, 4, 7 through 10, 20 through 23, 26 through 31, 37, 42 through 43, 51 through 52 and 54 through 58.

91. JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC failed to use reasonable care in handling the business of 3485 Lago de Talavera Trust.

92. Reasonable care on the part of a lawyer is the care that a reasonable lawyer would use under like circumstances and includes but is not limited to:

    a) following the client's instructions;

    b) using the client's property/property rights for authorized use only;

    c) protecting the rights of the Trust and/or Trustee;

    d) protecting the client's property/property rights;

    e) distributing funds to the Client once obtained;

    f) responding to the client's communications;

    g) not using your business to hold a mortgage for and end up taking the client's property;

    h) generally upholding the fiduciary duty to the client;

    i) being truthful with the client;

    j) not keeping the client reasonably informed; and.

    k) generally misleading the client and doing more harm than good.

93. Defendants JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC were negligent in failing to do what a reasonably careful attorney would do or doing something that a reasonably careful attorney would not do, including but not limited to:

    a) not following the client's instructions;

    b) using the client's money for unauthorized and/or personal use;

c) preparing, signing and/or recording a mortgage and/or other real property title documents and security instruments for the benefit of JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC;

d) breaching the fiduciary duty to the Client for the attorney's own gain;

e) purchasing personal property and investments as instructed by the client with the funds provided by the client;

f) not keeping the client reasonably informed;

g) not responding to the clients communications; and,

h) not explaining to client truthfully the legal ramifications of executing a mortgage and/or other documents, including a mortgage in favor of the attorney and not getting the funds stated in the mortgage documents.

94. The JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC failed to disclose information to the Trust, its Trustees and/or the Beneficiaries, and deceived them as to the status of their funds and the property.

95. As a result of the acts and omissions of JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC, 3485 LAGO DE TALAVERA TRUST has suffered damages.

96. As a result of Defendants' JEFFREY M. SISKIND's and SISKIND LEGAL SERVICES, LLC's acts and/or omissions, Plaintiff 3485 LAGO DE TALAVERA TRUST suffered actual damages, including but not limited to: lost assets, lost income, lost rental income and other economic losses.

WHEREFORE, the Plaintiff, 3485 LAGO DE TALAVERA TRUST respectfully requests that the Court enter Judgment against the Defendants JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC in favor of Plaintiff and: awarding damages including economic and noneconomic damages, prejudgment interest, costs, attorney's fees; adjudging that the right, title and interest of any party claiming by, through, under or against any Defendant named herein be deemed inferior to the Plaintiff's right to the subject properties and forever be barred; retaining jurisdiction of this Court in this action to make any and all further orders and judgments as may be necessary and proper, including imposition of constructive trusts, issuance of Certificates of Title, Corrective Deeds, Writs of Possession for the subject properties; and, any other relief deemed just and proper by this Honorable Court.

## COUNT VI – PROFESSIONAL NEGLIGENCE

*(DIANNA GEORGE and CHRISTOPHER GEORGE*
*against JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC)*

97. Plaintiffs DIANNA GEORGE and CHRISTOPHER GEORGE reallege and reaffirm each and every allegation contained in paragraphs 1, 5 through 7, 15 through 16, 20 through 24, 25 through 30, 29, 38 through 47, 51 through 52, 54 and 56 through 58.

98. JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC failed to use reasonable care in handling the business of DIANNA GEORGE and CHRISTOPHER GEORGE.

99. Reasonable care on the part of a lawyer is the care that a reasonable lawyer would use under like circumstances and includes but is not limited to:

   a) following the client's instructions;

   b) using the client's money for authorized use only;

   c) preparing a trust for the benefit of Dianna George's child with the money she provided;

   d) distributing her funds to her when requested;

   e) paying her son's educational expenses from her money when requested;

   f) purchasing personal property and investments as instructed by the client with the funds provided by the client;

   g) keeping the client reasonably informed;

   h) responding to the clients communications;

   i) being truthful with the Client;

   j) paying the educational expenses for the client's son as instructed; and,

   k) upholding the attorney's fiduciary duty to the client.

100.     Defendants JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC were negligent in failing to do what a reasonably careful attorney would do or doing something that a reasonably careful attorney would not do, including but not limited to:

   a) not following the client's instructions;

   b) using the client's money for unauthorized and/or personal use;

   c) preparing a trust and/or trust account for the benefit of her child with the money she provided;

   d) distributing funds to her when requested;

e) purchasing personal property and investments as instructed by the client with the funds provided by the client;

f) breaching the fiduciary duty to the Client for the attorney's own gain;

g) purchasing personal property and investments as instructed by the client with the funds provided by the client;

h) not responding to the clients communications; and,

i) not paying the educational expenses for the client's son as instructed;

l) not keeping the client reasonably informed;

m) generally misleading the client and doing more harm than good; and,

101.    The Defendants JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC failed to disclose information to Dianna GEORGE, deceived her as to the status of her funds and the property.

102.    As a result of the acts and omissions of Defendants JEFFREY M. SISKIND's and SISKIND LEGAL SERVICES, LLC, Plaintiffs DIANNA GEORGE and CHRISTOPHER GEORGE suffered actual damages, including but not limited to: lost assets, lost income, lost rental income, other economic losses, mental anguish and emotional distress.

WHEREFORE, the Plaintiffs, DIANNA GEORGE and CHRISTOPHER GEORGE respectfully request that the Court enter Judgment against the Defendants JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC in favor of Plaintiffs and: awarding damages including economic and noneconomic damages, prejudgment interest, costs, attorney's fees; adjudging that the right, title and interest of any party claiming by, through, under or against any Defendants named herein be deemed inferior to the Plaintiff's right to the subject properties and forever be barred; retaining jurisdiction of this Court in this action to make any and all further orders and judgments as may be necessary and proper, including imposition of constructive trusts, issuance of Certificates of Title, Corrective Deeds, Writs of Possession for the subject properties; and, any other relief deemed just and proper by this Honorable Court.

## COUNT VII – CONVERSION

*(DAVID FIORE and CARL STONE against JEFFREY M. SISKIND, SISKIND LEGAL SERVICES, LLC and CHANCE & ANTHEM, LLC)*

103. Plaintiffs DAVID FIORE and CARL STONE reallege and reaffirm each and every allegation contained in paragraphs 1 through 3, 7, 11 through 12, 15 through 16, 20 through 23, 25, 32 through 36, 46, 48 through 53 and 55 through 58.

104. CARL STONE and DAVID FIORE owned $800,000.00 of money deposited into the Defendant JEFFREY M. SISKIND's and SISKIND LEGAL SERVICES, LLC's trust account.

105. The deposited funds were supposed to go towards the purchase of property at 3445 Santa Barbara Drive, along with a mortgage in favor of DAVID FIORE and CARL STONE. They have received nothing in exchange for their $800,000 investment and have been deprived of the use and/or benefit of their money by JEFFREY M. SISKIND, SISKIND LEGAL SERVICES, LLC and CHANCE & ANTHEM, LLC because these Defendants intentionally interfered with the property of DAVID FIORE and CARL STONE.

106. JEFFREY M. SISKIND, SISKIND LEGAL SERVICES, LLC and CHANCE & ANTHEM, LLC, intentionally exercised dominion and control over the property/money of CARL STONE and DAVID FIORE by not using the money as instructed, not complying with requests for distributions and payments and using the money held in trust for DAVID FIORE and CARL STONE to make purchases and fund business and real estate purchases for the benefit of others besides DAVID FIORE and CARL STONE.

107. This misuse of the property and money deprived DAVID FIORE and CARL STONE of the use of THEIR property/money.

108. As a result of the acts and omissions of Defendants JEFFREY M. SISKIND, SISKIND LEGAL SERVICES, LLC and CHANCE & ANTHEM, LLC, Plaintiffs CARL STONE and DAVID FIORE suffered actual damages, including but not limited to: lost assets, lost income, lost earning capacity and/or other economic losses, mental anguish and emotional distress.

WHEREFORE, the Plaintiffs, DAVID FIORE and CARL STONE respectfully requests that the Court enter Judgment against Defendants JEFFREY M. SISKIND, SISKIND LEGAL SERVICES, LLC and CHANCE & ANTHEM, LLC in favor of Plaintiffs and: awarding damages including economic and noneconomic damages, prejudgment interest, costs, attorney's fees; adjudging that the right, title and interest of any party claiming by, through, under or

against any Defendant named herein be deemed inferior to the Plaintiff's right to the subject properties and forever be barred; retaining jurisdiction of this Court in this action to make any and all further orders and judgments as may be necessary and proper, including imposition of constructive trusts, issuance of Certificates of Title, Corrective Deeds, Writs of Possession for the subject properties; and, any other relief deemed just and proper by this Honorable Court.

### COUNT VIII – CONVERSION

*(3485 LAGO DE TALAVERA TRUST against*
*JEFFREY M. SISKIND, WILLIAM SISKIND, SOVEREIGN GAMING &*
*ENTERTAINMENT LLC, and SISKIND LEGAL SERVICES, LLC)*

109. Plaintiff 3485 LAGO DE TALAVERA TRUST realleges and reaffirms each and every allegation contained in paragraphs 1, 4, 7 through 10, 20 through 23, 26 through 31, 37, 42 through 43, 51 through 52 and 54 through 58.

110. 3485 LAGO DE TALAVERA TRUST owned real property located at 3485 Lago De Talavera in Wellington, Florida.

111. The property was supposed to generate income for the benefit of the Trust with the work of JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC, but the Defendants WILLIAM SISKIND, SISKIND LEGAL SERVICES, JEFFREY M. SISKIND and SOVEREIGN intentionally interfered with the property rights of 3485 LAGO DE TALAVERA TRUST through the use of fraud and deception transferred title to the property and then obtained mortgages reducing the equity in the property, with the intention of deceiving the Trustee and depriving the Trust of the real property and the income related thereto.

112. Defendants WILLIAM SISKIND, SISKIND LEGAL SERVICES, JEFFREY M. SISKIND and SOVEREIGN intentionally exercised dominion and control over the property of 3485 LAGO DE TALAVERA TRUST by not using the real property as instructed, not complying with requests for assistance, taking equity out of the property with unauthorized mortgages, using the property for personal benefit, not paying rents to Plaintiff 3485 LAGO DE TALAVERA TRUST while living at the property, and funding unauthorized personal, business and real estate expenses.

113.     WILLIAM SISKIND's, SISKIND LEGAL SERVICES, LLC's, JEFFREY M. SISKIND's and SOVEREIGN's misuse deprived 3485 LAGO DE TALAVERA TRUST of the use of its property.

114.     As a result of the acts and/or omissions of Defendants JEFFREY M. SISKIND, WILLIAM SISKIND, SOVEREIGN GAMING & ENTERTAINMENT LLC, and SISKIND LEGAL SERVICES, LLC, Plaintiff 3485 LAGO DE TALAVERA TRUST suffered actual damages, including but not limited to: lost assets, lost income, lost earning capacity and/or other economic losses.

WHEREFORE, the Plaintiff, 3485 LAGO DE TALAVERA TRUST respectfully requests that the Court enter Judgment against Defendants JEFFREY M. SISKIND, WILLIAM SISKIND, SOVEREIGN GAMING & ENTERTAINMENT LLC, and SISKIND LEGAL SERVICES, LLC, in favor of Plaintiff 3485 LAGO DE TALAVERA TRUST and: awarding damages including economic and noneconomic damages, prejudgment interest, costs, attorney's fees; adjudging that the right, title and interest of any party claiming by, through, under or against any Defendant named herein be deemed inferior to the Plaintiff's right to the subject properties and forever be barred; retaining jurisdiction of this Court in this action to make any and all further orders and judgments as may be necessary and proper, including imposition of constructive trusts, issuance of Certificates of Title, Corrective Deeds, Writs of Possession for the subject properties; and, any other relief deemed just and proper by this Honorable Court.

## COUNT IX – CONVERSION

*(DIANNA GEORGE and CHRISTOPHER GEORGE against JEFFREY M. SISKIND, WILLIAM SISKIND, SOVEREIGN GAMING & ENTERTAINMENT LLC, SISKIND LEGAL SERVICES, LLC and OB REAL ESTATE HOLDINGS 1732, LLC)*

115.     Plaintiffs DIANNA GEORGE and CHRISTOPHER GEORGE reallege and reaffirm each and every allegation contained in paragraphs 1, 5 through 7, 15 through 16, 20 through 24, 25 through 30, 29, 38 through 47, 51 through 52, 54 and 56 through 58.

116.     DIANNA GEORGE and CHRISTOPHER GEORGE owned $2,000,000.00 that she deposited into JEFFREY M. SISKIND's and SISKIND LEGAL SERVICES LLC's trust account.     They have not received the full benefit of the money because the Defendants JEFFREY M. SISKIND, WILLIAM SISKIND, SOVEREIGN GAMING & ENTERTAINMENT LLC, SISKIND LEGAL SERVICES, LLC and OB REAL

ESTATE HOLDINGS 1732, LLC intentionally interfered with DIANNA GEORGE's and CHRISTOPHER GEORGE's personal property, which was money.

117.     Defendants JEFFREY M. SISKIND, WILLIAM SISKIND, SOVEREIGN GAMING & ENTERTAINMENT LLC, SISKIND LEGAL SERVICES, LLC and OB REAL ESTATE HOLDINGS 1732, LLC intentionally exercised dominion and control over the property/money received from DIANNA GEORGE by not using the money as instructed, not complying with requests for distributions and payments and using the money held in trust for DIANNA GEORGE to make purchases and fund transactions for the benefit of JEFFREY M. SISKIND, WILLIAM SISKIND, SOVEREIGN GAMING & ENTERTAINMENT LLC, SISKIND LEGAL SERVICES, LLC and OB REAL ESTATE HOLDINGS 1732, LLC and not for the benefit of DIANNA GEORGE and/or CHRISTOPHER GEORGE.

118.     JEFFREY M. SISKIND's, WILLIAM SISKIND's, SOVEREIGN GAMING & ENTERTAINMENT LLC's, SISKIND LEGAL SERVICES, LLC's and OB REAL ESTATE HOLDINGS 1732, LLC's use deprived DIANNA GEORGE of the use of her property/money.

119.     As a result of the acts and/or omissions of Defendants JEFFREY M. SISKIND, WILLIAM SISKIND, SOVEREIGN GAMING & ENTERTAINMENT LLC, OB REAL ESTATE HOLDINGS 1732, LLC and SISKIND LEGAL SERVICES, LLC, Plaintiff DIANNA GEORGE and CHRISTOPHER GEORGE suffered actual damages, including but not limited to: lost assets, lost income, lost earning capacity and/or other economic losses, mental anguish and emotional distress.

WHEREFORE, the Plaintiffs, DIANNA GEORGE and CHRISTOPHER GEORGE respectfully requests that the Court enter Judgment against Defendants JEFFREY M. SISKIND, WILLIAM SISKIND, SOVEREIGN GAMING & ENTERTAINMENT LLC, OB REAL ESTATE HOLDINGS 1732, LLC and SISKIND LEGAL SERVICES, LLC, in favor of Plaintiffs DIANNA GEORGE and CHRISTOPHER GEORGE and: awarding damages including economic and noneconomic damages, prejudgment interest, costs, attorney's fees; adjudging that the right, title and interest of any party claiming by, through, under or against any Defendant named herein be deemed inferior to the Plaintiffs' right to the subject properties and forever be barred; retaining jurisdiction of this Court in this action to make any and all further orders and

judgments as may be necessary and proper, including imposition of constructive trusts, issuance of Certificates of Title, Corrective Deeds, Writs of Possession for the subject properties; and, any other relief deemed just and proper by this Honorable Court.

## COUNT X – FRAUD

*(DAVID FIORE and CARL STONE*
*against JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC)*

120.    Plaintiffs DAVID FIORE and CARL STONE reallege and reaffirm each and every allegation contained in paragraphs 1 through 3, 7, 11 through 12, 15 through 16, 20 through 23, 25, 32 through 36, 46, 48 through 53 and 55 through 58.

121.    Defendants JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC falsely stated the following facts:

a) JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC would assist DAVID FIORE and CARL STONE;

b) JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC would hold their money in the law firm's trust account for the clients' use and benefit;

c) JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC would make distributions as authorized to invest in purchasing and improving real property, including real estate at 3445 Santa Barbara Dr., Wellington, Florida;

d) JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC would prepare mortgages in favor of DAVID FIORE and CARL STONE for the money they invested; and,

e) JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC would use the money invested for them to make a profit.

122.    At the time they made these statements to DAVID FIORE and CARL STONE, JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC knew that they were false.

123.    The statements were made by JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC for the purpose of inducing DAVID FIORE and CARL STONE to act in reliance thereon by giving their funds to the Defendants JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC.  Defendants JEFFREY M. SISKIND and SISKIND

LEGAL SERVICES, LLC had no intention of actually performing the services promised, as they mislead DAVID FIORE and CARL STONE.

124.　　DAVID FIORE and CARL STONE acted in reliance on the correctness of these statements by transferring their funds to JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC via his trust account.

125.　　As a result of this reliance, DAVID FIORE and CARL STONE were damaged.

126.　　As a result of DEFENDANTS JEFFREY M. SISKIND's and SISKIND LEGAL SERVICES, LLC's acts and/or omissions, DAVID FIORE and CARL STONE suffered actual damages, including but not limited to: lost assets, lost income, lost earning capacity and/or other economic losses, mental anguish and emotional distress.

WHEREFORE, the Plaintiffs, DAVID FIORE and CARL STONE respectfully request that the Court enter Judgment against the Defendants JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC,  in favor of Plaintiffs and: awarding damages including economic and noneconomic damages, prejudgment interest, costs, attorney's fees; adjudging that the right, title and interest of any party claiming by, through, under or against any Defendant named herein be deemed inferior to the Plaintiff's right to the subject properties and forever be barred; retaining jurisdiction of this Court in this action to make any and all further orders and judgments as may be necessary and proper, including imposition of constructive trusts,  issuance of Certificates of Title, Corrective Deeds, Writs of Possession for the subject properties; and, any other relief deemed just and proper by this Honorable Court.

## COUNT XI – FRAUD

*(3485 LAGO DE TALAVERA TRUST*
*against JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC)*

127.　　Plaintiff 3485 LAGO DE TALAVERA TRUST realleges and reaffirms each and every allegation contained in paragraphs 1, 4, 7 through 10, 20 through 23, 26 through 31, 37, 42 through 43, 51 through 52 and 54 through 58.

128.　　Defendants JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC falsely stated the following facts:

a) JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC would assist 3485 LAGO DE TALAVERA TRUST maintain the property at 3485 Lago De Talavera;

b) JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC would assist the 3485 LAGO DE TALAVERA TRUST keep the real property at 3485 Lago de Talavera;

c) JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC would help 3485 LAGO DE TALAVERA receive rental income from real property;

d) JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC would assist the TRUST to otherwise manage, keep and maintain the property and/or sell the property located at 3485 Lago De Talavera, Wellington, Florida; and/or,

e) JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC would make distributions as authorized to buy investments for the benefit of the 3485 LAGO DE TALAVERA TRUST.

129.    At the time they made these statements to Michael Haggerty who is the Trustee for 3485 LAGO DE TALAVERA TRUST, Defendants JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC knew that they were false.

130.    The statements were made by JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC for the purpose of inducing the 3485 LAGO DE TALAVERA TRUST through its Trustee to act in reliance thereon by signing instruments and documents as requested. Defendants JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC had no intention of actually performing the services promised, as they misled the 3485 LAGO DE TALAVERA TRUST through its Trustee.

131.    3485 LAGO DE TALAVERA TRUST, through its Trustee, acted in reliance on the correctness of these statements by transferring their funds to JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC via his trust account.

132.    As a result of this reliance, 3485 LAGO DE TALAVERA TRUST was damaged.

133.    As a result of Defendants' JEFFREY M. SISKIND's and SISKIND LEGAL SERVICES, LLC's acts and/or omissions, 3485 LAGO DE TALAVERA TRUST suffered actual damages, including but not limited to: lost assets, lost income, lost earning capacity and/or other economic losses.

WHEREFORE, the Plaintiff, 3485 LAGO DE TALAVERA TRUST respectfully requests that the Court enter Judgment against the Defendants JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC in favor of Plaintiff and: awarding damages including

economic and noneconomic damages, prejudgment interest, costs, attorney's fees; adjudging that the right, title and interest of any party claiming by, through, under or against any Defendant named herein be deemed inferior to the Plaintiff's right to the subject properties and forever be barred; retaining jurisdiction of this Court in this action to make any and all further orders and judgments as may be necessary and proper, including imposition of constructive trusts, issuance of Certificates of Title, Corrective Deeds, Writs of Possession for the subject properties; and, any other relief deemed just and proper by this Honorable Court.

## COUNT XII – FRAUD

*(DIANNA GEORGE and CHRISTOPHER GEORGE*
*against JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC)*

134.     Plaintiffs DIANNA GEORGE and CHRISTOPHER GEORGE reallege and reaffirm each and every allegation contained in paragraphs 1, 5 through 7, 15 through 16, 20 through 24, 25 through 30, 29, 38 through 47, 51 through 52, 54 and 56 through 58.

135.     Defendants JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC falsely stated the following to DIANNA GEORGE and CHRISTOPHER GEORGE:

a) JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC would assist DIANNA GEORGE and CHRISTOPHER GEORGE;

b) JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC would hold DIANNA GEORGE and CHRISTOPHER GEORGE's money in the law firm's trust account for the clients' use and benefit;

c) JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC would make distributions as authorized to buy investments, such as gold;

d) JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC would set up a trust/trust account for the benefit of DIANNA GEORGE and their son;

e) JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC would make distributions for their son's education; and,

f) JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC would make other distributions to DIANNA GEORGE from their money.

136.     At the time they made these statements to DIANNA GEORGE and CHRISTOPHER GEORGE, JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC knew that they were false.

137.     The statements were made by JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC for the purpose of inducing DIANNA GEORGE and CHRISTOPHER GEORGE to act in reliance thereon by giving THEIR $2,000,000 to the control of M. SISKIND and SISKIND LEGAL SERVICES, LLC. Defendants JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC had no intention of actually performing the services promised, as they mislead DIANNA GEORGE and CHRISTOPHER GEORGE.

138.     DIANNA GEORGE and CHRISTOPHER GEORGE acted in reliance on the correctness of these statements by transferring $2,000,000.00 to JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC via the law firm trust account.

139.     As a result of this reliance, DIANNA GEORGE and CHRISTOPHER GEORGE were damaged.

140.     As a result of Defendants' JEFFREY M. SISKIND's and SISKIND LEGAL SERVICES, LLC's acts and/or omissions, DIANNA GEORGE and CHRISTOPHER GEORGE suffered actual damages, including but not limited to: lost assets, lost income, lost earning capacity and/or other economic losses, mental anguish and emotional distress.

WHEREFORE, the Plaintiffs, DIANNA GEORGE and CHRISTOPHER GEORGE respectfully requests that the Court enter Judgment against the Defendants JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC, in favor of Plaintiffs and: awarding damages including economic and noneconomic damages, prejudgment interest, costs, attorney's fees; adjudging that the right, title and interest of any party claiming by, through, under or against any Defendant named herein be deemed inferior to the Plaintiff's right to the subject properties and forever be barred; retaining jurisdiction of this Court in this action to make any and all further orders and judgments as may be necessary and proper, including imposition of constructive trusts, issuance of Certificates of Title, Corrective Deeds, Writs of Possession for the subject properties; and, any other relief deemed just and proper by this Honorable Court.

## COUNT XIII - UNJUST ENRICHMENT

*(DAVID FIORE and CARL STONE against JEFFREY M. SISKIND,*
*CHANCE & ANTHEM LLC, and SISKIND LEGAL SERVICES, LLC)*

141.     Plaintiffs DAVID FIORE and CARL STONE reallege and reaffirm each and every allegation contained in paragraphs 1 through 58.

142.     DAVID FIORE and CARL STONE conferred a benefit on Defendants JEFFREY
M. SISKIND, CHANCE & ANTHEM LLC and SISKIND LEGAL SERVICES, LLC.

143.     JEFFREY M. SISKIND, CHANCE & ANTHEM LLC and SISKIND LEGAL
SERVICES, LLC had knowledge of this benefit, as their bank accounts received money
they had not earned and were reflected in the law firm's Trust Ledger.

144.     Under the circumstances, it would be inequitable for JEFFREY M. SISKIND,
CHANCE & ANTHEM LLC and SISKIND LEGAL SERVICES, LLC to retain the
benefit without paying fair value for them.

145.     As a result of the acts and/or omissions of JEFFREY M. SISKIND, CHANCE &
ANTHEM LLC and SISKIND LEGAL SERVICES, LLC, Plaintiffs DAVID FIORE and
CARL STONE suffered actual damages, including but not limited to: lost cash, fair
market value of lost assets, lost income, lost earning capacity and/or other economic
losses, mental anguish and emotional distress.

WHEREFORE, the Plaintiffs, DAVID FIORE and CARL STONE respectfully request
that the Court enter Judgment against Defendants JEFFREY M. SISKIND, CHANCE &
ANTHEM LLC and SISKIND LEGAL SERVICES, LLC, in favor of Plaintiff and: awarding
damages including economic and noneconomic damages, prejudgment interest, costs, attorney's
fees; adjudging that the right, title and interest of any party claiming by, through, under or
against any Defendant named herein be deemed inferior to the Plaintiffs right to the subject
properties and forever be barred; retaining jurisdiction of this Court in this action to make any
and all further orders and judgments as may be necessary and proper, including imposition of
constructive trusts, issuance of Certificates of Title, Corrective Deeds, Writs of Possession for
the subject properties; and, any other relief deemed just and proper by this Honorable Court.

### COUNT XIV - UNJUST ENRICHMENT

*(3485 LAGO DE TALAVERA TRUST against JEFFREY M. SISKIND, WILLIAM SISKIND,
SOVEREIGN GAMING & ENTERTAINMENT LLC, and SISKIND LEGAL SERVICES, LLC)*

146.     Plaintiff 3485 LAGO DE TALAVERA TRUST realleges and reaffirms each and
every allegation contained in paragraphs 1 through 58.

147.     3485 LAGO DE TALAVERA TRUST conferred a benefit on Defendants
JEFFREY M. SISKIND, WILLIAM SISKIND, SOVEREIGN GAMING &
ENTERTAINMENT LLC and SISKIND LEGAL SERVICES, LLC.

148. JEFFREY M. SISKIND, WILLIAM SISKIND, SOVEREIGN GAMING & ENTERTAINMENT LLC, and SISKIND LEGAL SERVICES, LLC had knowledge of this benefit as:

a) JEFFREY M. SISKIND and SISKIND LEGAL SERVICES did work creating the 3485 LAGO DE TALAVERA TRUST and prepared and recorded the documents that took the 3485 Lago De Talavera property away from the Trust;

b) WILLIAM SISKIND lives in the property at 3485 Lago De Talavera; and,

c) SOVEREIGN took out mortgages and cashed out hundreds of thousands of dollars in equity from the real property and obtained a deed for the property itself.

149. Nobody explained to the Trustee the consequences of various instruments and documents signed by the Trustee for 3485 LAGO DE TALAVERA TRUST.

150. Under the circumstances, it would be inequitable for Defendants JEFFREY M. SISKIND, WILLIAM SISKIND, SOVEREIGN GAMING & ENTERTAINMENT LLC and SISKIND LEGAL SERVICES, LLC to retain the benefit without paying fair value for them.

151. As a result of the acts/omissions of Defendants JEFFREY M. SISKIND, WILLIAM SISKIND, SOVEREIGN GAMING & ENTERTAINMENT LLC and SISKIND LEGAL SERVICES, LLC, 3485 LAGO DE TALAVERA TRUST suffered actual damages, including but not limited to: lost real property; lost fair market value of the real property, lost rental income, and/or other economic losses.

WHEREFORE, the Plaintiff, 3485 LAGO DE TALAVERA TRUST respectfully requests that the Court enter Judgment against Defendants JEFFREY M. SISKIND, WILLIAM SISKIND, SOVEREIGN GAMING & ENTERTAINMENT LLC and SISKIND LEGAL SERVICES, LLC in favor of Plaintiff and: awarding damages including economic and noneconomic damages, prejudgment interest, costs, attorney's fees; adjudging that the right, title and interest of any party claiming by, through, under or against any Defendant named herein be deemed inferior to the Plaintiff's right to the subject properties and forever be barred; retaining jurisdiction of this Court in this action to make any and all further orders and judgments as may be necessary and proper, including imposition of constructive trusts, issuance of Certificates of Title, Corrective Deeds, Writs of Possession for the subject properties; and, any other relief deemed just and proper by this Honorable Court.

## COUNT XV - UNJUST ENRICHMENT

*(DIANNA GEORGE and CHRISTOPHER GEORGE against JEFFREY M. SISKIND, WILLIAM SISKIND, SOVEREIGN GAMING & ENTERTAINMENT LLC, OB REAL ESTATE HOLDINGS 1732, LLC and SISKIND LEGAL SERVICES, LLC)*

152.     Plaintiffs DIANNA GEORGE and CHRISTOPHER GEORGE reallege and reaffirm each and every allegation contained in paragraphs 1 through 58.

153.     DIANNA GEORGE and CHRISTOPHER GEORGE conferred a benefit on Defendants JEFFREY M. SISKIND, WILLIAM SISKIND, SOVEREIGN GAMING & ENTERTAINMENT LLC, CHANCE & ANTHEM LLC, OB REAL ESTATE HOLDINGS 1732, LLC and SISKIND LEGAL SERVICES, LLC when her money and the home she lived in came into their control, possession and use.

154.     JEFFREY M. SISKIND, WILLIAM SISKIND, SOVEREIGN GAMING & ENTERTAINMENT LLC, CHANCE & ANTHEM LLC, OB REAL ESTATE HOLDINGS 1732, LLC and SISKIND LEGAL SERVICES, LLC had knowledge of this benefit, as their bank accounts received money they had not earned, they used the money that rightfully belonged to DIANNA GEORGE and they were all manipulated by Defendants JEFFREY M. SISKIND and WILLIAM SISKIND.

155.      Under the circumstances, it would be inequitable for the Defendants JEFFREY M. SISKIND, WILLIAM SISKIND, SOVEREIGN GAMING & ENTERTAINMENT LLC and SISKIND LEGAL SERVICES, LLC to retain the benefit without paying fair value for them.

156.     As a result of the acts and/or omissions of JEFFREY M. SISKIND, WILLIAM SISKIND, SOVEREIGN GAMING & ENTERTAINMENT LLC and SISKIND LEGAL SERVICES, LLC, Plaintiff DIANNA GEORGE and CHRISTOPHER GEORGE suffered actual damages, including but not limited to: fair market value of lost assets, lost income, lost earning capacity and/or other economic losses, mental anguish and emotional distress.

WHEREFORE, the Plaintiff, DIANNA GEORGE and CHRISTOPHER GEORGE respectfully request that the Court enter Judgment against the Defendants JEFFREY M. SISKIND, WILLIAM SISKIND, SOVEREIGN GAMING & ENTERTAINMENT LLC and SISKIND LEGAL SERVICES, LLC, in favor of Plaintiff and: awarding damages including economic and noneconomic damages, prejudgment interest, costs, attorney's fees; adjudging that

the right, title and interest of any party claiming by, through, under or against any Defendant named herein be deemed inferior to the Plaintiff's right to the subject properties and forever be barred; retaining jurisdiction of this Court in this action to make any and all further orders and judgments as may be necessary and proper, including imposition of constructive trusts, issuance of Certificates of Title, Corrective Deeds, Writs of Possession for the subject properties; and, any other relief deemed just and proper by this Honorable Court.

### COUNT XVI – PARTITION OF REAL PROPERTY PURSUANT TO SECTION 64.041, FLORIDA STATUTES

*(3485 LAGO DE TALAVERA)*

157.     Plaintiffs reallege and reaffirm each and every allegation contained in paragraphs 1 through 58.

158.     This count states an action in chancery for Partition of Real Property.

159.     The lands that are the subject matter of this action lie in Palm Beach County, Florida so venue is proper in this county.

160.     The subject real property is located at 3485 Lago de Talavera, Wellington, FL 33467 and described as: Lot 29, of the Plat of TALAVERA P.U.D., according to the Plat thereof, as recorded in Plat Book 105, Page 44, of the public records of Palm Beach County, Florida.

161.     Plaintiff DAVID FIORE resides in Palm Beach County, Florida and is interested in the lands to be divided, as the funds of Plaintiffs were used to purchase, maintain, retain and/or improve the subject real property.

162.     Plaintiff CARL STONE resides in Pennsylvania and is interested in the lands to be divided, as the funds of Plaintiffs were used to purchase, maintain, retain and/or improve the subject real property.

163.     Plaintiff DIANNA GEORGE resides in Palm Beach County, Florida and is interested in the lands to be divided, as the funds of Plaintiffs were used to purchase, maintain, retain and/or improve the subject real property and she lived in the property with her minor son.

164.    Plaintiff 3485 LAGO DE TALAVERA TRUST is based in Palm Beach County, Florida and is interested in the lands to be divided, as the funds of Plaintiffs were used to purchase, maintain, retain and/or improve the subject real property.

165.    Defendant JEFFREY M. SISKIND is a resident of Palm Beach County, Florida

166.    Defendant WILLIAM SISKIND is a resident of Palm Beach County, Florida.

167.    Defendant SISKIND LEGAL SERVICES, LLC is a limited liability company whose principal place of business is in Palm Beach County, Florida.

168.    Defendant SOVEREIGN GAMING & ENTERTAINMENT, LLC is a limited liability company whose principal place of business is in Palm Beach County, Florida.

169.    SOVEREIGN is the only person/entity listed as owner of the subject property.

170.    Defendant JEFFREY M. SISKIND used his position as attorney for the Plaintiffs to obtain their funds and signatures, getting the Trustee for 3485 Lago de Talavera to execute a $300,000 mortgage in favor of SISKIND LEGAL SERVICES, LLC on or about February 5, 2014.

171.    By January 8, 2015 the Trustee, Michael Haggerty, executed a Deed in Lieu of Foreclosure in favor of SOVEREIGN GAMING & ENTERTAINMENT, LLC, a Florida limited liability company whose Manager Member is JEFFREY M. SISKIND's elderly father and whose Articles of Organization were filed with the Secretary of State on February 3, 2014, two days before the mortgage was signed on behalf of the Trust.

172.    Notwithstanding said mortgage, the 3485 LAGO DE TALAVERA TRUST never realized $300,000 or any amounts on this transaction or any others.

173.    Upon information and belief, the $300,000 was taken from funds deposited by the Plaintiffs in trust with JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC, were converted and used by the Defendants for fraudulent purposes, including but not limited to converting the property at 3485 Lago de Talavera.

174.    As such, the Plaintiffs DAVID FIORE, CARL STONE, 3485 LAGO DE TALAVERA TRUST and DIANNA GEORGE, seek from this Court protection of their rights to the subject real property.

WHEREFORE, the Plaintiffs, DAVID FIORE, CARL STONE, 3485 LAGO DE TALAVERA TRUST and DIANNA GEORGE  respectfully request that the Court enter Judgment against the Defendants, in favor of Plaintiffs and: awarding damages including

partition of real property, economic and noneconomic damages, prejudgment interest, costs, attorney's fees; adjudging that the right, title and interest of any party claiming by, through, under or against any Defendant named herein be deemed inferior to the Plaintiff's right to the subject properties and forever be barred; retaining jurisdiction of this Court in this action to make any and all further orders and judgments as may be necessary and proper, including imposition of constructive trusts, issuance of Certificates of Title, Corrective Deeds, Writs of Possession for the subject properties; and, any other relief deemed just and proper by this Honorable Court.

## COUNT XVII – PARTITION OF REAL PROPERTY
## PURSUANT TO SECTION 64.041, FLORIDA STATUTES

*(3445 Santa Barbara Drive)*

175.    Plaintiffs reallege and reaffirm each and every allegation contained in paragraphs 1 through 58.

176.    This count states an action in chancery for Partition of Real Property.

177.    The lands that are the subject matter of this action lie in Palm Beach County, Florida so venue is proper in this county.

178.    The subject property is located at 3445 Santa Barbara Drive, Wellington, FL 33414 and described as: Lot 2 of SOUTHFIELDS - PHASE I OF PALM BEACH POLO AND COUNTRY CLUB – WELLINGTON COUNTRY PLACE - P.U.D., According To The Plat Thereof, As Recorded in Plat Book 39, Page 19, of the Public Records of Palm Beach County, Florida.

179.    Plaintiff DAVID FIORE lives in Palm Beach County, Florida and is interested in the lands to be divided, as the funds of Plaintiffs DAVID FIORE, CARL STONE, 3485 LAGO DE TALAVERA TRUST and DIANNA GEORGE were used to purchase, maintain, retain and/or improve the subject real property.

180.    Plaintiff CARL STONE resides in Pennsylvania and is interested in the lands to be divided, as the funds of Plaintiffs were used to purchase, maintain, retain and/or improve the subject real property.

181.    Plaintiff DIANNA GEORGE resides in Palm Beach County, Florida and is interested in the lands to be divided, as the funds of Plaintiffs were used to purchase, maintain, retain and/or improve the subject real property.

182.     Plaintiff 3485 LAGO DE TALAVERA TRUST is based in Palm Beach County, Florida and is interested in the lands to be divided, as the funds of Plaintiffs were used to purchase, maintain, retain and/or improve the subject real property.

183.     Defendant JEFFREY M. SISKIND is a resident of Palm Beach County, Florida.

184.     Defendant WILLIAM SISKIND is a resident of Palm Beach County, Florida.

185.     Defendant SISKIND LEGAL SERVICES, LLC is a limited liability company whose principal place of business is in Palm Beach County, Florida.

186.     Defendant CHANCE & ANTHEM, LLC is a limited liability company whose principal place of business is in Palm Beach County, Florida.

187.     CHANCE & ANTHEM, LLC was the only person/entity listed as owner of the subject property until it was sold at foreclosure auction without the present Lis Pendens in this action being dissolved.

188.     Defendant JEFFREY M. SISKIND used his position as attorney for the Plaintiffs to obtain the funds of DAVID FIORE and CARL STONE, getting them to wire approximately $800,000 into the trust account of SISKIND LEGAL SERVICES, LLC in or about August/September 2015.

189.     Instead of purchasing the property in their names or preparing and recording a mortgage, note or deed in their favor for the approximately $800,000 that they invested. The property was purchased in the name of CHANCE & ANTHEM, LLC and then heavily mortgaged until it was foreclosed on by a third party lender.

190.     Upon information and belief, the money used to purchase, maintain and improve the property came from deposits by DAVID FIORE, CARL STONE and DIANNA GEORGE, made in trust with JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC.

191.     The monies were then converted and used by JEFFREY M. SISKIND and the other Defendants for the fraudulent purpose of buying property for their own benefit, including but not limited to, taking out mortgages and keep the monies for their own benefit without paying the mortgages.

192.     As such, the Plaintiffs seek protection from this Court of their rights to the subject real property.

WHEREFORE, the Plaintiffs, DAVID FIORE, CARL STONE, 3485 LAGO DE TALAVERA TRUST and DIANNA GEORGE respectfully request that the Court enter Judgment against the Defendants, in favor of Plaintiffs and: awarding damages including partition of real property, economic and noneconomic damages, prejudgment interest, costs, attorney's fees; adjudging that the right, title and interest of any party claiming by, through, under or against any Defendant named herein be deemed inferior to the Plaintiff's right to the subject properties and forever be barred; retaining jurisdiction of this Court in this action to make any and all further orders and judgments as may be necessary and proper, including imposition of constructive trusts, issuance of Certificates of Title, Corrective Deeds, Writs of Possession for the subject properties; and, any other relief deemed just and proper by this Honorable Court.

## COUNT XVIII – PARTITION OF REAL PROPERTY
## PURSUANT TO SECTION 64.041, FLORIDA STATUTES

*(525 S. Flagler Drive #3B)*

193.     Plaintiffs reallege and reaffirm each and every allegation contained in paragraphs 1 through 58.

194.     This count states an action in chancery for Partition of Real Property.

195.     The lands that are the subject matter of this action lie in Palm Beach County, Florida so venue is proper in this county.

The subject property is located at 525 S. Flagler Dr., #3, West Palm Beach, FL 33401 and described as: CONDOMINIUM UNITS CCU3A2, CCU3B2 AND CCU3C2 TRUMP PLAZA OF THE PALM BEACHES, A CONDOMINIUM, ACCORDING TO THE DECLARATION OF CONDOMINIUM THEREOF, RECORDED IN OFFICIAL RECORDS BOOK 4800, PAGE 457, WITH ALL EXHIBITS AND AMENDMENTS THEREOF, PUBLIC RECORDS OF PALM BEACH COUNTY, FLORIDA, AND ANY AND ALL AMENDMENTS THERETO, TOGETHER WITH AN UNDIVIDED INTEREST IN THE COMMON ELEMENTS APPURTENANT THERETO AS SET FORTH IN SAID DECLARATION, TOGETHER WITH AN UNDIVIDED 16.93% INTEREST IN UNIT NO.CCU3 AS SET FORTH IN THE DECLARATION OF AGREEMENT FOR COMMERCIAL UNIT PARKING FACILITIES AS RECORDED IN OFFICIAL RECORDS BOOK 19010, PAGE 70, PUBLIC RECORDS OF PALM BEACH COUNTY, FLORIDA.

196.     Plaintiff DAVID FIORE lives in Palm Beach County, Florida and is interested in the lands to be divided, as the funds of Plaintiffs DAVID FIORE, CARL STONE, 3485

LAGO DE TALAVERA TRUST and DIANNA GEORGE were used to purchase, maintain, retain and/or improve the subject real property.

197.    Plaintiff CARL STONE resides in Pennsylvania and is interested in the lands to be divided, as the funds of Plaintiffs were used to purchase, maintain, retain and/or improve the subject real property.

198.    Plaintiff DIANNA GEORGE resides in Palm Beach County, Florida and is interested in the lands to be divided, as the funds of Plaintiffs were used to purchase, maintain, retain and/or improve the subject real property.

199.    Plaintiff 3485 LAGO DE TALAVERA TRUST is based in Palm Beach County, Florida and is interested in the lands to be divided, as the funds of Plaintiffs were used to purchase, maintain, retain and/or improve the subject real property.

200.    Defendant JEFFREY M. SISKIND is a resident of Palm Beach County, Florida.

201.    Defendant WILLIAM SISKIND is a resident of Palm Beach County, Florida.

202.    Defendant SISKIND LEGAL SERVICES, LLC is a limited liability company whose principal place of business is in Palm Beach County, Florida.

203.    Defendant OB REAL ESTATE HOLDINGS 1732, LLC is a limited liability company whose principal place of business is in Palm Beach County, Florida.

204.    OB REAL ESTATE HOLDINGS 1732, LLC is believed to be the sole owner of the subject property and the managing member was WILLIAM SISKIND.

205.    Defendant JEFFREY M. SISKIND used his position as attorney for the Plaintiffs to obtain the funds of DAVID FIORE, CARL STONE and DIANNA GEORGE.

206.    Instead of representing his clients' interests, JEFFREY M. SISKIND colluded with his father, WILLIAM SISKIND, to purchase the subject Flagler Dr. property by purchasing ownership interest in OB REAL ESTATE HOLDINGS 1732, LLC after the property was sold to OBRE in a foreclosure sale in a foreclosure lawsuit against JEFFREY M. SISKIND and others.

207.    Upon information and belief, the money used for WILLIAM SISKIND to buy OBRE came from deposits by DIANNA GEORGE, made in trust with JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC.

208.    The monies were then converted and used by JEFFREY M. SISKIND and the other Defendants for the fraudulent purpose of buying property for their own benefit,

including but not limited to, taking out high mortgages and keep the monies for their own benefit.

209.    As such, the Plaintiffs seek from this Court protection of their rights to the subject real property.

WHEREFORE, the Plaintiffs, DAVID FIORE, CARL STONE, 3485 LAGO DE TALAVERA TRUST and DIANNA GEORGE respectfully request that the Court enter Judgment against the Defendants, in favor of Plaintiffs and: awarding damages including partition of real property, economic and noneconomic damages, prejudgment interest, costs, attorney's fees; adjudging that the right, title and interest of any party claiming by, through, under or against any Defendant named herein be deemed inferior to the Plaintiffs' right to the subject properties and forever be barred; retaining jurisdiction of this Court in this action to make any and all further orders and judgments as may be necessary and proper, including imposition of constructive trusts, issuance of Certificates of Title, Corrective Deeds, Writs of Possession for the subject properties; and, any other relief deemed just and proper by this Honorable Court.

## XIX – EQUITABLE ACCOUNTING

*(DAVID FIORE, CARL STONE, 3485 LAGO DE TALAVERA TRUST, DIANNA GEORGE and CHRISTOPHER GEORGE*
*against JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC)*

210.    Plaintiffs reallege and reaffirm each and every allegation contained in paragraphs 1 through 58.

211.    The Plaintiffs and Defendants JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC share a fiduciary relationship whereby JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC held money and real property in trust for the Plaintiffs.

212.    JEFFREY M. SISKIND and SISKIND LEGAL  SERVICES, LLC undertook such trust and assumed a duty to, among other things, exercise reasonable skill and ordinary diligence as an attorney /law firm in holding and utilizing the Plaintiffs' deposits in fulfilling their obligations to the Plaintiffs under the terms of their Contract and ethical obligations under the Rules of Professional Conduct.

213.    Because JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC owe the Plaintiffs fiduciary duties relating to the holding and distribution of their deposits, Plaintiffs are entitled to an accounting of the same.

WHEREFORE, Plaintiffs respectfully request that this Court: enter final judgment against Defendants JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC for an accounting of all monies deposited with JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC; accounting of all income derived from Plaintiffs' real property; and, retaining jurisdiction of this Court in this action to make any and all further orders and judgments as may be necessary and proper, including imposition of constructive trusts, attorney's fees and costs, issuance of Certificates of Title, Corrective Deeds, Writs of Possession for real or other properties or cash; and, any other relief deemed just and proper by this Honorable.

### COUNT XX – CONVERSION

*(DAVID FIORE against FLORIDA'S ASSOCIATION OF COMMUNITY BANKS AND CREDIT UNIONS, INCORPORATED)*

214.     Plaintiff DAVID FIORE realleges and reaffirm each and every allegation contained in paragraphs 1 through 3, 7, 11 through 12, 15 through 23, 48 through 52, and 56 through 58.

215. DAVID FIORE owned real property located at 1351 Evergreen Lane, Palm City, Florida.

216. The property was supposed to generate income for the benefit of DAVID FIORE with JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC, preparing documents to assist with estate planning related to the real property.

217. However, the Defendants SISKIND LEGAL SERVICES, JEFFREY M. SISKIND and FLORIDA'S ASSOCIATION OF COMMUNITY BANKS AND CREDIT UNIONS, INCORPORATED intentionally interfered with the property through the use of deeds and the Defendant entities and other deception intended to deprive DAVID FIORE of the real property and the income related thereto.

218. Defendant FLORIDA'S ASSOCIATION OF COMMUNITY BANKS AND CREDIT UNIONS, INCORPORATED intentionally exercised dominion and control over the property of DAVID FIORE by having prepared and recorded documents that transferred title of the real property from DAVID FIORE to FLORIDA'S ASSOCIATION OF COMMUNITY BANKS AND CREDIT UNIONS, INCORPORATED and not using the

real property as instructed and not complying with requests for assistance and transferring the property without authorization by DAVID FIORE.

219. The misuse by SISKIND LEGAL SERVICES, JEFFREY M. SISKIND and FLORIDA'S ASSOCIATION OF COMMUNITY BANKS AND CREDIT UNIONS, INCORPORATED deprived DAVID FIORE of the use of his property.

220. As a result of the acts and/or omissions of Defendant FLORIDA'S ASSOCIATION OF COMMUNITY BANKS AND CREDIT UNIONS, INCORPORATED, Plaintiff DAVID FIORE suffered actual damages, including but not limited to: lost assets, lost income, lost earning capacity and/or other economic losses.

WHEREFORE, the Plaintiff, DAVID FIORE respectfully requests that the Court enter Judgment against Defendant FLORIDA'S ASSOCIATION OF COMMUNITY BANKS AND CREDIT UNIONS, INCORPORATED in favor of Plaintiff DAVID FIORE and: awarding damages including economic and noneconomic damages, prejudgment interest, costs, attorney's fees; adjudging that the right, title and interest of any party claiming by, through, under or against any Defendant named herein be deemed inferior to the Plaintiff's right to the subject properties and forever be barred; retaining jurisdiction of this Court in this action to make any and all further orders and judgments as may be necessary and proper, including imposition of constructive trusts, issuance of Certificates of Title, Corrective Deeds, Writs of Possession for the subject properties; and, any other relief deemed just and proper by this Honorable Court.

## COUNT XXI – RESULTING TRUST

### *(DAVID FIORE AND CARL STONE AGAINST CHANCE & ANTHEM, LLC)*

221. Plaintiffs DAVID FIORE and CARL STONE reallege and reaffirm each and every allegation contained in paragraphs 1 through 3, 7, 11 through 12, 15 through 16, 20 through 23, 25, 32 through 36, 46, 48 through 53 and 55 through 58.

222. CARL STONE and DAVID FIORE furnished money to purchase/improve the real property at 3445 Santa Barbara Drive.

223. Legal title of the property remained in the name of CHANCE & ANTHEM, LLC.

216. By the terms of their discussions and/or agreements with JEFFREY M. SISKIND, CARL STONE and DAVID FIORE were entitled to an interest in the property for the payment.

224.    Neither an actual trust was prepared nor was there any legal protection in exchange for the money furnished for the property, such as a promissory note, a recorded deed in their favor, a recorded mortgage in their favor, and/or some type of written and recorded instrument to protect their interests in and investment into the property.

225.    Title remained in the name of CHANCE & ANTHEM, LLC but the parties intended that CARL STONE and DAVID FIORE would be beneficiaries of the property at 3445 Santa Barbara Drive either through rental income or sales income.

WHEREFORE, Plaintiffs DAVID FIORE and CARL STONE respectfully request that the Court enter Judgment against the Defendant CHANCE & ANTHEM, LLC in favor of Plaintiffs DAVID FIORE and CARL STONE and: awarding damages including economic and noneconomic damages, prejudgment interest, costs, attorney's fees; adjudging that the right, title and interest of any party claiming by, through, under or against any Defendant named herein be deemed inferior to the Plaintiff's right to the subject properties and forever be barred; retaining jurisdiction of this Court in this action to make any and all further orders and judgments as may be necessary and proper, including imposition of constructive trusts, issuance of Certificates of Title, Corrective Deeds, Writs of Possession for the subject properties; and, any other relief deemed just and proper by this Honorable Court.

## COUNT XXII – FRAUDULENT TRANSFER PURSUANT TO CHAPTER 726, FLORIDA STATUTES

*(DAVID FIORE, CARL STONE, 3485 LAGO DE TALAVERA TRUST, DIANNA GEORGE and CHRISTOPHER GEORGE against JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC)*

226.    Plaintiffs reallege and reaffirm each and every allegation contained in paragraphs 1 through 58.

227.    The monies and property of these Plaintiffs have been fraudulently transferred from JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC, his admitted alter ego.

228.    The transfer(s) were made for the purposes and intent of keeping them away from Plaintiffs, who are creditors and keeping them under the control of Defendant JEFFREY M. SISKIND.

229.   Transfers were made to Defendant WILLIAM SISKIND, who advised his own creditors in a separate action, that he was waiting for his son to sell property in order to pay his debt, which he incidentally never paid before suit was filed.

230.   Fraudulent transfers of Plaintiffs' real property at 3485 Lago de Talavera and 3445 Santa Barbara Drive were made to Defendants CHANCE & ANTHEM and SOVEREIGN GAMING.

231.   Additional cash transfers were made for the benefit of Defendants OB Real Estate when WILLIAM SISKIND used Plaintiffs'' money to purchase an interest in OBRE, take over ownership of 525 Flagler Drive, and then sell his interest to Frank Zokaites after this present lawsuit was filed by the Plaintiffs.

232.   Each transfer has been made to an insider, as each entity is actually controlled by Jeffrey M. Siskind, whether it is owned by him or William Siskind, his father.

233.   The transfers were intended to hinder, delay and defraud the Plaintiffs, who have not been compensated for their property or money.

234.   A reasonable value was not obtained for the transfer, as debts and foreclosures have piled up and the depleted assets did not earn any income independent of their actual value.

WHEREFORE, the Plaintiffs respectfully request that the Court enter Judgment against the Defendants JEFFREY M. SISKIND and SISKIND LEGAL SERVICES, LLC in favor of DAVID FIORE, CARL STONE, 3485 LAGO DE TALAVERA TRUST, DIANNA GEORGE and CHRISTOPHER GEORGE and: awarding damages including economic and noneconomic damages, prejudgment interest, costs, attorney's fees; adjudging that the right, title and interest of any party claiming by, through, under or against any Defendant named herein be deemed inferior to the Plaintiff's right to the subject properties and forever be barred; retaining jurisdiction of this Court in this action to make any and all further orders and judgments as may be necessary and proper, including imposition of constructive trusts, issuance of Certificates of Title, Corrective Deeds, Writs of Possession for the subject properties; and, any other relief deemed just and proper by this Honorable Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands: trial by jury for all issues so triable as a matter of right.

Respectfully submitted,

SOFIYE WILLIAMS, P.A.

s/ Sofiye Williams
SOFIYE WILLIAMS, ESQ.
sofiye@comcast.net
Florida Bar No.: 191507
500 E. Broward Blvd.
Suite 1710
Fort Lauderdale, Florida 33394
Telephone:  (954) 397-5739
Attorney for Plaintiffs, DAVID FIORE, CARL STONE,
3485 LAGO DE TALAVERA TRUST and DIANNA
GEORGE

Dated: October 16, 2017

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of Second Amended Complaint was served on June 19, 2017 on all parties registered on the Courts E-filing Portal's Service List for this case.

s/ Sofiye Williams
SOFIYE WILLIAMS, ESQ.