Filing # 49008327 E-Filed 11/17/2016 10:13:07 AM

IN THE CIRCUIT COURT, IN AND
FOR PALM BEACH COUNTY, FLORIDA

TATAROW FAMILY PARTNERS LTD
as to 1/2 interest and GEOFFREY WEBER
as to 1/2 interest,

        Plaintiff,

v.

SOVEREIGN GAMING & ENTERTAINMENT,
LLC; GEORGE MALER; JERI MALER and THE
UNKNOWN PARTIES IN POSSESSION OF 3485
LAGO DE TALAVERA, WELLINGTON, FL 33467,

        Defendants.

_____

## COMPLAINT FOR FORECLOSURE

Plaintiff, TATAROW FAMILY PARTNERS LTD as to 1/2 interest and GEOFFREY WEBER as to 1/2 interest, sues defendants, SOVEREIGN GAMING & ENTERTAINMENT, LLC; GEORGE MALER; JERI MALER and THE UNKNOWN PARTIES IN POSSESSION OF 3485 LAGO DE TALAVERA, WELLINGTON, FL 33467, and alleges:

1. This is an action to foreclose a mortgage on property in Palm Beach County, Florida.

2. On or about the 25th day of February, 2016, defendant, SOVEREIGN GAMING & ENTERTAINMENT, LLC, executed and delivered a certain promissory note and mortgage to TATAROW FAMILY PARTNERS LTD as to ½ interest and GEOFFREY WEBER as to ½ interest, copies of which said instruments are attached hereto.

**PLAINTIFF'S TRIAL EXHIBIT T-78**

3. Record title to the premises encumbered by the lien of plaintiff's mortgage herein foreclosed was, at the time of the execution and delivery of the said mortgage, and remains, vested in defendant, SOVEREIGN GAMING & ENTERTAINMENT, LLC.

4. The note and mortgage are in default consequent upon the failure to pay to plaintiff the first payment due on April 1, 2016, and all subsequent payments.

5. Plaintiff declares the full amount payable under the note and mortgage to be due.

6. There is owed to plaintiff $300,000.00 as principal on the note and mortgage, plus title search expense for ascertaining necessary parties to this action, with interest.

7. Plaintiff has retained Sidney E. Lewis, attorney at law, and is obligated to pay the said attorney a reasonable fee for his services rendered herein.

8. During the pendency of this action, plaintiff may be obliged to make advances of money to as yet unknown parties in order to protect the security of its mortgage herein foreclosed. Plaintiff affirmatively alleges that such advances to be made by it are secured by the lien of its mortgage herein foreclosed.

9. Plaintiff owns and holds the note and mortgage herein foreclosed

10. The defendants, GEORGE MALER and JERI MALER, husband and wife, may have or may claim to have some right, title or interest in and to the premises encumbered by the lien of plaintiff's mortgage herein foreclosed by reason of being the owner and holder of that certain Mortgage from Siskind Legal Services, LLC, dated July 1, 2016, and recorded in official records volume 28443, page 0947, public records of Palm Beach County, Florida. This mortgage was subordinated to Plaintiff's Mortgage herein sought to be foreclosed by instrument recorded in official records volume 28154, page 0747, public records of Palm Beach County, Florida.

NOT A CERTIFIED COPY

11. The defendant, THE UNKNOWN PARTIES IN POSSESSION OF 3485 LAGO DE TALAVERA, WELLINGTON, FL 33467, may have or may claim to have some right, title or interest in and to the premises encumbered by the lien of plaintiff's mortgage herein foreclosed by reason being in possession of the mortgaged premises.

12. The claims of defendants herein in and to the premises encumbered by the lien of plaintiff's mortgage herein foreclosed are inferior and subordinate to the lien of said mortgage.

13. The defendants are subject to the jurisdiction of this Court pursuant to the terms of F. S. 48.193 (1)(c) by reason of owning, possessing or using real property in this state and/or 48.193 (1)(g), by reason of breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.

14. Plaintiff has performed all conditions precedent by it to be performed prior to bringing this action.

WHEREFORE, plaintiff demands an accounting of the sum due to it under the note and mortgage herein foreclosed, the sum is not paid within the time set by this Court, that the property be sold to satisfy plaintiff's claim. If the proceeds of such sale are insufficient to pay plaintiff's claim, that a deficiency judgment be entered against defendants liable therefor for the amount remaining unpaid, and that the estate of defendants, and all persons claiming by, through, under or against defendants, since the filing of the notice of lis pendens be foreclosed. Plaintiff further prays that, upon confirmation of the sale and issuance of certificate of title, the purchaser at the sale, its agents and assigns, be let into possession of

the said property, and that, upon application by the purchaser to the clerk, the said clerk shall forthwith issue a writ of possession, directing the sheriff of Palm Beach County, Florida, to put said purchaser of the property or its assignee in possession thereof.

SIDNEY E. LEWIS<br>
Florida Bar No: 047277<br>
Attorney for Plaintiff<br>
300 W. Adams St    Suite 300<br>
Jacksonville, FL 322__ ___803<br>
(904)355-90__<br>
slewis@s_____wis.com

/ljw
#58810 fc

## VERIFICATION

Before me, the undersigned a_____ personally appeared Ken Tatarow, General Partner of Tatarow Family Partners, LTD, who be___ du__ sworn, deposes and says:

1. That Tatarow Fa___ P___ ___ers, LTD as to 1/2 interest owns the note and mortgage herein foreclosed and has the r___ t t__ force the same.

2. That ___ ___er p____ity of perjury, I declare that I have read the complaint filed herein and the facts ___ _____erein are true and correct to the best of my knowledge and belief.

KEN TATAROW

~~STATE~~ ~~OF FLORIDA~~ Territory of U.S. Virgin Islands
District of St. Thomas/St. John
~~COUNTY OF PINELLAS~~

Sworn to and subscribed before me this 9th day of November, 2016, by Ken Tatarow, General Partner of Tatarow Family Partners LTD, _____ who is personally known to me or produced FL D.L. as identification

Notary Public: Cidney A. Hamling
Notary's Stamp or Seal:

CIDNEY A. HAMLING
Notary Public
District of St. Thomas/St John
Territory of U.S. Virgin Islands
NP-24-16
My Commission Expires March 31, 2020

/ljw
#58810 fc

NOTICE REQUIRED BY THE
FAIR DEBT COLLECTION
PRACTICES ACT, (THE ACT),
15 U.S.C. SECTION 1601 AS AMENDED

1. The amount of the debt is stated in paragraph six of the complaint attached hereto.

2. The plaintiff as named in the attached summons and complaint is the creditor to whom the debt is owed, or is the servicing agent for the creditor to whom the debt is owed.

3. The debt described in the complaint attached hereto and evidenced by a copy of the mortgage note attached hereto will be assumed to be valid by the creditor's law firm, unless the debtor, within thirty days after the receipt of this notice, disputes in writing, the validity of the debt or some portion thereof.

4. If the debtor notifies the creditor's law firm in writing within thirty days of the receipt of this notice that the debt or any portion thereof is disputed, the creditor's law firm will obtain a verification of the debt and a copy of the verification will be mailed to the debtor by the creditor's law firm.

5. The name of the original creditor is as shown in the mortgage and note attached hereto, if the creditor named as plaintiff in the attached summons and complaint is not the original creditor, and if the debtor makes a written request to the creditor's law firm within the thirty days from the receipt of this notice, the address of the original creditor will be mailed to the debtor by the creditor's law firm.

6. Written request required by the Act should be addressed to Fair Debt Collection Clerk, Sidney E. Lewis, 300 W. Adams Street, Suite 300, Jacksonville, FL 32202-2803.

7. This is an attempt to collect a debt and any information obtained will be used for that purpose.

The law does not require a plaintiff to wait until the end of the thirty-day period before suing you to collect this debt. The thirty (30) day time period for requesting verification of the debt owed to the plaintiff is different from the twenty (20) day time period set forth in the summons you have received with the complaint in this package. Although you must respond to the complaint within twenty (20) days, you still have a full thirty (30) days to request in writing verification of the mortgage debt. If you request proof of the debt or the name and address of the original creditor within the thirty (30) day period that begins with your receipt of this notice, the law requires this firm and the plaintiff to suspend efforts (through litigation or otherwise) to collect the debt until we mail the requested information to you.

## PROMISSORY NOTE

$ 300,000.00

February 25, 2016
Wellington, Florida

FOR VALUE RECEIVED, the undersigned, Sovereign Gaming & Entertainment, LLC, a Florida limited liability company, and William L. Siskind, individually hereinafter collectively referred to as "Maker", promise to pay to Tatarow Family Partners, LTD., a Colorado limited partne\_\_\_\_ and Geoffrey Weber, hereinafter collectively referred to as "Payee", or order, in the mann\_\_ herei\_\_ \_er specified, the principal sum of THREE HUNDRED THOUSAND AND NO/100 \_\_\_ )0.00) DOLLARS with interest from date hereof at the rate of TWELVE (12 %) percent \_\_ a\_ \_\_ \_a on the balance from time to time remaining unpaid. The said principal and interest shall b\_ \_ya \_ to Tatarow Family Partners, LTD., a Colorado limited partnership as to ½ interest, at 11759\_ 5\_\_ \_e Seminole, FL 33772 as to ½ and shall be paid in monthly payments of interest onl\_ \_he amount of ONE THOUSAND FIVE HUNDRED DOLLARS and NO/100 ($1,500.00), ar t\_ \_ \_rey Weber, at 221 Tuner Street, Clearwater, FL 33756, as to ½ and shall be paid in monthl\_ \_ents of interest only in the amount of ONE THOUSAND FIVE HUNDRED DOLLARS and N\_\_\_00 \_00.00), commencing on the 1st day of April, 2016, and shall be due and payable on the 1st \_\_ \_o\_ \_ and every month thereafter until March 1, 2018, when the entire unpaid principal balance \_\_ \_ w\_th any and all accrued interest shall be due and payable in full.

This Note may not be paid prior to March 1, 2017 wh\_\_ \_ \_er acceleration or otherwise except upon payment of a fee in the amount of $6,000.00. Therea\_ \_ t\_\_ \_te may be paid in whole or in part at any time with no prepayment penalty. Thereafter this \_ote \_y be paid in full or in part without penalty or premium.

On March 1, 2018, the entire unpaid prin\_\_na\_ \_ce together with any and all accrued interest shall be due and payable in full.

Maker shall pay Payee a late cha\_ \_ nc\_ \_xceed ten (10.00%) percent of the amount of any payment of principal and interest not paid \_ \_ve (5) days when due.

If Maker shall fail to ma\_ \_ \_ayments on or before the 1st day of any month more than three (3) times during the term of thi\_ \_\_\_ \_nterest rate shall increase to 15% per annum.

If default be ma\_\_ \_ \_yment (within 5 days of when due) of any of the sums or interest mentioned herein or in t\_\_ \_\_ \_e or any other document or instrument securing this Note, or in the performance of any of \_\_\_ \_en\_nts contained herein or in said mortgage, then the entire principal sum and accrued interest \_ \_l a\_ \_ option of the Payee hereof become at once due and collectible without notice, time being \_f\_ \_ \_ence; and said principal sum and accrued interest shall both bear interest from such time u\_ \_ \_at the highest rate allowable under the laws of the State of Florida. Failure to exercise this \_\_\_ \_h\_ll not constitute a waiver of the right to exercise the same in the event of any subsequent de\_ \_.

Nothing herein contained nor any transaction related thereto shall be construed or so operate as to require the Maker or any person liable for repayment of same, to pay interest at a greater rate than is now lawful in such case to contract for, or to make any payment, or to do any act contrary to law. Such rate of interest shall never exceed the maximum legal rate of interest which is legally permitted under the laws of Florida; and if such rate of interest, computed in the amount hereinabove provided for, should exceed the said maximum legal rate, then said rate of interest shall be automatically reduced to such maximum legal

1                                                                                                                         \_\_\_\_\_/ ws initial

*[Watermark: NOT A CERTIFIED COPY]*

rate. Should any interest or other charges paid by the Maker or parties liable for the payment of this Note in connection with the loan evidenced by this Note or the Mortgage securing the payment of this note or any other document delivered in connection with said loan result in the computation or earning of interest in excess of the maximum legal rate of interest which is legally permitted under the Laws of Florida, then any and all such excess shall be and the same is hereby waived by the Payee and any Holder hereof and any and all such excess shall be automatically ab initio from the date of this Note and other loan documents and the date of the payment credited against and in reduction of principal balance due under this indebtedness and a portion of said excess which exceeds the balance due under this indebte~    ~hall be paid by the Payee and Holder hereof to the Maker and parties liable for the payment of thi~ Note.

Each person liable hereon, whether Maker or Endorser, hereby waives presentment, pr~    ~, notice of protest and notice of dishonor and agrees to pay all costs, including a reasonable a~    fee, whether suit be brought or not, if, after maturity of this Promissory Note or default ~ re~    ~ or under said Mortgage Deed, counsel shall be employed to collect monies due under this Pr~    ~Note or to protect the security of said Payee.

FLORIDA DOCUMENTARY STAMPS IN THE SUM OF $1,050.00 ~A~    ~EN AFFIXED TO THE ORIGINAL MORTGAGE AND CANCELLED.

THIS NOTE with interest is secured by a mortgage of even d~ ~her~ ~ on property located at: 3485 Lago De Talavera, Wellington, FL 33467.

WITNESSES: (WHO ARE
NOT LIABLE HEREUNDER
FOR PAYMENT)

Witness #1
Print Name: JEFFREY Si~

Witness #2
Print Name: ST~ ~WILKINS

"BORROWER"

Sovereign Gaming & Entertainment, LLC, a Florida limited liability company

By: _____
William L. Siskind, Manager

_____
William L. Siskind, Individually

2                                                    ____/ _u7_ initial

PREPARED BY AND RETURNED TO:
Kenneth G. Arsenault, Jr., Esquire
ARSENAULT LAW OFFICES, P.A.
10225 Ulmerton Road, Suite 2
Largo, Florida 33771

## MORTGAGE

THIS MORTGAGE executed this 25th day of February, 2016 by SOVEREIGN GA    & ENTERTAINMENT, LLC, a Florida limited liability company, party of the first part, here      ed the MORTGAGOR or BORROWER, to TATAROW FAMILY PARTNERS, LTD., a C      nited partnership as to ½ interest, having the mailing address of 11759 96th Place, Semin    FL   /72 and GEOFFREY WEBER, as to ½ interest, having the mailing address of 221 Turner        rwater, FL 33756, party of the second part, hereinafter collectively called the MORTGAGEE    R.

The terms "MORTGAGOR" or "BORROWER" and "MORTGAG      LENDER" whenever used in this instrument shall include the heirs, personal representative     ssors and assigns of the respective parties hereto. Wherever used the singular number shall i   de    plural and the plural the singular, and the use of any gender shall include all genders.

WHEREAS, Borrower is indebted to Lender in the   nci   sum of U.S. $300,000.00, which indebtedness is evidenced by Borrower's note dated Feb   ry   2016 and extensions and renewals thereof (hereinafter referred to as "Note"), providing fo    ly installments of interest only with the outstanding principal balance of the indebtedness, if    no    paid, due and payable on March 1, 2018.

TO SECURE to Lender the repayment o   debtedness evidenced by the Note, with interest thereon, the payment of all other sums, with   st  reon, advanced in accordance herewith to protect the security of this Mortgage; and the pe     of the covenants and agreements of Borrower herein contained, Borrower does hereby mort   e,   ant and convey to Lender the following described property located in the County of Palm Beach    Florida:

Lot 29, Talavera P.U.D., acc      he plat thereof as recorded in Plat Book 105, Page 44, Public Records of Palm Beach Co   y,    La.

(hereinafter ref  ed     he "Property");
which has t     addresses of: 3485 Lago De Talavera, Wellington, FL 33467

THIS     HE HOMESTEAD PROPERTY OF THE BORROWER.

T    ER with all the improvements now or hereafter erected on the property, and all easer   ts,   ts, appurtenances and rents, all of which shall be deemed to be and remain a part of the prope     ered by this Mortgage; and all of the foregoing, together with said property (or the leasehold es   this Mortgage is on a leasehold) are hereinafter referred to as the "Property". Borrower covents that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances set forth above. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances set forth above.

Borrower and Lender covenant and agree as follows:

1. **Payment of principal and interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note.

Page 1 of

2. **Funds for Taxes and Insurance, (if applicable).** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of interest only are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Mortgage and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the [...] of assessments and bills and reasonable estimates thereof. Lender may, at any time, collect and hold [...]ds in an amount not to exceed the maximum amount a lender for a federally related mor[...] may require for Borrower's escrow account under the federal Real Estate Settlement Proced[...] A[...] 1974 as amended from time to time, 12 U.S.C. Section 2601 et seq. ("RESPA"), unless anoth[...] law [...]t applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold [...] in [...]n amount not to exceed the lesser amount. Lender may estimate the amount of Funds due o[...] basis of current data and reasonable estimates of expenditures of future Escrow Items or o[...] e[...] [...]n accordance with applicable law.

If Borrower pays funds to Lender, the Funds shall be h[...]d [...] [...] institution the deposits or accounts of which are insured or guaranteed by a Federal or sta[...] [...]y (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said [...] [...]s, [...]sments, insurance premiums and ground rents. Lender may not charge for so holding and [...]nly [...] the Funds, analyzing said account or verifying and compiling said assessments and bills, unl[...] [...]der pays Borrower interest on the Funds and applicable law permits Lender to make such a ch[...] [...] [...]ower and Lender may agree in writing at the time of execution of this Mortgage that intere[...] on Funds shall be paid to Borrower, and unless such agreement is made or applicable law require[...] interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on th[...] [...]ds. [...]ender shall give to Borrower, without charge, an annual accounting of the Funds showing [...]di[...] [...] debits to the Funds and the purpose for which each debit to the Funds was made. The Fu[...] a[...] pledged as additional security for the sums secured by this Mortgage.

If the amount of the F[...] [...]el[...] by Lender, together with the future monthly installments of Funds payable prior to the [...] [...] of the taxes, assessments, insurance premiums and ground rents, shall exceed the amount [...] [...] to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such exc[...]ss [...] [...], at Borrower's option, either promptly repaid to Borrower or credited to Borrower on month[...] [...]llments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay [...] [...]sments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender an[...] [...]nt necessary to make up the deficiency in one or more payments as Lender may require.

U[...] [...]yment in full of all sums secured by this Mortgage, Lender shall promptly refund to B[...] [...] Funds held by Lender. If under paragraph 16 hereof the Property is sold or the Property is o[...] [...] acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Pro[...] [...]y or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Mortgage. If Lender shall not require the escrow of funds for payment of Taxes and Insurance, then Borrower shall each year provide proof of payment of taxes prior to delinquency and further provide Lender with proof of renewal of each policy of insurance not less than 30 days prior to expiration of any policy then in force.

3. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under

NOT A CERTIFIED COPY

the Note; second, to amounts payable under paragraph 2; third, to interest due; fourth, to principal due; and last, to any late charges due under the Note.

4. **Prior Mortgage and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any. A default under the terms of any mortgage which has priority over this Mortgage shall be tantamount to a default hereunder.

5. **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property including "contents" or "dwelling and personal property" coverage insured against loss by fire, hazards included within the term "extended coverage" and such other hazards as Lender may require and in such amounts and for such periods as Lender may require, including "contents" or "dwelling and personal property" coverage.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Lender is authorized to collect and to apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the payment of the sums secured by this Mortgage. Borrower authorizes Lender to endorse Borrower's name on all insurance proceeds checks.

6. **Preservation and Maintenance of Property; Leaseholds, Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect the Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirements for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon at the Note rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payments, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8.  **Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

9.  **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority this Mortgage.

10. **Borrower Not Released; Forbearance By Lender Not a Waiver.** ter... of the time for payment or modification of amortization of the sums secured by this Mortga... ra... by Lender to any successor in interest of Borrower shall not operate to release, in any ma... e... ability of the original Borrower or Borrower's successors in interest. Lender shall not ... ired to commence proceedings against such successor or refuse to extend time for pa... it ... otherwise modify amortization of the sums secured by this Mortgage by reason of any ... nd made by the original Borrower and Borrower's successors in interest. Any forbearance by ... eno... exercising any right or remedy hereunder, or otherwise afforded by applicable law, shal... ot ... waiver of or preclude the exercise of any such right or remedy.

11. **Successors and Assigns Bound; Joint** nu... veral **Liability; Co-Signers.** The covenants and agreements herein contained shall bind... the rights hereunder shall inure to, the respective successors and assigns of Lender and B... we... oject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrow... sh... be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the N... ) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in ... ro... y to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or ur... er ... Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to exten... m... dity, iorbear or make any other accommodations with regard to the terms of this Mortgage or th... w... out that Borrower's consent and without releasing that Borrower or modifying this Mortg... e ... at Borrower's interest in the Property.

12. **Loan Char** es... ) ie loan secured by this Mortgage is subject to a law which sets maximum loan charges, ... hat aw is finally interpreted so that the interest or other loan charges collected or to be coll... ... nnection with the loan exceed the permitted limits, then: (a) any such loan charge shall be ... ed by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already ... rom Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choo... ke this refund by reducing the principal owed under the Note or by making a direct payr... b... rower. If a refund reduces principal, the reduction will be treated as a partial prepaym... wit... any prepayment charge under the Note.

... **Notice.** Except for any notice required under applicable law to be given in another r·nner (a, any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mai... such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

14. **Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Mortgage. In the event that any provision or clause of this

Page 4 of 9

Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs", "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

15. **Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation hereof.

16. **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest therein is sold or transferred by Borrower (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person or persons but is a corporation, partnership, trust or other legal entity) without Lender's prior written consent, excluding (a) the creation of a lien or encumbrance subordinate to this Security Instrument which does not relate to a transfer of rights of occupancy in the property, (b) the creation of a purchase money security interest for household appliances, (c) a transfer by devise, descent or by operation of law upon the death of a joint tenant or (d) the grant of any leasehold interest of three years or less not containing an option to purchase, Lender may, at Lender's option, declare all the sums secured by this Security Instrument to be immediately due and payable.

If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 13 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 19 hereof.

Lender may consent to a sale or transfer if: (1) Borrower causes to be submitted to Lender information required by Lender to evaluate the transferee as if a new loan were being made to the transferee; (2) Lender reasonably determines that Lender's security will not be impaired and that the risk of a breach of any covenants or agreements in this Security Instrument is acceptable; (3) interest will be payable on the sums secured by this Security Instrument at a rate acceptable to lender; (4) changes in the terms of the Note and this Security Instrument required by Lender are made, including, for example, periodic adjustment in the interest rate, a different final payment date for the loan, and addition of unpaid interest to principal; and (5) the transferee signs an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreement made in the Note and in this Security Instrument, as modified if required by Lender. To the extent permitted by applicable law, Lender also may charge a reasonable fee as a condition to Lender's consent to any sale or transfer.

Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

17. **Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which the Borrower has actual knowledge. If Borrower

learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 17, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 17, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

18. **Assignment of Rents; Appointment of Receiver.** As additional sum hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to the acceleration under paragraph 19 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 19 hereof or abandonment of the Property, Lender shall be entitled to have a receiver appointed by a court to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this mortgage. The receiver shall be liable to account only for those rents actually received.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

19. **Acceleration; Remedies.** Upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including without limitation the covenants to pay when due any sums secured by this Mortgage, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without notice or demand and may foreclose this Mortgage by judicial proceeding. Lender will be entitled to collect in such proceeding all expenses of foreclosure, including, but not limited to, reasonable attorneys' fees, court costs, and costs of documentary evidence, abstracts and title reports.

20. **Release.** Upon payment of all sums secured by this Mortgage, Lender shall release this Mortgage without charge to Borrower. Borrower shall pay all costs of recordation, if any.

21. **Attorneys' Fees.** As used in this Mortgage and in the Note, "attorneys' fees" shall include attorneys' fees, if any, which may be awarded by an appellate court.

22. **Payment of Real Estate Taxes.** Borrower covenants and agrees to pay all real estate taxes assessed against the mortgaged property no later of December 31st of each year during the terms of this mortgage and to evidence to lender proof of payment thereof.

*NOT A CERTIFIED COPY*

Page 6 of 9

IN WITNESS WHEREOF BORROWER HAS EXECUTED THIS MORTGAGE.

Signed, sealed and delivered in the presence of:

Witness #1
Print Name: JEFFREY SISKIND

Witness #2
Print Name: STEVEN WILKINS

Sovereign Gaming & Entertainment, LLC, a Florida limited liability company

By: _____
William L. Siskind, Manager

STATE OF FLORIDA
COUNTY OF PALM BEACH

The foregoing instrument was acknowledged before me this 25th day of February, 2016, by William L. Siskind, as Manager of Sovereign Gaming & Entertainment, LLC, a Florida limited liability company, who is personally known to me or who has produced FL. DR. LICENSE as identification.

_____
NOTARY PUBLIC
My Commission Expires: 12-25-2018

[SEAL]

BART F...
MY COMMISSION...
EXPIRES ...2018

*NOT A CERTIFIED COPY*