**PLAINTIFF'S**
TRIAL EXHIBIT
**T-84**

CannaMED Pharmaceuticals, LLC

               Plaintiff,

v.

Natalie M. LaPrade Maryland Medical
Cannabis Commission, the Maryland
Department of Health and Mental Hygiene,

               Defendants.

_____ _____/

CIRCUIT COURT

FOR

BALTIMORE CITY

Case No.:

_____

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COMES NOW CannaMED Pharmaceuticals, LLC, by and through undersigned counsel and files this complaint for damages and injunctive relief against Defendants Natalie M. LaPrade Maryland Medical Cannabis Commission ("MMCC") and the Maryland Department of Health and Mental Hygiene ("MDMH"), and states:

## INTRODUCTION

This case concerns a fatally flawed Maryland state-administered program to make medical cannabis available to qualifying patients, under which Defendant MMCC, a division of MDMH, was charged with the granting of growing, processing and dispensing licenses to prospective licensees ("Applicants") who submitted applications responding to materials which were furnished by Defendants, which materials contained material terms which governed the application process, and required monetary consideration to be paid by each Applicant in addition to substantial costs of preparation and submission attendant to each of the Applicants' submitted responses, and Applicants' investment of reasonably foreseeable related business expenditures.

Plaintiff, an Applicant for a Grower's License, claims that Defendants intentionally violated the terms contained within the application materials and so damaged Plaintiff by failing to require timely submission, and in fact by awarding "preapprovals" to several grower applicants

whose applications were received after the temporal deadline set forth in the application materials and therefore providing an unfair and unlawful advantage to certain applicants; by publicly stating an intention to consider geographic distribution in order to more fairly apportion the economic benefits of a fledgling industry across the State of Maryland and then instead by administering said geographic distribution in an arbitrary and capricious manner; by failing to respond to questions posited by applicants despite purposeful public statements which indicated that questions submitted would elicit timely responses from MMCC; by failing to favor and appropriately score the import of obtaining appropriate premises upon which growing operations would be established and staffing; by unilaterally delaying the awarding of license preapprovals by approximately eight months, thereby causing significant financial burdens on those applicants which secured premises and/or hired staff; by failing to favor and appropriately score Maryland-based businesses; by failing to consider portions of applications contained within addenda which were referenced within textual responses; and upon information and belief by altering the manner in which points for various responses were assessed, eg. by re-weighting scoring results provided to MMCC by a third party compiler of scores from third party reviewers; by positively scoring references to the U.S. Federal Food and Drug Administration ("FDA") when said Federal government entity, as does the U.S. Drug Enforcement Agency ("DEA"), deems any state-licensed marijuana-related activities to be illegal; by stating publicly that all information needed to apply successfully was contained within the application materials when this statement was known to be untrue; by continuing to consider granting final licensure to numerous preapproved applicants who did not reach final approval by today, the mandatory 365-day deadline from the date of preapproval; by suspending – as opposed to revoking - the preapproval of at least one preapproved applicant which obviously cannot obtain final licensure in the face of a well-publicized federal inquiry into its illicit business affairs; by continuing to entertain licensing at least one applicant which secretly included one or

more persons who possessed insider knowledge, as in engaging the services of a Maryland state legislator, and an ability to thereby thwart the procedural fairness with which and in accordance with which the licensure process was promised to be administered by a state agency; by failing to insure that one or more other insiders were not permitted to be considered for licensure; and by failing to insure that application reviewers had no connection whatsoever with applicants.

## JURISDICTION AND VENUE

This matter pertains to a State agency's activities conducted entirely within the state of Maryland and concerns allegations of damages due to breach of contract which are within the jurisdiction of this Court.   Venue is proper in Baltimore City where both Defendants maintain offices and conduct operations.

## DEFENDANTS FAILED TO TIMELY REQUIRE SUBMISSION OF APPLICATIONS WHICH RECEIVED PRELIMINARY APPROVALS AND DAMAGED PLAINTIFF

Defendants' application materials, which were provided to all prospective Applicants, set November 6, 2015 as a deadline for submission of completed grower, processor and dispensary applications.

Notwithstanding the temporal limitation which was to have been imposed upon all Applicants, Defendants accepted and considered several applications after the mandatory deadline, and awarded preapprovals to Applicants whose applications were received after the mandatory deadline.

Attached as "Exhibit A" are copies of the cover pages of fourteen (14) of the fifteen (15) grower applications which won preapproval.  The application cover sheet from Shore Natural RX, LLC was not obtainable by Plaintiff.

As can be discerned from the "Received" stamps affixed thereto, applications submitted by Curio Cultivation, LLC, Green Leaf Medical LLC, Grow West MD, LLC, Holistic Industries

LLC, Kind Therapeutics USA, LLC, Maryland Compassionate Care and Wellness, LLC and MaryMed LLC, and were received after the mandatory deadline.

Timely receipt cannot be discerned by means of the application cover sheets for Doctors Orders Maryland, LLC, Forward Gro, LLC, Harvest of Maryland, HMS Health LLC, SunMed Growers, LLC, and Temescal Wellness of Maryland, LLC either because receipt stamps were not affixed to the cover sheets or were not legible in their entirety.

Only one application, that submitted by Freestate Wellness LLC, appears to have been submitted on time.

Timely submission was a condition contained within the application materials provided by Defendants, which materials constituted an offer to enter into a contract, which offer was extended to prospective applicants and formed an enforceable contract with those Applicants who submitted completed applications and paid the required application fees. The late filing of an application violates the mandatory application requirements disclosed in the offer, and renders the application void.

The awarding of "preapprovals" to grower applicants whose applications were received after the temporal deadline set forth in the applications materials constitutes a breach of contract by Defendants with grower Applicants who abided by the terms as set forth in the application materials.

The awarding in such preapprovals provided an unfair and unlawful advantage to certain Applicants over others, and thus rendered the overall application and awards process objectionable and unenforceable because only timely applications were to be considered and Applicants who submitted timely applications were unfairly and wrongfully disadvantaged thereby.

## DEFENDANTS ANNOUNCED BUT FAILED TO ADHERE TO A REASONABLE METHOD OF CONSIDERING GEOGRAPHICAL DIVERSITY

Defendants publicly stated that geographical diversity would be a considered factor by publicly stating an intention to include geographic distribution in the awarding of grower preapprovals, presumably in order to more fairly apportion the economic benefits of a new industry across the State.

Defendants were therefore required to consider geographic diversity in a fair and equitable manner, either by apportioning grower preapprovals across Maryland's counties of by means of Maryland's agricultural districts.

Although the number of Maryland counties exceeds the legislatively authorized number of grower licenses, Maryland's counties are divided among five (5) agricultural districts.

Distribution of grower licenses could therefore best be fairly apportioned by granting three licenses to each of the five (5) agricultural districts.

Instead, Defendants failed to utilize any reasonable means to obtain a fair and equitable geographic distribution and instead administered said geographic distribution in an illogical, arbitrary and capricious manner.

As a result of the arbitrary administration of geographic considerations, numerous Maryland counties were precluded from enjoying the jobs and other economic benefits attributable to participation in this new industry, and Applicants which properly considered locations based upon geographic consideration factors were misled.

Defendants, being agencies of State government, were charged with administering a fair and equitable geographic distribution once the intent to consider geographic distribution factors was announced.

Defendants' failure to administer geographic distribution constituted a breach of the terms of the application materials, as amended by the announcement that geographic distribution would be considered, and damaged Plaintiff whose application pertained to a location within an agricultural district which received only one (1) grower preapproval.

## DEFENDANTS FAILED TO RESPOND TO QUESTIONS POSITED BY APPLICANTS AND THUS VIOLATED THE TEMS CONTAINED WITHIN THE APPLICATION MATERIALS

Upon information and belief, Defendants failed to respond to numerous questions posited by Applicants, despite stating publicly that such questions would elicit responses which would be published on the MMCC website.

Defendants' failure to abide by their announced promise to so respond disadvantaged Applicants whose questions did not elicit response(s).

Defendants' failure to timely respond to Applicants' questions violated the applications process, thus rendering it unfair and objectionable.

Plaintiff, which posited several questions which did not elicit timely responses from MMCC, was disadvantaged and ultimately damaged as a result of the breach of this material term contained within the application materials.

## DEFENDANTS FAILED TO CONSIDER AND APPROPRIATELY SCORE IDENTIFIED OPERATING PREMISES

Defendants provided applications materials which were reasonably interpreted to favor identification of operating premises selected by Applicants.

Pursuant to such reasonable interpretation, numerous Applicants selected and procured operating premises, and made significant investments toward acquisition and improvements based upon same.

When Defendants delayed the announced award date by approximately eight (8) months, Applicants were forced to make significant additional investment to maintain and in many cases improve already acquired operating premises.

Plaintiff, having acquired a roughly 47,000 sq. ft. facility in Wicomico County, was forced to spend in excess of $500,000 to acquire, improve and retain the operating premises which it acquired in order to meet the reasonably interpreted requirement that an operating premises be obtained and the announced geographic consideration factors.

Defendants failed to adhere to the reasonably interpreted requirement that Applicants select an operating premises in the scoring of applications and instead abrogated from same by permitting some Applicants to select operating premises after the award of preapprovals.

Plaintiff was unfairly induced by Defendants into acquiring an operating premises and was forced to expend considerable sums on acquisition and improvements, most of which accrued during the unilateral eight month delay in awarding preapprovals imposed by Defendants.

As a result of Defendants' actions in inducing Plaintiff to expend said sums and the delay imposed upon Plaintiff, Plaintiff sustained damages, which damages were the direct and proximate result of Defendants' actions.

## DEFENDANTS FAILED TO TIMELY AWARD PREAPPROVALS AND UNFAIRLY BURDENED APPLICANTS RESULTING IN DAMAGES SUSTAINED BY PLAINTIFF

Defendants initially announced that awarding of preapprovals would be accomplished sometime between mid-December, 2015 and mid-January, 2016.

Said announcement became part of the material terms of the application and was relied upon by Applicants, many of whom acquired staff and operating facilities.

Plaintiff hired six individuals and agreed to provide compensation as of the date of award, which individuals accepted positions with Plaintiff and had to forego other employment.

When Defendants delayed the award of preapprovals. Plaintiff was faced with losing its staff or finding ways to retain said individuals by employing them in other pursuits related to its application.

As a result of said delay, and Plaintiff's reliance upon Defendants' other announced and/or reasonably interpreted provisions contained or expressed as part of the grower application, Plaintiff employed said individuals over the course of the delay period in order to avoid losing staff and its acquired premises.

Defendants' unilaterally imposed delay in awarding preapprovals thus damaged Plaintiff which at all times acted in good faith and in accordance with Defendants' representations, which damages were reasonably foreseeable by Defendants.

## DEFENDANTS INDICATED THAT THE IMPORT OF MARYLAND-BASED BUSINESSES WOULD BE CONSIDERED BUT FAILED TO DO SO

Defendants stated that there would in the preapproval selection process exist a preference for applications which were submitted by Maryland-based businesses.

However, as the distribution of preapproval awards demonstrated, such a preference was abandoned in favor of licensing several out-of-state companies.

Plaintiff, as well as numerous other applicants, reasonably relied upon statements made by Defendants as to application scoring which preferred Maryland-based businesses, which reliance was misplaced.

Defendants intentionally misrepresented their intent to consider being based in Maryland as a positive factor which would affect an Applicant's score and thus influence the awarding of preapprovals.

As a result of such misplaced reliance, Plaintiff incurred damages which were the direct and proximate result of Defendants' intentional misrepresentations concerning the importance of the state in which an Applicant is based.

## DEFENDANTS ACCEPTED BUT FAILED TO CONSIDER AND SCORE INFORMATION INCLUDED IN APPENDICES TO THE APPLICATION ALTHOUGH REFERENCED THEREIN

Defendants provided a matrix which permitted scoring of responses in sections of the application materials, including appendices permitted to be included, but limited by maximum page or word counts.

An important section of the application from a scoring perspective was an Applicant's presentation of its financial capabilities.

Plaintiff was able to show by means of a spreadsheet that it possessed sufficient financial resources to construct and profitably operate a growing facility in accordance with Maryland's requirements.

Plaintiff relied upon Defendants' stated requirements and set forth its financial capabilities within a spreadsheet contained in the appended materials.

Although said financial spreadsheet was referenced at the appropriate point in the body of the response, Defendants failed to review and score same.

Upon information and belief, Defendants failed to provide the appendices to some or all applications to reviewers charged with the scoring of certain sections.

As a result of Defendants' failure to review and score Plaintiff's financial spreadsheet, Plaintiff was denied scoring of an essential part of its application.

Plaintiff suffered damage as a result of Defendants' failure to review and score Plaintiff's financial spreadsheet.

## DEFENDANTS ABROGATED THE AGREED SCORING METHODOLOGY BY REWEIGHTING ONE OR MORE PORTIONS OF COMPLETED APPLICATIONS

Defendants provided Applicants with a scoring matrix which assigned stated scores to distinct portions of the application materials, in accordance with which scores awarded to completed applications corresponded to the degree to which Applicants successfully answered .

However, upon information and belief and without explanation, Defendants altered the manner in which they applied the scoring matrix, eg. by re-weighting scoring results provided by a third party compiler of scores obtained from third party reviewers.

The method and means by which Defendants re-weighted scores, similar to the woeful manner in which Defendants attempted to institute geographic distribution, was not disclosed to Plaintiff.

Plaintiff, along with other Applicants, was thus denied an opportunity to fairly participate in a State-sponsored awards process.

As a result of Defendants' failure to abide strictly to scoring methods, Plaintiff was damaged.

## DEFENDANTS INAPPROPRIATELY SCORED IRRELEVANT FACTORS

Plaintiff's representatives attended a 'debriefing' meeting at which Plaintiff was informed about reasons that Plaintiff's scores were insufficient to garner award of a preapproval several months after preapprovals were issued.

At such time, Plaintiff was informed that references to the U.S. Federal Food and Drug Administration ("FDA") concerns garnered points.

The scoring of such references was entirely inappropriate when one recognizes that said government entity, as does the U.S. Drug Enforcement Agency ("DEA"), continues to regard all state-licensed marijuana-related activity as illegal.

By attributing points to references to the FDA, Defendants wrongfully administered scoring of applications.

By wrongfully administering the awarding of points for said references, Defendants damaged Plaintiff.

## DEFENDANTS WRONGFULLY STATED PUBLICLY THAT ALL INFORMATION NEEDED TO SUCCESSFULLY RESPOND TO WAS CONTAINED IN THE APPLICATION MATERELS

Defendants stating publicly that all information needed for an Applicant to successfully apply for and obtain preapproval was contained within the application materials.

Defendants made this statement knowing at the time it was made that it was untrue.

Plaintiff relied upon this statement to its detriment in the formulation of its application.

Plaintiff's detrimental reliance thereon resulted in damages to Plaintiff.

## DEFENDANTS ARE BARRED FROM ISSUING FINAL LICENSURE TO ANY APPLICANT WHICH HAS NOT YET OBTAINED FINAL APPROVAL

Defendants are bound to every Applicant by the terms expressed in the application materials to refrain from granting final licensure to Applicants who failed to meet all requirements for final licensure as of the date of the filing of this complaint.

The mandatory 365-day deadline to become operative from the date of preapproval was relied upon by Plaintiff, as well as every other Applicant.

Defendants must refrain from abrogating said mandatory deadline, and must instead faithfully abide by the terms expressed within the application materials.

It is reasonably foreseeable that Plaintiff will be damaged in the event that Defendants unilaterally alter the mandate which was a term contained within the 'offer' to apply and was therefore an important aspect of the application process.

## DEFENDANTS – A STATE-SPONSORED AGENCY – FAILED TO INSURE AN UNBIASED REVIEW

Perhaps unwittingly, Defendants permitted the applications process to become tainted by insider activity, such as continuing to entertain the licensing of at least one applicant which secretly engaged the services of persons who possessed significant insider knowledge and could alter the outcome of the granting of preapprovals.

Dan Morheim's demonstrated behavior which elicited a sanction by the Maryland legislature has apparently been successfully 'swept under the rug.' Morheim secreted his relationship with a well-heeled Applicant until he could no longer deny his illicit involvement as a 'consultant' and referred to the legislature's expressed concerns as a 'circus.'

Notwithstanding Mr. Morheim's distorted view of how serious the obvious ethical considerations are, just who possessed insider knowledge and a corresponding ability to thereby thwart the procedural fairness with which and in accordance with which the licensure process was to be administered by a state actor is an inquiry which must be conducted before additional licenses are issued.

Absent this Court's mandate that a true and thorough inquiry into Defendants' management of the scoring and selection process and, as important, into the methods by which Defendants' applications evolved and just who knew how responses were to be judged, the citizens of Maryland will be denied an assurance that there was procedural fairness with respect to the manner in which Defendants conducted their affairs.

Simply stated, Defendants should have ascertained that no persons possessed of insider knowledge were considered for licensure, and insured that application reviewers had no connection whatsoever with applicants.

Plaintiff is a citizen of Maryland, is thereby entitled to the fair administration of Maryland's laws, and procedural fairness with respect to how those laws are administered.

Plaintiff, and numerous other unsuccessful Applicants who contracted with Defendants in a state-sponsored scheme which was designed to award valuable licenses, are entitled to obtain an independent inquiry into the means by which preapprovals and final licensure were awarded, absent which Marylanders could correctly deduce that the ends will be permitted by Defendants to justify the means.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all matters so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests damages in such amount as Plaintiff suffered as the result of Defendants' several above stated breaches of the terms and conditions which Defendants set forth in the application materials, and all necessary injunctive relief required to ascertain that there existed procedural fairness with respect to the granting of preapprovals and final licensure, and such other and further relief as appropriate in the circumstances.

I HEREBY CERTIFY that I am a member in good standing of the Bar of the State of Maryland.

Respectfully submitted, this 15th day of August, 2017.

**SISKIND LEGAL GROUP**

Jeffrey M. Siskind, Esquire
525 S. Flagler Drive, Ste. 500
West Palm Beach, FL  33401
TEL    (561) 791-9565
FAX    (561) 791-9581
Email: jeffsiskind@msn.com

# EXHIBIT A

DHMH–Maryland Medical Cannabis Commission
Application for Medical Cannabis Grower License

# APPLICATION INFORMATION SHEET

| 1 | COMPANY NAME | Curio Cultivation, LLC |
|---|---|---|
| 2 | STREET ADDRESS | One Olympic Place, Suite 1210 |
| 3 | CITY, STATE, ZIP | Towson, Maryland 21204 |

| 4 | TELEPHONE NUMBER | | EXTENSION: N/A |
|---|---|---|---|
| | AREA CODE 410 | NUMBER: 952-8040 | |

| 5 | FAX NUMBER | | EXTENSION: N/A |
|---|---|---|---|
| | AREA CODE N/A | NUMBER: N/A | |

| 6 | TOLL FREE NUMBER | | EXTENSION: N/A |
|---|---|---|---|
| | AREA CODE N/A | NUMBER: N/A | |

| 7 | Contact Person for providing information, signing documents, or ensuring actions are taken per COMAR 10.62.08-.18 |
|---|---|
| | Name: Michael Bronfein |
| | Title: Managing Member |
| | Address: One Olympic Place, Suite 1210, Towson, Maryland 21204 |
| | Email Address: Mbronfein@gmail.com |

| 8 | TELEPHONE NUMBER AND FAX FOR CONTACT PERSON | | |
|---|---|---|---|
| | AREA CODE 410 | TELEPHONE NUMBER: 952-8040 | EXTENSION: N/A |
| | AREA CODE N/A | FAX NUMBER: N/A | |

| 9 | CONTACT PERSON SIGNATURE | |
|---|---|---|
| | SIGNATURE: | DATE: 11/6/2015 |

RECEIVED
NOV 07 2015





DHMH–Maryland Medical Cannabis Commission
Application for Medical Cannabis Grower License

# APPLICATION INFORMATION SHEET

| 1 | COMPANY NAME | Doctors Orders Maryland, LLC |
|---|---|---|
| 2 | STREET ADDRESS | 601 E. Pratt St 6th Floor |
| 3 | CITY, STATE, ZIP | Baltimore, MD 21202 |

| 4 | TELEPHONE NUMBER | | EXTENSION: N/A |
|---|---|---|---|
| | AREA CODE 410 | NUMBER: 916-1429 | |

| 5 | FAX NUMBER | | EXTENSION: N/A |
|---|---|---|---|
| | AREA CODE 410 | NUMBER: 659-9491 | |

| 6 | TOLL FREE NUMBER | | EXTENSION: N/A |
|---|---|---|---|
| | AREA CODE 1-800 | NUMBER: 733-5444 | |

| 7 | Contact Person for providing information, signing documents, or ensuring actions are taken per COMAR 10.62.08-.18 |
|---|---|
| | Name: Jeffrey Allan Black |
| | Title: COO |
| | Address: 601 E. Pratt St 6th Floor Baltimore, MD 21202 |
| | Email Address: DoctorsOrdersMaryland@gmail.com |

| 8 | TELEPHONE NUMBER AND FAX FOR CONTACT PERSON | | |
|---|---|---|---|
| | AREA CODE 202 | TELEPHONE NUMBER: 713-0727 | EXTENSION: N/A |
| | AREA CODE 410 | FAX NUMBER: 659-9491 | |

| 9 | CONTACT PERSON SIGNATURE | |
|---|---|---|
| | SIGNATURE: | DATE: 11/06/15 |



DHMH–Maryland Medical Cannabis Commission
Application for Medical Cannabis Grower License

## APPLICATION INFORMATION SHEET

| 1 | COMPANY NAME | Forward Gro, LLC |
|---|---|---|
| 2 | STREET ADDRESS | 605 Main Street, #201 |
| 3 | CITY, STATE, ZIP | Stevensville, MD 21666 |

| 4 | TELEPHONE NUMBER | | |
|---|---|---|---|
| | AREA CODE 410 | NUMBER: 507-9255 | EXTENSION: N/A |

| 5 | FAX NUMBER | | |
|---|---|---|---|
| | AREA CODE 410 | NUMBER: 643-6809 | EXTENSION: N/A |

| 6 | TOLL FREE NUMBER | | |
|---|---|---|---|
| | AREA CODE N/A | NUMBER: N/A | EXTENSION: N/A |

| 7 | Contact Person for providing information, signing documents, or ensuring actions are taken per COMAR 10.62.08-.18 |
|---|---|
| | Name: Gail Rand |
| | Title: CFO & Patient Advocate |
| | Address: 605 Main Street, #201; Stevensville, MD 21666 |
| | Email Address: gail@forwardgro.com |

| 8 | TELEPHONE NUMBER AND FAX FOR CONTACT PERSON | |
|---|---|---|
| | AREA CODE 410 | TELEPHONE NUMBER: 507-9255 | EXTENSION: N/A |
| | AREA CODE 410 | FAX NUMBER: 643-6809 | |

| 9 | CONTACT PERSON SIGNATURE | |
|---|---|---|
| | SIGNATURE: *Gail Rand* | DATE: 10-14-2015 |

# APPLICATION INFORMATION SHEET

| 1 | COMPANY NAME | Freestate Wellness LLC |
|---|---|---|
| 2 | STREET ADDRESS | 6030 Daybreak Circle, #150 |
| 3 | CITY, STATE, ZIP | Clarksville, Maryland 21029 |

| 4 | TELEPHONE NUMBER | | EXTENSION: |
|---|---|---|---|
| | AREA CODE 443 | NUMBER: 393-6642 | |

| 5 | FAX NUMBER | | EXTENSION: |
|---|---|---|---|
| | AREA CODE 301 | NUMBER: 796-5766 | |

| 6 | TOLL FREE NUMBER | | EXTENSION: |
|---|---|---|---|
| | AREA CODE | NUMBER: | |

| 7 | Contact Person for providing information, signing documents, or ensuring actions are taken per COMAR 10.62.08-.18 |
|---|---|
| | Name: Cary David Millstein |
| | Title:  President |
| | Address: 6030 Daybreak Circle, #150, Clarksville, Maryland 21029 |
| | Email Address: CaryM@Freestate-Wellness.com |

| 8 | TELEPHONE NUMBER AND FAX FOR CONTACT PERSON | | |
|---|---|---|---|
| | AREA CODE 301 | TELEPHONE NUMBER: 442-0033 | EXTENSION: |
| | AREA CODE 301 | FAX NUMBER: 796-5766 | |

| 9 | CONTACT PERSON SIGNATURE | |
|---|---|---|
| | SIGNATURE: | DATE: 11/5/15 |

RECEIVED
NOV 0 6 2015



DHMH–Maryland Medical Cannabis Commission
Application for Medical Cannabis Grower License

# APPLICATION INFORMATION SHEET

| 1 | COMPANY NAME | Green Leaf Medical LLC |
|---|---|---|
| 2 | STREET ADDRESS | 267 Kentlands Blvd   1010 |
| 3 | CITY, STATE, ZIP | Gaithersburg   MD   ~~20878~~ ~~20874~~ 20876 |

### TELEPHONE NUMBER

| 4 | AREA CODE | NUMBER: | EXTENSION: |
|---|---|---|---|
| | 240 | 888-6780 | |

### FAX NUMBER

| 5 | AREA CODE | NUMBER: | EXTENSION: |
|---|---|---|---|
| | | | |

### TOLL FREE NUMBER

| 6 | AREA CODE | NUMBER: | EXTENSION: |
|---|---|---|---|
| | | | |

| 7 | Contact Person for providing information, signing documents, or ensuring actions are taken per COMAR 10.62.08-.18 |
|---|---|
| | Name: Philip Goldberg |
| | Title: Owner |
| | Address: 4117 Tattershall Place Germantown MD 20874 |
| | Email Address: Phil@GreenLeafMedical.com |

| 8 | TELEPHONE NUMBER AND FAX FOR CONTACT PERSON | | |
|---|---|---|---|
| | AREA CODE 240 | TELEPHONE NUMBER: 888-6780 | EXTENSION: |
| | AREA CODE | FAX NUMBER: | |

| 9 | CONTACT PERSON SIGNATURE | |
|---|---|---|
| | SIGNATURE: *Philip Goldberg* | DATE: 11/4/2015 |

RECEIVED NOV 0 8 2015



MMCC
Maryland Medical Cannabis Commission

DHMH–Maryland Medical Cannabis Commission
Application for Medical Cannabis Grower License

## APPLICATION INFORMATION SHEET

| 1 | COMPANY NAME | Grow West MD, LLC |
| 2 | STREET ADDRESS | 47 East All Saints Street |
| 3 | CITY, STATE, ZIP | Frederick, MD 21701 |

**4 — TELEPHONE NUMBER**

| AREA CODE | NUMBER: | EXTENSION: |
|---|---|---|
| 301 | 696-5732 | Extension |

**5 — FAX NUMBER**

| AREA CODE | NUMBER: | EXTENSION: |
|---|---|---|
| 301 | 624-5620 | Extension |

**6 — TOLL FREE NUMBER**

| AREA CODE | NUMBER: | EXTENSION: |
|---|---|---|
| NA | NA | Extension |

**7** Contact Person for providing information, signing documents, or ensuring actions are taken per COMAR 10.62.08-.18

Name: Alison Valois
Title: Deputy Executive Chairwoman
Address: 47 East All Saints Street    Frederick, MD 21701
Email Address: alivalois@manticorpllc.com

**8 — TELEPHONE NUMBER AND FAX FOR CONTACT PERSON**

| AREA CODE | TELEPHONE NUMBER: | EXTENSION: |
|---|---|---|
| 240 | 422-1416 | Extension |
| AREA CODE | FAX NUMBER: | |
| 301 | 624-5620 | |

**9 — CONTACT PERSON SIGNATURE**

SIGNATURE:

DATE: Click here to enter a date.
1/5/15



RECEIVED
NOV 07 2015





DHMH–Maryland Medical Cannabis Commission
Application for Medical Cannabis Grower License

# APPLICATION INFORMATION SHEET

| 1 | COMPANY NAME | Harvest of Maryland |
|---|---|---|
| 2 | STREET ADDRESS | 449 S. 48th St. Suite 105 |
| 3 | CITY, STATE, ZIP | Tempe, AZ, 85281 |

**4**

### TELEPHONE NUMBER

| AREA CODE | NUMBER: | EXTENSION: |
|---|---|---|
| 480 | 759-9622 | Extension |

**5**

### FAX NUMBER

| AREA CODE | NUMBER: | EXTENSION: |
|---|---|---|
| 480 | 718-8442 | Extension |

**6**

### TOLL FREE NUMBER

| AREA CODE | NUMBER: | EXTENSION: |
|---|---|---|
| Area Code | Number | Extension |

**7**

Contact Person for providing information, signing documents, or ensuring actions are taken per COMAR 10.62.08-.18

Name: Steve White

Title: Chief Executive Officer

Address: 1075 W. Todd Dr. Tempe, AZ 85283

Email Address: swhite@wbazlaw.com

### TELEPHONE NUMBER AND FAX FOR CONTACT PERSON

| AREA CODE | TELEPHONE NUMBER: | EXTENSION: |
|---|---|---|
| 602 | 615-2083 | Extension |
| AREA CODE | FAX NUMBER: | |
| 480 | 718-8368 | |

### CONTACT PERSON SIGNATURE

SIGNATURE: 

| DATE: |
|---|
| 11/6/2015 |





DHMH–Maryland Medical Cannabis Commission
Application for Medical Cannabis Grower License

## APPLICATION INFORMATION SHEET

| COMPANY NAME | HMS Health LLC |
| STREET ADDRESS | 13520 Potomac Riding Lane |
| CITY, STATE, ZIP | Potomac, MD 20850 |

### TELEPHONE NUMBER

| AREA CODE | NUMBER: | EXTENSION: |
| 204 | 997-2416 | |

### FAX NUMBER

| AREA CODE | NUMBER: | EXTENSION: |
| 301 | 294-6537 | |

### TOLL FREE NUMBER

| AREA CODE | NUMBER: | EXTENSION: |

Contact Person for providing information, signing documents, or ensuring actions are taken per COMAR 10.62.08-.18
Name: Shakil H. Siddiqui
Title: Executive Director
Address: 13520 Potomac Riding Lane, Potomac MD 20850
Email Address: ssiddiqui@harisdesign.com

### TELEPHONE NUMBER AND FAX FOR CONTACT PERSON

| TELEPHONE NUMBER: | EXTENSION: |
| 997-2416 | |
| FAX NUMBER: | |
| 294-6537 | |

### CONTACT PERSON SIGNATURE

SIGNATURE: DATE: 10/28/15



DHMH–Maryland Medical Cannabis Grower License
Application for Medical Cannabis Grower License

# APPLICATION INFORMATION SHEET

| 1 | COMPANY NAME | Holistic Industries LLC |
|---|---|---|

| 2 | STREET ADDRESS | 12204 Grove Park Court |
|---|---|---|

| 3 | CITY, STATE, ZIP | Potomac, MD 20854 |
|---|---|---|

### TELEPHONE NUMBER

| 4 | AREA CODE | NUMBER: | EXTENSION |
|---|---|---|---|
| | 301 | 922-7786 | N/A |

### FAX NUMBER

| 5 | AREA CODE | NUMBER: | EXTENSION: |
|---|---|---|---|
| | N/A | N/A | N/A |

### TOLL FREE NUMBER

| 6 | AREA CODE | NUMBER: | EXTENSION: |
|---|---|---|---|
| | N/A | N/A | N/A |

| 7 | Contact Person for providing information, signing documents, or ensuring actions are taken per COMAR 10.62.08-.18 |
|---|---|
| | Name: Josh Genderson |
| | Title: CEO |
| | Address: 12204 Grove Park Court Potomac, MD 20854 |
| | Email Address: HolisticIndustries@gmail.com |

### TELEPHONE NUMBER AND FAX FOR CONTACT PERSON

| 8 | AREA CODE | TELEPHONE NUMBER: | EXTENSION: |
|---|---|---|---|
| | 301 | 922-7786 | N/A |
| | AREA CODE | FAX NUMBER: | |
| | N/A | N/A | |

| 9 | CONTACT PERSON SIGNATURE | |
|---|---|---|
| | SIGNATURE: | DATE: 11/03/2015 |



RECEIVED
NOV 1 6 2015
By_____



DHMH–Maryland ~~Medical Cannabis Grower~~
Application for ~~Medical~~

# APPLICATION INFORMATION SHEET

| 1 | COMPANY NAME | KIND THERAPEUTICS USA, LLC |
|---|---|---|
| 2 | STREET ADDRESS | 16604 NORBECK FARM DRIVE |
| 3 | CITY, STATE, ZIP | OLNEY, MD  20832 |

| 4 | TELEPHONE NUMBER | | EXTENSION: ~~...~~ |
|---|---|---|---|
| | AREA CODE 301 | NUMBER: 774 - 9262 | |

| 5 | FAX NUMBER | | EXTENSION: |
|---|---|---|---|
| | AREA CODE 301 | NUMBER: 774 - 1692 | |

| 6 | TOLL FREE NUMBER | | EXTENSION: |
|---|---|---|---|
| | AREA CODE | NUMBER: | |

| 7 | Contact Person for providing information, signing documents, or ensuring actions are taken per COMAR 10.62.08-.18 |
|---|---|
| | Name: | SUSAN ZIMMERMAN |
| | Title: | CEO |
| | Address: | 789 Sonne Drive, Annapolis, MD  2140l |
| | Email Address: | szpmr@aol.com |

| 8 | TELEPHONE NUMBER AND FAX FOR CONTACT PERSON | |
|---|---|---|
| | AREA CODE | TELEPHONE NUMBER: 410 - 761 - 0030 | EXTENSION: |
| | AREA CODE | FAX NUMBER: 410 761 - 4895 | |

| 9 | CONTACT PERSON SIGNATURE |
|---|---|
| | SIGNATURE: *Susan Zimmn* | DATE: 11/2/15 |

DECEIVED



MMCC Home

Page 2 of 12

**DHMH–Maryland Medical Cannabis Commission**
Application for Medical Cannabis Grower License



## APPLICATION INFORMATION SHEET

| 1 | COMPANY NAME | Maryland Compassionate Care and Wellness, LLC |
|---|---|---|

| 2 | STREET ADDRESS | 33 North LaSalle Street, Suite 3200 |
|---|---|---|

| 3 | CITY, STATE, ZIP | Chicago, Illinois 60602 |
|---|---|---|

**4 — TELEPHONE NUMBER**

| AREA CODE | NUMBER: | EXTENSION: |
|---|---|---|
| 773 | 870-2439 | Extension |

**5 — FAX NUMBER**

| AREA CODE | NUMBER: | EXTENSION: |
|---|---|---|
| Area Code | Number | Extension |

**6 — TOLL FREE NUMBER**

| AREA CODE | NUMBER: | EXTENSION: |
|---|---|---|
| Area Code | Number | Extension |

**7** Contact Person for providing information, signing documents, or ensuring actions are taken per COMAR 10.62.08-.18
Name: Steven Weisman
Title: Chief Executive Officer
Address: 33 North LaSalle Street, Suite 3200, Chicago, Illinois 60602
Email Address: steve@weismanbrothers.com

**8 — TELEPHONE NUMBER AND FAX FOR CONTACT PERSON**

| AREA CODE | TELEPHONE NUMBER: | EXTENSION: |
|---|---|---|
| 773 | 870-2439 | Extension |
| AREA CODE | FAX NUMBER: | |
| Area Code | Number | |

**9 — CONTACT PERSON SIGNATURE**

| SIGNATURE: | DATE: |
|---|---|
| | 11/6/2015 |

RECEIVED
NOV 16 2015
By

*STeve@Weisman BRothers.Com*

*Send Mock security Bid*

Page **2** of **135**

6

DHMH–Maryland Medical Cannabis Commission
Application for Medical Cannabis Grower License

# APPLICATION INFORMATION SHEET

| 1 | COMPANY NAME | MaryMed LLC |
| 2 | STREET ADDRESS | 6900 Granite Ridge Court |
| 3 | CITY, STATE, ZIP | Baltimore, MD, 21209 |

### 4 — TELEPHONE NUMBER

| AREA CODE | NUMBER: | EXTENSION: |
|---|---|---|
| 612 | 2056675 | |

### 5 — FAX NUMBER

| AREA CODE | NUMBER: | EXTENSION: |
|---|---|---|
| 952 | 8362730 | |

### 6 — TOLL FREE NUMBER

| AREA CODE | NUMBER: | EXTENSION: |
|---|---|---|
| 800 | 5143707 | |

**7** Contact Person for providing information, signing documents, or ensuring actions are taken per COMAR 10.62.08-.18

Name: Kyle Kingsley
Title: CEO
Address: 207 S 9th Street, Minneapolis MN, 55410
Email Address: kylekingsley@vireohealth.com

### 8 — TELEPHONE NUMBER AND FAX FOR CONTACT PERSON



| AREA CODE | TELEPHONE NUMBER: | EXTENSION: |
|---|---|---|
| 612 | 2056675 | |
| AREA CODE | FAX NUMBER: | |
| 952 | 8362730 | |

### 9 — CONTACT PERSON SIGNATURE

| SIGNATURE: | DATE: 11/4/2015 |
|---|---|



RECEIVED
NOV 10 2015
By



MMCC Home



DHMH–Maryland Medical Cannabis Commission
Application for Medical Cannabis Grower License

## APPLICATION INFORMATION SHEET

| 1 | COMPANY NAME | SunMed Growers, LLC |
|---|---|---|
| 2 | STREET ADDRESS | 65 Knight Island Road |
| 3 | CITY, STATE, ZIP | Earleville, MD  21919 |

| 4 | TELEPHONE NUMBER | | EXTENSION: N/A |
|---|---|---|---|
| | AREA CODE 443 | NUMBER: 206-3223 | |

| 5 | FAX NUMBER | | EXTENSION: N/A |
|---|---|---|---|
| | AREA CODE 410 | NUMBER: 275-9371 | |

| 6 | TOLL FREE NUMBER | | EXTENSION: N/A |
|---|---|---|---|
| | AREA CODE N/A | NUMBER: N/A | |

| 7 | Contact Person for providing information, signing documents, or ensuring actions are taken per COMAR 10.62.08-.18 |
|---|---|
| | Name: Jacob J. Van Wingerden |
| | Title:  Managing Member |
| | Address: 65 Knight Island Road, Earleville, MD  21919 |
| | Email Address: jakevw@sunmedgrowers.com |

| 8 | TELEPHONE NUMBER AND FAX FOR CONTACT PERSON | | |
|---|---|---|---|
| | AREA CODE 443 | TELEPHONE NUMBER: 206-3223 | EXTENSION: N/A |
| | AREA CODE 410 | FAX NUMBER: 275-9371 | |

| 9 | CONTACT PERSON SIGNATURE | |
|---|---|---|
| | SIGNATURE: | DATE: 11/4/2015 |





DHMH–Maryland Medical Cannabis Commission
Application for Medical Cannabis Grower License

## APPLICATION INFORMATION SHEET

| 1 | COMPANY NAME | Temescal Wellness of Maryland, LLC |
|---|---|---|

| 2 | STREET ADDRESS | 1 East Pratt Street, Suite 904 |
|---|---|---|

| 3 | CITY, STATE, ZIP | Baltimore, MD, 21202-1128 |
|---|---|---|

### TELEPHONE NUMBER

| 4 | AREA CODE | NUMBER: | EXTENSION: |
|---|---|---|---|
|   | 650 | 438-7698 | Extension |

### FAX NUMBER

| 5 | AREA CODE | NUMBER: | EXTENSION: |
|---|---|---|---|
|   | 954 | 337-4695 | Extension |

### TOLL FREE NUMBER

| 6 | AREA CODE | NUMBER: | EXTENSION: |
|---|---|---|---|
|   | Area Code | Number | Extension |

| 7 | Contact Person for providing information, signing documents, or ensuring actions are taken per COMAR 10.62.08-.18 |
|---|---|
|   | Name: Edward ("Ted") T. Rebholz, Jr. |
|   | Title:  Chief Executive Officer |
|   | Address: 1900 S. Ocean Drive, #501, Fort Lauderdale, FL, 33316 |
|   | Email Address: ted@temescalwellness.com |

### TELEPHONE NUMBER AND FAX FOR CONTACT PERSON

| 8 | AREA CODE | TELEPHONE NUMBER: | EXTENSION: |
|---|---|---|---|
|   | 650 | 438-7698 | Extension |
|   | AREA CODE | FAX NUMBER: | |
|   | 954 | 337-4695 | |

### CONTACT PERSON SIGNATURE

| 9 | SIGNATURE: | DATE: |
|---|---|---|
|   |  | 10/26/2015 |

