| | |
|---|---|
| CannaMED Pharmaceuticals, LLC | CIRCUIT COURT FOR |
| Plaintiff, | BALTIMORE CITY |
| v. | |
| Natalie M. LaPrade Maryland Medical Cannabis Commission, the Maryland Department of Health and Mental Hygiene, | Case No. 24-C-17-004230 OG |
| Defendants. | |

_____/

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DISMISSING CASE

COMES NOW CannaMED Pharmaceuticals, LLC, and moves for reconsideration of this Court's order dismissing Plaintiff's complaint and states:

1. Plaintiff filed a complaint for damages and injunctive relief against Defendants Natalie M. LaPrade Maryland Medical Cannabis Commission ("MMCC") and the Maryland Department of Health and Mental Hygiene ("MDMH"). Defendants responded by filing a Motion to Dismiss, or, in the alternative, for Summary Judgment, in which Defendants requested that Plaintiff's complaint be dismissed in its entirety for failure to state a cause of action pursuant to Maryland Rule 2-322(b)(2) or for summary judgment based upon sovereign immunity.

2. Defendant requested a hearing and oral argument took place on January 19, 2018, after which the Court granted Defendants' motion without any commentary whatsoever.

3. The Court's dismissal did not permit leave to amend, despite Plaintiff's dismissed complaint being the first complaint which was filed by Plaintiff, and there being no amendment prior to the motion which was filed by Defendants.

4. In accordance with the liberal principal concerning amendment of complaints, and inasmuch as Defendants' motion attacked the initial complaint filed by Plaintiff in this matter, the Court should amend its order dismissing Plaintiff's complaint to permit leave to amend.

5. Plaintiff's counsel requested leave to amend during oral argument, and also



PLAINTIFF'S TRIAL EXHIBIT T-92

reminded the Court that facts set forth in Plaintiff's complaint stated a prima facie case which would likely afford relief, that any failure to state a cause of action was at best a mere technical deficiency because Plaintiff presented ample facts on which to demonstrate its claims, and that

| | |
|---|---|
| CannaMED Pharmaceuticals, LLC | CIRCUIT COURT FOR |
| Plaintiff, | BALTIMORE CITY |
| v. | |
| Natalie M. LaPrade Maryland Medical Cannabis Commission, the Maryland Department of Health and Mental Hygiene, | Case No. 24-C-17-004230 OG |
| Defendants. | |

_____/

**<u>PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DISMISSING CASE</u>**

COMES NOW CannaMED Pharmaceuticals, LLC, and moves for reconsideration of this Court's order dismissing Plaintiff's complaint and states:

1. Plaintiff filed a complaint for damages and injunctive relief against Defendants Natalie M. LaPrade Maryland Medical Cannabis Commission ("MMCC") and the Maryland Department of Health and Mental Hygiene ("MDMH"). Defendants responded by filing a Motion to Dismiss, or, in the alternative, for Summary Judgment, in which Defendants requested that Plaintiff's complaint be dismissed in its entirety for failure to state a cause of action pursuant to Maryland Rule 2-322(b)(2) or for summary judgment based upon sovereign immunity.

2. Defendant requested a hearing and oral argument took place on January 19, 2018, after which the Court granted Defendants' motion without any commentary whatsoever.

3. The Court's dismissal did not permit leave to amend, despite Plaintiff's dismissed complaint being the first complaint which was filed by Plaintiff, and there being no amendment prior to the motion which was filed by Defendants.

4. In accordance with the liberal principal concerning amendment of complaints, and inasmuch as Defendants' motion attacked the initial complaint filed by Plaintiff in this matter, the Court should amend its order dismissing Plaintiff's complaint to permit leave to amend.

5. Plaintiff's counsel requested leave to amend during oral argument, and also

reminded the Court that facts set forth in Plaintiff's complaint stated a prima facie case which would likely afford relief, that any failure to state a cause of action was at best a mere technical deficiency because Plaintiff presented ample facts on which to demonstrate its claims, and that Defendants, by the very nature of their actions, could not as a matter of law rely upon sovereign immunity to obtain summary judgment in their favor.

6. Defendant argued that Plaintiff is simply an aggrieved loser in an applications process which is unassailable, and reminded the Court that there were at the time several other cases which were in the process of being settled, but which did not include Plaintiff. Neither of these statements should have been permitted or considered by the Court.

7. If Plaintiff failed to state a cause of action because, as alleged by Defendants, Plaintiff failed to include technical elements on which to base Plaintiff's claims, Plaintiff should be permitted at least one opportunity to amend in order to correct any technical deficiency.

7. The dismissal of Plaintiff's complaint without leave to amend appears to be a decision made only in the interest of expediency, which the Court should recognize is not an adequate disposition of the matter; nor is it in the public interest to furnish an order which does not specify the basis on which the Court found in favor of Defendants.

8. Further, in the preparation of this motion to reconsider, Plaintiff became aware that Defendants referred to an attached exhibit which Defendants failed to attach to their dispositive motion; Exhibt C which purportedly lists all applicants that timely filed applications. Exhibit C was referred to in the Affidavit of Mary-Jo Mather, which was attached as Exhibit 1 to Defendants' motion, but was not provided.

9. Also lacking in Mary-Jo Mather's Affidavit is any mention that timely filed applications were stamped in after the deadline for their submission; instead there is only a vague

reference to the lack of adequate staffing upon which the affiant inferentially bases Defendants' failure to properly stamp each timely filed application. However, this inference is refuted by the statement that staff logged the filed applications after they were received. Defendants' supportive Affidavit is therefore an insufficient basis on which to refute Plaintiff's claims.

10. Moreover, Plaintiff has by means of informal discovery conducted since filing its initial complaint determined that Defendants' administration of the applications process was further flawed by the unfettered ability at least one government official, who has already admitted to being secretly involved with a successful applicant, had access to elements of the applications which were of a material nature and that these were conveyed to what amounted to an inner circle of applicants prior to submission, thereby thwarting the impartiality and fairness with which Defendants were bound to administer the applications process.

11. For these reasons, in the interest of procedural fairness and public interest, the Court should amend its January 30, 2018 order to permit Plaintiff leave to amend its complaint, so that it can advance this litigation which will likely lead to success on the merits.

WHEREFORE, Plaintiff requests that it be permitted leave to amend its complaint, and for such other and further relief as appropriate in the circumstances.

Timely submitted, this 19th day of February, 2018.

SISKIND LEGAL GROUP

Jeffrey M. Siskind, Esquire
3465 Santa Barbara Drive
Wellington, FL  33414
TEL        (561) 791-9565
FAX        (561) 791-9581
Email:     jeffsiskind@msn.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of this Motion to Reconsider Order Dismissing Complaint was sent via U.S. Mail, postage prepaid this 19th day of February, 2018 to Heather B. Nelson, Esquire, Asst. Atty. General, 300 W. Preston Street, Ste. 302, Baltimore, Maryland 21201.

_____
Jeffrey M. Siskind, Esquire
Counsel for Plaintiff