Filing # 49612968 E-Filed 12/05/2016 12:45:33 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
INA ND FOR PALM BEACH COUNTY, FLORIDA

NEW WAVE LENDERS, (2015-B) LP,

    Plaintiff,

v.                                             Case No. 50-2016-CA-012543-XXXX-MB AW

CHANCE & ANTHEM, LLC et al.,

    Defendants.
_____/

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

COMES NOW, CHANCE & ANTHEM, LLC and JEFFREY SISKIND, by and through undersigned counsel, and answers Plaintiff's complaint and states:

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.
6. Denied.
7. Admitted.
8. Admitted.
9. Admitted.
10. Admitted.
11. Admitted.
12. Admitted.
13. Admitted.

**PLAINTIFF'S TRIAL EXHIBIT T-125B**

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Defendants lack sufficient knowledge to respond. Strict proof demanded.

19. Defendants lack sufficient knowledge to respond. Strict proof demanded.

20. Denied.

21. Defendants restate responses 1 through 20 as if fully stated herein.

22. Denied. There is no clause in the mortgage which prohibits secondary financing.

23. Denied. Payments for August and thereafter were withheld because Plaintiff wrongfully issued a Notice of Default and Acceleration of Mortgage.

24. Admitted. There is no legal basis requiring Defendants to remove said secondary financing.

25. Denied. Plaintiff has made demands which are inconsistent with the loan documents.

26. Denied as there is nothing to cure a non-existent defect.

27. Admitted as to the base loan amount, but otherwise denied.

28. Admitted to such extent as said fees are appropriate as decided by the Court.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted.

36. Defendants re-allege Paragraphs 1 through 20 of this complaint as if fully stated herein.

37. Admitted.

38. Defendants lack sufficient knowledge to respond. Strict proof demanded.

39. Denied.

40. Denied.

41. Admitted as to the base loan amount, but otherwise denied.

WHEREFORE, Defendants demand judgment in their favor, an award of costs, expenses and attorneys' fees, and such other and further relief as appropriate in the circumstances.

## DEFENDANT'S AFFIRMATIVE DEFENSES

COMES NOW, CHANCE & ANTHEM, LLC and JEFFREY M. SISKIND, by and through undersigned counsel and affirmatively defend as follows:

### PLAINTIFF'S DEFAULT NOTICE IS IMPROPER

42. Plaintiff alleges in Paragraph 22 of its complaint that the Note and Mortgage are in default "for allowing secondary financing to be placed on the property in violation of the mortgage."

43. Plaintiff attached a copy of the Mortgage as "Exhibit B."

44. Nowhere in the attached Mortgage is it stated that Defendants cannot obtain subordinate financing.

45. Because there is no such prohibition in the Mortgage, Plaintiff's Notice of Default and Acceleration of Mortgage which is attached to Plaintiff's complaint as "Exhibit H" was issued in error.

46. Under Florida law, the exhibits attached to and relied upon in a complaint govern in the event of an inconsistency with the allegations contained within a complaint.

47. The basis for Plaintiff's entire instant lawsuit is therefore improper.

WHEREFORE, Defendants request that judgment be had in favor of Defendants, and that Plaintiff receive no relief in this matter.

## PLAINTIFF'S ALLEGATION CONCERNING MORTGAGE VIOLATION BY DOING MAJOR CONSTRUCTION IS IMPROPER

48. In paragraph 23, Plaintiff alleges that Defendants are in default of the Note and Mortgage by virtue of "doing major construction at the property."

49. Nowhere in the Mortgage is there a prohibition against Defendants doing major construction.

50. Plaintiff's allegation pertaining to Defendants' alleged default due to major construction in Paragraph 23 of its complaint is therefore without merit.

51. Nor is there any merit to Plaintiff's allegation about Defendants' failure to "restore the property under conditions acceptable" to Plaintiff.

52. Plaintiff has not made any such demand.

53. Moreover, the broker who handled the loan transaction on behalf of Plaintiff was fully aware of the need for major construction and repairs.

54. Substantial construction was needed to repair numerous roof leaks, prevent a front exterior wall and three porches from collapsing, and replace leaking exterior windows and doors.

NOT A CERTIFIED COPY

WHEREFORE, Defendants request that judgment be had in favor of Defendants, and that Plaintiff receive no relief in this matter.

### WRONGFUL DEMAND TO OBTAIN BUILDER'S RISK INSURANCE

55. Plaintiff wrongfully demanded that Defendants obtain "Builder's Risk" insurance coverage, and Defendants obtained quotes as to same in an effort to appease Plaintiff during settlement negotiations.

56. However, Plaintiff then in bad faith demanded that said insurance be purchased for the property prior to discussing resolution of other settlement items.

57. Said behavior by Plaintiff is just one more example of Plaintiff's bad faith efforts to damage Defendants.

WHEREFORE, Defendants request that judgment be had in favor of Defendants, and that Plaintiff receive no relief in this matter.

### PLAINTIFF'S ALLEGATION CONCERNING NONPAYMENT IS IMPROPER

58. After Plaintiff wrongfully defaulted Defendants, Defendants properly withheld making further payments to Plaintiff.

59. During this time settlement discussions via emails and telephone calls ensured.

60. Said settlement discussions were ineffective to date.

61. However, at no time during said settlement discussions did Plaintiff make a demand for payment.

62. As a result of Plaintiff's allegation of nonpayment, Plaintiff imposed an absurdly high 'default rate of interest' of almost 25%.

63. Said default rate of interest is objectionable and came as a complete surprise to Defendants; it was not expressed in loan commitment documents made available to Defendants prior to closing. Instead, it appeared for the first time in the Note which was signed (but not read in its entirety) at settlement amidst the harried signing of numerous other documents.

64. Said default rate of interest cannot be charged by Plaintiff because Plaintiff failed to meet conditions precedent – no effective default letter due to failure to pay was sent by Plaintiffs to Defendants.

WHEREFORE, Defendants request that judgment be had in favor of Defendants, and that Plaintiff receive no relief in this matter.

## COUNTERCLAIM – PLAINTIFF'S ACTIONS STOPPED RECONSTRUCTION SCHEDULE AND DAMAGED DEFENDANTS

COMES NOW Defendants Chance & Anthem, LLC and Jeffrey M. Siskind, by and through undersigned counsel, and file this counterclaim against Plaintiff for Plaintiff's causing Defendants' construction efforts to stop and thus damaging Defendants, and state:

65. Plaintiff's improper noticing of a default stopped construction at the property because Defendants' construction lender refused to make further advances to cover costs of construction.

66. At the time, a six-person crew was working on the property and major items of remodeling to address necessary repairs were underway.

67. Construction was being undertaken in accordance with a schedule aimed at completion during the height of the Wellington, Florida equestrian season so that the property could be remarketed when it could be viewed by the numerous visitors to the area.

68. As a result of Plaintiff's actions, Defendants are unable to complete the

reconstruction and will also now need to fund costs associated with carrying the property for another year, which costs will likely exceed $500,000, which damages are the proximate cause of Plaintiff's actions.

69. Also, as a result of Plaintiff's actions, the partially improved improvements on the property provides an appearance of the existence of major defects to persons who pass, thereby lowering the apparent value by as much as $1,000,000

70. This diminution in value has caused damage to Defantants, w... ...ages are the proximate cause of Plaintiff's actions.

WHEREFORE, Defendants claim damages in excess of $... ...on which damages are suffered by Defendants as the result of Plaintiff's actions. an... ...other and further relief as appropriate in the circumstances.

## COUNTERCLAIM – FLOR... ...SURY RATE EXCEEDED

71. Plaintiff's default ra... ...terest, when combined with Plaintiff's additionally imposed collection costs and ... ...o Defendants at and/or after the inception of the loan transaction, add up to a... ...which exceeds the usury rate for loans of $500,000 or more in the State of Florid...

72. ... ...h cases, Plaintiff is civilly liable for the return of all interest paid on a loan transa... ...which is in violation of the applicable usury rate.

WHEREFORE, Defendants claim damages in the amount of all interest paid to date by Defendants to Plaintiff, and such other and further relief as appropriate in the circumstances.

Case 19-01298-MAM    Doc 475-23    Filed 10/22/20    Page 8 of 8

**SISKIND LEGAL GROUP**

   /s/ Jeffrey M. Siskind
Jeffrey M. Siskind, Esquire
FBN 138746
525 S. Flagler Drive, Ste. 500
West Palm Beach, FL 33401
TEL   (561) 832-7720
FAX  (561) 832-766_
Email:  jeffsiskind_____

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing Answer, Affirmative Defenses and Counterclaim was served upon all appropriate parties this ___ day of December, 2016 by Florida's Eportal service.

   /s/ Jeffrey M. Siskind
Jeffrey M. Siskind, Esquire
FBN 138746