UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                              Case No. 18-16248-BKC-MAM
                                                    Chapter 7
CHANCE & ANTHEM, LLC,

    Debtor.
_____/

ROBERT C. FURR not individually but                 ADV. NO. 19-01301-MAM
as Chapter 7 Trustee of the estate of the
Debtor, Chance & Anthem, LLC,

    Plaintiff,

v.

ADVANCED AVIONICS, LLC

    Defendant.
_____/

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**
**OF DOCUMENTS TO DEFENDANT, ADVANCED AVIONICS, LLC**

Robert C. Furr ("Plaintiff" or "Trustee"), not individually but as Chapter 7 Trustee of the bankruptcy estate of the Debtor, Chance & Anthem, LLC (the "Debtor"), by and through counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, as incorporated in Rule 7034 of the Federal Rules of Bankruptcy Procedure, hereby serves Plaintiff, Robert C. Furr's First Request for Production of Documents to Defendant, Advanced Avionics, LLC (the "Requests") and requests the Defendant, Advanced Avionics, LLC ("Defendant" or "You") to produce the following documents for inspection and copying at the law offices of Genovese, Joblove & Battista, P.A., 100 SE 2nd Street, Suite 4400, Miami, Florida 33131 or such other place as counsel may agree, within 30 days of this Request (or within such shorter time as may be ordered by the Court).



PLAINTIFF'S TRIAL EXHIBIT T-152

**INSTRUCTIONS AND DEFINITIONS**

**I.     GENERAL INSTRUCTIONS**

1. This request is continuing. If, after producing documents, You later discover additional responsive documents or things, You are obligated to supplement Your responses pursuant to F.R.C.P. Rule 26(e).

2. In producing documents, You shall produce documents in full, without abridgement, abbreviation or editing of any sort, including all "metadata" relating to such documents. For purposes of this Instruction, the term "Metadata" shall mean the data about the data otherwise referred to as the fingerprint of the document. All available fields of metadata should be included.

3. To the extent that these requests seek production of electronically stored information ("ESI"), as defined within the Definitions section below, residing elsewhere other than, or in addition to, on back-up copies, such information should be produced in its Native Format on hard drive or other digital storage media that does not otherwise detract from the original format of the files, or that by default may exclude or somehow alter any metadata associated with said files. The information produced should include any original or existing full file path, file or folder structure, or other source referencing data, and be fully inclusive of all supporting and underlying data, the absence of which would render the information incomplete or unusable. For purposes of this Instruction, the term "Native Format" shall mean the format that the data was originally created in. This should include, but not limited to, information about the software that the data was created in, stored in, or was used, or is used to read, write, alter, modify, or in any way change or manipulate the data.

4. All archived data being produced in response to these requests should be provided with the means to view and export such data. Paper documents that are not otherwise contained, stored, or recoverable by electronic means should be provided either in paper format, or via a scanned image in a .TIFF format. Colored pages, photographs or other documents among such paper documents that would otherwise loose the color format should be scanned in .JPEG or other standard color format. Large charts graphs or other oversize documents can be reduced in the scan process to not less than 50% of the original size, or not less than makes them readable.

5. For each and every Request herein, You shall produce documents in Your possession, custody, or control, which shall include but be limited to, documents, objects or articles described that are in Your possession or that You have the right to secure the original or a copy from another person or entity. The fact that Your investigation is continuing or discovery is incomplete is not an excuse for Your failure to respond to each request as fully and completely as possible. Your responses should consist of information known to You through Yourself, Your agents, Your attorneys, Your employees, or Your representatives.

6. All documents produced pursuant to this request are to be produced as they are kept in the usual course of business, and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof. Further, to the extent applicable, all documents shall be segregated in accordance with numbered and lettered paragraphs and subparagraphs herein. If copies or drafts exist of a document, the

production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original document or from any copy or draft.

7. Copies of documents which are identical duplicates of other documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes, intelligence, or alterations appear thereon or are attached thereto, including markings on slips indicating the routing of the document to individuals or organizations.

8. If any documents requested herein have been lost, discarded or destroyed, these documents shall be identified as completely as possible, including:

    a. The names of the authors of the document;

    b. The names of the persons to whom the documents or copies were sent;

    c. The date of the document;

    d. The date on which the document was received by each addressee, copyee or its recipients;

    e. A description of the nature and subject matter of the document that is as complete as possible;

    f. The date on which the document was lost, discarded or destroyed; and

    g. The manner in which the document was lost, discarded or destroyed.

9. With respect to any document that Defendant withholds under claim of privilege, You shall number such documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege. In addition, You shall provide a statement, signed by an attorney representing You, setting forth as to each such document:

    a. The names of the senders of the document;

    b. The names of the authors of the document;

    c. The names of the persons to whom the document or copies were sent;

    d. The job title of every person named in subparagraphs a, b and c above;

    e. The date of the document;

    f. The date on which the document was received by each addressee, copyee or its recipient;

    g. A brief description of the nature and subject matter of the document; and

    h. The statute, rule or decision which is claimed to give rise to the privilege.

3

10. If You object to furnishing any requested documentation on the ground of privilege, immunity, work product or otherwise, You shall provide a written statement identifying the specific grounds upon each objection is based and the document objected to by furnishing, at the least, its date, author(s), addressee(s), date, a general description of the subject matter of the document, the type of document, number of pages, number and kind of attachments or appendices, indicated or blind copies, all persons to whom shown or explained, date of destruction or other disposition, reason for destruction, person authorizing destruction or other disposition, person destroying or otherwise disposing of document, and if not destroyed, person in possession of documents otherwise disposed of, and the reason why the document is protected. This shall not constitute a waiver of the obligation, or Your right, to demand a timely and legally sufficient privilege log, or the remedies for non-production of such privilege log.

11. Notwithstanding such objection, You must disclose any objected to evidence containing non-objectionable matter which is relevant and material to these discovery requests, but You may withhold the portion for which You assert the objection, subject to further request or motion, provided that You furnish the above-requested identification.

12. In the event any of the documents cannot be provided in full, You must produce all documents to the fullest extent possible and specify the reasons for Your inability to produce the remainder.

13. The relevant time period of these requests is for the past four (4) years preceding the Petition Date, or April 27, 2016, up through and including the date of the Request (the "Discovery Period"), unless otherwise stated in a particular Request, and shall include all documents which relate or refer to the Discovery Period.

## II.     DEFINITIONS

A. The term "**Debtor**" means the Chapter 7 Debtor, Chance & Anthem and any person, firm, member, manager, officer, director, employee, representative, agent, attorneys, and all other persons acting or purporting to act on behalf or under the control of the Debtor.

B. The term "**Trustee**" or "**Plaintiff**" means Robert C. Furr, as Chapter 7 Trustee of the bankruptcy estate of Chance & Anthem, LLC and any agent, attorney, or employee, and all other persons acting or purporting to act on the Trustee's behalf, or under the Trustee's authority or control.

C. The term "**Bankruptcy Case**" or "**Estate**" means the Chapter 7 bankruptcy case in the matters of *In re: Chance & Anthem LLC, Case No. 18-16248-BKC-MAM*.

D. The term "**Bankruptcy Court**" means the United States Bankruptcy District Court for Southern District of Florida.

E. The term "**Adversary Proceeding**" means the above-referenced Adversary Proceeding currently pending before the Bankruptcy Court.

F. The term "**Complaint**" means the Adversary Complaint to Avoid and Recover Fraudulent Transfers and For Oher Relief [Adv. ECF. No. 1] filed by the Plaintiff in the Adversary

4

Proceeding. Further, any capitalized terms not set forth in this Definition section shall have the same meaning as used in the Complaint.

  **G.** The term "**You**" or "**Your**" shall mean the Defendant, Advanced Avionics, LLC and each of your affiliates, successors, assigns, predecessors, attorneys, agents, partners, managers, members, employees, officers, directors, professionals, representatives and all persons acting or purporting to act on your behalf.

  **H.** The term "**J. Siskind**" shall mean Jeffrey Siskind and each of his affiliates, successors, assigns, predecessors, attorneys, agents, partners, managers, members, employees, officers, directors, professionals, representatives and all persons acting or purporting to act on his behalf.

  **I.** The term "**communications**" shall mean any oral or written statement, correspondence, dialogue, colloquy, discussion or conversation and, also, means any transfer of thoughts or ideas between persons (as defined below) by means of documents and includes any transfer of data from one location to another by electronic or similar means, and shall include any private or public message or statement transmitted through any social network or media (e.g., Facebook, MySpace, Twitter, etc.).

  **J.** The terms "**support**," "**evidence**," "**evidencing**," "**relate to**," "**relating to**," "**related to**," "**referred to**," "**concern**", "**concerning**," "**pertaining to**," "**involving**" and "**regarding**" shall mean anything which directly, or indirectly, concerns, consists of, pertains to, reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

  **K.** The term "**among**" shall mean with another and shall not be interpreted to exclude any information or document otherwise within the scope of any Request.

  **L.** The conjunctions "**and**" and "**or**" shall be interpreted in each instance as meaning "and/or" so as to encompass the broader of the two possible constructions, and shall not be interpreted disjunctively so as to exclude any information or documents otherwise within the scope of any Request.

  **M.** The term "**person(s)**" shall mean any natural person, individual, entity, proprietorship, partnership, corporation, association, organization, joint venture, business trust, or other business enterprise, governmental body or agency, legal or business entity, or group of natural persons, or other entity, whether sui juris or otherwise, and includes both the singular and plural.

  **N.** The term "**document**" or "**documents**" means any writing or recording as defined in Rule 1001 of the Federal Rules of Evidence, including but not limited to the original and any identical or non-identical copy or draft or revision thereof, regardless of origin or location, of any writing or record of any type or description, including, but not limited to: the original and any copy, of any book, pamphlet, periodical, letter, memorandum, telegram, report, study, handwritten or other note, working paper, chart, paper graph, index, tape, disc, data sheet or data processing card, correspondence, table, analysis, schedule, diary, message (including, but not limited to, reports of electronic mail or telephone conversations or conferences), magazine, booklet, circular,

bulletin, instruction, minutes, purchase order, bill of lading, bid tabulation, memorandum of agreement, assignment, license, book of account, order, invoice, statement, bill (including, but not limited to, telephone bills), check, voucher, notebook, film, photograph, photograph negative, phone record, tape recording, wire recording, phonorecord, transcript or recordings, drawing, catalog, brochure, or any other data compilations in any format (including computer hard drives, discs, diskettes, compact disk, digital files, any other storage and retrieval media and the like) from which information can be obtained, printed, transcribed, punched, taped or filed; graphic matter, however produced or reproduced, to which the responding party has or has had access; and any record or notes of other communications (including interoffice, intra-office communications, electronic memoranda, voicemail messages and all other oral communications) and specifically including Electronically Stored Information ("**ESI**").

**O.** The term "**ESI**" means any electronically stored information-including writings, drawings, graphs, charts, photographs, documents, sound recordings, images, and other data or data compilations-stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form as defined in Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence.

**P.** The term "**relating to**" and "**relates to**" means, without limitation, relating to, pertaining to, associated with, constituting, concerning, mentioning, referred to, describing, summarizing, evidencing, listing, relevant to, demonstrating, or tending to prove, disprove or explain the subject matter of the within Request and the above-captioned action.

**Q.** The term "**identify**" means to state as to each document, the following information, irrespective of whether the document is deemed privileged or subject to any claim of privilege or immunity from discovery.

1. The title and/or other means of identification;
2. The date;
3. The author;
4. The recipient or recipients;
5. The present location of the original and of any and all copies;
6. The names and current addresses of any and all persons who have custody of or control over the documents and any copies.

**R.** "**Possession, custody, or control**" shall have the same meaning as in Rule 34(a) of the Federal Rules of Civil Procedure.

**S.** Each and every definition as set forth in Bankruptcy Code Section 101 and Bankruptcy Rule 9001 are incorporated herein by reference.

**T.** All ESI is to be produced in a native format.

**U.** All responsive documents which exist in a physical format shall be mailed or otherwise delivered to Genovese Joblove & Battista, P.A., c/o Jesus M. Suarez, Esq., 100 SE 2nd Street, Suite 4400, Miami, Florida 33131. All responsive documents which exist in an electronic format (i.e., ESI) may either be delivered to the foregoing on a physical media (e.g., CD, DVD or USB drive) or transmitted via electronic delivery client (e.g., ShareFile). Please contact the undersigned to facilitate electronic delivery.

### III. DOCUMENTS TO BE PRODUCED

1. All communications with J. Siskind regarding the transfer at issue in the Complaint.

2. All communications with any third party regarding the transfer at issue in the Complaint (except current counsel of record).

3. All documents evidencing the alleged solvency of the Debtor as set forth in your Second Affirmative Defense.

4. All documents evidencing the "mechanical services" identified in your Third Affirmative Defense.

5. All communications relating to the "mechanical services" identified in your Third Affirmative Defense.

6. All documents relating to the alleged "earmarking" of funds by the Debtor for payment to the Defendant as alleged in your Third Affirmative Defense.

7. All documents evidencing the alleged receipt by the Debtor of the alleged funds that "the owner of the aircraft or others on the owner's behalf provided the Debtor with equal or more funds than said transfer" as alleged in your Fourth Affirmative Defense.

Dated this 17th day of January, 2020

        **GENOVESE JOBLOVE & BATTISTA, P.A.**
        *Attorneys for Chapter 7 Trustee*
        100 S.E. Second Street, 44th Floor
        Miami, Floirda 33131
        Telephone: (305) 349-2300
        Telecopier: (305) 349-2310

        By: /s/ *Jesus M. Suarez*
            Jesus M. Suarez, Esq.
            Florida Bar No. 60086
            jsuarez@gjb-law.com

8

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically served on January 17, 2020, via electronic mail upon Philip B Harris, Esq. on behalf of Defendant Advanced Avionics, LLC at philip@philipbharris.com

By: /s/ *Jesus M. Suarez*
Jesus M. Suarez, Esq.